UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: THE ROMAN CATHOLIC BISHOP OF OAKLAND, a California corporation sole,<br><br>   Debtor.<br>_____<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND,<br><br>   Plaintiff,<br><br>   v.<br><br>PACIFIC INDEMNITY, a Delaware corporation; TRAVELERS CASUALTY & SURETY COMPANY F/K/A AETNA CASUALTY & SURETY COMPANY, a Connecticut corporation; INSURANCE COMPANY OF NORTH AMERICA, a Delaware corporation; UNITED STATES FIRE INSURANCE, a Delaware corporation; WESTPORT INSURANCE CORPORATION, a Delaware corporation; CONTINENTAL CASUALTY COMPANY, a Delaware corporation; PACIFIC EMPLOYERS INSURANCE, a Delaware corporation; WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation; the CALIFORNIA INSURANCE GUARANTEE ASSOCIATION, a state entity; and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING SEVERALLY AND NOT JOINTLY TO SLIP NOS. CU 1001 AND K 66034,<br><br>   Defendants. | Case Nos. 3:24-cv-00709-JSC<br>       3:24-cv-00711-JSC<br><br>Bankruptcy Case No.: 23-40523 WJL<br>Adv. Proc. No.: 23-04028 WJL<br><br><br>**ORDER RE: MOTIONS TO WITHDRAW REFERENCE** |

1  The Roman Catholic Bishop of Oakland brought a declaratory relief action in the United States Bankruptcy Court for the Northern District of California against numerous insurers (collectively "the Underwriters") seeking a coverage determination regarding the Underwriters obligation to defend the Plaintiff against numerous state court actions, as well as a claim against the California Insurance Guarantee Association (CIGA). Defendants' motions to withdraw the reference from bankruptcy court to district court under 28 U.S.C. § 157(d) are now pending before the Court in two separately filed actions. *See* Case Nos. 24-709, 24-711. Plaintiff filed statements of non-opposition in each. (No. 24-709, Dkt. Nos. 5, 6; No. 24-711, Dkt. No. 2.[1]) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the March 21, 2024 hearing, and GRANTS the unopposed motions to withdraw the reference.

**BACKGROUND**

The Roman Catholic Bishop of Oakland is facing over 300 state court actions alleging negligent supervision and negligent hiring of clerical and ministerial staff who perpetrated sexual abuse against certain claimants. In response to these actions, on May 8, 2023, the Roman Catholic Bishop of Oakland filed a voluntary chapter 11 petition in the United States Bankruptcy Court for the Northern District of California. *See In re the Roman Catholic Bishop of Oakland*, No. 23-40523. The following month, the Roman Catholic Bishop of Oakland filed the underlying Adversary Proceeding against the Underwriters and CIGA. *See In re the Roman Catholic Bishop of Oakland*, Adv. Proc. No. 23-04028 ("the Coverage Action").

In the Coverage Action, Plaintiff brings state law claims regarding the Underwriters' obligation to provide coverage to Plaintiff in its defense of the state court actions and a declaratory judgment regarding CIGA's statutory obligations related to the same. Defendants moved to dismiss the complaint and filed a jury demand. The Bankruptcy Court has since granted the motion to dismiss and briefing on a third round of motions to dismiss is currently pending in the Bankruptcy Court. Along with moving to dismiss the third amended complaint, Defendants filed

---

[1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1  the now pending motions to withdraw the reference.

## DISCUSSION

District courts have "original but not exclusive jurisdiction" over all bankruptcy proceedings. *See* 28 U.S.C. § 1334(b). These proceedings fall into one of two categories: "core proceedings, in which the bankruptcy court may enter appropriate orders and judgment," and "non-core proceedings, which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for de novo review." *Sec. Farms v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (quoting 28 U.S.C. § 157).  "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'" *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).

Pursuant to 28 U.S.C. § 157(d), a district court may withdraw reference to the bankruptcy court. *See* 28 U.S.C. § 157(d).  The provision provides for both permissive and mandatory withdrawal. *Id*.  Mandatory withdrawal is required if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id*.  Permissive withdrawal, as sought here, requires a showing of "cause." 28 U.S.C. § 157(d). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008.

Defendants contend withdrawal is appropriate here because the Coverage Action involves exclusively non-core state law claims that do not arise under bankruptcy law and for which Defendants have demanded a jury trial.  Plaintiff does not oppose withdrawal of the reference because it seeks adjudication of the claims alleged in the Coverage Action as soon as possible. (No. 24-709, Dkt. Nos. 5 at ¶ 7; No. 24-711, Dkt. No. 2 at ¶ 7.)   The Court concludes there is good cause with withdraw the reference here.

