**FOLEY & LARDNER LLP**
Eileen R. Ridley (CA Bar No. 151735)
Tel: (415) 438-6469; eridley@foley.com
Ann Marie Uetz (admitted *pro hac vice*)
Tel: (313) 234-7114; auetz@foley.com
Matthew D. Lee (admitted *pro hac vice*)
Tel: (608) 258-4203; mdlee@foley.com
Thomas F. Carlucci (CA Bar No. 135767)
Tel: (415) 984-9824; tcarlucci@foley.com
Jeffrey R. Blease (CA Bar No. 134933)
Tel: (617) 226-3155; jblease@foley.com
555 California Street, Suite 1700
San Francisco, CA 94104-1520

*Counsel for the Debtor / Plaintiff
and Debtor in Possession*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND INSURANCE ADVERSARY PROCEEDING LITIGATION | Case No.: 3:24-cv-00709-JSC<br><br>Bankruptcy Case No. 23-40523 WJL<br><br>Hon. Jacqueline Scott Corley<br><br>**RCBO'S MOTION TO HOLD CASES IN ABEYANCE**<br><br>Date:  January 2, 2025<br>Time:  10:00 a.m.<br>Place:  United States District Court<br>         Courtroom 8, 19th Floor<br>         450 Golden Gate Avenue<br>         San Francisco, CA 94102 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **Thursday, January 2, 2025, at 10:00 a.m.**, or as soon thereafter as this matter may be heard in Courtroom 8, 19th floor of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, The Roman Catholic Bishop of Oakland, plaintiff in the above-captioned proceedings before this Court and the debtor and debtor in possession in the underlying chapter 11 case (the "Debtor" or "RCBO") will, and hereby does, move this Court to issue an order holding these proceedings in abeyance until the resolution of the Debtor's confirmation process for its Plan of Reorganization (the "Plan"), filed in the Debtor's chapter 11 case on November 8, 2024.

-1-

MOTION TO HOLD CASES IN ABEYANCE
Case No.: 3:24-cv-00709-JSC

4890-3886-7704.4

This Motion is based upon the Memorandum of Points and Authorities set forth below, the proposed order attached hereto as **Exhibit A**, the pleadings and papers on file in this action, and such matters as the Court may take judicial notice or consider relevant.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND BACKGROUND

RCBO filed its bankruptcy petition on May 8, 2023, in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"). [Bankruptcy Court Docket No. 1] On June 22, 2023, RCBO filed in the Bankruptcy Court its adversary proceeding complaint against the Defendants in the underlying bankruptcy case. [Bankruptcy Court Docket No. 163], initiating this adversary proceeding (the "Adversary Proceeding").[1]  On September 7, 2023, the Bankruptcy Court permitted the Official Committee of Unsecured Creditors in the chapter 11 case (the "Committee") to intervene in the Adversary Proceedings subject to the limitations stated in its Order Granting the Official Committee of Creditors' Motion to Intervene. ["Intervention Order", Bankruptcy Court Docket No. 0097] The Committee is not a party to the Adversary Proceeding, and the Intervention Order did not make it one.

On January 23, 2024, the Bankruptcy Court entered its Order Referring Parties to Mediation, Appointing Mediators, and Granting Related Relief. [Bankruptcy Court Docket No. 0810] Among other things, the Mediation Order appointed the Hon. Randall Newsome (Retired Bankruptcy Court Judge) and Tim Gallagher as mediators over the "Insurance Mediation Matters" as defined in the Mediation Order.

On February 2, 2024, the Defendants filed a motion to withdraw the reference of the Adversary Proceedings to the Bankruptcy Court, which RCBO did not oppose. By order dated March 18, 2024, this Court granted the motion to withdraw the reference and the Adversary Proceedings were transferred to this Court. [Dkt. No. 29]. Since that time, RCBO has filed additional amended complaints in the Adversary Proceedings – most recently a fourth amended complaint to which responses are not yet due.

