United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROMAN CATHOLIC BISHOP OF OAKLAND,

Plaintiff,

v.

TRAVELERS CASUALTY & SURETY COMPANY, et al.,

Defendants.

Case No. 24-cv-00709-JSC

**ORDER DENYING IN PART AND GRANTING IN PART MOTIONS TO DISMISS**

Re: Dkt. Nos. 287, 288, 291, 292, 293, 294, 305, 306

These related insurance coverage disputes arise out of hundreds of claimants alleging the Roman Catholic Bishop of Oakland ("RCBO") is legally responsible for the harm caused by certain clergy members who engaged in sexual misconduct. RCBO sues its various insurers for declaratory relief regarding the insurers' denial of indemnification (or, more precisely, reserving the right to deny indemnification) and having engaged in bad faith. (Dkt. No. 279).[1] Now pending before the Court are the motions of certain excess and umbrella insurers to dismiss claims in the Sixth Amended Complaint ("SAC"). (Dkt. Nos. 287, 288, 291, 292, 293, 294, 305, 306.) After carefully considering the parties written submissions, and having had the benefit of oral argument on September 10, 2026, the Court DENIES the motions to dismiss the declaratory relief claims but GRANTS in large part the motions to dismiss the bad faith claims.

## I. DECLARATORY RELIEF CLAIMS

Defendants move to dismiss the declaratory relief claims for lack of a case or controversy and/or failure to exhaust the underlying insurance policies applicable to each claimant. These motions are DENIED. First, as confirmed at the hearing, none of the insurers has unequivocally

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

agreed it has an obligation to provide coverage (assuming underlying insurance is exhausted) and instead each has reserved its right to deny coverage or seek reimbursement from RCBO. Therefore, there is an actual controversy between the parties because RCBO contends each insurer has an indemnification obligation without exception and the insurers disagree. *See Am. States Ins. Co. v. Kearns,* 15 F.3d 142, 145 (9th Cir. 1994 ) (holding "there is no per se rule against the district court exercising its jurisdiction to resolve an insurance coverage dispute when the underlying liability suit is pending in state court"); *Lord v. Garland*, 27 Cal. 2d 840, 851 (1946) (To state a claim for declaratory relief, a plaintiff "must allege facts from which the court may determine that an actual controversy relating to legal rights and duties of the respective parties exists").

As for exhaustion, after the motions were briefed, the California Supreme Court held in *Fox Paine & Co, LLC v. Twin City Fire Ins. Co*., 593 P.3d 832 (2026), that a plaintiff need not allege exhaustion of all underlying insurance to state a ripe declaratory judgment claim against excess insurers. *Id.* at 839. Instead, "[i]t is sufficient to allege facts that, taken as true, show that coverage under an excess policy *will* attach, and that the insurer's misconduct has impaired the insured's recovery of benefits owed to it under the policy." *Id.* In particular, "for a declaratory judgment coverage action involving an excess policy to be ripe, it must be practically or reasonably likely that the insured's potential liability will reach into the excess coverage; absolute proof that the policies will be triggered is not required." *Id.* at 849 (cleaned up).

RCBO urges it has met this burden given the nature of the claims—"abuse by certain clerical or ministerial personnel many years ago, including improper physical contact and bodily injury." (Dkt. No. 279 ¶ 36.) In April 2026, the jury in the first of the cases against RCBO to go to trial rendered a $16 million verdict. (*Id.* ¶ 112.) And, RCBO alleges within the past 20 years it has settled 52 clergy sexual abuse claims for an average of more than $1 million per settlement and identifies verdicts in similar clergy sexual abuse cases ($35 million and $8 million). (*Id.*). Drawing inferences in Plaintiffs' favor, the multi-million dollar verdict against RCBO and the SAC's other allegations plausibly support an inference it is practically or reasonably likely RCBO's potential liability will reach the excess coverage. Indeed, at oral argument the Court

United States District Court
Northern District of California

asked the insurers to identify any claimant for which it is not practically or reasonably likely to trigger excess coverage. The insurers were unable to identify even one out of the hundreds of claimants.

So, insurers motions to dismiss the declaratory relief claims is DENIED.

## II. BAD FAITH CLAIM

RCBO's 28th cause of action alleges breach of the implied covenant of good faith and fair dealing against all insurers without distinction. (Dkt. No. 279 at 211.) The claim arises out of the Unsecured Creditors' Committee having sent each insurer a settlement demand within policy limits and the insurers alleged failure to respond to the demands in good faith.

As the insurers note, however, such a bad faith claim will not be ripe until a judgment against RCBO. *See, e.g.,* CACI No. 2334 (Bad Faith (Third Party)—Refusal to Accept Reasonable Settlement Demand Within Liability Policy Limits—Essential Factual Elements). The sixth element of the cause of action requires the insured to prove that a judgment was entered against the plaintiff for a sum greater than the policy limits or the insurer's failure to accept the settlement demand was a substantial factor in causing the plaintiff's harm. *Id.* The model instruction's "Directions for Use" explain:

> This instruction is for use in an "excess judgment" case; that is, one in which judgment was against the insured for an amount over the policy limits, after the insurer rejected a settlement demand within policy limits. Use the first option for element 6 if the plaintiff is seeking only the amount of the excess judgment. Use the second option for element 6 if the plaintiff is seeking damages separate from or in addition to the excess judgment. If there has been both an excess judgment and other damages, modify element 6 as appropriate to address all damages involved in the case.

So, the bad faith claim is only ripe as to the Woodall matter—in which the jury rendered a verdict against RCBO in the amount of $16 million—since no verdicts have been rendered in any other case as to any other claimant.

*Fox Paine* is not to the contrary. There the Supreme Court held that an insured can state a bad faith claim against an excess insurer pre-exhaustion if the plaintiffs "allege facts that, taken as true, are sufficient to show that coverage under a defendant insurer's excess policy *will* attach—or that it would attach, if not for the excess insurer's bad-faith conduct—and that the insurer's

misconduct has impaired the insured's recovery of benefits owed to it under the policy." *Fox Paine*, 593 P.3d at 858. But that is not RCBO's theory.

So, the 28th cause of action is dismissed against all insurers for all claimants, except for the insurers involved with the Woodall matter. The dismissal is without prejudice to renewal once the bad faith refusal to settle claim or claims become ripe.

**CONCLUSION**

For the above reasons, and those explained at the September 10, 2026 oral argument, the motions to dismiss the declaratory relief claims are DENIED, but the motions to dismiss the 28th Cause of Action for bad faith is GRANTED without prejudice except as it applies to the Woodall matter. The motion of California Insurance Guaranty (Dkt. No. 306) is denied without prejudice to discussing the issue with RCBO as noted at oral argument.

As discussed at oral argument, the Court will hold a further case management conference on October 7, 2026 to set a schedule for resolving the coverage dispute involving the Woodall matter and other disputes that are ripe for decision.

The Court also notes that Docket No. 291 contains 93 footnotes. This formatting approach violates the Local Rule regarding page limits and double spacing and is difficult to read.

This Order disposes of Docket Nos. 287, 288, 291, 292, 293, 294, 305, 306.

**IT IS SO ORDERED.**

Dated: September 17, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California