MICHAEL D. COMPEAN, State Bar No. 125106
FREDERICK G. HALL, State Bar No. 130465
**BLACK, COMPEAN & HALL**
A Limited Liability Partnership
275 E. Hillcrest Drive, Suite 160-1021
Thousand Oaks, CA 91360
(818) 835-9500
(888) 704-6023 FAX

Attorneys for Defendant,
California Insurance Guarantee Association

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND INSURANCE ADVERSARY PROCEEDING LITIGATION<br><br>Debtor,<br>_______________________________<br>THE ROMAN CATHOLIC BISHOP OF OAKLAND,<br><br>Plaintiff,<br>v.<br><br>PACIFIC INDEMNITY COMPANY, a Delaware corporation; TRAVELERS CASUALTY & SURETY COMPANY F/K/A AETNA CASUALTY & SURETY COMPANY, a Connecticut corporation; INSURANCE COMPANY OF NORTH AMERICA, a Delaware corporation; UNITED STATES FIRE INSURANCE, a Delaware corporation; WESTPORT INSURANCE CORPORATION, a Delaware corporation; CONTINENTAL CASUALTY COMPANY, a Delaware corporation; PACIFIC EMPLOYERS INSURANCE, a Delaware corporation; WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation; the CALIFORNIA INSURANCE GUARANTEE ASSOCIATION, a state entity, and CERTAIN UNDERWRITERS AT LLOYD'S, | **Case No.: 3:24-cv-00709-JSC**<br><br>Hon. Jacquline Scott Corley<br><br>**ANSWER OF DEFENDANT CALIFORNIA INSURANCE GUARANTEE ASSOCIATION TO SIXTH AMENDED COMPLAINT OF THE ROMAN CATHOLIC BISHOP OF OAKLAND AND DEMAND FOR JURY TRIAL** |

LONDON, SUBSCRIBING SEVERALLY AND NOT JOINTLY TO SLIP NOS. CU 1001 AND K 66034 ISSUED TO THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, AND NOS. K 78138 AND CU 3061 ISSUED TO THE ROMAN CATHOLIC BISHOP OF OAKLAND; COMPANHIA DE SEGUROS FIDELIDADE SA F/K/A FIDELIDADE INSURANCE COMPANY OF LISBON, SUBSCRIBING TO SLIP NO. K 78138 ISSUED TO THE ROMAN CATHOLIC BISHOP OF OAKLAND; CATALINA WORTHING INSURANCE LTD F/K/A HFPI (AS PART VII TRANSFEREE OF EXCESS INSURANCE CO. LTD.); DOMINION INSURANCE COMPANY LIMITED; OCEAN MARINE INSURANCE COMPANY LIMITED (AS PART VII TRANSFEREE OF THE WORLD AUXILIARY INSURANCE CORPORATION LIMITED); ENGLISH & AMERICAN INSURANCE COMPANY LIMITED, RIVER THAMES INSURANCE COMPANY LIMITED, R&Q GAMMA COMPANY LIMITED (AS PART VII TRANSFEREE OF ANGLO FRENCH LTD.); LONDON AND OVERSEAS INSURANCE COMPANY LIMITED; and ORION INDEMNITY COMPANY,

Defendants.

Defendant California Insurance Guarantee Association ("CIGA") hereby responds to the Sixth Amended Complaint ("SAC") of Plaintiff the Roman Catholic Bishop of Oakland, a corporation sole, ("Plaintiff" or "RCBO") as follows:

**ANSWER**

1. Answering paragraphs 1 and 2 of the SAC, CIGA admits the allegations therein.

2. Answering paragraph 3 of the SAC, CIGA does not contest the fact that the SAC contains the causes of action noted therein but does not admit the truth of the allegations set forth in any of the allegations of said causes of action or that Plaintiff is entitled to any of the relief sought therein or to any relief whatsoever as against CIGA.

3. Answering paragraph 4 of the SAC, based upon information and belief, CIGA admits the allegations therein.

4. Answering paragraphs 5, 6 and 7 of the SAC, CIGA lacks sufficient information or belief to respond to the allegations therein and therefore denies said allegations and the whole thereof.

