SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
A Professional Corporation
Blaise S. Curet, #124983
bcuret@spcclaw.com
Melissa Andrea Dubbs, #163650
mdubbs@spcclaw.com
2001 Addison Street, Suite 110
Berkeley, California 94704-1192
Telephone / Facsimile: (415) 352-6200

and

Joshua D. Weinberg (admitted pro hac vice)
Joshua P. Mayer (admitted pro hac vice)
Anna Belle Reilly (admitted pro hac vice)
RUGGERI PARKS WEINBERG LLP
1875 K Street NW, Suite 800
Washington, DC 20006
Tel: (202) 984-1400
Fax: (202) 984-1401
jweinberg@ruggerilaw.com
jmayer@ruggerilaw.com
areilly@ruggerilaw.com

Michael S. Batson (admitted pro hac vice)
RUGGERI PARKS WEINBERG LLP
101 Arch Street, 8th Floor
Boston, MA 02110
Tel: (617) 307-2065
Fax: (202) 984-1401
mbatson@ruggerilaw.com

Counsel for Westport Insurance Corporation
f/k/a Employers Reinsurance Corporation

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re:<br><br>THE ROMAN CATHOLIC BISHOP OF OAKLAND INSURANCE ADVERSARY PROCEEDING LITIGATION | Case No. 3:24-cv-00709-JSC<br>3:24-cv-00711-JSC<br><br>Bankruptcy Case No. 23-40523-WJL<br>Adv. Proc. No. 23-04028-WJL<br><br>**WESTPORT INSURANCE CORPORATION'S ANSWER TO THE ROMAN CATHOLIC BISHOP OF OAKLAND'S SIXTH AMENDED COMPLAINT AND COUNTERCLAIM** |

Defendant Westport Insurance Corporation ("Westport"), formerly known as Employers Reinsurance Corporation ("ERC"), answers the Sixth Amended Complaint (Dkt. 279) as follows: Westport admits only those matters expressly admitted. A statement that a document speaks for itself is accompanied below by a response to its factual characterization. Nothing in this answer concedes coverage, attachment, a present payment obligation, or any factual proposition concerning a particular claimant.

## JURISDICTION

1. Responding to the allegations in paragraph 1, Westport admits that this action is pending before this Court and that the Court has subject matter jurisdiction to the extent established by applicable law. The remaining allegations are legal conclusions to which no response is required; to the extent a response is required, Westport denies any inconsistent allegations.

2. Responding to the allegations in paragraph 2, Westport admits venue in this District for purposes of this action. Any remaining legal conclusions require no response; insofar as a response is required, they are denied.

## NATURE OF ACTION

3. Responding to the allegations in paragraph 3, Westport admits that the pleading purports to assert declaratory relief, breach of contract and other claims, but denies that RCBO is entitled to relief against Westport beyond any rights proven under applicable contracts and law.

## PARTIES

4. Responding to the allegations in paragraph 4, Westport admits that RCBO is a California corporation sole with its principal place of business in Oakland, California.

5. To the extent that the allegations in paragraph 5 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 5 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis, denies.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

6. To the extent that the allegations in paragraph 6 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 6 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis, denies.

7. To the extent that the allegations in paragraph 7 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 7 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

8. To the extent that the allegations in paragraph 8 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 8 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

9. To the extent that the allegations in paragraph 9 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 9 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

10. To the extent that the allegations in paragraph 10 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 10 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

11. Westport denies that it is a Delaware corporation and states that it was incorporated in Missouri. Westport admits that it has conducted business in this district. Westport admits that ERC issued excess policy No. U10255 to RCBO for the period

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

November 15, 1971, to October 26, 1974, and that Westport is ERC's successor by merger and name change. Westport denies that every claim identified in paragraph 11 falls within that policy or that the policy provides coverage for every injury alleged to have continued or progressed during its period. Whether a particular claim falls within the policy depends on the facts of that claim and the policy's terms, conditions, and limits. Westport denies that an allegation of continuous or progressive injury, without more, establishes that bodily injury occurred during the policy period or triggers coverage regardless of when the alleged initial injury began. Westport further states that as an excess insurer, it has no coverage obligation unless and until the applicable underlying insurance is exhausted. To date, there has been no indication and no notice that the limits underlying the ERC policy have been exhausted in accordance with the terms of the policy and therefore no present indemnity obligation under U10255 has been established. Any defense obligation is governed separately by the policy's defense provision and its conditions.

12. To the extent that the allegations in paragraph 12 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 12 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

13. To the extent that the allegations in paragraph 13 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 13 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

14. To the extent that the allegations in paragraph 14 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 14 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

15. To the extent that the allegations in paragraph 15 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 15 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

16. To the extent that the allegations in paragraph 16 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 16 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

17. To the extent that the allegations in paragraph 17 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 17 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

18. To the extent that the allegations in paragraph 18 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 18 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

19. To the extent that the allegations in paragraph 19 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 19 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

20. To the extent that the allegations in paragraph 20 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 20 of Plaintiff's Sixth Amended Complaint require

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

21. Responding to the allegations in paragraph 21, Westport denies that it is a Delaware corporation and states that it was incorporated in Missouri. It admits that it has conducted business in this district. Westport denies that it issued a written umbrella policy of insurance to RCBO under Policy No. PLE20430 for the period October 16, 1974 to October 16, 1977, but states that evidence of a policy, Policy No PLE20430 originally for the period October 16, 1974 to October 16, 1977, was issued to RCBO by ERC but the policy was cancelled effective October 26, 1975. To the extent that Plaintiff RCBO alleges that Westport "is responsive" to certain claims, Westport objects to the term as vague and ambiguous and on that basis states that it lacks knowledge or information sufficient to form a belief as to the truth of that allegation and on that basis denies. Westport further states that as an excess insurer, it has no coverage obligation unless and until the applicable underlying insurance is exhausted. To date, there has been no indication and no notice that the limits underlying the ERC policies have been exhausted in accordance with the terms of those policies and therefore no present indemnity obligation under PLE20430 has been established. With respect to paragraph 21(ii), Westport denies that an allegation of continuous or progressive injury, without more, establishes that bodily injury occurred during the ERC policy period or that the policy responds to the claim. Westport further denies that injury or its effects allegedly continuing into that period necessarily triggers coverage when the alleged initial injury occurred before the period. Whether any particular claim falls within the policy depends on the facts of that claim and the policy's terms, conditions, and attachment requirements.

22. Responding to the allegations in paragraph 22, to the extent that the allegations in paragraph 22 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 22 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

denies them.

23. To the extent that the allegations in paragraph 23 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 23 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

24. To the extent that the allegations in paragraph 24 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 24 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

25. To the extent that the allegations in paragraph 25 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 25 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

26. To the extent that the allegations in paragraph 26 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 26 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

27. To the extent that the allegations in paragraph 27 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 27 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

28. To the extent that the allegations in paragraph 28 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

extent that the allegations in paragraph 28 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

29. To the extent that the allegations in paragraph 29 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 29 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

30. To the extent that the allegations in paragraph 30 of Plaintiff's Sixth Amended Complaint are directed to another defendant, they require no answer. To the extent that the allegations in paragraph 30 of Plaintiff's Sixth Amended Complaint require an answer, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

**COMMON FACTUAL ALLEGATIONS AGAINST ALL DEFENDANTS**

31. Responding to the allegations in paragraph 31, Westport admits the allegations of paragraph 31.

32. Responding to the allegations in paragraph 32, Westport admits the allegations of paragraph 32.

33. Responding to the allegations in paragraph 33, Westport admits that the Sixth Amended Complaint advances a continuous injury theory and cites *Montrose Chemical Corp. v. Superior Court*. Westport denies that an allegation of continuing injury, by itself, establishes bodily injury during the period of an ERC excess policy or coverage for any particular claim. The applicability of an ERC excess policy depends on the facts of the claim and application of the policy's terms and conditions.

34. Responding to the allegations in paragraph 34, Westport admits that the Sixth Amended Complaint asserts claims for breach of the implied covenant of good faith and fair dealing and incorporates claims against American Home Assurance Company. Westport denies that it failed to respond to or participate in a reasonable opportunity to

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

settle a covered claim or otherwise acted in bad faith. Westport lacks knowledge sufficient to admit the allegations concerning Chubb's alleged online campaign and, on that basis, denies them.

35. Responding to the allegations in paragraph 35, Westport admits that complaints and proofs of claim have been filed asserting claims against RCBO arising from alleged misconduct by clerical or ministerial personnel. Westport lacks knowledge sufficient to admit the alleged number of claims, the allegations of each claim, or that all were filed as a result of AB 218 and, on that basis, denies those allegations. Westport does not admit the truth of the underlying allegations in those complaints.

36. Responding to the allegations in paragraph 36, Westport admits that some underlying claimants allege abuse, physical contact, and bodily injury. Westport lacks knowledge sufficient to admit the allegations concerning each claimant's injuries and, on that basis, denies them. Westport denies that every policy in effect at the time of alleged physical contact, or at any time afterward, necessarily owes RCBO a defense or indemnity. Any obligation under an ERC excess policy depends on the facts of the particular claim and the applicable policy terms, conditions, and attachment requirements.

37. Responding to the allegations in paragraph 37, Westport admits that RCBO filed a bankruptcy petition and that 11 U.S.C. § 362 generally provides for an automatic stay, subject to its terms and applicable court orders. Westport lacks knowledge sufficient to admit whether additional suits will be filed or served or whether RCBO will update Exhibit A and, on that basis, denies those allegations.

38. Responding to the allegations in paragraph 38, Westport admits that evidence exists of historical ERC excess insurance issued to RCBO, as addressed in Westport's responses to paragraphs 11 and 21. Westport lacks knowledge sufficient to admit the full scope of RCBO's insurance with other insurers and, on that basis, denies the remaining allegations.

39. Responding to the allegations in paragraph 39, Westport admits that RCBO or its broker tendered certain underlying claims to Westport, as reflected in Westport's

records. Westport lacks knowledge sufficient to admit the allegations concerning all tenders to other defendants or the accuracy and completeness of Exhibit A and, on that basis, denies them. Westport denies that a tender establishes coverage or a present duty to defend or indemnify under an ERC excess policy.

**FIRST CAUSE OF ACTION**

**(Declaratory Relief Against Pacific Indemnity)**

40. Responding to the allegations in paragraph 40, Westport repeats its responses to paragraphs 1–39 of the Sixth Amended Complaint as if fully set forth herein.

41. Responding to the allegations in paragraph 41, they present a legal conclusion to which no response is required. To the extent a response is required, Westport denies the allegations.

42. The allegations of paragraph 42 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

43. The allegations of paragraph 43 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

44. The allegations of paragraph 44 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

45. The allegations of paragraph 45 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

46. The allegations of paragraph 46 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

47. The allegations of paragraph 47 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

48. The allegations of paragraph 48 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

49. The allegations of paragraph 49 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

50. The allegations of paragraph 50 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

51. The allegations of paragraph 51 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

52. The allegations of paragraph 52 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

53. The allegations of paragraph 53 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

54. The allegations of paragraph 54 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

55. The allegations of paragraph 55 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

56. The allegations of paragraph 56 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

57. The allegations of paragraph 57 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

58. The allegations of paragraph 58 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

59. The allegations of paragraph 59 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

60. The allegations of paragraph 60 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

61. The allegations of paragraph 61 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

**SECOND CAUSE OF ACTION**

**(Declaratory Relief Against Travelers)**

62. Responding to the allegations in paragraph 62, Westport repeats its responses to paragraphs 1–61 of the Sixth Amended Complaint as if fully set forth herein.

63. Responding to the allegations in paragraph 63, they present a legal conclusion to which no response is required. To the extent a response is required, Westport denies the allegations.

64. The allegations of paragraph 64 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

65. The allegations of paragraph 65 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

66. The allegations of paragraph 66 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

67. The allegations of paragraph 67 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

68. The allegations of paragraph 68 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

69. The allegations of paragraph 69 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

70. The allegations of paragraph 70 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

71. The allegations of paragraph 71 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

72. The allegations of paragraph 72 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

73. The allegations of paragraph 73 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

74. The allegations of paragraph 74 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

75. The allegations of paragraph 75 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

76. The allegations of paragraph 76 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

77. The allegations of paragraph 77 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

78. The allegations of paragraph 78 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

79. The allegations of paragraph 79 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

80. The allegations of paragraph 80 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

81. The allegations of paragraph 81 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

**THIRD CAUSE OF ACTION**

**(Declaratory Relief Against INA Primary)**

82. Responding to the allegations in paragraph 82, Westport repeats its responses to paragraphs 1–81 of the Sixth Amended Complaint as if fully set forth herein.

83. Responding to the allegations in paragraph 83, they present a legal conclusion to which no response is required. To the extent a response is required, Westport denies the allegations.

84. The allegations of paragraph 84 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

85. The allegations of paragraph 85 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

86. The allegations of paragraph 86 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

87. The allegations of paragraph 87 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

88. The allegations of paragraph 88 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

89. The allegations of paragraph 89 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

90. The allegations of paragraph 90 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

91. The allegations of paragraph 91 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

92. The allegations of paragraph 92 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

93. The allegations of paragraph 93 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

94. The allegations of paragraph 94 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

95. The allegations of paragraph 95 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

96. The allegations of paragraph 96 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

97. The allegations of paragraph 97 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

98. The allegations of paragraph 98 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

99. The allegations of paragraph 99 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

100. The allegations of paragraph 100 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

101. The allegations of paragraph 101 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

102. The allegations of paragraph 102 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief Against CIGA)**

103. Responding to the allegations in paragraph 103, Westport repeats its responses to paragraphs 1–102 of the Sixth Amended Complaint as if fully set forth herein.

104. Responding to the allegations in paragraph 104, they present a legal conclusion to which no response is required. To the extent a response is required, Westport denies the allegations.

105. The allegations of paragraph 105 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

106. The allegations of paragraph 106 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

107. The allegations of paragraph 107 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

108. The allegations of paragraph 108 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

109. The allegations of paragraph 109 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

110. The allegations of paragraph 110 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

111. The allegations of paragraph 111 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

112. The allegations of paragraph 112 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

113. The allegations of paragraph 113 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

114. The allegations of paragraph 114 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

115. The allegations of paragraph 115 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

116. The allegations of paragraph 116 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

117. The allegations of paragraph 117 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

## FIFTH CAUSE OF ACTION

## (Declaratory Relief Against INA Excess Policy)

118. Responding to the allegations in paragraph 118, Westport repeats its responses to paragraphs 1–117 of the Sixth Amended Complaint as if fully set forth herein.

119. Responding to the allegations in paragraph 119, they present a legal conclusion to which no response is required. To the extent a response is required, Westport denies the allegations.

120. The allegations of paragraph 120 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

121. The allegations of paragraph 121 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

122. The allegations of paragraph 122 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

123. The allegations of paragraph 123 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

124. The allegations of paragraph 124 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

125. The allegations of paragraph 125 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

126. The allegations of paragraph 126 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

127. The allegations of paragraph 127 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

128. The allegations of paragraph 128 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

129. The allegations of paragraph 129 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

130. The allegations of paragraph 130 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

131. The allegations of paragraph 131 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

132. The allegations of paragraph 132 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

133. The allegations of paragraph 133 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

134. The allegations of paragraph 134 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

135. The allegations of paragraph 135 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

136. The allegations of paragraph 136 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

137. The allegations of paragraph 137 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

138. The allegations of paragraph 138 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

139. The allegations of paragraph 139 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

140. The allegations of paragraph 140 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

**SIXTH CAUSE OF ACTION**

**(Declaratory Relief Against U.S. Fire)**

141. Responding to the allegations in paragraph 141, Westport repeats its responses to paragraphs 1–140 of the Sixth Amended Complaint as if fully set forth herein.

142. Responding to the allegations in paragraph 142, they present a legal conclusion to which no response is required. To the extent a response is required, Westport denies the allegations.

143. The allegations of paragraph 143 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

144. The allegations of paragraph 144 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

145. The allegations of paragraph 145 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

146. The allegations of paragraph 146 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

147. The allegations of paragraph 147 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

148. The allegations of paragraph 148 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

149. The allegations of paragraph 149 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

150. The allegations of paragraph 150 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

151. The allegations of paragraph 151 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

152. The allegations of paragraph 152 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

153. The allegations of paragraph 153 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

154. The allegations of paragraph 154 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

155. The allegations of paragraph 155 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

156. The allegations of paragraph 156 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

157. The allegations of paragraph 157 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

158. The allegations of paragraph 158 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

159. The allegations of paragraph 159 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

160. The allegations of paragraph 160 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

161. The allegations of paragraph 161 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

162. The allegations of paragraph 162 of the Sixth Amended Complaint concern another defendant and require no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

## SEVENTH CAUSE OF ACTION

## (Declaratory Relief Against Westport-Excess)

163. Responding to the allegations in paragraph 163, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 162 of the Sixth Amended Complaint as if fully set forth herein.

164. Responding to the allegations in paragraph 164, they present a legal conclusion to which no response is required. To the extent a response is required, Westport

denies the allegations.

165. Responding to the allegations in paragraph 165, Westport admits that a dispute exists concerning its obligations, if any, under ERC excess policy No. U10255 with respect to the claims RCBO identifies in paragraph 11. Westport denies that every claim identified in paragraph 11 falls within the policy's coverage period or otherwise qualifies for coverage. Westport further denies that an obligation to indemnify RCBO has arisen absent exhaustion of the applicable underlying insurance in accordance with the policy's terms.

166. Responding to the allegations in paragraph 166, Westport admits that ERC excess policy No. U10255 contains provisions addressing defense and indemnity and refers to the policy for their complete terms. Westport denies that it must defend or indemnify RCBO for all sums arising from every claim identified in paragraph 11. Under the policy's "Loss Payable" provision, liability with respect to an occurrence does not attach unless and until RCBO or its underlying insurer has paid the applicable primary limit on account of that occurrence. The policy's separate defense provision applies according to its own terms, including whether another insurer has the right and duty to defend. Westport denies that RCBO has established a defense or indemnity obligation for every claim identified in paragraph 11.

167. Responding to the allegations in paragraph 167, Westport lacks knowledge or information sufficient to form a belief as to whether RCBO has satisfied, or has been excused from satisfying, every applicable condition of ERC excess policy No. U10255 and, on that basis, denies the allegations in paragraph 167. Westport denies that RCBO has established payment of the applicable primary limit on account of each occurrence for which it seeks indemnity.