//

**A. Judicial Efficiency**

Judicial efficiency favors withdrawal of the reference. The Court's analysis here begins with the question of whether Plaintiff's claims are core or non-core "since it is upon this issue that questions of efficiency and uniformity will turn." *Hjelmeset v. Cheng Hung*, No. 17-CV-05697-BLF, 2018 WL 558917, at *3 (N.D. Cal. Jan. 25, 2018). Because bankruptcy judges are not Article III judges, "the Constitution limits their ability to adjudicate—i.e., to render a final judgment—to issues that are at the 'core' of the bankruptcy power." *In re Harris*, 590 F.3d 730, 737 (9th Cir. 2009). For core matters, "the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the district court." *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34 (2014). However, "[i]f a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law." *Id*. The district court may then enter a final order or judgment "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1). "Since a bankruptcy court's determination of non-core matters may be subject to de novo review by the district court, in cases where non-core issues predominate, judicial efficiency may be 'enhanced' and 'unnecessary costs could be avoided by a single proceeding in the district court.'" *In re Cachet Fin. Servs.*, 652 B.R. 341, 346 (C.D. Cal. 2023) (quoting *Sec. Farms*, 124 F.3d at 1008–09).

The state law coverage claims here are exclusively non-core. *See In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir. 1986) (holding state law contract claims "have been held to be 'noncore' 'related proceedings' under § 157(c)" and collecting cases); *In re GACN, Inc.*, 555 B.R. 684, 698 (B.A.P. 9th Cir. 2016) (holding a declaratory relief coverage action against an insurer was not core because "[t]he underlying dispute solely concerns the parties' rights and liabilities under a prepetition insurance contract, which was entered into pursuant to state law rather than as a part of a bankruptcy case."); *see also In re Tamalpais Bancorp*, 451 B.R. 6, 11 (N.D. Cal. 2011) ("While Trustee's claim will have a profound impact on the bankruptcy proceedings, a declaratory judgment action regarding ownership of the Refunds involves only a

4

1  traditional contract dispute that could have been brought even if Debtor had never filed for
2  bankruptcy. Trustee's claim is therefore non-core."). Further, because Defendants have demanded
3  a jury trial and do not consent to bankruptcy jurisdiction, the Bankruptcy Court cannot conduct a
4  jury trial on the noncore claims. *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir.
5  1990).

6  If the Court were to deny the motions to withdraw the reference, "it would result in an
7  unnecessary layer of judicial review, which would in turn waste time and judicial resources." *In
8  re Cachet Fin. Servs.*, 652 B.R. at 347. Judicial efficiency is thus best served by withdrawing the
9  reference here. *See Sec. Farms*, 124 F.3d at 1008 (finding judicial efficiency "enhanced by
10 withdrawing the reference" where plaintiff's claims are non-core and the Bankruptcy Court is
11 unable to enter final judgment).

12 **B. Other Factors**

13 The other factors—"delay and costs to the parties, uniformity of bankruptcy
14 administration, the prevention of forum shopping, and other related factors"—likewise favor
15 withdrawal of the reference here. *Sec. Farms*, 124 F.3d at 1008. "[W]ithdrawal will prevent delay
16 and added costs to the parties by placing the non-core cases in this Court, which can render final
17 judgment." *In re Rosales*, No. 13-CV-01316-LHK, 2013 WL 5962007, at *7 (N.D. Cal. Nov. 7,
18 2013) (citing 28 U.S.C. § 157(c)(1)). Forum shopping is not a concern as even if the Bankruptcy
19 Court were to adjudicate the coverage claims, the Court would be required to conduct de novo
20 review. *See In re Tamalpais*, 451 B.R. at 9 ("[N]either denying nor granting [the] motion [to
21 withdraw reference] will facilitate forum shopping here because a district court will ultimately
22 need to address the issues, whether initially or on de novo review of the bankruptcy court.").

23                                            \*\*\*

24 As judicial efficiency would best be served by withdrawal of the reference, none of the
25 factors for permissive withdrawal weigh in favor of leaving the proceeding in Bankruptcy Court,
26 and Plaintiff does not oppose withdrawal of the reference, the Court exercises its jurisdiction to
27 withdraw the reference here.
28 //

5

**CONCLUSION**

For the reasons stated above, the Court grants the motions to withdraw the reference.

The Court sets an initial case management conference for April 18, 2024 at 1:30 p.m. via Zoom videoconference. A joint case management conference statement is due April 11, 2024. The parties in both cases are encouraged to file an omnibus joint case management conference statement.

This Order disposes of Docket No. 3 in Case No. 24-709 and Dkt. No. 1 in Case No. 24-711.

**IT IS SO ORDERED.**

Dated: March 18, 2024

JACQUELINE SCOTT CORLEY
United States District Judge