In parallel to litigating the claims against the Insurers, RCBO and the Defendants participated in mediation concerning the Insurance Mediation Matters pursuant to the Mediation Order; the Committee

---
[1] On August 30, 2023, RCBO filed in the Bankruptcy Court its Adversary Complaint against American Home Assurance Co. and Lexington Insurance Co. [Bankruptcy Court Docket No. 406].

participated in some of these mediation sessions, RCBO also participated in mediation with the Committee concerning the "Committee Mediation Matters" as defined in the Mediation Order.

On November 8, 2024, RCBO filed its Plan and accompanying Disclosure Statement in support of the Plan before this Bankruptcy Court.[2] A central feature of the Plan is the creation of a "Survivors' Trust", the trustee for which will review the claims filed by abuse survivors and administer distributions to survivors in a fair and equitable manner. The Survivors' Trust will be funded, in part, by the following contributions from RCBO: (i) $103 million in cash; (ii) real estate which the Debtor believes is worth between approximately $43 million and $81 million (or more); and (iii) assignment of all of RCBO's rights and interests in the insurance policies which are the subject of the Adversary Proceedings.[3] If RCBO and any insurer reach a monetary settlement before the Plan is confirmed by the Bankruptcy Court, such proceeds will be distributed to the survivors through the Survivors' Trust in accordance with the Plan.

The Plan provides that beneficiaries of the Survivors' Trust (i.e., the abuse survivors) will have the option to pursue insurance proceeds through litigation if they so choose. The Plan is structured so that the survivors themselves have the opportunity to pursue insurance coverage for their individual claims upon obtaining a judgment of liability against the Debtor RCBO (in name only) and seeking indemnity via Cal. Ins. Code § 11580.

RCBO has achieved through mediation a settlement with the Defendants concerning the assignment to the Survivors' Trust of its rights and interests in the subject insurance policies. By reaching this agreement and structuring the Survivors' Trust in this manner, RCBO, through its Plan, preserves the value of its insurance coverage as a source of recovery for the abuse survivors, while eliminating the need to continue this costly litigation against the Defendants. Importantly, if the Plan is confirmed by the Bankruptcy Court, RCBO would not continue to pursue this litigation against the Defendants (nor would any party).

The Debtor estimates the Plan confirmation process will take at least several months. The Debtor anticipates the Committee will object in the Bankruptcy Court to the Plan and oppose confirmation unless

---

[2] The Plan is filed at Bankruptcy Docket No. 1444 and the Disclosure Statement is filed at Bankruptcy Docket No. 1445.
[3] The Plan includes an additional contribution to the Survivors' Trust by non-debtor Roman Catholic Welfare Corporation (aka Schools) in the amount of $14,250,000 which is contingent on the number of releases it received from abuse claimants.

the Debtor achieves a settlement with the Committee. A hearing is scheduled for December 18, 2024 on the Debtor's motion for approval of its Disclosure Statement.[4] Once the Disclosure Statement is approved, RCBO will seek the votes on the Plan from creditors, including abuse survivors and other creditors in the chapter 11 case. RCBO expects this process to continue through at least the first quarter of 2025 and has requested that the Bankruptcy Court set the hearing on confirmation of the Plan for March 11, 2025.

If the Bankruptcy Court confirms the Plan, then RCBO's pursuit of this litigation will end. In order to conserve the resources of all parties involved, including the Court, RCBO requests this Court hold this case in abeyance until such time as the Plan is confirmed or confirmation is denied. RCBO has sought concurrence in the relief requested herein from the Defendants and the Committee and has not obtained same as of the filing of this Motion, but will update this Court as concurrence is obtained from any party.