5. Answering paragraph 8 of the SAC, based upon information and belief, CIGA admits that the now insolvent insurer Commercial Union Insurance Company, aka Armour Insurance Company, and later as Bedivere Insurance Company (hereinafter collectively referred to as "Commercial Union") issued the designated policies to Plaintiff for the policy terms set forth therein. While not binding on CIGA as a matter of California law, CIGA acknowledges, based upon information and belief, that Commercial Union agreed to defend certain of the underlying abuse lawsuits filed against RCBO before it was found to be insolvent. CIGA further admits on information and belief that upon the finding and order of liquidation of Commercial Union by the authorized judicial court, CIGA's obligations as defined and limited under Article 14.2 of the California Insurance Code, Insurance Code section 1063.1 et seq., ("Article 14.2") were triggered as to claims that meet all of the qualifications set forth therein as to "covered claims." Regardless of whether "[t]he Commercial Union Policies" were "responsive" to the listed claims, SAC, paragraph 8, p. 4 lines 26-28, as to CIGA's obligations, CIGA denies that the claims listed therein meet all conditions to qualify as "covered claims." As to Paragraph 8ii, p. 5, lines 1-4, CIGA does not admit the legal conclusions and arguments set forth therein and the whole thereof and denies the same.

6. Answering paragraphs 9, 10, 11, 12, 13, 14, 15, 16,17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30, CIGA lacks sufficient information of belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

7. Answering paragraphs 31 and 32 of the SAC, CIGA admits only the historical recitation of facts as set forth therein but thereby does not admit the truth of any allegations set forth in any of the referenced pleadings and specifically, except as expressly admitted herein, denies same and the whole thereof.

8. Answering paragraph 33 of the SAC, CIGA lacks sufficient information or belief as to the alleged intentions of RCBO as to the filing of the SAC and therefore denies such allegations and the

whole thereof. Further CIGA does not admit the legal conclusions and arguments set forth in said paragraph and denies the same, but it admits that the words quoted from the *Montrose* decision are found therein.

9. Answering paragraph 34 of the SAC, while the allegations therein are not directed towards CIGA, as CIGA is specifically excluded from the term "Insurer Defendants," CIGA lacks sufficient information or belief as to the truth of said allegations and therefor, except as admitted herein, denies the allegations therein and the whole thereof.

10. Answering paragraph 35 of the SAC, CIGA admits that RCBO has been named in a multitude of complaints, possibly as many as 350, but CIGA does not admit that that number is definitive, in light of the California Legislatures enactment of AB 218 as alleged. Except as admitted therein, CIGA denies all remaining allegations therein.

11. Answering the first sentence of paragraph 36 of the SAC, while the allegations of the various suits against RCBO speak for themselves as to the claims asserted, CIGA lacks sufficient information or belief as to the truth therein and based upon such lack of information and belief denies said allegations and damage claims. Answering the second sentence of paragraph 36 of the SAC relating to the other named insurers, CIGA lacks sufficient information or belief as to the truth therein and based upon such lack of information and belief denies said allegations as to any other insurer named herein other than CIGA as statutorily required as to the designated Commercial Union policies and based thereon denies said allegations. Answering the second sentence of paragraph 36 relating to CIGA, CIGA denies the allegations therein and the whole thereof and further denies that any of the claims implicating any Commercial Union policy, including but not limited to those set forth in paragraph 8i if the SAC qualify as "covered claims" so as to trigger any statutory obligation on the part of CIGA under Article 14.2.

12. Answering paragraph 37 of the SAC, CIGA lacks sufficient information of belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

13. Answering paragraphs 38 and 39, CIGA lacks sufficient information of belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

/ / /

14. Answering paragraph 40 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 13 of this answer as though set forth herein verbatim.

15. Answering paragraphs 41 through 61 of the SAC, none of which are asserted against CIGA, CIGA lacks sufficient information of belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

16. Answering paragraph 62 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 15 of this answer as though set forth herein verbatim.

17. Answering paragraphs 63 through 81 of the SAC, none of which are asserted against CIGA, CIGA lacks sufficient information of belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

18. Answering paragraph 82 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 17 of this answer as though set forth herein verbatim.

19. Answering paragraphs 83 through 102 of the SAC, none of which are asserted against CIGA, CIGA lacks sufficient information of belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

20. Answering paragraph 103 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 19 of this answer as though set forth herein verbatim.

21. Answering paragraph 104 of the SAC, CIGA admits the provisions of 28 U.S.C. section 2201 speaks for itself, and to the extent this paragraph may not correctly state that law it is denied.