168. Responding to the allegations in paragraph 168, Westport admits that RCBO or its broker tendered certain claims to Westport. Westport lacks knowledge or information sufficient to form a belief as to whether every claim identified in paragraph 11 was tendered as alleged or whether Exhibit A accurately identifies all such tenders and, on that

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

basis, denies those allegations. Westport denies that tender establishes coverage under ERC excess policy No. U10255.

169. Responding to the allegations in paragraph 169, Westport admits that it reserved its rights concerning claims tendered under ERC excess policy No. U10255. Westport denies that it improperly denied coverage or failed to confirm an obligation to defend or indemnify RCBO for the claims identified in paragraph 11.

170. Responding to the allegations in paragraph 170, Westport admits that it reserved its rights concerning exhaustion of the insurance underlying ERC excess policy No. U10255 and other coverage issues. Westport denies that RCBO's allegation that claims will exceed the underlying limits establishes payment of the applicable primary limit on account of any particular occurrence as required for liability to attach under the policy. Westport further denies that RCBO has established an obligation to defend every claim identified in paragraph 11 under the policy's separate defense provision.

171. Responding to the allegations in paragraph 171, Westport admits that its reservations of rights addressed the matters listed in paragraph 171, subject to the complete language and context of its correspondence. Westport denies any characterization of those reservations inconsistent with that correspondence and denies that the reservations are improper.

172. Responding to the allegations in paragraph 172, Westport denies that its reservations of rights lack factual or legal merit. Westport responds separately below to the allegations concerning each of the five claims identified in paragraph 172. Westport denies that the allegations quoted from those claims, standing alone, establish coverage under ERC excess policy No. U10255 or establish that each claim alleges covered injury during its coverage period.

172(i) Westport admits that Claimant 15's underlying complaint alleges negligent conduct and resulting physical harm. Westport denies that paragraph 172(i) accurately attributes its quoted allegations to paragraphs 49, 53, and 67 of that complaint. Those paragraphs address different matters; negligence and harm are alleged elsewhere in the

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

underlying complaint. Westport denies that the allegations quoted in paragraph 172(i) establish coverage under ERC excess policy No. U10255 or show that Westport's reservations of rights lack factual or legal merit.

172(ii). Westport admits that Claimant 2's underlying complaint alleges negligent conduct and resulting physical injury. Westport denies that paragraph 172(ii) accurately attributes its quoted negligence and injury allegations to paragraphs 13 and 14 of that complaint. Those paragraphs concern different matters; negligence and injury are alleged elsewhere in the underlying complaint. Westport denies that the allegations quoted in paragraph 172(ii) establish coverage under ERC excess policy No. U10255 or show that Westport's reservations of rights lack factual or legal merit.

72(iii). Westport admits that Claimant 25's underlying complaint contains the negligence and harm allegations described in paragraph 172(iii). Westport denies that those allegations establish that every alleged act or injury occurred during the coverage period of ERC excess policy No. U10255, resolve the other terms and conditions bearing on coverage, or show that Westport's reservations of rights lack factual or legal merit.

172(iv). Westport admits that Claimant 3's underlying complaint alleges negligent conduct and resulting physical injury. Westport denies that paragraph 172(iv) accurately attributes its quoted negligence allegations to paragraphs 13 and 44 of that complaint or its quoted injury allegation to paragraph 14. Those paragraphs address different matters; negligence and injury are alleged elsewhere in the underlying complaint. Westport denies that the allegations quoted in paragraph 172(iv) establish coverage under ERC excess policy No. U10255 or show that Westport's reservations of rights lack factual or legal merit.

172(v).Westport admits that Claimant 4's underlying complaint alleges negligent conduct and resulting physical injury. Westport denies that paragraph 172(v) accurately attributes its quoted negligence and injury allegations to paragraphs 13 and 14 of that complaint. Those paragraphs address different matters; negligence and injury are alleged elsewhere in the underlying complaint. Westport denies that the allegations quoted in

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

paragraph 172(v) establish coverage under ERC excess policy No. U10255 or show that Westport's reservations of rights lack factual or legal merit.

173. Responding to the allegations in paragraph 173, Westport lacks knowledge or information sufficient to form a belief as to whether all remaining claims identified in paragraph 11 contain the allegations of negligence and bodily injury described in paragraph 173 and, on that basis, denies those allegations. Westport denies that all such claims allege injury within the coverage period of ERC excess policy No. U10255. Several claims RCBO identifies as subject to that policy allege injuries outside its coverage period.

174. Responding to the allegations in paragraph 174, Westport admits that it reserved its rights concerning exhaustion of the applicable underlying insurance. Westport denies that insurance that "is or will be exhausted" establishes payment of the applicable primary limit on account of an occurrence as required by the "Loss Payable" provision of ERC excess policy No. U10255. Westport denies that its reservation is inapplicable.

175. Responding to the allegations in paragraph 175, Westport lacks knowledge or information sufficient to form a belief as to the alleged limits of the identified Commercial Union policies and, on that basis, denies those allegations. Westport denies that at least 165 claims identified in paragraph 11 trigger both those policies and ERC excess policy No. U10255. Westport further denies that the number of asserted claims establishes payment of the applicable primary limit on account of any particular occurrence in accordance with the ERC excess policy's terms.

176. Responding to the allegations in paragraph 176, Westport admits that the UCC sent it a demand letter dated July 3, 2024, seeking $308.9 million to resolve claims the UCC attributed to ERC excess policy No. U10255, identified in paragraph 11, and ERC excess policy No. PLE20430, identified in paragraph 21. Westport admits that it responded to the demand. Westport lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning RCBO's prior settlements and the cited verdicts and, on that basis, denies them. Westport denies that the UCC's demand or the cited settlements and verdicts establish the value or coverage of the claims at issue,

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

payment of the applicable primary limit on account of any particular occurrence as required for liability to attach under Policy No. U10255, or attachment of liability under Policy No. PLE20430 in accordance with its terms.

177. Responding to the allegations in paragraph 177, Westport denies that Commercial Union's alleged insolvency requires ERC excess policy No. U10255 to drop down and provide first-dollar indemnity for the claims identified in paragraph 11. The ERC excess policy provides that scheduled underlying insurance is deemed effective to its stated limits despite the underlying insurer's inability to pay because of bankruptcy or insolvency. Westport further denies that insolvency alone establishes an obligation to defend; any defense obligation is governed by the policy's separate defense provision.

178. Responding to the allegations in paragraph 178, Westport denies that its reservations of rights lack merit or that tender and allegations of negligence and bodily injury establish coverage for every claim identified in paragraph 11. Westport denies that RCBO has established payment of the applicable primary limit on account of each occurrence for which it seeks indemnity under ERC excess policy No. U10255. Westport lacks knowledge or information sufficient to form a belief as to whether RCBO fully complied with its obligations under the policy and, on that basis, denies those allegations.

179. Responding to the allegations in paragraph 179, Westport admits that RCBO sent it a letter dated May 30, 2024, seeking payment up to the limits of ERC excess policy No. U10255 for claims RCBO attributed to that policy. Westport refers to the letter for its complete contents and denies any allegation in paragraph 179 inconsistent with the letter.

180. Responding to the allegations in paragraph 180, Westport denies that it failed to respond to RCBO's May 30, 2024 letter: Westport responded on July 1, 2024. Westport denies that its response constituted a failure to provide benefits owed under the policy. Westport admits that it did not unconditionally confirm that it would indemnify RCBO up to the limits of ERC excess policy No. U10255 because, *inter alia*, RCBO had not established payment of the applicable primary limit on account of the occurrences for which it sought indemnity.

181. Responding to the allegations in paragraph 181, Westport admits that it responded on August 6, 2024, to the UCC's demand concerning claims attributed to both the policy addressed in paragraph 11 and the policy addressed in paragraph 21. Westport refers to its response for its complete contents. Westport denies that the response constituted a wrongful refusal to indemnify RCBO or a failure to provide benefits owed under either ERC excess policy. Westport denies that the demand established attachment of liability under either policy in accordance with their terms.

182. Responding to the allegations in paragraph 182, Westport denies that ERC excess policy No. U10255 covers every claim identified in paragraph 11 or that it is obligated to pay in full RCBO's defense expenditures or indemnify RCBO for every settlement or judgment resolving those claims. Several claims identified as subject to that policy allege injuries outside its coverage period. Westport denies that RCBO has established payment of the applicable primary limit on account of each occurrence for which it seeks indemnity. Westport further denies that RCBO has established an obligation to reimburse all defense expenditures under the policy's separate defense provisions.

183. Responding to the allegations in paragraph 183, Westport admits that any rights RCBO may have under ERC excess policy No. U10255 are governed by its terms. Westport lacks knowledge or information sufficient to form a belief as to RCBO's characterization of the policy as a "significant asset" or as a recovery source for particular claimants in the bankruptcy proceeding and, on that basis, denies those allegations.

184. Responding to the allegations in paragraph 184, Westport admits that a dispute exists concerning the parties' respective rights and obligations under ERC excess policy No. U10255 with respect to claims RCBO identifies in paragraph 11. Westport denies that the alleged insolvency of an underlying insurer requires the ERC excess policy to provide first-dollar indemnity or that anticipated exhaustion establishes payment of the applicable primary limit on account of an occurrence. Whether Westport has a defense obligation is governed by the policy's separate defense provision. Westport denies that RCBO has established an obligation to defend or indemnify it for every claim identified in

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

paragraph 11 or to participate in settlement of every such claim.

185. Responding to the allegations in paragraph 185, Westport admits that an ERC excess policy bearing No. U10255 was issued to RCBO. Westport denies that RCBO is entitled to a declaration that the policy covers every claim identified in paragraph 11, including claims alleging injuries outside its coverage period. Westport denies that RCBO has established payment of the applicable primary limit on account of each occurrence as required for liability to attach under the policy. Westport denies that underlying insurer insolvency requires first-dollar indemnity and further denies that RCBO is entitled to a declaration requiring a defense or reimbursement of defense costs for every identified claim without regard to the policy's separate defense provisions.

**EIGHTH CAUSE OF ACTION**

**(Declaratory Relief Against CAN)**

186. Responding to the allegations in paragraph 186, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 185 of the Sixth Amended Complaint as if fully set forth herein.

187. Responding to the allegations in paragraph 187, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 187 inconsistent with applicable law.

188. To the extent the allegations in paragraph 188 concerning whether CNA has defense and indemnity obligations are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

189. To the extent the allegations in paragraph 189 concerning the coverage allegedly afforded by the CNA policies are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

and, on that basis, denies them.

190. To the extent the allegations in paragraph 190 concerning RCBO's alleged satisfaction of CNA policy conditions are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

191. To the extent the allegations in paragraph 191 concerning the alleged tender of claims to CNA and Exhibit A are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

192. To the extent the allegations in paragraph 192 concerning CNA's May 24, 2024 defense position and reservation of rights are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Westport denies that CNA's defense position determines Westport's rights or obligations under any ERC excess policy.

193. To the extent the allegations in paragraph 193 concerning CNA's alleged failure to acknowledge exhaustion and its reservations are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

194. To the extent the allegations in paragraph 194 concerning the particular reservations CNA allegedly asserted are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

195. To the extent the allegations in paragraph 195 concerning CNA's additional alleged reservations of rights are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

196. To the extent the allegations in paragraph 196 concerning the merits of CNA's reservations and the cited underlying claimant allegations are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

197. To the extent the allegations in paragraph 197 concerning the allegations in the remaining claims attributed to CNA are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

198. To the extent the allegations in paragraph 198 concerning CNA's reservation concerning exhaustion of underlying insurance are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

199. To the extent the allegations in paragraph 199 concerning the asserted likelihood that claims will exhaust the underlying policies and the asserted claim count are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

200. To the extent the allegations in paragraph 200 concerning prior settlements, verdicts, the UCC demand to CNA, and asserted exhaustion are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required,

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

201. To the extent the allegations in paragraph 201 concerning RCBO's claimed right to first-dollar coverage from CNA following Commercial Union's insolvency is directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Westport denies that a coverage position taken by CNA establishes any drop-down or defense obligation under an ERC excess policy.

202. To the extent the allegations in paragraph 202 concerning the alleged absence of grounds for CNA's reservations, alleged cooperation, and asserted coverage are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

203. To the extent the allegations in paragraph 203 concerning RCBO's May 30, 2024 limits demand to CNA are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

204. To the extent the allegations in paragraph 204 concerning CNA's June 28, 2024 response to RCBO's limits demand are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

205. To the extent the allegations in paragraph 205 concerning CNA's August 6, 2024 response to the UCC demand are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

basis, denies them.

206. To the extent the allegations in paragraph 206 concerning CNA's alleged coverage, defense costs, settlements, and judgments are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

207. To the extent the allegations in paragraph 207 concerning the asserted value of the CNA policies to the bankruptcy estate and claimants are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

208. To the extent the allegations in paragraph 208 concerning the alleged present controversy over CNA's obligations, exhaustion, and drop-down are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Westport denies that the controversy concerning CNA determines the meaning of, or obligations under, either ERC excess policy.

209. To the extent the allegations in paragraph 209 concerning the declaratory relief requested against CNA are directed to CNA or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

**NINTH CAUSE OF ACTION**

**(Declaratory Relief Against Westchester)**

210. Responding to the allegations in paragraph 210, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 209 of the Sixth

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

Amended Complaint as if fully set forth herein.

211. Responding to the allegations in paragraph 211, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 211 inconsistent with applicable law.

212. To the extent the allegations in paragraph 212 concerning whether Westchester has defense and indemnity obligations are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

213. To the extent the allegations in paragraph 213 concerning coverage allegedly afforded by the Westchester policy are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

214. To the extent the allegations in paragraph 214 concerning RCBO's alleged satisfaction of Westchester policy conditions are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

215. To the extent the allegations in paragraph 215 concerning the alleged tender of claims to Westchester and Exhibit A are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

216. To the extent the allegations in paragraph 216 concerning Westchester's alleged refusal to defend are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

denies them.

217. To the extent the allegations in paragraph 217 concerning Westchester's alleged failure to acknowledge exhaustion and its reservations are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

218. To the extent the allegations in paragraph 218 concerning the particular reservations Westchester allegedly asserted are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

219. To the extent the allegations in paragraph 219 concerning Westchester's additional alleged reservations are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

220. To the extent the allegations in paragraph 220 concerning the merits of Westchester's reservations and the cited underlying claimant allegations are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

221. To the extent the allegations in paragraph 221 concerning the allegations in the remaining claims attributed to Westchester are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

222. To the extent the allegations in paragraph 222 concerning Westchester's reservation concerning exhaustion of underlying insurance are directed to Westchester or

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

223. To the extent the allegations in paragraph 223 concerning the likelihood of exhaustion and number of claims attributed to Westchester are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

224. To the extent the allegations in paragraph 224 concerning prior settlements, verdicts, the UCC demand to Westchester, and asserted exhaustion are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

225. To the extent the allegations in paragraph 225 concerning the alleged absence of grounds for Westchester's reservations and asserted coverage are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

226. To the extent the allegations in paragraph 226 concerning RCBO's May 30, 2024 limits demand to Westchester are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

227. To the extent the allegations in paragraph 227 concerning Westchester's alleged failure to respond to the limits demand are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

228. To the extent the allegations in paragraph 228 concerning Westchester's August 6, 2024 response to the UCC demand are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

229. To the extent the allegations in paragraph 229 concerning Westchester's alleged coverage, defense costs, settlements, and judgments are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

230. To the extent the allegations in paragraph 230 concerning the asserted value of the Westchester policy to the bankruptcy estate and claimants are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

231. To the extent the allegations in paragraph 231 concerning the alleged present controversy over Westchester's obligations and exhaustion are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

232. To the extent the allegations in paragraph 232 concerning the declaratory relief requested against Westchester are directed to Westchester or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

**TENTH CAUSE OF ACTION**

**(Declaratory Relief Against Lloyd's Excess)**

233. Responding to the allegations in paragraph 233, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 232 of the Sixth Amended Complaint as if fully set forth herein.

234. Responding to the allegations in paragraph 234, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 234 inconsistent with applicable law.

235. To the extent the allegations in paragraph 235 concerning whether Lloyd's Excess has defense and indemnity obligations are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

236. To the extent the allegations in paragraph 236 concerning coverage allegedly afforded by the Lloyd's Excess policies are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

237. To the extent the allegations in paragraph 237 concerning RCBO's alleged satisfaction of Lloyd's Excess policy conditions are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

238. To the extent the allegations in paragraph 238 concerning the alleged tender of claims to Lloyd's Excess and Exhibit A are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

allegations and, on that basis, denies them.

239. To the extent the allegations in paragraph 239 concerning Lloyd's Excess's alleged denial or failure to confirm coverage are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

240. To the extent the allegations in paragraph 240 concerning Lloyd's Excess's alleged failure to acknowledge exhaustion and its reservations are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

241. To the extent the allegations in paragraph 241 concerning the particular reservations Lloyd's Excess allegedly asserted are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

242. To the extent the allegations in paragraph 242 concerning Lloyd's Excess's additional alleged reservations are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

243. To the extent the allegations in paragraph 243 concerning the merits of Lloyd's Excess's reservations and the cited underlying claimant allegations are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

244. To the extent the allegations in paragraph 244 concerning the allegations in the remaining claims attributed to Lloyd's Excess are directed to Lloyd's Excess or other

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

245. To the extent the allegations in paragraph 245 concerning Lloyd's Excess's reservation concerning exhaustion of underlying insurance are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

246. To the extent the allegations in paragraph 246 concerning the asserted likelihood of exhaustion and claim count under the Lloyd's Excess policies are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

247. To the extent the allegations in paragraph 247 concerning prior settlements, verdicts, the UCC demand to Lloyd's Excess, and asserted exhaustion are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

248. To the extent the allegations in paragraph 248 concerning the alleged absence of grounds for Lloyd's Excess's reservations and asserted coverage are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

249. To the extent the allegations in paragraph 249 concerning RCBO's May 30, 2024 limits demand to Lloyd's Excess are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

250. To the extent the allegations in paragraph 250 concerning Lloyd's Excess's July 1, 2024 response to the limits demand are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

251. To the extent the allegations in paragraph 251 concerning Lloyd's Excess's August 6, 2024 response to the UCC demand are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

252. To the extent the allegations in paragraph 252 concerning Lloyd's Excess's alleged coverage, defense costs, settlements, and judgments are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

253. To the extent the allegations in paragraph 253 concerning the asserted value of the Lloyd's Excess policies to the bankruptcy estate and claimants are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

254. To the extent the allegations in paragraph 254 concerning the alleged present controversy over Lloyd's Excess's obligations and exhaustion are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

255. To the extent the allegations in paragraph 255 concerning the declaratory relief requested against Lloyd's Excess are directed to Lloyd's Excess or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

## ELEVENTH CAUSE OF ACTION

## (Declaratory Relief Against Fidelidade)

256. Responding to the allegations in paragraph 256, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 255 of the Sixth Amended Complaint as if fully set forth herein.