## II.     LEGAL STANDARD

Courts have the inherent power to control their own dockets, including the power to stay a case. *Green v. Kanazawa*, 2018 WL 6592045 (D. Hi. July 2, 2018) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Entangled Media, LLC v. Dropbox Inc.*, 2024 WL 1974554 (N.D. Cal. May 3, 2024). In order to determine whether a stay is appropriate, courts consider: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the matter is not stayed, and the judicial resources that would be saved by avoiding duplicative litigation." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358 (1997).

## III.     ARGUMENT

The applicable legal standard cited above favors holding this matter in abeyance pending conclusion of the confirmation process for RCBO's Plan. The Debtor anticipates the Defendants will consent to the requested stay. Regardless, neither the Defendants nor the Committee which was permitted to intervene subject to the limitations set by the Bankruptcy Court will be prejudiced by the requested stay. Conversely, RCBO will suffer hardship and inequity if the matter is not stayed. Finally, important judicial resources will be saved by granting the requested stay.

---

[4] The *Debtor's Motion for Order (I) Approving Disclosure Statement; and (II) establishing procedures for Plan Solicitation, Notice, And Balloting* was filed on November 13, 2024 at Docket No. 1453 on the Bankruptcy Court Docket.

First, there is no prejudice because if the Plan is confirmed, abuse survivors may pursue insurance coverage in accordance with the terms of the Plan. If the Plan is not confirmed, then the parties may return to this Court to pursue RCBO's coverage claims.

Second, under the circumstances and particularly in light of its resolution with the Defendants and Plan pending in the Bankruptcy Court, there exists hardship to at least RCBO if the stay is not granted. As the debtor-in-possession in the chapter 11 case, RCBO must pay all professional fees not only for its own counsel, but also for the *three* law firms which represent the Committee. This insurance coverage litigation is costly and time-consuming for the litigants and under the circumstances present here, a stay is appropriate to conserve the resources of RCBO – the debtor-in-possession in the chapter 11 case. To date, RCBO has spent at least approximately $1,500,000 for professional fees related to the insurance coverage Adversary Proceedings.

The professional fees paid by RCBO represent a hardship which may be avoided if this Court grants the requested stay. Moreover, it does not make logical sense for RCBO to continue to litigate in an adversarial manner against the Defendants when it has reached an agreement with them on a Plan provision which would moot the need for continuation of this Adversary Proceeding. Holding this Adversary Proceeding in abeyance while the Plan confirmation process concludes would reduce harm to RCBO by not forcing it to continue to expend resources on litigation that may prove unnecessary if the Plan is confirmed. Holding this Adversary Proceeding in abeyance will also provide the parties with a better opportunity to focus and conclude the chapter 11 case through the Plan confirmation process.

In addition, judicial resources will be conserved by staying these proceedings because the Court will not need to review pleadings and hold hearings and status conferences on a matter which may be obviated by confirmation of the Plan. *Green*, 2018 WL 6592045,*2 (finding that the resources involved in the Court's need to review and draft an opinion on a fee and taxable cost award while the underlying judgment was still on appeal justified a stay of the proceedings until the appeal was resolved). The pleadings on file in these proceedings to date, and the number of parties involved in the cases, indicate that substantial work will need to be done by the Court over the next several months as the parties engage

in discovery and other pretrial matters. However, if the Plan is confirmed, such work will not have been needed.

Based on the foregoing, cause exists for a limited stay of these proceedings until the outcome of the Plan confirmation process is determined.

### IV.  CONCLUSION

WHEREFORE, RCBO requests the Court enter an order in substantially the form attached hereto as **Exhibit A**, granting RCBO's motion for a stay of these proceedings pending the outcome of the Plan confirmation process, and providing any further relief as the Court deems just and proper.

DATED: NOVEMBER 19, 2024

**FOLEY & LARDNER LLP**
Eileen R. Ridley
Ann Marie Uetz
Thomas F. Carlucci
Matthew D. Lee

*/s/ Eileen R. Ridley*
Eileen R. Ridley
Counsel for the Debtor / Plaintiff
The Roman Catholic Bishop Of Oakland

4890-3886-7704.4