22. Answering paragraph 105 of the SAC, CIGA admits that RCBO contends a dispute exists between it and CIGA justifying the assertion of a declaratory relief actin under 28 U.S.C. section 2201, but CIGA denies that any such dispute arises to the level of a justiciable dispute triggering said section.

23. Answering paragraphs 106 and 107 of the SAC, CIGA admits that the words quoted from the cited legal references are found therein, but CIGA contends that the words are taken out of context as used in these paragraphs and based thereon disputes any legal conclusions sought to extrapolated therefrom by RCBO and therefore denies same.

/ / /

24. Answering paragraph 108, CIGA admits that Bedivere Insurance Company, the successor to Commercial Union, was found to be insolvent and ordered liquidated thereby triggering CIGA's potential obligations as to qualifying "covered claims" under Article 14.2 as to those policies involved herein as issued to RCBO. While CIGA acknowledges, on information and belief, that Commercial Union itself had prior to its liquidation order, agreed to defend RCBO under certain claims pending before the order of liquidation, such determination is not binding on CIGA as a matter of law. Except as expressly admitted herein, CIGA lacks sufficient information or belief to respond to the remaining allegations and based thereon it therefore denies the remaining allegation of said paragraph and the whole thereof.

25. Answering paragraph 109 of the SAC, while CIGA acknowledges that certain proofs of claim as to the claims identified in paragraph 8i of the SAC were submitted to the liquidator for the successor to Commercial Union on or before the last date set for submission of some claims in the liquidation proceeding, CIGA denies that such proofs of claims were sufficient under California Insurance Code section 1063.1(c)(1)(C) to present the claims identified in paragraph 8i of the SAC or that such claims qualify as covered claims under the Article 14.2 based on that fact alone or that they otherwise qualify as "covered claims." Except as expressly admitted herein, CIGA denies the remaining allegation of paragraph 109 and the whole thereof.

26. Answering paragraph 110 of the SAC, CIGA lacks sufficient information of belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof. CIGA will note that the Woodall matter at this time remains in flux as to the final amount of any judgment or whether it will be settled.

27. Answering paragraphs 110 and 111 of the SAC, as to the allegations relating to the 21 claims specifically identified in paragraph 8i of the SAC, CIGA denies that all conditions of those claims qualify as "covered claims" under Article 14.2 have been met and therefor denies that said claims meet to the requirements of being "covered claims." Except as set forth in the preceding sentence, CIGA lacks sufficient information of belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

/ / /

28. Answering paragraph 112 of the SAC, CIGA lacks sufficient information of belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

29. Answering paragraph 113 of the SAC, CIGA admits its position is that the so called "Commercial Union Covered Claims" do not meet the requirements to qualify as "covered claims" under Article 14.2. Except as expressly admitted herein, CIGA denies the remaining allegations and implications of this paragraph and the whole thereof.

30. Answering the first two sentences of paragraph 114 of the SAC, CIGA hereby incorporates paragraphs 26, 27, 28 and 29 of this answer as though set forth verbatim. Answering the rest of paragraph 114 of the SAC, any actual quoted language as set forth in the complaints as to the referenced matters speak for themselves as to what is being alleged, therein, but CIGA lacks sufficient information or belief as to the truth of said allegations and therefore denies said allegations and the whole thereof. Further, and in addition to the foregoing, as to the claims noted in this paragraph, of the referenced claims, 6, 99, 235, 348 and 361, only claim 6 is one of the twenty-one specifically identified in paragraph 8i of the SAC and defined in the SAC as so called "Commercial Union Covered Claims," a nomenclature CIGA rejects as being accurate or misleading, and thus are irrelevant to this cause of action or to the claims asserted against CIGA. CIGA lacks sufficient information or belief to respond to the remaining allegations of this paragraph and therefore denies any allegation not expressly admitted herein.

31. Answering paragraph 115 of the SAC, CIGA denies that it is bound by any decisions as to defense or indemnity made by Commercial Union as a matter of law as to any of the claims set out in paragraph 8i and further denies that it is the "successor-in-interest" to Commercial Union as alleged. CIGA is a statutory entity that is strictly limited to payment of "covered claims" as specifically defined and limited under Article 14.2. CIGA admits its obligations are as imposed and limited under Article 14.2. Except as expressly admitted herein, CIGA denies the remaining allegations of this paragraph and the whole thereof.