257. Responding to the allegations in paragraph 257, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 257 inconsistent with applicable law.

258. To the extent the allegations in paragraph 258 concerning whether Fidelidade has defense and indemnity obligations are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

259. To the extent the allegations in paragraph 259 concerning coverage allegedly afforded by Fidelidade's excess policy are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

260. To the extent the allegations in paragraph 260 concerning RCBO's alleged satisfaction of Fidelidade policy conditions are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

261. To the extent the allegations in paragraph 261 concerning the alleged tender of claims to Fidelidade and Exhibit A are directed to Fidelidade or other defendants, they

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

262. To the extent the allegations in paragraph 262 concerning Fidelidade's alleged denial or failure to confirm coverage are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

263. To the extent the allegations in paragraph 263 concerning Fidelidade's alleged failure to acknowledge exhaustion and its reservations are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

264. To the extent the allegations in paragraph 264 concerning the particular reservations Fidelidade allegedly asserted are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

265. To the extent the allegations in paragraph 265 concerning Fidelidade's additional alleged reservations are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

266. To the extent the allegations in paragraph 266 concerning the merits of Fidelidade's reservations and cited underlying claimant allegations are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

267. To the extent the allegations in paragraph 267 concerning the allegations in the remaining claims attributed to Fidelidade are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

268. To the extent the allegations in paragraph 268 concerning Fidelidade's reservation concerning exhaustion of underlying insurance are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

269. To the extent the allegations in paragraph 269 concerning the asserted likelihood of exhaustion and claim count under Fidelidade's policy are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

270. To the extent the allegations in paragraph 270 concerning prior settlements, verdicts, the UCC demand, and asserted exhaustion are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

271. To the extent the allegations in paragraph 271 concerning the alleged absence of grounds for Fidelidade's reservations and asserted coverage are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

272. To the extent the allegations in paragraph 272 concerning RCBO's May 30, 2024 demands to Lloyd's insurers are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

273. To the extent the allegations in paragraph 273 concerning the July 1, 2024 response to the Lloyd's limits demands are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

274. To the extent the allegations in paragraph 274 concerning the August 6, 2024 response to the UCC Lloyd's demand are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

275. To the extent the allegations in paragraph 275 concerning Fidelidade's alleged coverage, defense costs, settlements, and judgments are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

276. To the extent the allegations in paragraph 276 concerning the asserted value of Fidelidade's policy to the bankruptcy estate and claimants are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

277. To the extent the allegations in paragraph 277 concerning the alleged present controversy over Fidelidade's obligations and exhaustion are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

278. To the extent the allegations in paragraph 278 concerning the declaratory relief requested against Fidelidade are directed to Fidelidade or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

## TWELFTH CAUSE OF ACTION

## (Declaratory Relief Against Excess Insurance Co.)

279. Responding to the allegations in paragraph 279, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 278 of the Sixth Amended Complaint as if fully set forth herein.

280. Responding to the allegations in paragraph 280, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 280 inconsistent with applicable law.

281. To the extent the allegations in paragraph 281 concerning whether Excess Insurance Co. has defense and indemnity obligations are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

282. To the extent the allegations in paragraph 282 concerning coverage allegedly afforded by the Excess Insurance Co. policies are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

283. To the extent the allegations in paragraph 283 concerning RCBO's alleged satisfaction of Excess Insurance Co. policy conditions are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

truth of those allegations and, on that basis, denies them.

284. To the extent the allegations in paragraph 284 concerning the alleged tender of claims to Excess Insurance Co. and Exhibit A are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

285. To the extent the allegations in paragraph 285 concerning Excess Insurance Co.'s alleged denial or failure to confirm coverage are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

286. To the extent the allegations in paragraph 286 concerning Excess Insurance Co.'s alleged failure to acknowledge exhaustion and its reservations are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

287. To the extent the allegations in paragraph 287 concerning the particular reservations Excess Insurance Co. allegedly asserted are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

288. To the extent the allegations in paragraph 288 concerning Excess Insurance Co.'s additional alleged reservations are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

289. To the extent the allegations in paragraph 289 concerning the merits of Excess Insurance Co.'s reservations and cited underlying claimant allegations are directed

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

290. To the extent the allegations in paragraph 290 concerning the allegations in the remaining claims attributed to Excess Insurance Co. are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

291. To the extent the allegations in paragraph 291 concerning Excess Insurance Co.'s reservation concerning exhaustion of underlying insurance are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

292. To the extent the allegations in paragraph 292 concerning the asserted likelihood of exhaustion and claim count under its policies are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

293. To the extent the allegations in paragraph 293 concerning prior settlements, verdicts, the UCC demand, and asserted exhaustion are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

294. To the extent the allegations in paragraph 294 concerning the alleged absence of grounds for Excess Insurance Co.'s reservations and asserted coverage are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

them.

295. To the extent the allegations in paragraph 295 concerning RCBO's limits demands to the Lloyd's insurers are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

296. To the extent the allegations in paragraph 296 concerning the July 1, 2024 response to the Lloyd's limits demands are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

297. To the extent the allegations in paragraph 297 concerning the August 6, 2024 response to the UCC Lloyd's demand are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

298. To the extent the allegations in paragraph 298 concerning the asserted value of the Excess Insurance Co. policies to the bankruptcy estate and claimants are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

299. To the extent the allegations in paragraph 299 concerning the alleged present controversy over Excess Insurance Co.'s obligations and exhaustion are directed to Excess Insurance Co. or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

300. To the extent the allegations in paragraph 300 concerning the declaratory relief requested against Excess Insurance Co. are directed to Excess Insurance Co. or other

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

**THIRTEENTH CAUSE OF ACTION**

**(Declaratory Relief Against River Thames)**

301. Responding to the allegations in paragraph 301, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 300 of the Sixth Amended Complaint as if fully set forth herein.

302. Responding to the allegations in paragraph 302, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 302 inconsistent with applicable law.

303. To the extent the allegations in paragraph 303 concerning whether River Thames has defense and indemnity obligations are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

304. To the extent the allegations in paragraph 304 concerning coverage allegedly afforded by the River Thames policy are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

305. To the extent the allegations in paragraph 305 concerning RCBO's alleged satisfaction of River Thames policy conditions are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

306. To the extent the allegations in paragraph 306 concerning the alleged tender of claims to River Thames and Exhibit A are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

307. To the extent the allegations in paragraph 307 concerning River Thames's alleged denial or failure to confirm coverage are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

308. To the extent the allegations in paragraph 308 concerning River Thames's alleged failure to acknowledge exhaustion and its reservations are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

309. To the extent the allegations in paragraph 309 concerning the particular reservations River Thames allegedly asserted are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

310. To the extent the allegations in paragraph 310 concerning River Thames's additional alleged reservations are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

311. To the extent the allegations in paragraph 311 concerning the merits of River Thames's reservations and cited underlying claimant allegations are directed to River Thames or other defendants, they require no answer from Westport. To the extent a

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

312. To the extent the allegations in paragraph 312 concerning the allegations in the remaining claims attributed to River Thames are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

313. To the extent the allegations in paragraph 313 concerning River Thames's reservation concerning exhaustion of underlying insurance are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

314. To the extent the allegations in paragraph 314 concerning the asserted likelihood of exhaustion and claim count under its policy are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

315. To the extent the allegations in paragraph 315 concerning prior settlements, verdicts, the UCC demand, and asserted exhaustion are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

316. To the extent the allegations in paragraph 316 concerning the alleged absence of grounds for River Thames's reservations and asserted coverage are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

317. To the extent the allegations in paragraph 317 concerning RCBO's limits demands to the Lloyd's insurers are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

318. To the extent the allegations in paragraph 318 concerning the July 1, 2024 response to the Lloyd's limits demands are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

319. To the extent the allegations in paragraph 319 concerning the August 6, 2024 response to the UCC Lloyd's demand are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

320. To the extent the allegations in paragraph 320 concerning the asserted value of the River Thames policy to the bankruptcy estate and claimants are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

321. To the extent the allegations in paragraph 321 concerning the alleged present controversy over River Thames's obligations and exhaustion are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

322. To the extent the allegations in paragraph 322 concerning the declaratory relief requested against River Thames are directed to River Thames or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

**FOURTEENTH CAUSE OF ACTION**

**(Declaratory Relief Against World Auxiliary)**

323. Responding to the allegations in paragraph 323, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 322 of the Sixth Amended Complaint as if fully set forth herein.

324. Responding to the allegations in paragraph 324, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 324 inconsistent with applicable law.

325. To the extent the allegations in paragraph 325 concerning whether World Auxiliary has defense and indemnity obligations are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

326. To the extent the allegations in paragraph 326 concerning coverage allegedly afforded by the World Auxiliary policy are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

327. To the extent the allegations in paragraph 327 concerning RCBO's alleged satisfaction of World Auxiliary policy conditions are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

328. To the extent the allegations in paragraph 328 concerning the alleged tender of claims to World Auxiliary and Exhibit A are directed to World Auxiliary or other

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

329. To the extent the allegations in paragraph 329 concerning World Auxiliary's alleged denial or failure to confirm coverage are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

330. To the extent the allegations in paragraph 330 concerning World Auxiliary's alleged failure to acknowledge exhaustion and its reservations are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

331. To the extent the allegations in paragraph 331 concerning the particular reservations World Auxiliary allegedly asserted are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

332. To the extent the allegations in paragraph 332 concerning World Auxiliary's additional alleged reservations are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

333. To the extent the allegations in paragraph 333 concerning the merits of World Auxiliary's reservations and cited underlying claimant allegations are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

334. To the extent the allegations in paragraph 334 concerning the allegations in the remaining claims attributed to World Auxiliary are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

335. To the extent the allegations in paragraph 335 concerning World Auxiliary's reservation concerning exhaustion of underlying insurance are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

336. To the extent the allegations in paragraph 336 concerning the asserted likelihood of exhaustion and claim count under its policy are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

337. To the extent the allegations in paragraph 337 concerning prior settlements, verdicts, the UCC demand, and asserted exhaustion are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

338. To the extent the allegations in paragraph 338 concerning the alleged absence of grounds for World Auxiliary's reservations and asserted coverage are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

339. To the extent the allegations in paragraph 339 concerning RCBO's limits demands to the Lloyd's insurers are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

340. To the extent the allegations in paragraph 340 concerning the July 1, 2024 response to the Lloyd's limits demands are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

341. To the extent the allegations in paragraph 341 concerning the August 6, 2024 response to the UCC Lloyd's demand are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

342. To the extent the allegations in paragraph 342 concerning the asserted value of the World Auxiliary policy to the bankruptcy estate and claimants are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

343. To the extent the allegations in paragraph 343 concerning the alleged present controversy over World Auxiliary's obligations and exhaustion are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

344. To the extent the allegations in paragraph 344 concerning the declaratory relief requested against World Auxiliary are directed to World Auxiliary or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

**FIFTEENTH CAUSE OF ACTION**

**(Declaratory Relief Against Dominion)**

345. Responding to the allegations in paragraph 345, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 344 of the Sixth Amended Complaint as if fully set forth herein.

346. Responding to the allegations in paragraph 346, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 346 inconsistent with applicable law.

347. To the extent the allegations in paragraph 347 concerning whether Dominion has defense and indemnity obligations are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

348. To the extent the allegations in paragraph 348 concerning coverage allegedly afforded by the Dominion policies are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

349. To the extent the allegations in paragraph 349 concerning RCBO's alleged satisfaction of Dominion policy conditions are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

350. To the extent the allegations in paragraph 350 concerning the alleged tender of claims to Dominion and Exhibit A are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

and, on that basis, denies them.

351. To the extent the allegations in paragraph 351 concerning Dominion's alleged denial or failure to confirm coverage are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

352. To the extent the allegations in paragraph 352 concerning Dominion's alleged failure to acknowledge exhaustion and its reservations are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

353. To the extent the allegations in paragraph 353 concerning the particular reservations Dominion allegedly asserted are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

354. To the extent the allegations in paragraph 354 concerning Dominion's additional alleged reservations are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

355. To the extent the allegations in paragraph 355 concerning the merits of Dominion's reservations and cited underlying claimant allegations are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

356. To the extent the allegations in paragraph 356 concerning the allegations in the remaining claims attributed to Dominion are directed to Dominion or other defendants,

they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

357. To the extent the allegations in paragraph 357 concerning Dominion's reservation concerning exhaustion of underlying insurance are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

358. To the extent the allegations in paragraph 358 concerning the asserted likelihood of exhaustion and claim count under its policies are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

359. To the extent the allegations in paragraph 359 concerning prior settlements, verdicts, the UCC demand, and asserted exhaustion are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

360. To the extent the allegations in paragraph 360 concerning the alleged absence of grounds for Dominion's reservations and asserted coverage are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

361. To the extent the allegations in paragraph 361 concerning RCBO's limits demands to the Lloyd's insurers are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

362. To the extent the allegations in paragraph 362 concerning the July 1, 2024 response to the Lloyd's limits demands are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

363. To the extent the allegations in paragraph 363 concerning the August 6, 2024 response to the UCC Lloyd's demand are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

364. To the extent the allegations in paragraph 364 concerning the asserted value of the Dominion policies to the bankruptcy estate and claimants are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

365. To the extent the allegations in paragraph 365 concerning the alleged present controversy over Dominion's obligations and exhaustion are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

366. To the extent the allegations in paragraph 366 concerning the declaratory relief requested against Dominion are directed to Dominion or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

## SIXTEENTH CAUSE OF ACTION

## (Declaratory Relief Against English & American)

367. Responding to the allegations in paragraph 367, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 366 of the Sixth Amended Complaint as if fully set forth herein.

368. Responding to the allegations in paragraph 368, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 368 inconsistent with applicable law.

369. To the extent the allegations in paragraph 369 concerning whether English & American has defense and indemnity obligations are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

370. To the extent the allegations in paragraph 370 concerning coverage allegedly afforded by the English & American policy are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

371. To the extent the allegations in paragraph 371 concerning RCBO's alleged satisfaction of English & American policy conditions are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

372. To the extent the allegations in paragraph 372 concerning the alleged tender of claims to English & American and Exhibit A are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

truth of those allegations and, on that basis, denies them.

373. To the extent the allegations in paragraph 373 concerning English & American's alleged denial or failure to confirm coverage are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

374. To the extent the allegations in paragraph 374 concerning English & American's alleged failure to acknowledge exhaustion and its reservations are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

375. To the extent the allegations in paragraph 375 concerning the particular reservations English & American allegedly asserted are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

376. To the extent the allegations in paragraph 376 concerning English & American's additional alleged reservations are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

377. To the extent the allegations in paragraph 377 concerning the merits of English & American's reservations and cited underlying claimant allegations are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

378. To the extent the allegations in paragraph 378 concerning the allegations in the remaining claims attributed to English & American are directed to English & American

or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

379. To the extent the allegations in paragraph 379 concerning English & American's reservation concerning exhaustion of underlying insurance are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

380. To the extent the allegations in paragraph 380 concerning the asserted likelihood of exhaustion and claim count under its policy are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

381. To the extent the allegations in paragraph 381 concerning prior settlements, verdicts, the UCC demand, and asserted exhaustion are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

382. To the extent the allegations in paragraph 382 concerning the alleged absence of grounds for English & American's reservations and asserted coverage are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

383. To the extent the allegations in paragraph 383 concerning RCBO's limits demands to the Lloyd's insurers are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

and, on that basis, denies them.

384. To the extent the allegations in paragraph 384 concerning the July 1, 2024 response to the Lloyd's limits demands are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

385. To the extent the allegations in paragraph 385 concerning the August 6, 2024 response to the UCC Lloyd's demand are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

386. To the extent the allegations in paragraph 386 concerning the asserted value of the English & American policy to the bankruptcy estate and claimants are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

387. To the extent the allegations in paragraph 387 concerning the alleged present controversy over English & American's obligations and exhaustion are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

388. To the extent the allegations in paragraph 388 concerning the declaratory relief requested against English & American are directed to English & American or other defendants, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

**SEVENTEENTH CAUSE OF ACTION**

**(Declaratory Relief Against Westport Concerning ERC Excess Policy No. PLE20430)**

389. Responding to the allegations in paragraph 389, Westport repeats its responses to each allegation contained in paragraphs 1 through 388 of the Sixth Amended Complaint as if fully set forth herein.

390. Responding to the allegations in paragraph 390, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation inconsistent with applicable law.

391. Responding to the allegations in paragraph 391, Westport admits that a dispute exists concerning its obligations, if any, under ERC excess policy No. PLE20430 with respect to the claims RCBO identifies in paragraph 21. Westport denies that every claim identified in paragraph 21 falls within the policy's coverage period or otherwise qualifies for coverage. The policy was cancelled effective October 26, 1975.

392. Responding to the allegations in paragraph 392, Westport admits that ERC excess policy No. PLE20430 provides excess insurance over the scheduled underlying policies, subject to their terms, conditions, limits, and coverage period. Westport denies that PLE20430 obligates it to defend RCBO or pay all sums arising from every claim identified in paragraph 21. Westport further denies that RCBO has established exhaustion of the applicable underlying insurance in accordance with the policy's terms. PLE20430 does not contain the separate defense provision found in ERC excess policy No. U10255.