32. Answering paragraph 116 of the SAC, while CIGA admits that there are disputes between RCBO and CIGA, CIGA disputes that those issues arise to the level that are justiciable at this point in time regardless of whether they are limited to the so-called "Commercial Union Covered Claims"

or otherwise.

33. Answering paragraph 117 of the SAC, CIGA denies the allegations set forth in said paragraph and further that RCBO is entitled to any relief from CIGA, declaratory or otherwise.

34. Answering paragraph 118 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 33 of this answer as though set forth herein verbatim.

35. Answering paragraphs 119 through 140 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

36. Answering paragraph 141 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 35 of this answer as though set forth herein verbatim.

37. Answering paragraphs 142 through 162 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

38. Answering paragraph 163 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 37 of this answer as though set forth herein verbatim.

39. Answering paragraphs 164 through 185 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

40. Answering paragraph 186 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 39 of this answer as though set forth herein verbatim.

41. Answering paragraphs 187 through 209 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

42. Answering paragraph 210 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 41 of this answer as though set forth herein verbatim.

43. Answering paragraphs 211 through 232 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

44. Answering paragraph 233 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 43 of this answer as though set forth herein verbatim.

45. Answering paragraphs 234 through 255 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

46. Answering paragraph 256 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 45 of this answer as though set forth herein verbatim.

47. Answering paragraphs 257 through 278 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

48. Answering paragraph 279 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 47 of this answer as though set forth herein verbatim.

49. Answering paragraphs 280 through 300 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

50. Answering paragraph 301 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 49 of this answer as though set forth herein verbatim.

51. Answering paragraphs 302 through 322 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

52. Answering paragraph 323 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 51 of this answer as though set forth herein verbatim.

53. Answering paragraphs 324 through 344 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

54. Answering paragraph 345 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 53 of this answer as though set forth herein verbatim.

/ / /

55. Answering paragraphs 346 through 366 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

56. Answering paragraph 367 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 57 of this answer as though set forth herein verbatim.

57. Answering paragraphs 368 through 388 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

58. Answering paragraph 389 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 57 of this answer as though set forth herein verbatim.

59. Answering paragraphs 390 through 411 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

60. Answering paragraph 412 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 59 of this answer as though set forth herein verbatim.

61. Answering paragraphs 413 through 433 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

62. Answering paragraph 434 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 61 of this answer as though set forth herein verbatim.

63. Answering paragraphs 435 through 457 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

64. Answering paragraph 458 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 63 of this answer as though set forth herein verbatim.

65. Answering paragraphs 459 through 480 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

66. Answering paragraph 481 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 65 of this answer as though set forth herein verbatim.

67. Answering paragraphs 482 through 503 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

68. Answering paragraph 504 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 67 of this answer as though set forth herein verbatim.

69. Answering paragraphs 505 through 526 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

70. Answering paragraph 527 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 69 of this answer as though set forth herein verbatim.

71. Answering paragraphs 528 through 549 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

72. Answering paragraph 550 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 71 of this answer as though set forth herein verbatim.

73. Answering paragraphs 551 through 572 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

74. Answering paragraph 573 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 73 of this answer as though set forth herein verbatim.

75. Answering paragraphs 574 through 595 of the SAC. none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

76. Answering paragraph 596 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 75 of this answer as though set forth herein verbatim.

/ / /

77. Answering paragraphs 597 and 598 of the SAC, CIGA admits that the words quoted from the cited legal references are found therein, but CIGA contends that the words are taken out of context as used in these paragraphs and based thereon disputes any legal conclusions sought to extrapolated therefrom by RCBO and therefore denies same.

78. Answering paragraph 599, CIGA admits that the successor to Commercial Union was found to be insolvent and ordered liquidated thereby triggering CIGA's potential obligations as to qualifying "covered claims" under Article 14.2. While CIGA acknowledges, based on information and belief, that Commercial Union had, prior to its liquidation order, agreed to defend RCBO under certain claims pending before the order of liquidation to the extent that said action is claimed to be the action wherein it "acknowledged: a potential for coverage, CIGA contends that as a matter of law any such actions be it the defense provided by commercial Union or any other action is not binding on CIGA. Except as expressly admitted herein, CIGA denies the remaining allegation of said paragraph and the whole thereof.