393. Responding to the allegations in paragraph 393, Westport lacks knowledge or information sufficient to form a belief as to whether RCBO has satisfied, or has been excused from satisfying, every applicable condition of ERC excess policy No. PLE20430 and, on that basis, denies the allegations in paragraph 393. Westport denies that RCBO has established exhaustion of the applicable underlying insurance in accordance with the policy's terms.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

394. Responding to the allegations in paragraph 394, Westport admits that RCBO or its broker tendered certain claims to Westport. Westport lacks knowledge or information sufficient to form a belief as to whether every claim identified in paragraph 21 was tendered as alleged or whether Exhibit A accurately identifies all such tenders and, on that basis, denies those allegations. Westport denies that a tender establishes coverage under ERC excess policy No. PLE20430.

395. Westport admits that it reserved its rights concerning claims tendered under ERC excess policy No. PLE20430. Westport denies that it improperly denied coverage or failed to confirm an obligation to defend or indemnify RCBO for the claims identified in paragraph 21.

396. Responding to the allegations in paragraph 396, Westport admits that it reserved its rights concerning exhaustion of the insurance underlying ERC excess policy No. PLE20430 and other coverage issues. Westport denies that the claims identified in paragraph 21 necessarily will exhaust the applicable underlying insurance or trigger an obligation under PLE20430. Westport denies that RCBO has established exhaustion in accordance with the policy's terms.

397. Responding to the allegations in paragraph 397, Westport admits that its reservations of rights addressed the matters listed in paragraph 397, subject to the complete language and context of its correspondence. Westport denies any characterization of those reservations inconsistent with that correspondence and denies that the reservations are improper.

398. Responding to the allegations in paragraph 398, Westport denies that its reservations of rights lack factual or legal merit. Westport further denies that allegations of negligence and bodily injury, standing alone, establish coverage under ERC excess policy No. PLE20430, defeat any applicable exclusion, or establish that an alleged injury occurred during its coverage period. The policy was cancelled effective October 26, 1975. Westport responds to the five examples in paragraph 398 as follows:

(i) Westport admits that Claimant 13's underlying complaint contains allegations

concerning safeguards, supervision, and harm substantially similar to those quoted in paragraph 398(i). Westport denies that paragraph 398(i) correctly identifies where those allegations appear in the underlying complaint: the quoted safeguards allegation appears in paragraph 37, the supervision allegation in paragraph 46, and the harm allegation in paragraph 40. Claimant 13 alleges abuse beginning in or around 1975 or 1976 and continuing into 1976 or 1977. The reference to 1975 does not establish whether any alleged injury occurred before ERC excess policy No. PLE20430 was cancelled effective October 26, 1975. Westport denies that the quoted allegations establish coverage or render its reservations of rights without merit.

(ii) Westport admits that paragraphs 46, 49, and 47 of Claimant 140's underlying complaint contain substantially the allegations attributed to them in paragraph 398(ii). Claimant 140 alleges abuse from approximately 1975 through 1980. ERC excess policy No. PLE20430 was cancelled effective October 26, 1975. The allegation that abuse began in 1975 does not establish which alleged acts or injuries, if any, occurred before cancellation; the alleged abuse continued for years after cancellation. Westport denies that the quoted allegations establish coverage for the claim as a whole or render its reservations of rights without merit.

(iii) Westport admits that Claimant 323's underlying complaint contains allegations concerning safeguards, supervision, and physical injury substantially similar to those quoted in paragraph 398(iii). Westport denies that the quoted supervision allegation appears in paragraph 44 of the underlying complaint; it appears in paragraph 78. Claimant 323 alleges abuse from fall 1976 to 1977. Because ERC excess policy No. PLE20430 was cancelled effective October 26, 1975, the alleged abuse occurred after cancellation. Westport denies that the allegations establish coverage under that policy or render its reservations of rights without merit.

(iv) Westport admits that paragraphs 23, 31, and 24 of Claimant 310's underlying complaint contain substantially the allegations attributed to them in paragraph 398(iv). Claimant 310 alleges abuse beginning in or about fall 1975 and continuing until

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

approximately 1978. ERC excess policy No. PLE20430 was cancelled effective October 26, 1975. The allegation that abuse began in fall 1975 does not establish which alleged acts or injuries, if any, occurred before cancellation; the alleged abuse continued after cancellation. Westport denies that the quoted allegations establish coverage for the claim as a whole or render its reservations of rights without merit.

(v) Westport admits that paragraphs 65, 78, and 75 of Claimant 388's underlying complaint contain substantially the allegations attributed to them in paragraph 398(v). Claimant 388 alleges an incident in or around 1975 but does not identify whether it occurred before or after ERC excess policy No. PLE20430 was cancelled effective October 26, 1975. Westport denies that the quoted allegations establish an injury within that policy's coverage period or render its reservations of rights without merit.

399. Responding to the allegations in paragraph 399, Westport lacks knowledge or information sufficient to form a belief as to whether all remaining claims RCBO attributes to ERC excess policy No. PLE20430 contain the allegations of negligence and bodily injury described in paragraph 399 and, on that basis, denies those allegations. Westport denies that all such claims allege injury within the policy's coverage period. Several claims RCBO identifies as subject to that policy allege injuries after its cancellation effective October 26, 1975.

400. Responding to the allegations in paragraph 400, Westport admits that it reserved its rights concerning exhaustion of the insurance underlying ERC excess policy No. PLE20430. Westport denies that RCBO's allegation that the underlying policies "are or will be exhausted" establishes exhaustion in accordance with PLE20430's terms or renders Westport's reservation inapplicable. Possible future exhaustion does not, by itself, establish a present obligation under PLE20430.

401. Westport lacks knowledge or information sufficient to form a belief as to the alleged limits of the identified Commercial Union, Travelers, and CNA policies and, on that basis, denies those allegations. Westport denies that all 15 claims RCBO attributes to ERC excess policy No. PLE20430 trigger that policy. In particular, the policy was

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

cancelled effective October 26, 1975, whereas paragraph 401 includes alleged underlying insurance periods extending through 1977. Westport further denies that the number of asserted claims establishes exhaustion of the scheduled underlying insurance in accordance with PLE20430's terms.

402. Responding to the allegations in paragraph 402, Westport admits that the UCC sent it a demand letter dated July 3, 2024, seeking $308.9 million to resolve claims the UCC attributed to ERC excess policy No. U10255, identified in paragraph 11, and ERC excess policy No. PLE20430, identified in paragraph 21. Westport admits that it responded to the demand. Westport lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning RCBO's prior settlements and the cited verdicts and, on that basis, denies them. Westport denies that the demand or the cited settlements and verdicts establish the value or coverage of the claims at issue, exhaustion of the insurance underlying PLE20430 in accordance with its terms, or an amount owed by Westport under either ERC excess policy.

403. Responding to the allegations in paragraph 403, Westport denies that Commercial Union's alleged insolvency requires ERC excess policy No. PLE20430 to drop down and provide first-dollar coverage for claims identified in paragraph 21. PLE20430 affords excess coverage over they scheduled underlying policies. Westport denies that Commercial Union's insolvency, or a coverage position taken by CNA, changes PLE20430's attachment requirements or makes it primary insurance.

404. Responding to the allegations in paragraph 404, Westport denies that its reservations of rights lack merit or that tender and allegations of negligence and bodily injury establish coverage for every claim RCBO attributes to ERC excess policy No. PLE20430. Westport denies that RCBO has established exhaustion of the applicable underlying insurance in accordance with the policy's terms. Westport lacks knowledge or information sufficient to form a belief as to whether RCBO fully complied with its obligations under the policy and, on that basis, denies those allegations. Westport further denies that every claim RCBO identifies falls within PLE20430's coverage period, which

ended October 26, 1975.

405. Responding to the allegations in paragraph 405, Westport admits that RCBO sent it a letter dated May 30, 2024, seeking payment up to the limits of ERC excess policy No. PLE20430 for claims RCBO attributed to that policy. Westport refers to the letter for its complete contents and denies any allegation in paragraph 405 inconsistent with the letter.

406. Responding to the allegations in paragraph 406, Westport denies that it failed to respond to RCBO's May 30, 2024 letter: Westport responded on July 1, 2024. Westport denies that its response constituted a failure to provide benefits owed under the policy. Its response identified, among other issues, the absence of evidence of exhaustion of the underlying insurance and the inclusion of claims arising after the policy's cancellation.

407. Responding to the allegations in paragraph 407, Westport admits that it responded on August 6, 2024, to the UCC's demand concerning claims attributed to ERC excess policy Nos. U10255 and PLE20430. Westport refers to its response for its complete contents. Westport denies that the response constituted a wrongful refusal to indemnify RCBO or a failure to provide benefits owed under PLE20430. Westport denies that the demand established coverage or attachment of liability under PLE20430 in accordance with its terms.

408. Responding to the allegations in paragraph 408, Westport denies that ERC excess policy No. PLE20430 covers every claim identified in paragraph 21 or that it is obligated to pay in full RCBO's defense expenditures or indemnify RCBO for every settlement or judgment resolving those claims. Several claims RCBO attributes to that policy allege injuries after its cancellation effective October 26, 1975. Westport denies that RCBO has established exhaustion of the scheduled underlying insurance in accordance with PLE20430's terms. Westport further denies that PLE20430 imposes the primary defense obligation alleged in paragraph 408.

409. Responding to the allegations in paragraph 409, Westport admits that any rights RCBO may have under ERC excess policy No. PLE20430 are governed by its terms.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

Westport lacks knowledge or information sufficient to form a belief as to RCBO's characterization of the policy as a "significant asset" or as a recovery source for particular claimants in the bankruptcy proceeding and, on that basis, denies those allegations.

410. Responding to the allegations in paragraph 410, Westport admits that a dispute exists concerning the parties' respective rights and obligations under ERC excess policy No. PLE20430 with respect to claims RCBO identifies in paragraph 21. That dispute includes, *inter alia,* whether particular claims fall within the policy's coverage period, which ended October 26, 1975, and whether the scheduled underlying insurance has been exhausted in accordance with PLE20430's terms. Westport denies that an underlying insurer's alleged insolvency requires PLE20430 to provide first-dollar coverage or a primary defense. Westport denies that RCBO has established an obligation to defend or indemnify it for every claim identified in paragraph 21 or to participate in settlement of every such claim.

411. Responding to the allegations in paragraph 411, Westport admits that ERC excess policy No. PLE20430 was issued to RCBO and was cancelled effective October 26, 1975. Westport denies that RCBO is entitled to a declaration that the policy covers every claim identified in paragraph 21, including claims alleging injuries after its cancellation. Westport denies that RCBO has established exhaustion of the scheduled underlying insurance in accordance with PLE20430's terms. Westport further denies that the policy requires Westport to provide first-dollar coverage or the defense and indemnity requested in paragraph 411.

**EIGHTEENTH CAUSE OF ACTION**

**(Declaratory Relief Against Travelers)**

412. Responding to the allegations in paragraph 412, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 411 of the Sixth Amended Complaint as if fully set forth herein.

413. Responding to the allegations in paragraph 413, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 413 inconsistent with applicable law.

414. To the extent the allegations in paragraph 414 concerning the asserted controversy over Travelers' policy obligations are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

415. To the extent the allegations in paragraph 415 concerning defense and indemnity allegedly owed under Travelers' policies are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

416. To the extent the allegations in paragraph 416 concerning RCBO's alleged performance of conditions under Travelers' policies are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

417. To the extent the allegations in paragraph 417 concerning RCBO's alleged tenders to Travelers as reflected in Exhibit A are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

418. To the extent the allegations in paragraph 418 concerning Travelers' alleged denial or failure to confirm coverage are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

419. To the extent the allegations in paragraph 419 concerning Travelers' alleged failure to acknowledge coverage and exhaustion are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

420. To the extent the allegations in paragraph 420 concerning Travelers' enumerated reservations of rights are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

421. To the extent the allegations in paragraph 421 concerning RCBO's challenge to Travelers' reservations and the identified claimant allegations are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

422. To the extent the allegations in paragraph 422 concerning the allegations in other claims attributed to Travelers are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

423. To the extent the allegations in paragraph 423 concerning Travelers' reservation concerning exhaustion of underlying insurance are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

424. To the extent the allegations in paragraph 424 concerning the alleged likelihood of exhaustion, scheduled underlying limits, and the asserted number of Travelers claims are directed to Travelers or another defendant, they require no answer

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

425. To the extent the allegations in paragraph 425 concerning the alleged prior settlements, verdicts, UCC demand, and exhaustion of insurance underlying Travelers are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

426. To the extent the allegations in paragraph 426 concerning RCBO's challenge to Travelers' reservations, its alleged cooperation, and the claimed scope of coverage are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

427. To the extent the allegations in paragraph 427 concerning RCBO's May 30, 2024 demand to Travelers are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

428. To the extent the allegations in paragraph 428 concerning Travelers' alleged failure to respond to that demand are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

429. To the extent the allegations in paragraph 429 concerning Travelers' August 6, 2024 response to the UCC demand are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

430. To the extent the allegations in paragraph 430 concerning the asserted coverage, defense expenditures, settlements, and judgments under Travelers' policies are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

431. To the extent the allegations in paragraph 431 concerning the asserted value of Travelers' policies to the bankruptcy estate and claimants are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

432. To the extent the allegations in paragraph 432 concerning the requested judicial determination of Travelers' rights, obligations, and asserted coverage are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

433. To the extent the allegations in paragraph 433 concerning the declaratory relief requested against Travelers are directed to Travelers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

## NINETEENTH CAUSE OF ACTION

## (Declaratory Relief Against Pacific Employers)

434. Responding to the allegations in paragraph 434, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 433 of the Sixth Amended Complaint as if fully set forth herein.

435. Responding to the allegations in paragraph 435, they present a statement of law to which no response is required. To the extent a response is required, Westport denies

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

any allegation in paragraph 435 inconsistent with applicable law.

436. To the extent the allegations in paragraph 436 concerning the asserted controversy over Pacific Employers' policy obligations are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

437. To the extent the allegations in paragraph 437 concerning defense and indemnity allegedly owed under Pacific Employers' policies are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

438. To the extent the allegations in paragraph 438 concerning RCBO's alleged performance of conditions under Pacific Employers' policies are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

439. To the extent the allegations in paragraph 439 concerning RCBO's alleged tenders to Pacific Employers as reflected in Exhibit A are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

440. To the extent the allegations in paragraph 440 concerning Pacific Employers' reported agreement to defend certain claims are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

441. To the extent the allegations in paragraph 441 concerning Pacific Employers' alleged failure to acknowledge coverage and exhaustion are directed to Pacific Employers

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

442. To the extent the allegations in paragraph 442 concerning Pacific Employers' enumerated reservations of rights are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

443. To the extent the allegations in paragraph 443 concerning Pacific Employers' additional reservations of rights are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

444. To the extent the allegations in paragraph 444 concerning RCBO's challenge to Pacific Employers' reservations and the identified claimant allegations are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

445. To the extent the allegations in paragraph 445 concerning the allegations in the remaining claims attributed to Pacific Employers are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

446. To the extent the allegations in paragraph 446 concerning Pacific Employers' denial of coverage for specified claims are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

447. To the extent the allegations in paragraph 447 concerning the asserted likelihood of exhaustion and the number of claims attributed to Pacific Employers are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

448. To the extent the allegations in paragraph 448 concerning the alleged settlements, verdicts, UCC demand, and exhaustion of underlying limits are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

449. To the extent the allegations in paragraph 449 concerning the asserted first-dollar obligations of Pacific Employers due to Commercial Union's insolvency are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

450. To the extent the allegations in paragraph 450 concerning RCBO's challenge to Pacific Employers' reservations, its alleged cooperation, and the claimed coverage are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

451. To the extent the allegations in paragraph 451 concerning RCBO's May 30, 2024 demand to Pacific Employers are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

452. To the extent the allegations in paragraph 452 concerning Pacific Employers' alleged failure to respond are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

453. To the extent the allegations in paragraph 453 concerning Pacific Employers' August 6, 2024 response to the UCC demand are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

454. To the extent the allegations in paragraph 454 concerning the acts and obligations attributed to Pacific Employers are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

455. To the extent the allegations in paragraph 455 concerning the acts and obligations attributed to Pacific Employers are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

456. To the extent the allegations in paragraph 456 concerning the requested judicial determination of Pacific Employers' rights, obligations, and asserted coverage are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

457. To the extent the allegations in paragraph 457 concerning the declaratory relief requested against Pacific Employers are directed to Pacific Employers or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

**TWENTIETH CAUSE OF ACTION**

**(Declaratory Relief Against Lloyd's Umbrella)**

458. Responding to the allegations in paragraph 458, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 457 of the Sixth Amended Complaint as if fully set forth herein.

459. Responding to the allegations in paragraph 459, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 459 inconsistent with applicable law.

460. To the extent the allegations in paragraph 460 concerning the asserted controversy over Lloyd's Umbrella's policy obligations are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

461. To the extent the allegations in paragraph 461 concerning defense and indemnity allegedly owed under Lloyd's Umbrella's policies are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

462. To the extent the allegations in paragraph 462 concerning RCBO's alleged performance of conditions under Lloyd's Umbrella's policies are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

463. To the extent the allegations in paragraph 463 concerning RCBO's alleged tenders to Lloyd's Umbrella as reflected in Exhibit A are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

truth of those allegations and, on that basis, denies them.

464. To the extent the allegations in paragraph 464 concerning Lloyd's Umbrella's alleged denial or failure to confirm coverage are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

465. To the extent the allegations in paragraph 465 concerning Lloyd's Umbrella's alleged failure to acknowledge coverage and exhaustion are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

466. To the extent the allegations in paragraph 466 concerning the enumerated reservations attributed to Lloyd's Umbrella are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

467. To the extent the allegations in paragraph 467 concerning the additional reservations attributed to Lloyd's Umbrella are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

468. To the extent the allegations in paragraph 468 concerning the challenge to those reservations and claimant examples are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

469. To the extent the allegations in paragraph 469 concerning the remaining claimants' allegations are directed to Lloyd's Umbrella or another defendant, they require

no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

470. To the extent the allegations in paragraph 470 concerning Lloyd's Umbrella's reservation concerning exhaustion are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

471. To the extent the allegations in paragraph 471 concerning the asserted likelihood of exhaustion and number of covered claims are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

472. To the extent the allegations in paragraph 472 concerning prior settlements, verdicts, the UCC Lloyd's demand, and asserted exhaustion are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

473. To the extent the allegations in paragraph 473 concerning RCBO's challenge to the reservations, alleged cooperation, and claimed coverage are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

474. To the extent the allegations in paragraph 474 concerning RCBO's May 30, 2024 policy limits letter are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

475. To the extent the allegations in paragraph 475 concerning the July 1, 2024 response to that policy limits letter are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

476. To the extent the allegations in paragraph 476 concerning the August 6, 2024 response to the UCC demand are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

477. To the extent the allegations in paragraph 477 concerning the asserted coverage, defense expenditures, settlements, and judgments under Lloyd's Umbrella's policies are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

478. To the extent the allegations in paragraph 478 concerning the asserted value of Lloyd's Umbrella's policies to the bankruptcy estate and claimants are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

479. To the extent the allegations in paragraph 479 concerning the requested judicial determination of Lloyd's Umbrella's rights, obligations, and asserted coverage are directed to Lloyd's Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

480. To the extent the allegations in paragraph 480 concerning the declaratory relief requested against Lloyd's Umbrella are directed to Lloyd's Umbrella or another

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

**TWENTY-FIRST CAUSE OF ACTION**

**(Declaratory Relief Against Anglo French Umbrella)**

481. Responding to the allegations in paragraph 481, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 480 of the Sixth Amended Complaint as if fully set forth herein.