79. Answering paragraph 600 of the SAC, while CIGA acknowledges that proofs of claim as to the claims identified in paragraph 8i of the SAC only, were submitted to the liquidator for the successor to Commercial Union on or before the last date set for submission of such claims, CIGA denies that such proofs of claims were sufficient under California Insurance Code section 1063.1(c)(1)(C) to present the claims identified in paragraph 8i of the SAC or that such claims qualify as covered claims under the Article 14.2 based on that fact alone. Except as expressly admitted, CIGA denies each and every remaining allegation of this paragraph and the whole thereof.

80. Answering paragraph 601 of the SAC, CIGA lacks sufficient information of belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof. CIGA will note that as to the Woodall matter, the status of that case is in flux as of the time of this answer as the amount of the final judgment has not been determined and settlement discussions are ongoing.

81. Answering paragraphs 602 and 603 of the SAC, as to the allegations relating to the claims identified in paragraph 8i, CIGA denies that all conditions of those claims qualify as "covered

claims" under Article 14.2 have been met and therefor denies that said claims meet to the requirements of being "covered claims." CIGA further denies "There are at least 22 Commercial Union Covered Claims" as alleged because paragraph 8i of the SAC only specifically identifies 21 claims, and there is a substantial likelihood that some, if not all, such claims will not qualify as covered claims under Article 14.2. Except as set forth in the preceding sentence, CIGA lacks sufficient information of belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

82. Answering paragraph 604 of the SAC, CIGA admits it assigned an adjuster to these matters and communicated with representatives for Plaintiff regarding same. CIGA admits that it acknowledged the nature of the issue abuse claims asserted against Plaintiff. Except as admitted CIGA denies the remaining allegations of the paragraph.

85. Answering paragraph 605 of the SAC, CIGA admits that it contends that not all requirements for claims to qualify as "covered claims" have been met as to the claims listed in paragraph 8i and referred to in the SAC as the so-called "Commercial Union Covered Claims" or any other claims arising during a policy period of a liability policy issued by the now insolvent successor to Commercial Union Insurance Company. Except as admitted herein, CIGA denies all remaining allegations of this paragraph and the whole thereof.

84. Answering paragraph 606 of the SAC, CIGA denies that Plaintiff has been damaged by any actions or inactions or legal positions taken by CIGA relating to the claims identified in paragraph 8i, and referred to in the SAC as the so-called "Commercial Union Covered Claims"

85. Answering paragraph 607 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 84 of this answer as though set forth herein verbatim.

86. Answering paragraphs 608 through 630 of the SAC, none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

87. Answering paragraph 631 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 86 of this answer as though set forth herein verbatim.

/ / /

88. Answering paragraphs 632 through 640 of the SAC, none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

89. Answering paragraph 641 of the SAC, CIGA hereby incorporates each and every admission, denial and pleading of paragraphs 1 through 88 of this answer as though set forth herein verbatim.

90. Answering paragraphs 642 through 648 of the SAC, none of which are asserted against CIGA, CIGA lacks sufficient information or belief to respond to the allegations therein and based on such, denies said allegations and the whole thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The SAC's Fourth Cause of Action does not state facts sufficient to constitute a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. The SAC's Twenty Sixth Cause of Action does not state facts sufficient to constitute a cause of action against this answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

3. The SAC's Fourth and/or Twenty Sixth Causes of Action are barred or limited, in whole or in part, as against CIGA by the definitions, limitations, restrictions and exclusions of and are precluded from qualifying as a "covered claim" pursuant to the provisions set forth in California Insurance Code, Article 14.2, sections 1063 et seq.

### FOURTH AFFIRMATIVE DEFENSE

4. The SAC's Fourth and/or Twenty Sixth Causes of Action are barred or limited, in whole or in part, as against CIGA to the extent a claim(s) is asserted by a person other than the original claimant under the insurance policy in the claimant's own name, or the claimant's executor, administrator, guardian, or other personal representative or trustee in bankruptcy pursuant to Insurance Code, section 1063.1(c)(9)(B), said claim(s) do not qualify as "covered claims" under Article 14.2 of the California Insurance Code.