482. Responding to the allegations in paragraph 482, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 482 inconsistent with applicable law.

483. To the extent the allegations in paragraph 483 concerning the asserted controversy over Anglo French Umbrella's policy obligations are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

484. To the extent the allegations in paragraph 484 concerning defense and indemnity allegedly owed under Anglo French Umbrella's policies are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

485. To the extent the allegations in paragraph 485 concerning RCBO's alleged performance of conditions under Anglo French Umbrella's policies are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

486. To the extent the allegations in paragraph 486 concerning RCBO's alleged tenders to Anglo French Umbrella as reflected in Exhibit A are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

487. To the extent the allegations in paragraph 487 concerning Anglo French Umbrella's alleged denial or failure to confirm coverage are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

488. To the extent the allegations in paragraph 488 concerning Anglo French Umbrella's alleged failure to acknowledge coverage and exhaustion are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

489. To the extent the allegations in paragraph 489 concerning the enumerated reservations attributed to Anglo French Umbrella are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

490. To the extent the allegations in paragraph 490 concerning the additional reservations attributed to Anglo French Umbrella are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

491. To the extent the allegations in paragraph 491 concerning the challenge to those reservations and claimant examples are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

492. To the extent the allegations in paragraph 492 concerning the remaining claimants' allegations are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

493. To the extent the allegations in paragraph 493 concerning Anglo French Umbrella's reservation concerning exhaustion are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

494. To the extent the allegations in paragraph 494 concerning the asserted likelihood of exhaustion and number of covered claims are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

495. To the extent the allegations in paragraph 495 concerning prior settlements, verdicts, the UCC Lloyd's demand, and asserted exhaustion are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

496. To the extent the allegations in paragraph 496 concerning RCBO's challenge to the reservations, alleged cooperation, and claimed coverage are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

497. To the extent the allegations in paragraph 497 concerning RCBO's policy limits letters to the Lloyd's insurers are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

498. To the extent the allegations in paragraph 498 concerning the July 1, 2024 response to the Lloyd's policy limits letters are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

499. To the extent the allegations in paragraph 499 concerning the August 6, 2024 response to the UCC Lloyd's demand are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

500. To the extent the allegations in paragraph 500 concerning the asserted coverage, defense expenditures, settlements, and judgments under Anglo French Umbrella's policies are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

501. To the extent the allegations in paragraph 501 concerning the asserted value of Anglo French Umbrella's policies to the bankruptcy estate and claimants are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

502. To the extent the allegations in paragraph 502 concerning the requested judicial determination of Anglo French Umbrella's rights, obligations, and asserted

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

coverage are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

503. To the extent the allegations in paragraph 503 concerning the declaratory relief requested against Anglo French Umbrella are directed to Anglo French Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

**TWENTY-SECOND CAUSE OF ACTION**

**(Declaratory Relief Against Excess Insurance Co. Umbrella)**

504. Responding to the allegations in paragraph 504, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 503 of the Sixth Amended Complaint as if fully set forth herein.

505. Responding to the allegations in paragraph 505, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 505 inconsistent with applicable law.

506. To the extent the allegations in paragraph 506 concerning the asserted controversy over Excess Insurance Co. Umbrella's policy obligations are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

507. To the extent the allegations in paragraph 507 concerning defense and indemnity allegedly owed under Excess Insurance Co. Umbrella's policies are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

508. To the extent the allegations in paragraph 508 concerning RCBO's alleged performance of conditions under Excess Insurance Co. Umbrella's policies are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

509. To the extent the allegations in paragraph 509 concerning RCBO's alleged tenders to Excess Insurance Co. Umbrella as reflected in Exhibit A are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

510. To the extent the allegations in paragraph 510 concerning Excess Insurance Co. Umbrella's alleged denial or failure to confirm coverage are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

511. To the extent the allegations in paragraph 511 concerning Excess Insurance Co. Umbrella's alleged failure to acknowledge coverage and exhaustion are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

512. To the extent the allegations in paragraph 512 concerning the enumerated reservations attributed to Excess Insurance Co. Umbrella are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

as to the truth of those allegations and, on that basis, denies them.

513. To the extent the allegations in paragraph 513 concerning the additional reservations attributed to Excess Insurance Co. Umbrella are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

514. To the extent the allegations in paragraph 514 concerning the challenge to those reservations and claimant examples are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

515. To the extent the allegations in paragraph 515 concerning the remaining claimants' allegations are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

516. To the extent the allegations in paragraph 516 concerning Excess Insurance Co. Umbrella's reservation concerning exhaustion are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

517. To the extent the allegations in paragraph 517 concerning the asserted likelihood of exhaustion and number of covered claims are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

518. To the extent the allegations in paragraph 518 concerning prior settlements, verdicts, the UCC Lloyd's demand, and asserted exhaustion are directed to Excess

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

519. To the extent the allegations in paragraph 519 concerning RCBO's challenge to the reservations, alleged cooperation, and claimed coverage are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

520. To the extent the allegations in paragraph 520 concerning RCBO's policy limits letters to the Lloyd's insurers are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

521. To the extent the allegations in paragraph 521 concerning the July 1, 2024 response to the Lloyd's policy limits letters are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

522. To the extent the allegations in paragraph 522 concerning the August 6, 2024 response to the UCC Lloyd's demand are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

523. To the extent the allegations in paragraph 523 concerning the asserted coverage, defense expenditures, settlements, and judgments under Excess Insurance Co. Umbrella's policies are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

and, on that basis, denies them.

524. To the extent the allegations in paragraph 524 concerning the asserted value of Excess Insurance Co. Umbrella's policies to the bankruptcy estate and claimants are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

525. To the extent the allegations in paragraph 525 concerning the requested judicial determination of Excess Insurance Co. Umbrella's rights, obligations, and asserted coverage are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

526. To the extent the allegations in paragraph 526 concerning the declaratory relief requested against Excess Insurance Co. Umbrella are directed to Excess Insurance Co. Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

## TWENTY-THIRD CAUSE OF ACTION

## (Declaratory Relief Against English & American Umbrella)

527. Responding to the allegations in paragraph 527, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 526 of the Sixth Amended Complaint as if fully set forth herein.

528. Responding to the allegations in paragraph 528, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 528 inconsistent with applicable law.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

529. To the extent the allegations in paragraph 529 concerning the asserted controversy over English & American Umbrella's policy obligations are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

530. To the extent the allegations in paragraph 530 concerning defense and indemnity allegedly owed under English & American Umbrella's policies are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

531. To the extent the allegations in paragraph 531 concerning RCBO's alleged performance of conditions under English & American Umbrella's policies are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

532. To the extent the allegations in paragraph 532 concerning RCBO's alleged tenders to English & American Umbrella as reflected in Exhibit A are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

533. To the extent the allegations in paragraph 533 concerning English & American Umbrella's alleged denial or failure to confirm coverage are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

534. To the extent the allegations in paragraph 534 concerning English & American Umbrella's alleged failure to acknowledge coverage and exhaustion are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

535. To the extent the allegations in paragraph 535 concerning the enumerated reservations attributed to English & American Umbrella are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

536. To the extent the allegations in paragraph 536 concerning the additional reservations attributed to English & American Umbrella are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

537. To the extent the allegations in paragraph 537 concerning the challenge to those reservations and claimant examples are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

538. To the extent the allegations in paragraph 538 concerning the remaining claimants' allegations are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

539. To the extent the allegations in paragraph 539 concerning English & American Umbrella's reservation concerning exhaustion are directed to English &

American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

540. To the extent the allegations in paragraph 540 concerning the asserted likelihood of exhaustion and number of covered claims are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

541. To the extent the allegations in paragraph 541 concerning prior settlements, verdicts, the UCC Lloyd's demand, and asserted exhaustion are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

542. To the extent the allegations in paragraph 542 concerning RCBO's challenge to the reservations, alleged cooperation, and claimed coverage are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

543. To the extent the allegations in paragraph 543 concerning RCBO's policy limits letters to the Lloyd's insurers are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

544. To the extent the allegations in paragraph 544 concerning the July 1, 2024 response to the Lloyd's policy limits letters are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

545. To the extent the allegations in paragraph 545 concerning the August 6, 2024 response to the UCC Lloyd's demand are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

546. To the extent the allegations in paragraph 546 concerning the asserted coverage, defense expenditures, settlements, and judgments under English & American Umbrella's policies are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

547. To the extent the allegations in paragraph 547 concerning the asserted value of English & American Umbrella's policies to the bankruptcy estate and claimants are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

548. To the extent the allegations in paragraph 548 concerning the requested judicial determination of English & American Umbrella's rights, obligations, and asserted coverage are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

549. To the extent the allegations in paragraph 549 concerning the declaratory relief requested against English & American Umbrella are directed to English & American Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

**TWENTY-FOURTH CAUSE OF ACTION**

**(Declaratory Relief Against Orion Umbrella)**

550. Responding to the allegations in paragraph 550, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 549 of the Sixth Amended Complaint as if fully set forth herein.

551. Responding to the allegations in paragraph 551, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 551 inconsistent with applicable law.

552. To the extent the allegations in paragraph 552 concerning the asserted controversy over Orion Umbrella's policy obligations are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

553. To the extent the allegations in paragraph 553 concerning defense and indemnity allegedly owed under Orion Umbrella's policies are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

554. To the extent the allegations in paragraph 554 concerning RCBO's alleged performance of conditions under Orion Umbrella's policies are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

555. To the extent the allegations in paragraph 555 concerning RCBO's alleged tenders to Orion Umbrella as reflected in Exhibit A are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

truth of those allegations and, on that basis, denies them.

556. To the extent the allegations in paragraph 556 concerning Orion Umbrella's alleged denial or failure to confirm coverage are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

557. To the extent the allegations in paragraph 557 concerning Orion Umbrella's alleged failure to acknowledge coverage and exhaustion are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

558. To the extent the allegations in paragraph 558 concerning the enumerated reservations attributed to Orion Umbrella are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

559. To the extent the allegations in paragraph 559 concerning the additional reservations attributed to Orion Umbrella are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

560. To the extent the allegations in paragraph 560 concerning the challenge to those reservations and claimant examples are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

561. To the extent the allegations in paragraph 561 concerning the remaining claimants' allegations are directed to Orion Umbrella or another defendant, they require no

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

562. To the extent the allegations in paragraph 562 concerning Orion Umbrella's reservation concerning exhaustion are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

563. To the extent the allegations in paragraph 563 concerning the asserted likelihood of exhaustion and number of covered claims are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

564. To the extent the allegations in paragraph 564 concerning prior settlements, verdicts, the UCC Lloyd's demand, and asserted exhaustion are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

565. To the extent the allegations in paragraph 565 concerning RCBO's challenge to the reservations, alleged cooperation, and claimed coverage are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

566. To the extent the allegations in paragraph 566 concerning RCBO's policy limits letters to the Lloyd's insurers are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

567. To the extent the allegations in paragraph 567 concerning the July 1, 2024 response to the Lloyd's policy limits letters are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

568. To the extent the allegations in paragraph 568 concerning the August 6, 2024 response to the UCC Lloyd's demand are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

569. To the extent the allegations in paragraph 569 concerning the asserted coverage, defense expenditures, settlements, and judgments under Orion Umbrella's policies are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

570. To the extent the allegations in paragraph 570 concerning the asserted value of Orion Umbrella's policies to the bankruptcy estate and claimants are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

571. To the extent the allegations in paragraph 571 concerning the requested judicial determination of Orion Umbrella's rights, obligations, and asserted coverage are directed to Orion Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

572. To the extent the allegations in paragraph 572 concerning the declaratory relief requested against Orion Umbrella are directed to Orion Umbrella or another

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

**TWENTY-FIFTH CAUSE OF ACTION**

**(Declaratory Relief Against London & Overseas Umbrella)**

573. Responding to the allegations in paragraph 573, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 572 of the Sixth Amended Complaint as if fully set forth herein.

574. Responding to the allegations in paragraph 574, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 574 inconsistent with applicable law.

575. To the extent the allegations in paragraph 575 concerning the asserted controversy over London & Overseas Umbrella's policy obligations are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

576. To the extent the allegations in paragraph 576 concerning defense and indemnity allegedly owed under London & Overseas Umbrella's policies are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

577. To the extent the allegations in paragraph 577 concerning RCBO's alleged performance of conditions under London & Overseas Umbrella's policies are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

578. To the extent the allegations in paragraph 578 concerning RCBO's alleged tenders to London & Overseas Umbrella as reflected in Exhibit A are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

579. To the extent the allegations in paragraph 579 concerning London & Overseas Umbrella's alleged denial or failure to confirm coverage are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

580. To the extent the allegations in paragraph 580 concerning London & Overseas Umbrella's alleged failure to acknowledge coverage and exhaustion are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

581. To the extent the allegations in paragraph 581 concerning the enumerated reservations attributed to London & Overseas Umbrella are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

582. To the extent the allegations in paragraph 582 concerning the additional reservations attributed to London & Overseas Umbrella are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

583. To the extent the allegations in paragraph 583 concerning the challenge to those reservations and claimant examples are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

584. To the extent the allegations in paragraph 584 concerning the remaining claimants' allegations are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

585. To the extent the allegations in paragraph 585 concerning London & Overseas Umbrella's reservation concerning exhaustion are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

586. To the extent the allegations in paragraph 586 concerning the asserted likelihood of exhaustion and number of covered claims are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

587. To the extent the allegations in paragraph 587 concerning prior settlements, verdicts, the UCC Lloyd's demand, and asserted exhaustion are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

588. To the extent the allegations in paragraph 588 concerning RCBO's challenge to the reservations, alleged cooperation, and claimed coverage are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

589. To the extent the allegations in paragraph 589 concerning RCBO's policy limits letters to the Lloyd's insurers are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

590. To the extent the allegations in paragraph 590 concerning the July 1, 2024 response to the Lloyd's policy limits letters are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

591. To the extent the allegations in paragraph 591 concerning the August 6, 2024 response to the UCC Lloyd's demand are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

592. To the extent the allegations in paragraph 592 concerning the asserted coverage, defense expenditures, settlements, and judgments under London & Overseas Umbrella's policies are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

593. To the extent the allegations in paragraph 593 concerning the asserted value of London & Overseas Umbrella's policies to the bankruptcy estate and claimants are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis,

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

denies them.

594. To the extent the allegations in paragraph 594 concerning the requested judicial determination of London & Overseas Umbrella's rights, obligations, and asserted coverage are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

595. To the extent the allegations in paragraph 595 concerning the declaratory relief requested against London & Overseas Umbrella are directed to London & Overseas Umbrella or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

**TWENTY-SIXTH CAUSE OF ACTION**

**(Breach of Statutory Duty Against CIGA)**

596. Responding to the allegations in paragraph 596, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 595 of the Sixth Amended Complaint as if fully set forth herein.

597. Responding to the allegations in paragraph 597, they present a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 597 inconsistent with applicable law.

598. Paragraph 598 presents a statement of law to which no response is required. To the extent a response is required, Westport denies any allegation in paragraph 598 inconsistent with applicable law.

599. Responding to the allegations in paragraph 599, Westport admits that Commercial Union has been reported insolvent. Westport lacks knowledge or information sufficient to form a belief as to whether Commercial Union acknowledged potential coverage for each suit identified in paragraph 599 and, on that basis, denies that allegation.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

Westport denies that Commercial Union's insolvency establishes exhaustion of the underlying insurance or requires either ERC excess policy to drop down.

600. The allegations in paragraph 600 concerning presentation of claims to Commercial Union's liquidator and statutory eligibility for CIGA coverage are directed to CIGA and require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to whether each claim was timely presented or qualifies as a covered claim and, on that basis, denies those allegations.

601. Responding to the allegations in paragraph 601, Westport lacks knowledge or information sufficient to form a belief as to whether other insurance will be available for each Commercial Union claim and, on that basis, denies the allegations of paragraph 601. Westport denies that Commercial Union's insolvency establishes exhaustion under either ERC excess policy, and denies that a prediction of future exhaustion establishes a present obligation under either policy.

602. Responding to the allegations in paragraph 602, Westport admits that ERC issued excess policy Nos. U10255 and PLE20430 to RCBO. Westport denies the coverage periods alleged for those policies to the extent inconsistent with the policy documents, including paragraph 602's assertion that PLE20430 remained effective until December 1, 1975; PLE20430 was cancelled effective October 26, 1975. Westport lacks knowledge or information sufficient to form a belief as to the alleged periods and limits of the other insurers' policies or the asserted number of Commercial Union covered claims and, on that basis, denies those allegations. Westport denies that the identified claims necessarily fall within either ERC excess policy's coverage period or that the alleged likelihood of exhaustion establishes attachment of liability under either policy.

603. Responding to the allegations in paragraph 603, Westport admits that the UCC sent it a demand letter dated July 3, 2024, seeking $308.9 million in connection with claims attributed to both ERC excess policies, and that Westport responded. Westport lacks knowledge or information sufficient to form a belief as to RCBO's alleged prior settlements, the cited verdicts, or the demands allegedly sent to other insurers and, on that

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

basis, denies those allegations. Westport denies that the alleged settlements, verdicts, or UCC demands establish the value or coverage of particular claims, exhaustion of the insurance underlying either ERC excess policy in accordance with its terms, or an amount presently owed by Westport. Westport denies that each amount demanded is within the limits of each identified policy as alleged.