**FIFTH AFFIRMATIVE DEFENSE**

5. This answering Defendant is informed and believes, and based upon such information and belief alleges, that the SAC's Fourth and/or Twenty Sixth Causes of Action is barred by the applicable statute of limitations contained in Code of Civil Procedure §§337, 337.1, 337.6, 337.15, 338, 339, 340 and 343, among others.

**SIXTH AFFIRMATIVE DEFENSE**

6. There is no "covered claim" for any of the claims at issue herein as asserted or that could be asserted against CIGA to the extent such claims exceed the policy limits of any otherwise or possibly applicable Commercial Union insurance policy reference in the SAC or at all under California Insurance Code section 1063.1(c)(6).

**SEVENTH AFFIRMATIVE DEFENSE**

7. To the extent that any claim(s) does meet all criteria to constitute a "covered claim" under Article 14.2, CIGA's obligations as to such claim would be limited to a maximum amount of $500,000.00 pursuant to California Insurance Code section 1063.1(c)(7).

**EIGHTH AFFIRMATIVE DEFENSE**

8. As a matter of law, pursuant to California Insurance Code section 1063.1(c)(8), CIGA is not legally liable for punitive damages.

**NINTH AFFIRMATIVE DEFENSE**

9. To the extent that there is any other non-exhausted "other insurance" available to Plaintiff as to any otherwise potentially "covered claim" and such claim(s) does not qualify as a "covered claim" under California Insurance Code section 1063.1(c)(9)(A) and is thus barred as against CIGA.

**TENTH AFFIRMATIVE DEFENSE**

10. To the extent that there is any other non-exhausted "other insurance" available to an individual claimant as to any otherwise potentially "covered claim" and such claim(s) do not qualify as a "covered claim" under California Insurance Code section 1063.1(c)(9)(A) and is thus barred as against CIGA.

/ / /

**ELEVENTH AFFIRMATIVE DEFENSE**

11. To the extent that any individual claim was expected or intended such claims would be excluded under the terms of any applicable Commercial Union policy and/or California Insurance Code section 533 and such claim(s) does not qualify as a "covered claim" under California Insurance Code section 1063.1(c)(1)(A) and is thus barred as against CIGA.

**TWELTH AFFIRMATIVE DEFENSE**

12. To the extent that any individual claim does not fall within the coverage of any applicable Commercial Union policy, such claim(s) does not qualify as a "covered claim" under California Insurance Code section 1063.1(c)(1)(A) and is thus barred as against CIGA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. To the extent that any individual claim was not presented as a claim to the liquidator in the state of domicile of the insolvent insurer or to the association on or before the last date fixed for the filing of claims in the domiciliary liquidating proceedings, such claim(s) does not qualify as a "covered claim" under California Insurance Code section 1063.1(c)(1)(C) and is thus barred as against CIGA.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. The SAC's Fourth and/or Twenty Sixth Causes of Action are barred as against CIGA to the extent that Plaintiff is not the original claimant or insured under the insurance policy in the claimant's or insured's own name, pursuant to Insurance Code, section 1063.1(c)(9)(B).

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Some or all of the claims asserted as against CIGA are barred in whole or in part by the terms of that amended settlement agreement entered into between RCBO on the one hand and certain of its insurers, including Commercial Union Insurance Company, in 2005 and entitled as "Amended Confidential Settlement Agreement and Mutual Release."

WHEREFORE, CIGA prays for a judgment as follows:

1. That Plaintiff take nothing by way of its SAC on file herein;
2. To the extent that the Court finds declaratory relief is available in this matter, for a judgment declaring that none of the subject claims involved in this action qualify as

"covered claims" under Article 14.2 of the Insurance Code.

3. For costs of suit incurred herein;

4. For such other and further relief as the Court deems just and proper.

Dated: November 5, 2026

BLACK, COMPEAN & HALL
A Limited Liability Partnership

By: *___/s/_Frederick Hall*____________
FREDERICK G. HALL
Attorneys for Defendant California Insurance Guarantee Association

**DEMAND FOR JURY TRIAL**

Defendant California Insurance Guarantee Association hereby demand a trial by jury in the above-entitled matter.

Dated: November 4, 2026

BLACK, COMPEAN & HALL, L.L.P.

By: */s/ Frederick G. Hall*
Frederick G. Hall (CA Bar No. 130465)
Michael D. Compean (CA Bar No. 125106)
*Attorneys for Defendant California Insurance Guarantee Association*