604. To the extent the allegations in paragraph 604 concerning CIGA's review, adjustment, and acknowledgment of claims are directed to CIGA or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

605. To the extent the allegations in paragraph 605 concerning CIGA's alleged refusal to confirm coverage and purported statutory breach are directed to CIGA or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

606. To the extent the allegations in paragraph 606 concerning the damages RCBO allegedly suffered from CIGA's conduct are directed to CIGA or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

## TWENTY-SEVENTH CAUSE OF ACTION

### (Declaratory Relief Against American Home Assurance Co.)

607. Responding to the allegations in paragraph 607, Westport repeats its responses to each and every allegation contained in paragraphs 1 through 606 of the Sixth Amended Complaint as if fully set forth herein.

608. Responding to the allegations in paragraph 608, they present a statement of law to which no response is required. To the extent a response is required, Westport denies

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

any allegation in paragraph 608 inconsistent with applicable law.

609. To the extent the allegations in paragraph 609 concerning the asserted controversy over American Home Assurance Co.'s policy obligations are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

610. To the extent the allegations in paragraph 610 concerning defense and indemnity allegedly owed under American Home Assurance Co.'s policies are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

611. To the extent the allegations in paragraph 611 concerning RCBO's alleged performance of conditions under American Home Assurance Co.'s policies are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

612. To the extent the allegations in paragraph 612 concerning RCBO's alleged tenders to American Home Assurance Co. as reflected in Exhibit A are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

613. To the extent the allegations in paragraph 613 concerning American Home's stated defense position are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required,

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

614. To the extent the allegations in paragraph 614 concerning American Home Assurance Co.'s alleged failure to acknowledge coverage and exhaustion are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

615. To the extent the allegations in paragraph 615 concerning American Home's enumerated reservations of rights are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

616. To the extent the allegations in paragraph 616 concerning American Home's additional reservations of rights are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

617. To the extent the allegations in paragraph 617 concerning RCBO's challenge to American Home's reservations are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

618. To the extent the allegations in paragraph 618 concerning American Home's characterization of Proof of Claim 107 are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

619. To the extent the allegations in paragraph 619 concerning American Home's characterization of Proof of Claim 99 are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

620. To the extent the allegations in paragraph 620 concerning allegations in other claims attributed to American Home are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

621. To the extent the allegations in paragraph 621 concerning American Home's reservation concerning exhaustion of underlying insurance are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

622. To the extent the allegations in paragraph 622 concerning the alleged limits and likely exhaustion of Commercial Union policies are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Westport further denies that anticipated exhaustion of a Commercial Union policy establishes exhaustion or attachment of liability under ERC excess policy No. U10255.

623. To the extent the allegations in paragraph 623 concerning the alleged settlements, verdicts, UCC demand, and asserted exhaustion of Commercial Union policies are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them. Westport denies that the cited demand, settlements, or verdicts establish

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

exhaustion of underlying insurance or attachment of liability under ERC excess policy No. U10255.

624. To the extent the allegations in paragraph 624 concerning RCBO's challenge to American Home's reservations, alleged cooperation, and asserted coverage are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

625. To the extent the allegations in paragraph 625 concerning RCBO's June 4, 2024 demand and American Home's alleged response are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

626. To the extent the allegations in paragraph 626 concerning American Home's alleged response to the UCC demand are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

627. To the extent the allegations in paragraph 627 concerning the acts and obligations attributed to American Home Assurance Co. are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

628. To the extent the allegations in paragraph 628 concerning the acts and obligations attributed to American Home Assurance Co. are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

629. To the extent the allegations in paragraph 629 concerning the requested judicial determination of American Home Assurance Co.'s rights, obligations, and asserted coverage are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

630. To the extent the allegations in paragraph 630 concerning the declaratory relief requested against American Home Assurance Co. are directed to American Home Assurance Co. or another defendant, they require no answer from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies them.

**TWENTY-EIGHTH CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing**

**Against Insurer Defendants)**

631. Responding to the allegations in paragraph 631, Westport repeats its responses to each allegation contained in paragraphs 1 through 630 of the Sixth Amended Complaint as if fully set forth herein.

632. Responding to the allegations in paragraph 632, Westport admits that the implied covenant of good faith and fair dealing applies to its obligations under the ERC excess policies. The remaining allegations in paragraph 632 state legal conclusions to which no response is required. To the extent a response is required, Westport denies that the covenant requires it to provide benefits that are not owed under the terms of the ERC excess policies and applicable law.

633. Responding to the allegations in paragraph 633, Westport admits that RCBO sent it letters dated May 30, 2024, seeking payment under the ERC excess policies. Westport denies that it failed to respond: it responded by separate letters dated July 1, 2024. Westport denies that its responses withheld benefits owed under either ERC excess

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

policy.

634. Responding to the allegations in paragraph 634, Westport admits that the UCC sent it a letter dated July 3, 2024, demanding $308.9 million in connection with claims attributed to both ERC excess policies. Westport denies that the demand established the value or coverage of the claims, exhaustion of the applicable underlying insurance, or an amount owed by Westport. The allegations concerning an insurer's settlement duties otherwise state legal conclusions to which no response is required. To the extent a response is required, Westport denies any characterization of those duties inconsistent with applicable law.

635. Responding to the allegations in paragraph 635, Westport denies that it failed to respond to the UCC's demand: it responded on August 6, 2024. Westport denies that it refused to participate meaningfully in settlement efforts or refused to contribute toward a resolution. Westport participated in the settlement conferences and, with other insurers, presented proposals for both a global resolution and resolution of the 61 Kiesle-related claims. Westport denies that the UCC's demand established the value or coverage of particular claims, the reasonableness of the amount demanded, or an obligation under either ERC excess policy to accept it.

636. Responding to the allegations in paragraph 636, Westport admits that it participated in the April 10 and April 21, 2026 mandatory settlement conferences concerning the Woodall matter and other claims involving alleged abuse by Kiesle. Westport denies that the participating insurers made no settlement proposal on April 10. They presented a proposed global resolution that included approximately $61.3 million in insurer contributions, together with contributions proposed from RCBO and Roman Catholic Welfare Corporation, subject to the terms of the proposed reorganization framework. Westport admits that, at the later conference, participating insurers proposed $10.3 million to resolve the 61 Kiesle-related claims, subject to nonmonetary settlement terms. Westport admits that a jury returned a $16 million verdict against RCBO in the Woodall matter on April 22, 2026. Westport further admits that the Superior Court issued

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

an order to show cause concerning the settlement conferences, but states that the court withdrew it on May 27, 2026, without finding that Westport or any other participant had negotiated in good faith or bad faith. Westport denies that it violated an order to negotiate in good faith, that its settlement conduct was unreasonable, or that its conduct caused the Woodall verdict or RCBO's alleged exposure on other claims.

637. Responding to the allegations in paragraph 637, Westport denies that it acted without reasonable justification, withheld benefits owed under either ERC excess policy, or breached the implied covenant of good faith and fair dealing, including in connection with the Woodall matter.

638. Responding to the allegations in paragraph 638, Westport denies that it acted with conscious disregard of RCBO's rights under either ERC excess policy.

639. Responding to the allegations in paragraph 639, Westport denies that any officer, director, or managing agent performed, authorized, or ratified the wrongful conduct alleged in this cause of action.

640. Responding to the allegations in paragraph 640, Westport denies that it breached the implied covenant or caused RCBO to incur unnecessary negotiation or bankruptcy costs, including costs allegedly arising from the Woodall matter. Westport denies that RCBO sustained damages caused by Westport's conduct or is entitled to recover attorneys' fees, costs, or interest from Westport as alleged in paragraph 640. The allegation concerning recovery under *Brandt v. Superior Court* states a legal conclusion to which no response is required; to the extent a response is required, Westport denies that RCBO has established an entitlement to such relief against Westport.

## TWENTY-NINTH CAUSE OF ACTION

## (Breach of the Implied Covenant of Good Faith and Fair Dealing Against Chubb)

641. Responding to the allegations in paragraph 641, Westport repeats its responses to paragraphs 1 through 640 of the Sixth Amended Complaint as though fully set forth here.

642. Responding to the allegations in paragraph 642, they concern alleged duties of Chubb and states legal conclusions that require no response from Westport. To the extent a response is required, Westport denies that this paragraph establishes any liability of Westport.

643. Responding to the allegations in paragraph 643, they concern alleged conduct and obligations of Chubb and requires no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of its factual allegations and, on that basis, denies them.

644. Responding to the allegations in paragraph 644, they concern Chubb's alleged website, encouragement of claims, and resulting effects on RCBO. It requires no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of its factual allegations and, on that basis, denies them. Its remaining allegations state legal conclusions to which no response is required; to the extent a response is required, they are denied.

645. Responding to the allegations in paragraph 645, they concern Chubb's alleged response to a settlement offer and its participation in resolving claims. It requires no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of its factual allegations and, on that basis, denies them.

646. Responding to the allegations in paragraph 646, they concern Chubb's alleged failure to disclose a campaign to RCBO and the alleged consequences. It requires no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of its allegations and, on that basis, denies them.

647. Paragraph 647 concerns alleged damages caused by Chubb and the alleged knowledge or authorization of Chubb's officers, directors, and managing agents. It requires no response from Westport. To the extent a response is required, Westport lacks knowledge or information sufficient to form a belief as to the truth of its factual allegations

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

and, on that basis, denies them. Westport denies that this paragraph establishes an entitlement to damages, fees, or costs against Westport.

648. Responding to the allegations in paragraph 648, they concern Chubb's alleged state of mind and RCBO's request for punitive damages against Chubb. It requires no response from Westport. To the extent a response is required, Westport denies that this paragraph establishes any entitlement to relief against Westport.

**PRAYER AND JURY DEMAND**

The Prayer for Relief requests remedies rather than asserting additional factual allegations. To the extent a response is required, Westport responds to each numbered request as follows:

1. The relief requested against Pacific Indemnity does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

2. The relief requested against Travelers concerning its primary policies does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

3. The relief requested against INA concerning its primary policies does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

4. The relief requested against CIGA does not require a response from Westport. Westport denies that Commercial Union's insolvency, by itself, establishes exhaustion of insurance underlying either ERC excess policy or requires Westport to assume Commercial Union's obligations.

5. The relief requested against INA concerning its excess policy does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

6. The relief requested against U.S. Fire does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

entitled to such relief.

7. Westport admits that ERC issued excess policy No. U10255 to RCBO. Westport denies that RCBO is entitled to a declaration that the policy covers every claim RCBO identifies, that Westport must defend or indemnify RCBO for every such claim, or that the applicable primary limit has been paid on account of each occurrence for which RCBO seeks indemnity. Westport further denies that an underlying insurer's insolvency requires first-dollar indemnity. Any defense obligation is governed by the policy's separate defense provision.

8. The relief requested against CNA does not require a response from Westport. Westport denies that any coverage position taken by CNA establishes an obligation under an ERC excess policy.

9. The relief requested against Westchester does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

10. The relief requested against Lloyd's Excess does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

11. The relief requested against Fidelidade does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

12. The relief requested against Excess Insurance Co. concerning its excess policies does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

13. The relief requested against River Thames does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

14. The relief requested against World Auxiliary does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO

is entitled to such relief.

15. The relief requested against Dominion does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

16. The relief requested against English & American concerning its excess policy does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

17. Westport admits that ERC issued excess policy No. PLE20430 to RCBO and that the policy was cancelled effective October 26, 1975. Westport denies that RCBO is entitled to a declaration that the policy covers every claim RCBO identifies, including claims alleging injuries after its cancellation. Westport denies that RCBO has established exhaustion of the scheduled underlying insurance in accordance with PLE20430's terms. Westport further denies that the policy requires it to provide first-dollar coverage or the defense and indemnity requested in item 17.

18. The relief requested against Travelers concerning its umbrella policies does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

19. The relief requested against Pacific Employers does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

20. The relief requested against Lloyd's Umbrella does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

21. The relief requested against Anglo French Umbrella does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

22. The relief requested against Excess Insurance Co. Umbrella does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

that RCBO is entitled to such relief.

23. The relief requested against English & American Umbrella does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

24. The relief requested against Orion Umbrella does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

25. The relief requested against London & Overseas Umbrella does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

26. The relief requested against American Home Assurance Co. does not require a response from Westport. To the extent it seeks relief against Westport, Westport denies that RCBO is entitled to such relief.

27. The requested award concerning CIGA's alleged breach of statutory duty does not require a response from Westport. To the extent it seeks an award against Westport, Westport denies that RCBO is entitled to one.

28. Westport denies that it acted in bad faith, including in connection with the Woodall matter, or caused RCBO compensatory or consequential damages. Westport denies that RCBO is entitled to an award against Westport under item 28.

29. The requested punitive-damages award concerns Chubb and does not require a response from Westport. To the extent it seeks punitive damages against Westport, Westport denies that RCBO is entitled to them.

30. Westport denies that RCBO is entitled to recover costs, expenses, or attorneys' fees from Westport except to the extent authorized by applicable law and established on the facts of this case.

31. Westport denies that RCBO is entitled to any other or further relief against Westport beyond relief, if any, established under the terms of the applicable ERC excess policy and governing law.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

## AFFIRMATIVE DEFENSES

Westport asserts the following defenses to RCBO's Sixth Amended Complaint. Each defense is asserted only to the extent supported by the evidence and applicable law.

### FIRST AFFIRMATIVE DEFENSE

(**Failure to State a Claim**)

To the extent the Sixth Amended Complaint seeks relief against Westport without establishing coverage, satisfaction of applicable policy conditions, or another necessary element of a claim, it fails to state a claim upon which that relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(**Attachment of Liability Under U10255**)

Under the "Loss Payable" provision of ERC excess policy No. U10255, liability with respect to an occurrence does not attach unless and until RCBO or its underlying insurer has paid the applicable primary limit on account of that occurrence. RCBO's claims for indemnity under U10255 are barred to the extent that requirement has not been satisfied.

### THIRD AFFIRMATIVE DEFENSE

(**Attachment of Liability Under PLE20430**)

ERC excess policy No. PLE20430 provides additional excess insurance over its scheduled underlying CNA policy. RCBO's claims under PLE20430 are barred to the extent the applicable underlying insurance has not been exhausted in accordance with PLE20430's terms. An allegation that the underlying insurance may be exhausted in the future does not establish a present indemnity obligation.

### FOURTH AFFIRMATIVE DEFENSE

(**Coverage Period of U10255**)

Coverage under ERC excess policy No. U10255 is limited to injury or damage within its applicable coverage period and otherwise satisfying its terms. RCBO's claims are barred to the extent they seek coverage under U10255 for injury or damage outside that

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

period.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

**(<u>Cancellation and Coverage Period of PLE20430</u>)**

ERC excess policy No. PLE20430 was cancelled effective October 26, 1975. RCBO's claims are barred to the extent they seek coverage under PLE20430 for injury or damage outside its applicable coverage period, including injury occurring after its cancellation.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

**(<u>No Drop-Down Under U10255 Based on Insolvency</u>)**

ERC excess policy No. U10255 provides that scheduled underlying insurance is deemed effective to its stated limits despite an underlying insurer's inability to pay because of bankruptcy or insolvency. Commercial Union's alleged insolvency does not, by itself, require U10255 to provide first-dollar indemnity or satisfy the policy's attachment requirements.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

**(<u>No Drop-Down Under PLE20430 Based on Insolvency</u>)**

ERC excess policy No. PLE20430 provides excess insurance over its scheduled underlying CNA policy. Commercial Union's alleged insolvency does not, by itself, convert PLE20430 into primary insurance, satisfy its attachment requirements, or require Westport to assume another insurer's obligations. A coverage position taken by CNA does not enlarge Westport's obligations under PLE20430.

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

**(<u>Defense Provision of U10255</u>)**

Any duty to defend under ERC excess policy No. U10255 is governed by that policy's separate defense provision, including its requirement concerning whether another

insurer has the right and duty to defend. RCBO's claim for a defense or defense costs under U10255 is barred to the extent the requirements of that provision have not been satisfied.

**NINTH AFFIRMATIVE DEFENSE**

(**Defense Under PLE20430**)

ERC excess policy No. PLE20430 contains no defense provision comparable to the separate defense provision in U10255. RCBO's claim that PLE20430 independently requires Westport to assume a primary defense or reimburse all defense costs is barred to the extent no such obligation arises under PLE20430 and the terms of its scheduled underlying policy.

**TENTH AFFIRMATIVE DEFENSE**

(**Policy Limits and Retentions**)

Any obligation under an ERC excess policy is subject to its applicable occurrence and aggregate limits, primary limits, retentions, and other provisions governing the amount and attachment of coverage. RCBO cannot recover amounts in excess of, or without satisfying, those provisions.

**ELEVENTH AFFIRMATIVE DEFENSE**

(**Occurrence Requirement**)

Coverage under the ERC excess policies is limited to liability arising from an occurrence within the meaning of the applicable policy. RCBO's claims are barred to the extent they do not involve an occurrence covered by the policy under which relief is sought.

**TWELFTH AFFIRMATIVE DEFENSE**

(**Covered Injury and Damages**)

The ERC excess policies apply only to injury, damage, and sums within their

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

respective coverage grants. RCBO's claims are barred to the extent they seek payment for amounts that do not qualify as covered injury, damage, or loss under the applicable policy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Expected or Intended Injury and Willful Acts)**

Coverage is barred or limited to the extent the injury for which RCBO seeks indemnity was expected or intended by an insured within the meaning of the applicable policy, or payment is prohibited by California Insurance Code section 533 or other applicable law. This defense does not assert that an underlying claimant's allegation of sexual abuse by a perpetrator, standing alone, establishes that RCBO expected or intended the claimant's injury.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Applicable Exclusions)**

RCBO's claims are barred or limited to the extent an exclusion in the applicable ERC excess policy, or an applicable provision of insurance followed by that policy, excludes the particular injury, loss, or amount for which RCBO seeks coverage.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Notice)**

RCBO's claims are barred or limited to the extent it failed to provide notice required by an applicable ERC excess policy and Westport establishes any prejudice required by governing law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Cooperation and Other Insured Duties)**

RCBO's claims are barred or limited to the extent RCBO failed to satisfy applicable duties of cooperation or other policy conditions, subject to any showing required by the policy and governing law.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(**Voluntary Payments and Consent**)

RCBO's claims are barred or limited to the extent RCBO incurred obligations, made payments, or entered into settlements without consent required by an applicable ERC excess policy, subject to applicable law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(**Insured Status**)

The ERC excess policies afford coverage only to persons or entities qualifying as insureds under their terms. RCBO's claims are barred to the extent they seek coverage for the separate liability of a person or entity that does not qualify as an insured under the applicable policy.

**NINETEENTH AFFIRMATIVE DEFENSE**

(**Other Insurance**)

Westport's obligations, if any, are subject to the applicable ERC excess policy's provisions concerning underlying and other insurance. RCBO cannot obtain payment from Westport for amounts assigned to another layer of insurance without satisfying the terms governing attachment of Westport's coverage.

**TWENTIETH AFFIRMATIVE DEFENSE**

(**Prior Exhaustion or Impairment of ERC Limits**)

RCBO's recovery is barred or limited to the extent the applicable occurrence or aggregate limits of an ERC excess policy were previously reduced, exhausted, or otherwise impaired in accordance with that policy's terms.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(**Prior Settlements and Releases**)

RCBO's claims are barred or limited to the extent a settlement, release, or other

agreement applicable to a particular claim or policy resolves, limits, or discharges the obligation RCBO now asserts against Westport.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(**Payment and Satisfaction**)

RCBO may not recover from Westport an amount already paid or satisfied on its behalf. Any recovery against Westport must account for applicable payments and satisfaction of the same covered loss.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(**Allocation**)

Any covered loss must be determined and allocated in accordance with the applicable ERC excess policy and governing law, including as necessary among covered and uncovered claims, occurrences, policy periods, and applicable insurance layers. Westport is not liable for amounts properly attributable to matters outside the coverage of its policies.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(**Limitations and Timeliness**)

RCBO's claims are barred or limited to the extent they were not brought within an applicable limitations period or failed to satisfy an enforceable contractual time requirement, subject to any applicable tolling or other rule of law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(**Waiver, Estoppel, Laches, and Unclean Hands**)

To the extent established by RCBO's conduct and applicable law, its claims are barred or limited by waiver, estoppel, laches, or unclean hands.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(**Mitigation of Claimed Damages**)

Any damages RCBO seeks for an alleged breach by Westport are barred or reduced to the extent RCBO failed to take reasonable steps to mitigate those damages. This defense concerns damages allegedly caused by Westport; it does not assert that RCBO's alleged failure to prevent an underlying claimant's injury automatically eliminates coverage.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(**Scope of the Bad-Faith Claim**)

Under the Court's September 17, 2026 order, the Twenty-Eighth Cause of Action was dismissed without prejudice as to underlying matters other than Woodall. RCBO may not recover on the dismissed portions of that cause of action unless they are properly renewed.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(**No Unreasonable Withholding of Benefits or Settlement Conduct**)

Westport did not unreasonably withhold benefits owed under either ERC excess policy or act in bad faith in settlement negotiations. Westport responded to RCBO's May 30, 2024 demands on July 1, 2024, and to the UCC's July 3, 2024 demand on August 6, 2024. Westport participated in settlement conferences and, with other insurers, presented proposals for a global resolution and for resolution of the 61 Kiesle-related claims. The Superior Court withdrew its order to show cause without making a finding that any participant negotiated in good faith or bad faith. Westport's failure to accept the amounts demanded, without more, does not establish that it unreasonably rejected a settlement opportunity available to it under the applicable policies.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(**Causation and Damages Concerning Woodall**)

RCBO's Woodall bad-faith claim is barred or limited to the extent RCBO cannot establish that Westport unreasonably rejected a reasonable settlement opportunity and that Westport's conduct was a substantial factor in causing the damages RCBO seeks. The Woodall verdict, standing alone, does not establish that Westport acted in bad faith or caused the verdict or any claimed excess liability.

**THIRTIETH AFFIRMATIVE DEFENSE**

(**Attorneys' Fees and Other Claimed Damages**)

RCBO's claim for attorneys' fees, consequential damages, and interest against Westport is barred or limited to the extent those amounts were not caused by a proven breach, were not incurred to obtain benefits wrongfully withheld where that is the asserted basis for recovery or are otherwise unavailable under applicable law.

**BANKRUPTCY COURT RULE 7012(b)**

Westport avers that the instant proceeding is non-core and does not consent to the entry of final orders or judgment by the bankruptcy judge.

WHEREFORE, Westport requests judgment in its favor on all claims asserted against it; that RCBO take nothing against Westport; an award of costs and any attorneys' fees recoverable under applicable law; and such other relief as the Court deems just and proper.

**RESERVATION OF RIGHTS**

Westport reserves all of its rights and defenses under the ERC excess policies and applicable law, and Westport fully reserves its right to supplement its affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Westport prays for relief as follows:

1. For a judgment dismissing the RCBO Sixth Amended Complaint with prejudice.

2. For such other further relief that the Court determines is fair, just, and equitable.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

**DEMAND FOR JURY TRIAL**

Subject to and without waiving any of its defenses, Westport hereby demands a jury trial.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

**COUNTERCLAIM**

Counterclaim Plaintiff Westport Insurance Corporation ("Westport") formerly known as Employers Reinsurance Corporation ("ERC") brings this Counterclaim for Declaratory Relief in its favor and against Defendant, The Roman Catholic Bishop of Oakland ("RCBO"), and in support of the Counterclaim alleges as follows:

**PARTIES**

1. Counterclaim Plaintiff Westport is a corporation organized under the laws of the state of Missouri with its principal place of business in Kansas City, Missouri, and is licensed to operate in the State of California. Effective January 1, 2008, Westport merged with and into Employers Reinsurance Company (ERC) and then changed its name to Westport Insurance Corporation.

2. Counterclaim defendant RCBO is a corporation established by the Vatican in or around 1962, with its principal place of business in Oakland, California.

**BACKGROUND**

**A. The ERC Insurance Policies**

3. Westport's predecessor, ERC, issued policy number U10255 for the period November 15, 1971 to October 26, 1974 to RCBO, herein sometimes referred to as the "ERC Umbrella Policy."

4. The ERC Umbrella Policy provides coverage pursuant to the terms, definitions, conditions, exclusions and endorsements contained within that policy.

5. The ERC Umbrella Policy affords coverage pursuant to its terms in excess of scheduled underlying insurance with limits of liability of $5 million each occurrence and in the aggregate.

6. As an umbrella insurer, Westport has no immediate potential coverage obligations unless and until the applicable underlying insurance has been exhausted either through adjudication or compromise with ERC's written consent. To date, there has been no indication or notice that the limits underlying the ERC Umbrella Policy have been exhausted in accordance with the terms of the policies. Westport therefore contends that

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

coverage under the ERC Umbrella Policy has not attached. Notwithstanding, an actual controversy presently exists regarding coverage.

7. Specifically, the ERC Umbrella Policy provides, in part, as follows:

> SECTION I
>
> COVERAGE. The Corporation hereby agrees to indemnify the Insured against such ultimate net loss in excess of the Insured's primary limit as the Insured sustains by reason of liability, imposed upon the Insured by law or assumed by the Insured under contract, for damages because of personal injury or property damage to which this policy applies, caused by an occurrence anywhere in the world.
>
> SECTION II
>
> DEFENSE. If no other insurer has the right and duty to do so, the Corporation shall have the right and duty to defend any suit against the Insured seeking damages on account of such personal injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but the Corporation shall not be obligated to defend any suit after the Corporation's liability has been exhausted; Provided that:
>
> (a) In connection with the aforesaid right and duty to defend, the Corporation may make such investigation and settlement of any claim or suit as it deems expedient, including payment on behalf of the Insured as part or all of the Insured's primary limit. In the event of such payment of part or all of the Insured's primary limit, the Insured shall promptly reimburse the Corporation therefor upon notice of the action taken.
>
> (b) If the Corporation is prevented by law or otherwise from defending the Insured as aforesaid, the Corporation will reimburse the Insured for defense costs and expenses incurred with the written consent of the Corporation.
>
> (c) Amounts incurred by the Corporation in connection with the defense of the Insured as aforesaid, except settlements of claims and suits, are payable by the Corporation in addition to the Corporation's limit of liability.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

When another insurer has the duty to defend the Insured against any such suit, the Corporation shall have the right at its own expense to associate with the Insured in the defense thereof, and the Insured shall cooperate fully with such insurer and the Corporation in all things in connection therewith.

* * *

SECTION IV

INSURED'S PRIMARY LIMIT. The Insured's primary limit with respect to each occurrence shall be an amount of ultimate net loss equal to:

(a) in respect of damages covered by the underlying insurance listed in Item 4 of the Declarations, the sum of (1) the amount of the applicable limits of such insurance, and (2) the amount recoverable by the Insured under any other insurance available to the Insured; and

(b) in respect of damages not covered by the underlying insurance listed in Item 4 of the Declarations, the greater of (1) the amount recoverable by the Insured under any other insurance available to the Insured, or (2) the amount stated in Item 5 of the Declarations.

The limits stated in Item 4 of the Declarations for the underlying insurance listed therein shall not be considered applicable to the extent of any aggregate limit reduction or depletion by virtue of the payment of loss in respect of personal injury or property damage which occurs during the period of this policy.

The underlying insurance listed in Item 4 of the Declarations shall be deemed to be effective to the full extent of the limits stated therein irrespective of whether such underlying insurance is in force when the occurrence takes place, irrespective of any defense which the underlying insurer may assert because of failure to comply with any condition of its policy and irrespective of the inability of the underlying insurer to pay by reason of bankruptcy or insolvency.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SECTION V

CORPORATION'S LIMIT OF LIABILITY. Regardless of the number of (a) Insureds under this policy, (b) persons or organizations who sustain injury or damage, (c) claims made or suits brought on account of personal injury or property damage, or (d) automobiles, aircraft or watercraft to which this policy applies; the limit of liability stated in Item 6 (a) of the Declarations is the limit of the Corporation's liability for all ultimate net loss as the result of any one occurrence.

There is no limit to the number of occurrences for which claims may be made, except that the limit of liability stated In Item 6 (b) of the Declarations is the total limit of the Corporation's liability for all ultimate net loss in respect of all personal injury and property damage which occurs during the policy period and arising out of the products hazard or the completed operations hazard or both combined. if this policy is issued for more than one year, this aggregate limit of liability applies separately to each consecutive annual period of this policy, or if the last consecutive period is less titan twelve months, to such period of less than twelve months.

* * *

SECTION VII

DEFINITIONS. When used in this policy (including endorsements forming a part hereof):

(a) "damages" includes damages for death and for care and loss of services resulting from personal injury and damages for loss of use of property resulting from property damage;

* * *

(c) "occurrence" means an accident, including injurious exposure to conditions, which results, during the policy period, in personal injury or property damage neither expected nor intended from the standpoint of the Insured. All personal injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence;

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

> (d) "personal injury" means bodily injury, mental injury, mental anguish, shock, sickness, disease, or disability; injury arising out of false arrest, false imprisonment, wrongful eviction, detention, malicious prosecution, racial or religious discrimination, humiliation, libel, slander, defamation of character, or invasion of rights of privacy. The term "personal injury" shall also include, when committed or alleged to have been committed in any advertisement, publicity article, broadcast or telecast and arising out of the Named Insured's advertising activities, injury arising out of: (1) infringement of copyright or of title or of slogan, and (2) piracy or unfair competition or Idea misappropriation under an implied contract;
>
> * * *
>
> (f) "ultimate net loss" means the total sum which the Insured, or any company as his insurer, or both, become obligated to pay as damages because of personal injury or property damage, either through adjudication or compromise with the written consent of the Corporation.

8. The ERC Umbrella Policy covers losses caused by an “occurrence,” which means “an accident, including injurious exposure to conditions, which results, during the policy period, in personal injury or property damage neither expected nor intended from the standpoint of the insured. All personal injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence.”

9. The ERC Umbrella Policy provides that the “[t]he Insured shall cooperate with the Corporation” in connection with the defense of the claim. It also provides that “[i]n the event of an occurrence, which in the judgment of the Insured is likely to involve the liability of the Corporation hereunder, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Corporation as soon as practicable.”

10. Westport's predecessor, ERC, issued policy number PLE20430 for the period October 26, 1974 to October 26, 1977 to RCBO, herein sometimes referred to as the "ERC Excess Policy." The ERC Excess Policy and the ERC Umbrella Policy are herein sometimes referred to collectively as the "ERC Policies."

11. The ERC Excess Policy was cancelled effective October 26, 1975.

12. The ERC Excess Policy provides coverage pursuant to the terms, definitions, conditions, exclusions and endorsements contained within that policy.

13. The ERC Excess Policy affords coverage pursuant to its terms in excess of scheduled underlying insurance with limits of liability of $9 million each occurrence and in the aggregate.

14. As an excess insurer, Westport has no immediate potential coverage obligations unless and until the applicable underlying insurance has been exhausted either through adjudication or compromise with ERC's written consent. To date, there has been no indication or notice that the limits underlying the ERC Excess Policy have been exhausted in accordance with the terms of the policies. Westport therefore contends that coverage under the ERC Excess Policy has not attached. Notwithstanding, an actual controversy presently exists regarding coverage.

15. Specifically, the ERC Excess Policy provides, in part, as follows:

> I. EXCESS INSURANCE HEREUNDER. As respects bodily injury or property damage which occurs during the period of this certificate, the Corporation hereby agrees to afford such additional liability insurance as the issuer of the Underlying Policy specified in the Schedule would afford by increasing the amount of each Underlying Policy limit listed in Item 6 of the Schedule hereof to the amounts shown opposite such Underlying Policy limit in the Total Limits column of the sold Item 6; PROVIDED that liability shall attach to the Corporation (a) only in excess of Underlying Policy coverage which is subject to a limit listed in the sold Item 6, and (b) only after the issuer of the Underlying Policy has paid or has been held liable to pay the full amount of the applicable limit of the sold policy, and (c) only as respects such additional amounts in excess thereof as would be payable by the issuer of the Underlying Policy if the sold policy were amended as aforesaid.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

* * *

> V. NOTIFICATION OF CLAIMS. The Insured upon knowledge of any occurrences likely to give rise to a claim hereunder shall give immediate written notice to the Corporation.

16. The Underlying Policy specified in the Schedule of the ERC Excess Policy was policy number RDU1467450 issued by Continental Casualty Company ("Continental") for the period October 26, 1974 to October 26, 1975, herein sometimes referred to as the "Continental Policy."

17. What is an "occurrence" under Coverage A of the RDU Policy is defined by reference to the underlying Commercial Union Policy, which defines "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury … neither expected nor intended from the standpoint of the insured." Under Coverage B of the Continental Policy, "Occurrence" is similarly defined, in pertinent part, as "an accident, including injurious exposure to conditions, which results during the policy period, in such personal injury … neither expected nor intended from the standpoint of the insured."

18. As an express condition of coverage, the Continental Policy provides that RCBO "shall cooperate" with Continental including assisting in the "conduct of suits."

**B. Kiesle's history of sexual misconduct.**

19. Stephen Kiesle was born on February 14, 1947 in Indianapolis, Indiana.

20. He entered St. Joseph's College High School, a "minor" seminary, in Mountain View, California in 1960. He studied and resided there until 1966.

21. In 1966, Kiesle matriculated at St. Patrick's Seminary in Menlo Park, California, where he resided until graduating in 1972. During his time at St. Patrick's, Kiesle performed "field work" volunteering at parishes and with various other Catholic organizations around California.

22. Upon information and belief, in 1968 photographs of semi-nude and nude children were found in a roll of film Kiesle developed in connection with directing a

children's play. The rector of St. Patrick's discussed the photographs with Kiesle, but took no further action after Kiesle alleged the nude photos were taken by children involved in the play and he knew nothing about them. Kiesle admitted, however, to photographing a boy wearing only a loincloth. Upon information and belief, the pastor at St. Isadore's parish in Danville, California, was informed of the incident.

23. Upon information and belief, Kiesle regularly hosted "sleepovers" in his room at St. Patrick's seminary with the children he worked with in his capacity as a seminarian and/or deacon.

24. In January 1972, the Roman Catholic Bishop of Oakland, Floyd Begin, wrote to Fr. Louis Dabovich, the head pastor at a church where Kiesle served as a deacon prior to his ordination, that "As you must realize, I am deeply concerned about the young man who is serving as a Deacon in your parish [Kiesle]. I would like to have an interim report about him, which is both confidential and serious." Dabovich responded that Kiesle's "personality is quite different," that Kiesle was "immature and difficult to communicate" with, and, as a result, "does not communicate very well with adults of the parish." By contrast, Dabovich praised Kiesle as "excellent with the very young children teenagers" with whom he was "outgoing, interested and concerned."

25. In a 1971-1972 seminary "Quarterly Evaluation Form," Fr. McCrillis, Kiesle's evaluator, reiterated the "concern" about Kiesle's "ability to relate with adults" and noted that Kiesle "spent a great deal of time pastorally with young people."

26. Kiesle was ordained to the priesthood on May 19, 1972. His first pastoral appointment was as associate pastor at St. Joseph's Church, in Pinole, California, that June.

27. While Kiesle was a priest at St. Joseph's Church, he continued his practice of holding regular "sleepovers" for children in the parish. At these sleepovers children slept in Kiesle's room and were permitted to drink alcohol. On at least one occasion, a boy consumed so much beer that he vomited. Kiesle, by his own admission, also began engaging in sexual activity with women and boys. Indeed, Kiesle has admitted under oath

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

that, while he pastored at St. Joseph's, a female child would spend the night, they would "hug and kiss," and it was "quite possible" that he touched her vagina and breasts. Upon information and belief, other priests and adults affiliated with the Diocese were around the rectory when these events occurred.

28. In May 1975, Kiesle was transferred from St. Joseph's to Our Lady of the Rosary Church in Union City, California. A letter in his personnel file reflects that Kiesle was transferred due to "circumstances that make some changes in personnel necessary and desirable…."

29. Kiesle's sleepovers and socializing with children in the rectory continued during his time at Our Lady of the Rosary. Indeed, Mr. Woodall first met Kiesle at Our Lady of the Rosary in 1975, and asserted that he was abused twice by Kiesle, once in the Fall of 1975 and once in 1976, at the rectory.

30. In 1978, Kiesle pleaded no contest to sexually abusing two minor boys and was sentenced to three years of probation.

31. In 1981, RCBO and Kiesle petitioned the Vatican to laicize Kiesle. Kiesle was formally laicized in 1987.

32. In 2002, Kiesle was charged with sexually abusing children while working at Santa Paula during the 1960s and 1970s.

33. In 2004, Kiesle was prosecuted for sexually abusing a 15-year old girl and sentenced to six years in prison.

34. Upon information and belief, in addition to knowledge about multiple incidents of alleged sexual abuse involving Kiesle, the problem of priests engaging in sexual abuse of minors generally was well-known by the Catholic Church and its bishops before 1975.

**C. Steven Woodall's sister reports his abuse to RCBO in 2004 and RCBO pays for Mr. Woodall's therapy.**

35. In 2004—some 15 years before he sued RCBO—Mr. Woodall's sister reported to RCBO that Mr. Woodall had been abused by Kiesle. She then arranged for

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

reimbursement from RCBO for Mr. Woodall's past and future therapy expenses.

36. In 2010, RCBO began requesting status reports from Mr. Woodall's therapist and asked that the therapist directly invoice RCBO for the costs of Woodall's care.

37. When the therapist did not respond to RCBO's requests, RCBO stopped paying for Mr. Woodall's therapy. As a result, Mr. Woodall stopped attending therapy.

**D. RCBO's 2005 Settlement Agreement releasing ERC and other insurers from liability for Abuse Claims.**

38. In 2005, RCBO entered into an "Amended Confidential Settlement Agreement and Mutual Release" with ERC (and, therefore, Westport), and other insurers of RCBO (the "2005 Settlement Agreement").[1] The 2005 Settlement Agreement resolved RCBO's claims for insurance coverage from the participating insurers for sexual abuse claims arising in the *Clergy III* litigation.

39. Per the 2005 Settlement Agreement, RCBO released its insurers, including ERC (and, therefore, Westport), from liability for certain "Abuse Claims" which includes sexual abuse claims then pending as lawsuits against RCBO, as well as any claims of which RCBO was or reasonably should have been aware.

40. In addition to bodily and personal injury claims, the 2005 Settlement Agreement included an addendum that made clear that RCBO would not pursue claims against its insurers for Abuse Claims that only sought counseling or therapy.

**E. The *Woodall* suit.**

41. Mr. Woodall filed the lawsuit captioned *John Doe OK 1022 v. Doe 1, et al.*, Case No. HG19048685 (Alameda County Superior Court), on December 30, 2019.

42. Mr. Woodall's complaint alleged that he was sexually abused by Kiesle (referred to throughout the complaint as the "PERPETRATOR") beginning in "approximately 1975 and through approximately 1976." (¶ 27).

[1] The 2005 Settlement Agreement was previously filed under seal at ECF Docket No. 142 pursuant to the Court's order granting the administrative motion to file under seal. See also ECF Docket No. 141.

43. The complaint in the *Woodall* suit alleged, among other things, that:

a. "PERPETRATOR was convicted for criminal childhood sexual abuse against multiple children and sentenced to serve six years in the California Department of Corrections." (¶ 14)

b. "PERPETRATOR is known to have sexually assaulted children, other than Plaintiff." (¶ 15)

c. "Defendants [including RCBO] knew or had reason to know, or were otherwise on notice, that PERPETRATOR had engaged in misconduct and or unlawful sexual-related conduct with minors in the past, and/or was continuing to engage in such conduct with minors, and failed to take reasonable steps, and to implement reasonable safeguards, to avoid acts of unlawful sexual conduct in the future by PERPETRATOR." (¶ 43)

d. "Defendants [including RCBO] ignored and/or concealed the childhood sexual abuse of Plaintiff and others by PERPETRATOR and continued to allow numerous children, including the Plaintiff, to be in private, secluded areas with PERPETRATOR despite knowledge of or reasons to suspect PERPETRATOR' s prior sexually abusive acts toward minors." (¶ 45)

e. At the time of PERPETRATOR's childhood sexual assault of Plaintiff, as defined by Code of Civil Procedure section 340.1(d), Defendants [including RCBO] knew or had reason to know, or were otherwise on notice of prior acts of childhood sexual abuse committed by PERPETRATOR, and despite such knowledge and/or notice, failed to take reasonable steps or implement reasonable safeguards to protect Plaintiff from childhood sexual abuse." (¶ 48)

f. "At the time PERPETRATOR performed the acts alleged herein it was or should have been reasonably foreseeable to Defendants [including RCBO] that by continuously exposing and making Plaintiff available to PERPETRATOR, Defendants were placing Plaintiff at grave risk of being

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

sexually abused by PERPETRATOR." (¶ 51)

g. "Defendants [including RCBO], by and through their respective agents, servants and employees, knew or had reason to know of PERPETRATOR's dangerous and exploitative propensities." (¶ 54).

44. On February 26, 2026, shortly before trial commenced, RCBO stipulated with Mr. Woodall that RCBO "was negligent in supervising Stephen Kiesle with respect to Plaintiff and, as a result, proximately caused the claimed damages, if any, of Plaintiff," that RCBO "is liable to Plaintiff for its negligence in supervising Stephen Kiesle," and that RCBO "assumes 100% of the allocation of fault for the damages, if any, Plaintiff proves at the time of trial notwithstanding the allocation of fault principles of Proposition 51." As a consequence of this stipulation, Mr. Woodall was relieved of the burden of proving that RCBO bore liability for Mr. Woodall's abuse or what percentage of any damages proven by him should be allocated to RCBO as opposed to Kiesle or any other person or entity.

45. The trial on Mr. Woodall's damages began on April 13, 2026 and was given to the jury for deliberation on April 21, 2026. The next day, the jury delivered a verdict in favor of Mr. Woodall and against RCBO in the amount of $16 million. The court entered a $16 million judgment in Mr. Woodall's favor on May 6, 2026. RCBO did not appeal the judgment, which is now final.

46. Both before and after the entry of the *Woodall* judgment, Continental reserved all rights with respect to coverage for the *Woodall* claim in its May 24, 2024 coverage position letter and renewed those reservations in a July 6, 2026 letter. Westport provided RCBO with its coverage position in its July 17, 2020 coverage position letter.

**F. Underlying abuse claims concerning Kiesle**

47. In addition to *Woodall*, RCBO has been named in sixty (60) other actions wherein the claimants make allegations similar to those made against Kiesle in the *Woodall* suit. These claims each allege RCBO negligently supervised Kiesle.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

**FIRST CAUSE OF ACTION**
**(DECLARATORY JUDGMENT – NO DUTY TO INDEMNIFY THE UNDERLYING *WOODALL* CLAIM ALLEGING ABUSE BY KIESLE)**

48. Westport incorporates by reference the allegations set forth in paragraphs 1 - 47 as if set forth here in full.

49. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations of the parties under the ERC Policies on the grounds that an actual controversy exists.

50. An actual and real controversy exists herein between Westport and the RCBO regarding whether Westport has any obligation to indemnify the RCBO for the *Woodall* judgment.

51. The *Woodall* suit alleges that Kiesle posed a "grave risk" of sexual abuse to Plaintiff, that RCBO knew (had reason to know, or was on notice) before Kiesle first abused Mr. Woodall that Kiesle had sexually abused children and was continuing to do so, that RCBO knew (or had reason to know) of Kiesle's "dangerous and exploitative propensities," but, nonetheless, continued to provide Kiesle access to children and ignored or concealed the sexual abuse that resulted.

52. As set forth above, upon information and belief, RCBO was on notice as early as 1974 that Kiesle hosted sleepovers for children in the rectory, permitted them to drink alcohol, and had "difficulty" relating to adults, but "spent a great deal of time" with children.

53. On information and belief, the Bishop of Oakland transferred and reassigned Kiesle from St. Joseph's Church to Our Lady of the Rosary Church in or around May 1975, where he met and abused Mr. Woodall, on account of Kiesle's abusive acts while at St. Joseph's. Thus, despite its knowledge of Kiesle's previous acts of abuse, RCBO continued to allow him to interact with young children, ultimately resulting in Mr. Woodall's sexual abuse.

54. RCBO is unable to establish, therefore, that the alleged "personal injury" or "bodily injury" caused by Kiesle's abuse of Mr. Woodall (1) occurred during the policy periods of the ERC Policies, (2) resulted from an "accident" or (3) was "neither expected nor intended from the standpoint of" RCBO.

55. Westport has no obligation to provide insurance coverage to RCBO under the terms of the ERC Policies because RCBO knew, before Mr. Woodall was abused by Kiesle, that Kiesle had engaged in earlier sexual abuse and therefore expectedly presented a danger to children.

56. Westport has no obligation to provide insurance coverage to RCBO under the terms of the ERC Policies because RCBO knew or expected that there was a risk that children interacting with Kiesle were in danger of sexual abuse.

57. Westport has no obligation to provide insurance coverage to RCBO under the terms of the ERC Policies because Kiesle's abuse of Mr. Woodall occurred after the policy periods of those policies.

58. RCBO is, therefore, not entitled to insurance coverage for the *Woodall* judgment because it (1) is not based on abuse that took place during the policy periods of the ERC Policies, (2) is not based on an "occurrence" and/or (3) was expected or intended by RCBO.

59. Accordingly, Westport requests that his Court declare that Westport has no obligation under the ERC Policies to indemnify RCBO for the *Woodall* judgment.

60. A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned. Said controversy is incapable of resolution without a judicial determination.

**SECOND CAUSE OF ACTION**
**(DECLARATORY JUDGMENT – NO DUTY TO INDEMNIFY THE UNDERLYING *WOODALL* CLAIM FOR FAILURE TO COOPERATE)**

61. Westport incorporates by reference the allegations set forth in paragraphs 1 –

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

60 as if set forth here in full.

62. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations of the parties under the ERC Policies on the grounds that an actual controversy exists.

63. An actual and real controversy exists herein between Westport and the RCBO regarding whether the RCBO's failure to cooperate with Continental in the defense of the *Woodall* suit constitutes a breach of the Continental Policy and, therefore, a breach of the ERC Policies.

64. RCBO, claiming that it was entitled to independent counsel in the *Woodall* suit under Civil Code § 2860, insisted on controlling the defense of the case through counsel of its own choosing, Foley & Lardner. RCBO made only minimal attempts to inform Continental and other insurers about the conduct of the defense and made all decisions about how the defense would be conducted.

65. As an express condition of coverage, the Continental Policy provides that RCBO "shall cooperate" with Continental including assisting in the "conduct of suits."

66. The ERC Umbrella Policy similarly required RCBO to cooperate with Westport.

67. The ERC Excess Policy followed the form of the Continental Policy.

68. RCBO breached the cooperation clause in the Continental Policy by stipulating that (a) it "was negligent in supervising Stephen Kiesle with respect to [Mr. Woodall] and, as a result, proximately caused the claimed damages, if any, of [Mr. Woodall]," (b) that RCBO "is liable to Plaintiff [Mr. Woodall] for its negligence in supervising Stephen Kiesle," and (c) that RCBO "assumes 100% of the allocation of fault for the damages, if any, [Mr. Woodall] proves at the time of trial notwithstanding the allocation of fault principles of Proposition 51."

69. In other words, rather than contest liability, as required by the cooperation clause in the Continental Policy, RCBO stipulated to it. In addition, rather than seek to limit damages, RCBO stipulated to not seek apportionment of any damages to Kiesle, the

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

person who actually abused Mr. Woodall.

70. In addition, RCBO (a) did not cross-examine certain witnesses called by Mr. Woodall, (b) conducted only perfunctory cross-examination of other witnesses called by Mr. Woodall, (c) did not present any evidence during its own case-in-chief, (d) failed to call an expert witness it had designated and who had been deposed, (e) presented no evidence during its case-in-chief to try to limit or suppress damages, and (f) presented only a brief and ineffective closing argument.

71. On information and belief, RCBO, through its independent counsel, did not present a robust defense in the *Woodall* suit because it understood that, pursuant to the terms of the Lift Stay Order, Continental, Westport and other insurers would be solely responsible for payment of any judgment entered against RCBO. Further, RCBO believed that allowing judgment to be entered in the *Woodall* suit would pressure its insurers into entering into global settlements in RCBO's bankruptcy case.

72. RCBO is, therefore, not entitled to insurance coverage from Continental under the RDU Policy or from Westport under the ERC Excess Policy for the *Woodall* judgment.

73. Accordingly, Westport requests that his Court declare that Westport has no obligation under the ERC Policies to indemnify RCBO for the *Woodall* judgment.

74. A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned. Said controversy is incapable of resolution without a judicial determination.

**THIRD CAUSE OF ACTION**
**(DECLARATORY JUDGMENT – NO DUTY TO INDEMNIFY THE UNDERLYING *WOODALL* CLAIM THAT WAS RELEASED BY THE 2005 SETTLEMENT)**

75. Westport incorporates by reference the allegations set forth in paragraphs 1 - 75 as if set forth here in full.

76. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

obligations of the parties under the ERC Policies on the grounds that an actual controversy exists.

77. An actual and real controversy exists herein between Westport and the RCBO regarding the 2005 Settlement Agreement between RCBO and its insurers, including Westport. Paragraph 3.14 of that agreement provides that the RCBO releases all past, present and future actions, known or unknown, which related in any manner to the "Abuse Claims."

78. The term "Abuse Claims" is defined in Paragraph 1.22 as:[2]

REDACTED

79. RCBO became aware of Mr. Woodall's allegation that he was sexually abused by Kiesle in 2004, through the report by Mr. Woodall's sister. Following that report, RCBO agreed to pay Mr. Woodall's past and future therapy costs.

80. In the 2005 Settlement Agreement, RCBO released ERC (and, therefore, Westport) from liability for "Abuse Claims" of which it was then aware, including claims for bodily injury, claims for personal injury and claims seeking only counseling or therapy.

81. The *Woodall* suit qualifies as a released "Abuse Claim" under the 2005 Settlement Agreement because RCBO knew, at the time RCBO entered into the 2005 Settlement Agreement, that Mr. Woodall had claimed he had been sexually abused by

[2] The quoted provision of the 2005 Settlement Agreement has been redacted. The agreement was previously filed under seal at ECF Docket No. 142 pursuant to the Court's order granting the administrative motion to file under seal. See also ECF Docket No. 141.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

Kiesle in 1975.

82. RCBO is, therefore, not entitled to insurance coverage for the *Woodall* judgment because RCBO released ERC (and, therefore, Westport) from liability for Mr. Woodall's claim in the 2005 Settlement Agreement.

83. Accordingly, Westport requests that his Court declare that Westport has no obligation under the ERC Policies to indemnify RCBO for the *Woodall* judgment.

84. A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned. Said controversy is incapable of resolution without a judicial determination.

**FOURTH CAUSE OF ACTION**
**(DECLARATORY JUDGMENT – ALL UNDERLYING CLAIMS CONCERNING KIESLE CONSTITUTE ONE OCCURRENCE)**

85. Westport incorporates by reference the allegations set forth in paragraphs 1 – 83 as if set forth here in full.

86. Pursuant to 28 U.S.C. § 2201, this Court may declare the rights and obligations of the parties under the ERC Policies on the grounds that an actual controversy exists.

87. Westport is informed and believes that RCBO contends each individual abuse claim concerning Kiesle constitutes a separate occurrence; however, on May 29, 2026, in *Los Angeles Unified School District v. Lexington Insurance Company*, 2026 WL 1506573 (2026) (unpublished) ("*LAUSD*"), the California Court of Appeal, Second District, Division 5, issued an unpublished opinion in which it held that it is the acts of the insured and not the perpetrator that determine whether there has been an occurrence.

88. In light of the decision in *LAUSD*, an actual and real controversy exists herein between Westport and RCBO regarding whether all underlying abuse claims concerning Kiesle arise from a single occurrence.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200

89. Westport is informed and believes that RCBO contends all underlying abuse claims concerning Kiesle are based on RCBO's alleged negligent supervision of Kiesle.

90. If *LAUSD* is the law in California. then for purposes of determining the number of applicable policy limits, the term occurrence means the acts of RCBO and not of Kiesle – *i.e.*, RCBO's negligent supervision.

91. As a consequence, all underlying abuse claims concerning Kiesle arise from a single occurrence, which was RCBO's alleged negligent supervision.

92. Accordingly, Westport requests that this Court declare whether *LAUSD* is the law of California and, if it is, that all underlying abuse claims concerning Kiesle arise from a single occurrence.

93. A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned. Said controversy is incapable of resolution without a judicial determination.

## **PRAYER FOR RELIEF**

WHEREFORE, Westport prays that the Court enter the following relief in favor of Westport:

1. A declaration that Westport has no duty to indemnify RCBO for the *Woodall* judgment;

2. If *LAUSD* is the law in California, a declaration that all underlying abuse claims concerning Kiesle arise from a single occurrence; and

3. For such other further relief that the Court determines is fair, just, and equitable.

**DEMAND FOR JURY TRIAL**

Subject to and without waiving any of its defenses, Westport hereby demands a jury trial.

DATED: November 5, 2026

SINNOTT, PUEBLA,
CAMPAGNE & CURET, APLC

By: ______________________________

BLAISE S. CURET
MELISSA A. DUBBS

-and-

Joshua D. Weinberg (admitted pro hac vice)
Joshua P. Mayer (admitted pro hac vice)
Anna Belle Reilly (admitted pro hac vice)
RUGGERI PARKS WEINBERG, LLP
1875 K Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 469-7750
Fax: (202) 984-1401
jweinberg@ruggerilaw.com
jmayer@ruggerilaw.com
areilly@ruggerilaw.com

Michael S. Batson (admitted pro hac vice)
RUGGERI PARKS WEINBERG LLP
101 Arch Street, 8th Floor
Boston, MA 02110
Tel: (617) 307-2065
Fax: (202) 984-1401
mbatson@ruggerilaw.com

Attorneys for Counsel for Westport Insurance Corporation f/k/a Employers Reinsurance Corporation

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
2001 ADDISON STREET, SUITE 110
BERKELEY, CALIFORNIA 94704-1192
TELEPHONE / FACSIMILE (415) 352-6200