CLYDE & CO US LLP
ALEXANDER E. POTENTE (SBN 208240)
JASON J. CHORLEY (SBN 263225)
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 365-9800
Facsimile: (415) 365-9801
Email: alex.potente@clydeco.us
jason.chorley@clydeco.us

*Attorneys for Defendants Pacific Indemnity Company, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, Pacific Employers Insurance Company, and Westchester Fire Insurance Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: THE ROMAN CATHOLIC BISHOP OF OAKLAND INSURANCE ADVERSARY PROCEEDING LITIGATION | Case Nos. 3:24-CV-00709-JSC<br>3:24-CV-00711-JSC<br><br>Bankruptcy Case No.: 23-40523-WJL<br>Adv. Proc. No.: 23-04028-WJL<br><br>Hon. Jacqueline Scott Corley<br><br>**ANSWER TO PLAINTIFF'S SIXTH AMENDED COMPLAINT OF DEFENDANTS PACIFIC INDEMNITY COMPANY; CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA; PACIFIC EMPLOYERS INSURANCE COMPANY; AND WESTCHESTER FIRE INSURANCE COMPANY**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Jacqueline Scott Corley<br>Trial Date: TBD |

Pursuant to Federal Rules of Civil Procedure 7 and 8, Defendants Pacific Indemnity Company ("Pacific Indemnity"), Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century" or "INA"), Pacific Employers Insurance Company ("Pacific Employers"), and Westchester Fire Insurance Company ("Westchester") (collectively, "Answering Defendants" or "Pacific Insurers"), subject to the Court's September 17, 2026 Order, hereby answer and assert affirmative defenses to the Sixth Amended Complaint ("Complaint") of Plaintiff The Roman Catholic Bishop of Oakland ("RCBO" or "Plaintiff") as follows. Except as expressly admitted or averred herein, Answering Defendants deny each and every allegation of the Complaint and specifically deny any liability to Plaintiff. To the extent the headings in the Complaint purport to state facts to which a response is required, Answering Defendants deny each such allegation. The headings and content of the Complaint are repeated below for organizational purposes only. Answering Defendants expressly reserve the right to amend and/or supplement this Answer as may be necessary.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**Complaint Opening Paragraphs:** Plaintiff THE ROMAN CATHOLIC BISHOP OF OAKLAND, plaintiff in the above-captioned action, for its Sixth Amended Complaint for Declaratory Judgment Relief, Breach of Statutory Duty, and Breach of the Implied Covenant of Good Faith and Fair Dealing (the "Sixth Amended Complaint") against Defendants PACIFIC INDEMNITY, a Delaware corporation; TRAVELERS CASUALTY & SURETY COMPANY F/K/A AETNA CASUALTY & SURETY COMPANY, a Connecticut corporation; INSURANCE COMPANY OF NORTH AMERICA, a Delaware corporation; UNITED STATES FIRE INSURANCE, a Delaware corporation; WESTPORT INSURANCE CORPORATION, a Delaware corporation; CONTINENTAL CASUALTY COMPANY, a Delaware corporation; PACIFIC EMPLOYERS INSURANCE, a Delaware corporation; WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation; the CALIFORNIA INSURANCE GUARANTEE ASSOCIATION, a state entity; CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING SEVERALLY AND NOT JOINTLY TO SLIP NOS. CU 1001 AND K 66034 ISSUED TO THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, AND NOS. K 78138 AND CU 3061 ISSUED TO THE ROMAN CATHOLIC BISHOP OF

OAKLAND; COMPANHIA DE SEGUROS FIDELIDADE SA F/K/A FIDELIDADE INSURANCE COMPANY OF LISBON, SUBSCRIBING TO SLIP NO. K 78138 ISSUED TO THE ROMAN CATHOLIC BISHOP OF OAKLAND; CATALINA WORTHING INSURANCE LTD F/K/A HFPI (AS PART VII TRANSFEREE OF EXCESS INSURANCE CO. LTD.); DOMINION INSURANCE COMPANY LIMITED, OCEAN MARINE INSURANCE COMPANY LIMITED (AS PART VII TRANSFEREE OF THE WORLD AUXILIARY INSURANCE CORPORATION LIMITED); ENGLISH & AMERICAN INSURANCE COMPANY LIMITED, RIVER THAMES INSURANCE COMPANY LIMITED; R&Q GAMMA COMPANY LIMITED (AS PART VII TRANSFEREE OF ANGLO FRENCH LTD.); LONDON AND OVERSEAS INSURANCE COMPANY LIMITED; ORION INDEMNITY COMPANY; and AMERICAN HOME ASSURANCE COMPANY, a New York corporation1; (collectively, "Defendants" and collectively without the California Insurance Guarantee Association, "Insurer Defendants"), alleges as follows:

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Attached hereto is Exhibit A, which lays out the specific claims that are the subject of the relief sought herein as of the date of this filing. The rows detail claim numbers designated by RCBO, case numbers assigned to the case by the court below, insurance carrier names for the years in which the alleged abuse took place, the years of the alleged abuse, the date RCBO (either itself or through its broker) tendered the claim to its respective insurers, the date of the insurer's response, and the insurer's response. Exhibit A may be the subject of further updating and disclosure as the matter progresses. RCBO prepared Exhibit A at the Court's request but reserves all rights as to the applicable trigger of coverage for the claims listed therein.

**ANSWER:** With respect to RCBO's allegations within Exhibit A and RCBO's allegations in the first paragraph of page 2 of the Complaint, Answering Defendants object to Plaintiff's use of the term "Chubb" to refer to all four Answering Defendants in this action. Answering Defendants are separate legal entities. Plaintiff's use of "Chubb" throughout its Complaint and within Exhibit A prevents Answering Defendants from determining which allegations are directed toward each of Pacific Indemnity, Century, Westchester, and Pacific Employers. To the extent those allegations are not directed to Answering Defendants, no response is required. Answering

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Defendants further respond that the allegations in Exhibit A and in the first paragraph of page 2 of the Complaint contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Indemnity, INA, Westchester, and Pacific Employers each received notice of certain claims from RCBO and/or its broker and issued written responses, including reservation of rights letters, which speak for themselves, and Answering Defendants deny any characterization inconsistent with their contents. Answering Defendants further deny that Exhibit A establishes that any claim listed therein triggers, or is covered under, any policy issued by any Answering Defendant. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Exhibit A and in the first paragraph of page 2 of the Complaint and on that basis deny those allegations.

**JURISDICTION, VENUE, AND PARTIES**

1. This Court has jurisdiction over this adversary proceeding pursuant to sections 157 and 1334 of title 28 of the United States Code ("Title 28").

**ANSWER:** The allegations in paragraph 1 are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that this Court has jurisdiction over this proceeding.

2. Venue in this Court is proper pursuant to sections 1408 and 1409 of Title 28.

**ANSWER:** The allegations in paragraph 2 are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that venue is proper in this Court as to RCBO's claims against them, but lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 2 as to the other Defendants and therefore deny them.

**NATURE OF THE ACTION**

3. This is an action for declaratory judgment, breach of statutory duty, and breach of the implied covenant of good faith and fair dealing.

**ANSWER:** The allegations in paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that the Complaint

purports to allege claims for declaratory judgment, breach of statutory duty, and breach of the implied covenant of good faith and fair dealing, but deny that those claims are valid and further deny that RCBO is entitled to any relief. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 3.

**THE PARTIES**

4. Plaintiff THE ROMAN CATHOLIC BISHOP OF OAKLAND (herein “Plaintiff” or “RCBO”) is a California corporation sole with its principal place of business in Oakland, California.

**ANSWER:** Answering Defendants admit, on information and belief, that RCBO is a California corporation sole with its principal place of business in Oakland, California.

5. Defendant PACIFIC INDEMNITY COMPANY (“Pacific Indemnity”) is, on information and belief, a Delaware corporation that conducted business in this District and issued written primary policies of insurance to RCBO under Policy No. LAC127792 for the period March 12, 1962 to October 25, 1963 and Policy No. LAC 155598 for the period October 25, 1963 to October 25, 1966 (the “Pacific Indemnity Policies”). Specifically, the Pacific Indemnity Policies are responsive to certain claims, including but not limited to the following claims as shown in Exhibit A:

i. Nos. 15, 42, 45, 53, 57, 65, 70, 74, 75, 79, 98, 107, 109, 114, 119, 120, 137, 142, 147, 150, 155, 176, 177, 185, 187, 197, 202, 204, 214, 233, 234, 239, 245, 252, 257, 285, 292, 299, 307, 308, 328, 360, 381, 383, 391; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Pacific Indemnity Policies, regardless of whether the alleged initial injury began during or before the policy periods of the Pacific Indemnity Policies.

**ANSWER:** Answering Defendants admit that Pacific Indemnity is a corporation incorporated under the laws of the State of Delaware that issued a written primary policy of insurance under Policy No. LAC127792, but deny that Policy No. LAC127792 was issued to RCBO. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 5 and on that basis deny the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

allegations. To the extent paragraph 5 purports to characterize the terms and conditions of the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants lack knowledge or information sufficient to form a belief as to which specific claims in Exhibit A, if any, are covered by or trigger the Pacific Indemnity Policies, and therefore deny the remaining allegations in paragraph 5. The allegations in subsection (ii) of paragraph 5 are legal conclusions to which no response is required, but Answering Defendants otherwise deny the allegations in subsection (ii) of paragraph 5. Except as expressly admitted or averred herein, Answering Defendants deny the allegations in paragraph 5.

6. Defendant TRAVELERS CASUALTY & SURETY COMPANY F/K/A AETNA CASUALTY & SURETY COMPANY is, on information and belief, a Connecticut corporation that conducted business in this District (herein "Travelers"). Travelers issued written primary policies of insurance to RCBO under Policy No. 05 AL 802025 CMA for the period December 1, 1975 to December 1, 1978; Policy No. 05 SM90296 FCA for the period December 1, 1978 to December 1, 1979; Policy No. 05 SM 99094 FCA for the period December 1, 1979 to December 1, 1980; and Policy No. 05 SM 107459 FCA for the period December 1, 1980 to December 1, 1981 (the "Travelers Primary Policies"). Specifically, the Travelers Primary Policies are responsive to certain claims, including but not limited to the following claims as shown in Exhibit A:

i. Nos. 2, 7, 10, 13, 16, 17, 19, 20, 21, 22, 25, 26, 28, 29, 31, 33, 35, 40, 41, 42, 43, 45, 54, 56, 58, 59, 61, 63, 64, 71, 80, 82, 83, 86, 88, 92, 95, 96, 97, 99, 101, 102, 103, 104, 105, 106, 110, 115, 117, 121, 126, 128, 131, 132, 133, 140, 144, 149, 152, 154, 157, 158, 163, 166, 168, 172, 174, 180, 181, 182, 189, 190, 191, 192, 193, 194, 198, 200, 203, 206, 208, 209, 210, 211, 212, 213, 215, 216, 223, 224, 225, 227, 229, 230, 243, 244, 247, 249, 250, 251, 256, 258, 259, 266, 267, 272, 273, 274, 295, 296, 297, 298, 304, 306, 310, 317, 318, 319, 321, 323, 324, 329, 333, 335, 343, 344, 345, 347, 349, 352, 353, 354, 359, 367, 368, 370, 373, 374, 376, 377, 379, 380, 382, 384, 386, 388, 392, 393, 399, 402, 403; and

ii. All claims that allege continuous or progressive injury occurring at least in part during

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

one or more of the policy periods of the Travelers Primary Policies, regardless of whether the alleged initial injury began during or before the policy periods of the Travelers Primary Policies.

**ANSWER:** The allegations in paragraph 6 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 6 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 6 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

7. Defendant INSURANCE COMPANY OF NORTH AMERICA (herein "INA") is, on information and belief, a Delaware corporation that conducted business in this District. INA issued written primary policies of insurance to RCBO for the policy periods October 25, 1966 to October 25, 1969, and October 25, 1969 to October 25, 1970. Upon information and belief, the policy numbers are Policy No. CP 25231 and Policy No. CP 267867, respectively (the "INA Primary Policies"). Specifically, the INA Primary Policies are responsive to certain claims, including but not limited to the following claims as shown in Exhibit A:

i. Nos. 15, 19, 23, 32, 39, 42, 43, 46, 48, 50, 52, 53, 57, 66, 68, 70, 74, 75, 77, 81, 83, 86, 87, 88, 90, 91, 98, 101, 102, 103, 105, 106, 107, 109, 129, 139, 142, 145, 147, 150, 159, 160, 175, 179, 185, 186, 187, 188, 190, 195, 196, 202, 205, 206, 207, 211, 214, 215, 218, 220, 232, 234, 235, 238, 239, 245, 251, 252, 253, 257, 264, 265, 268, 270, 279, 282, 285, 293, 303, 308, 325, 328, 336, 342, 348, 358, 360, 369, 378, 381, 385; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the INA Primary Policies, regardless of whether the alleged initial injury began during or before the policy periods of the INA Primary Policies.

**ANSWER:** Answering Defendants deny that Insurance Company of North America ("INA") is a corporation incorporated under the laws of the State of Delaware, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first three sentences of paragraph 7 and on that basis deny the allegations. To the extent paragraph 7 purports to characterize the terms and conditions of the alleged INA Primary Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

characterization that is inconsistent with their contents. Answering Defendants lack knowledge or information sufficient to form a belief as to which specific claims in Exhibit A, if any, are covered by or trigger the INA Primary Policies, and therefore deny the remaining allegations in paragraph 7. The allegations in subsection (ii) of paragraph 7 are legal conclusions to which no response is required, but Answering Defendants otherwise deny the allegations in subsection (ii) of paragraph 7. Answering Defendants deny the remaining allegations in paragraph 7.

8. On information and belief, Commercial Union/Armour Insurance Company ("Commercial Union") issued written primary policies of insurance to RCBO under Policy No. EF 9334-001 for the policy period October 25, 1970 to October 26, 1972; Policy No. EF 9334-003 for the policy period October 26, 1972 to October 26, 1973; and Policy No. EF 9334-008 for the policy period October 26, 1973 to December 1, 1975 (the "Commercial Union Policies"). Commercial Union accepted the defense of some of the underlying cases but then reported that it had been declared insolvent. RCBO is informed and believes and thereon alleges that all layers of insurance issued to RCBO by Commercial Union are insolvent and/or exhausted. RCBO is informed and believes and thereon alleges that defendant, the CALIFORNIA INSURANCE GUARANTEE ASSOCIATION ("CIGA"), assumed the responsibilities of Commercial Union regarding the Commercial Union Policies. CIGA, while not an insurer, is a statutory entity, created and existing pursuant to Article 14.2 of the California Insurance Code. The Commercial Union Policies are responsive to certain claims, including but not limited to the following claims as shown in Exhibit A:

i. Nos. 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 22, 23, 25, 26, 27, 29; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Commercial Union Policies, regardless of whether the alleged initial injury began during or before the policy periods of the Commercial Union Policies.

**ANSWER:** The allegations in paragraph 8 are not directed to the Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 8 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 8 is required, Answering Defendants lack knowledge or information sufficient to form a

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

belief as to the truth of those allegations and therefore deny the same.

9. INA issued a written excess policy of insurance to RCBO under Policy No. XBC 24312 for the period October 25, 1966 to October 25, 1970 (the "INA Excess Policy"). Specifically, the INA Excess Policy is responsive to certain claims, including but not limited to the following claims as shown in Exhibit A:

i. Nos. 15, 19, 23, 32, 39, 42, 43, 46, 48, 50, 52, 53, 57, 66, 68, 70, 74, 75, 77, 81, 83, 86, 87, 88, 90, 91, 98, 101, 102, 103, 105, 106, 107, 109, 129, 139, 142, 145, 147, 150, 159, 160, 175, 179, 185, 186, 187, 188, 190, 195, 196, 202, 205, 206, 207, 211, 214, 215, 218, 220, 232, 234, 235, 238, 239, 245, 251, 252, 253, 257, 264, 265, 268, 270, 279, 282, 285, 293, 303, 308, 325, 328, 336, 342, 348, 358, 360, 369, 378, 381, 385; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the INA Excess Policy, regardless of whether the alleged initial injury began during or before the policy periods of the INA Excess Policy.

**ANSWER:** Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 9 and on that basis deny the allegations. To the extent paragraph 9 purports to characterize the terms and conditions of the alleged INA Excess Policy, to the extent it exists, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants lack knowledge or information sufficient to form a belief as to which specific claims in Exhibit A, if any, are covered by or trigger the alleged INA Excess Policy, and therefore deny the remaining allegations in paragraph 9. The allegations in subsection (ii) of paragraph 9 are legal conclusions to which no response is required, but Answering Defendants otherwise deny the allegations in subsection (ii) of paragraph 9. Answering Defendants deny the remaining allegations in paragraph 9.

10. Defendant UNITED STATES FIRE INSURANCE is, on information and belief, a Delaware corporation which conducted business in this District (herein "U.S. Fire"). On information and belief, RCBO alleges that U.S. Fire issued a written policy of excess insurance to RCBO under Policy No. DCL 53 9820 for the period October 25, 1970 to October 25, 1971 (the

"U.S. Fire Policy"). Specifically, the U.S. Fire Policy is responsive to certain claims, including but not limited to the following claims as shown in Exhibit A:

i. Nos. 14, 15, 23, 27, 39, 42, 43, 66, 77, 81, 87, 99, 100, 101, 102, 103, 104, 105, 106, 110, 112, 123, 129, 145, 146, 153, 159, 175, 184, 185, 186, 187, 188, 190, 195, 196, 206, 207, 211, 213, 214, 215, 217, 218, 220, 221, 234, 235, 236, 246, 251, 265, 270, 271, 279, 293, 303, 304, 315, 326, 334, 342, 348, 365, 369, 374, 378, 385; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the U.S. Fire Policy, regardless of whether the alleged initial injury began during or before the policy periods of the U.S. Fire Policy.

**ANSWER:** The allegations in paragraph 10 are not directed to the Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 10 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 10 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

11. Defendant WESTPORT INSURANCE CORPORATION is, on information and belief, a Delaware corporation which conducted business in this District (herein "Westport"). On information and belief, RCBO alleges that Westport issued a written policy of excess insurance to RCBO under Policy No. U10255 for the period October 26, 1971 to October 26, 1974 (the "Westport Excess Policy"). Specifically, the Westport Excess Policy is responsive to certain claims, including but not limited to the following claims as shown in Exhibit A:

i. Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 16, 17, 22, 23, 25, 26, 28, 30, 31, 33, 35, 36, 37, 40, 41, 42, 43, 44, 47, 49, 54, 58, 59, 60, 66, 67, 72, 76, 77, 80, 81, 82, 85, 87, 94, 95, 96, 97, 101, 102, 105, 106, 112, 113, 115, 117, 123, 126, 129, 131, 135, 136, 143, 145, 146, 151, 153, 158, 159, 160, 162, 163, 164, 165, 167, 173, 175, 178, 180, 181, 182, 184, 185, 186, 187, 188, 190, 192, 196, 199, 200, 201, 205, 206, 207, 209, 211, 213, 215, 217, 218, 219, 221, 222, 223, 229, 235, 236, 243, 246, 251, 259, 260, 262, 269, 270, 271, 273, 294, 296, 297, 298, 302, 303, 304, 305, 315, 318, 320, 321, 233, 324, 325, 326, 327, 329, 330, 332, 333, 334, 343, 344, 346, 347, 348, 351, 353, 356, 361, 362, 367, 368, 369, 374, 375, 377, 382, 384, 385, 392, 394, 399, 401; and

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Westport Excess Policy, regardless of whether the alleged initial injury began during or before the policy periods of the Westport Excess Policy.

**ANSWER:** The allegations in paragraph 11 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 11 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 11 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

12. Defendant CONTINENTAL CASUALTY COMPANY is, on information and belief, a Delaware corporation which conducted business in this District (herein “CNA”). On information and belief, RCBO alleges that CNA issued written policies of excess insurance to RCBO under Policy No. RDU 146 74 50 for the period October 26, 1974 to December 1, 1977 and Policy No. UMB 006 46 71 53 for the period December 1, 1977 to December 1, 1980 (the “CNA Policies”). Specifically, the CNA Policies are responsive to certain claims, including but not limited to the following claims:

i. Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 13, 15, 16, 17, 19, 20, 21, 22, 25, 26, 29, 30, 31, 33, 34, 35, 37, 40, 41, 44, 47, 54, 56, 59, 63, 76, 80, 82, 83, 85, 86, 88, 92, 95, 96, 97, 99, 101, 102, 103, 105, 106, 110, 113, 115, 117, 121, 124, 126, 128, 131, 132, 140, 143, 144, 149, 151, 152, 154, 157, 158, 160, 163, 164, 165, 166, 168, 172, 173, 174, 178, 180, 181, 182, 183, 189, 190, 191, 192, 194, 198, 199, 200, 201, 203, 206, 207, 208, 209, 210, 211, 212, 213, 215, 216, 217, 224, 225, 229, 230, 244, 247, 249, 250, 251, 256, 258, 259, 266, 267, 272, 273, 274, 275, 278, 280, 284, 286, 287, 288, 294, 295, 296, 297, 298, 302, 304, 305, 306, 310, 317, 318, 321, 323, 324, 325, 327, 329, 332, 333, 335, 344, 345, 347, 349, 352, 353, 354, 356, 359, 361, 362, 367, 368, 370, 373, 374, 376, 377, 379, 380, 382, 384, 386, 388, 392, 393, 399, 402, 403; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the CNA Policies, regardless of whether the alleged initial injury began during or before the policy periods of the CNA Policies.

**ANSWER:** The allegations in paragraph 12 are not directed to Answering Defendants, and

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

thus no response is required. The allegations in subsection (ii) of paragraph 12 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 12 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

13. On information and belief, Industrial Indemnity issued a written policy of excess insurance to RCBO under Policy No. JU 8312510 for the period December 1, 1980 to December 1, 1981, and WESTCHESTER FIRE INSURANCE COMPANY ("Westchester") assumed all the obligations under said policy (the "Westchester Policy"). Specifically, the Westchester Policy is responsive to certain claims, including but not limited to the following claims:

i. Nos. 10, 19, 28, 33, 35, 61, 64, 104, 133, 140, 154, 157, 166, 180, 189, 191, 193, 194, 208, 212, 224, 225, 227, 244, 250, 251, 261, 267, 296, 317, 319, 352, 354, 367, 370, 373, 376; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Westchester Policy, regardless of whether the alleged initial injury began during or before the policy periods of the Westchester Policy.

**ANSWER:** Answering Defendants admit that Industrial Indemnity issued a written policy of excess insurance to RCBO under Policy No. JU 8312510 for the period December 1, 1980 to December 1, 1981, but lack knowledge or information sufficient to form a belief as to the remaining allegations in the first sentence of paragraph 13 and on that basis deny the allegations. To the extent paragraph 13 purports to characterize the terms and conditions of the alleged Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants lack knowledge or information sufficient to form a belief as to which specific claims in Exhibit A, if any, are covered by or trigger the Westchester Policy, and therefore deny the remaining allegations in paragraph 13. The allegations in subsection (ii) of paragraph 13 are legal conclusions to which no response is required, but Answering Defendants otherwise deny the allegations in subsection (ii) of paragraph 13. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 13.

14. On information and belief, CERTAIN UNDERWRITERS AT LLOYD'S,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

LONDON, SUBSCRIBING SEVERALLY AND NOT JOINTLY TO SLIP NO. CU 1001 ISSUED TO THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, AND NO. K 78138 ISSUED TO THE ROMAN CATHOLIC BISHOP OF OAKLAND ("Lloyd's Excess") issued written policies of excess insurance to RCBO under Policies No. CU 1001 for the period March 12, 1962 to October 25, 1963, and K 78131 for the period October 25, 1963 to October 25, 1966 (the "Lloyd's Excess Policies"). Specifically, the Lloyd's Excess Policies are responsive to certain claims, including but not limited to the following claims:

i. Nos. 15, 42, 45, 48, 57, 65, 74, 75, 79, 98, 114, 119, 120 137, 142, 147, 150, 155, 176, 177, 185, 187, 197, 202, 204, 214, 233, 239, 252, 257, 299, 307, 308, 328, 360, 381, 383, 391; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Lloyd's Excess Policies, regardless of whether the alleged initial injury began during or before the policy periods of the Lloyd's Excess Policies.

**ANSWER:** The allegations in paragraph 14 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 14 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 14 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

15. On information and belief, CATALINA WORTHING INSURANCE LTD F/K/A HFPI (AS PART VII TRANSFEREE OF EXCESS INSURANCE CO. LTD.) ("Excess Insurance Co.") issued written policies of excess insurance to RCBO under Policies No. CU 1001 for the period March 12, 1962 to October 25, 1963, and K 78131 for the period October 25, 1963 to October 25, 1966 (the "Excess Insurance Co. Policies"). Specifically, the Excess Insurance Co. Policies are responsive to certain claims, including but not limited to the following claims:

i. Nos. 15, 42, 45, 48, 57, 65, 74, 75, 79, 98, 114, 119, 120 137, 142, 147, 150, 155, 176, 177, 185, 187, 197, 202, 204, 214, 233, 239, 252, 257, 299, 307, 308, 328, 360, 381, 383, 391; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Excess Insurance Co. Policies, regardless of whether the alleged initial injury began during or before the policy periods of the Excess Insurance Co.

Policies.

**ANSWER:** The allegations in paragraph 15 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 15 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 15 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

16. On information and belief, DOMINION INSURANCE COMPANY LIMITED ("Dominion") issued written policies of excess insurance to RCBO under Policies No. CU 1001 for the period March 12, 1962 to October 25, 1963, and K 78131 for the period October 25, 1963 to October 25, 1966 (the "Dominion Policies"). Specifically, the Dominion Policies are responsive to certain claims, including but not limited to the following claims:

i. Nos. 15, 42, 45, 48, 57, 65, 74, 75, 79, 98, 114, 119, 120 137, 142, 147, 150, 155, 176, 177, 185, 187, 197, 202, 204, 214, 233, 239, 252, 257, 299, 307, 308, 328, 360, 381, 383, 391; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Dominion Policies, regardless of whether the alleged initial injury began during or before the policy periods of the Dominion Policies.

**ANSWER:** The allegations in paragraph 16 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 16 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 16 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

17. On information and belief, the OCEAN MARINE INSURANCE COMPANY LIMITED (AS PART VII TRANSFEREE OF THE WORLD AUXILIARY INSURANCE CORPORATION LIMITED) ("World Auxiliary") issued a written policy of excess insurance to RCBO under Policy No. CU 1001 for the period March 12, 1962 to October 25, 1963 (the "World Auxiliary Policy"). Specifically, the World Auxiliary Policy is responsive to certain claims, including but not limited to the following claims:

i. Nos. 15, 45, 57, 65, 79, 119, 120, 155, 176, 177, 187, 204, 299, 307, 381, 383, 391; and

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the World Auxiliary Policy, regardless of whether the alleged initial injury began during or before the policy periods of the World Auxiliary Policy.

**ANSWER:** The allegations in paragraph 17 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 17 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 17 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

18. On information and belief, the ENGLISH & AMERICAN INSURANCE COMPANY LIMITED ("English & American") issued a written policy of excess insurance to RCBO under Policy No. CU 1001 for the period March 12, 1962 to October 25, 1963 (the "English & American Policy"). Specifically, the English & American Policy is responsive to certain claims, including but not limited to the following claims:

i. Nos. 15, 45, 57, 65, 79, 119, 120, 155, 176, 177, 187, 204, 299, 307, 381, 383, 391; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the English & American Policy, regardless of whether the alleged initial injury began during or before the policy periods of the English & American Policy.

**ANSWER:** The allegations in paragraph 18 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 18 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 18 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

19. On information and belief, the RIVER THAMES INSURANCE COMPANY LIMITED ("River Thames") issued a written policy of excess insurance to RCBO under Policy No. CU 1001 for the period March 12, 1962 to October 25, 1963 (the "River Thames Policy"). Specifically, the River Thames Policy is responsive to certain claims, including but not limited to the following claims:

i. Nos. 15, 45, 57, 65, 79, 119, 120, 155, 176, 177, 187, 204, 299, 307, 381, 383, 391; and

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the River Thames Policy, regardless of whether the alleged initial injury began during or before the policy periods of the River Thames Policy.

**ANSWER:** The allegations in paragraph 19 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 19 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 19 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

20. On information and belief, COMPANHIA DE SEGUROS FIDELIDADE SA F/K/A FIDELIDADE INSURANCE COMPANY OF LISBON, SUBSCRIBING TO SLIP NO. K 78138 ISSUED TO THE ROMAN CATHOLIC BISHOP OF OAKLAND ("Fidelidade") subscribed for a percentage participation of a written policy of excess insurance to RCBO under Policy Slip No. K 78131 for the period October 25, 1963 to October 25, 1966 (the "Fidelidade Excess Policy"). Specifically, the Fidelidade Excess Policy is responsive to certain claims, including but not limited to the following:

i. Nos. 15, 42, 45, 48, 65, 74, 75, 79, 98, 114, 120, 137, 142, 147, 150, 155, 176, 185, 187, 197, 202, 204, 214, 233, 239, 252, 257, 299, 307, 308, 328, 360, 381, 383; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Fidelidade Excess Policy, regardless of whether the alleged initial injury began during or before the policy periods of the Fidelidade Excess Policy.

**ANSWER:** The allegations in paragraph 20 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 20 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 20 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

21. Defendant Westport is, on information and belief, a Delaware corporation which conducted business in this District. On information and belief RCBO alleges that Westport issued a written umbrella policy of insurance to RCBO under Policy No. PLE20430 for the period

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

October 16, 1974 to October 16, 1977 (the "Westport Umbrella Policy"). Specifically, the Westport Umbrella Policy is responsive to certain claims, including but not limited to the following claims:

i. Nos. 20, 28, 83, 88, 140, 144, 174, 189, 249, 267, 295, 310, 323, 373, 388; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Westport Umbrella Policy, regardless of whether the alleged initial injury began during or before the policy periods of the Westport Umbrella Policy.

**ANSWER:** The allegations in paragraph 21 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 21 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 21 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

22. Defendant Travelers is, on information and belief, a Connecticut corporation which conducted business in this District. On information and belief RCBO alleges that Travelers issued written umbrella polices of insurance to RCBO under Policy No. 05 XN 55 WCA for the period December 1, 1977 to February 1, 1979; Policy No. 05 XN 75 WCA for the period February 1, 1979 to December 1, 1979 and Policy No. 05 XN 87 WCA for the period December 1, 1979 to December 1, 1981 (the "Travelers Umbrella Policies"). Specifically, the Travelers Umbrella Policies are responsive to certain claims, including but not limited to the following claims:

i. Nos. 10, 21, 29, 33, 35, 56, 61, 64, 71, 82, 83, 86, 92, 95, 96, 97, 99, 101, 102, 103, 104, 105, 106, 110, 115, 117, 121, 124, 126, 128, 131, 132, 133, 140, 149, 152, 154, 157, 158, 163, 166, 168, 174, 180, 181, 183, 189, 191, 192, 193, 194, 198, 203, 206, 208, 210, 212, 216, 224, 225, 227, 230, 243, 244, 247, 250, 251, 256, 258, 261, 266, 267, 272, 273, 274, 296, 297, 298, 310, 317, 318, 319, 321, 323, 345, 349, 352, 354, 359, 367, 370, 373, 374, 376, 379; 380, 384, 386, 402, 403; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Travelers Umbrella Policies, regardless of whether the alleged initial injury began during or before the policy periods of the Travelers Umbrella Policies.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 22 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 22 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 22 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

23. Defendant PACIFIC EMPLOYERS INSURANCE ("Pacific Employers") is, on information and belief, a Delaware corporation which conducted business in this District. On information and belief RCBO alleges that Pacific Employers issued a written umbrella policy of insurance to RCBO under Policy No. XCC 01 2405 for the period March 13, 1985 to December 1, 1985 (the "Pacific Employers Policy"). Specifically, the Pacific Employers Policy is responsive to certain claims, including but not limited to the following claims:

i. Nos. 12, 51, 73, 80, 118, 127, 130, 141, 171, 225, 228, 254, 314, 338, 339, 350, 363, 407; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Pacific Employers Policy, regardless of whether the alleged initial injury began during or before the policy periods of the Pacific Employers Policy.

**ANSWER:** Answering Defendants deny that Pacific Employers Insurance Company is incorporated under the laws of the State of Delaware. Answering Defendants admit that Pacific Employers issued a written policy of insurance to RCBO under Policy No. XCC 01 2405 for the period March 13, 1985 to December 1, 1985, but deny RCBO's characterization of the policy as an "umbrella" policy. To the extent paragraph 23 purports to characterize the terms and conditions of the alleged Pacific Employers Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants lack knowledge or information sufficient to form a belief as to which specific claims in Exhibit A, if any, are covered by or trigger the Pacific Employers Policy, and therefore deny the remaining allegations in paragraph 23. The allegations in subsection (ii) of paragraph 23 are legal conclusions to which no response is required, but Answering Defendants otherwise deny the allegations in subsection (ii) of paragraph 23. Except as expressly admitted herein, Answering

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Defendants deny the allegations in paragraph 23.

24. On information and belief, R&Q GAMMA COMPANY LIMITED (AS PART VII TRANSFEREE OF ANGLO FRENCH LTD.) ("Anglo French Umbrella") issued written policies of umbrella insurance to RCBO under Slip No. K 66034 for the period March 12, 1962 to October 25, 1963, and CU 3061 for the period October 25, 1963 to October 25, 1966 (the "Anglo French Umbrella Policies"). Specifically, the Anglo French Umbrella Policies are responsive to certain claims, including but not limited to the following claims:

i. Nos. 15, 42, 45, 48, 57, 65, 74, 75, 79, 98, 114, 119, 120 137, 142, 147, 150, 155, 176, 177, 185, 187, 197, 202, 204, 214, 233, 239, 252, 257, 299, 307, 308, 328, 360, 381, 383, 391; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Anglo French Umbrella Policies, regardless of whether the alleged initial injury began during or before the policy periods of the Anglo French Umbrella Policies.

**ANSWER:** The allegations in paragraph 24 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 24 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 24 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

25. On information and belief, Excess Insurance Co. ("Excess Insurance Co. Umbrella") issued written policies of umbrella insurance to RCBO under Slip No. K 66034 for the period March 12, 1962 to October 25, 1963, and CU 3061 for the period October 25, 1963 to October 25, 1966 (the "Excess Insurance Co. Umbrella Policies"). Specifically, the Excess Insurance Co. Umbrella Policies are responsive to certain claims, including but not limited to the following claims:

i. Nos. 15, 42, 45, 48, 57, 65, 74, 75, 79, 98, 114, 119, 120 137, 142, 147, 150, 155, 176, 177, 185, 187, 197, 202, 204, 214, 233, 239, 252, 257, 299, 307, 308, 328, 360, 381, 383, 391; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Excess Insurance Co. Umbrella Policies, regardless of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

whether the alleged initial injury began during or before the policy periods of the Excess Insurance Co. Umbrella Policies.

**ANSWER:** The allegations in paragraph 25 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 25 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 25 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

26. On information and belief, English & American ("English & American Umbrella") issued written policies of umbrella insurance to RCBO under Slip No. K 66034 for the period March 12, 1962 to October 25, 1963, and CU 3061 for the period October 25, 1963 to October 25, 1966 (the "English & American Umbrella Policies"). Specifically, the English & American Umbrella Policies are responsive to certain claims, including but not limited to the following claims:

i. Nos. 15, 42, 45, 48, 57, 65, 74, 75, 79, 98, 114, 119, 120 137, 142, 147, 150, 155, 176, 177, 185, 187, 197, 202, 204, 214, 233, 239, 252, 257, 299, 307, 308, 328, 360, 381, 383, 391; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the English & American Umbrella Policies, regardless of whether the alleged initial injury began during or before the policy periods of the English & American Umbrella Policies.

**ANSWER:** The allegations in paragraph 26 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 26 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 26 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

27. On information and belief, the LONDON AND OVERSEAS INSURANCE COMPANY LIMITED ("London & Overseas Umbrella") issued written policies of umbrella insurance to RCBO under Slips No. K 66034 for the period March 12, 1962 to October 25, 1963, and CU 3061 for the period October 25, 1963 to October 25, 1966 (the "London & Overseas

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Umbrella Policies"). Specifically, the London & Overseas Umbrella Policies are responsive to certain claims, including but not limited to the following claims:

i. Nos. 15, 42, 45, 48, 57, 65, 74, 75, 79, 98, 114, 119, 120 137, 142, 147, 150, 155, 176, 177, 185, 187, 197, 202, 204, 214, 233, 239, 252, 257, 299, 307, 308, 328, 360, 381, 383, 391; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the London & Overseas Umbrella Policies, regardless of whether the alleged initial injury began during or before the policy periods of the London & Overseas Umbrella Policies.

**ANSWER:** The allegations in paragraph 27 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 27 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 27 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

28. On information and belief, the ORION INDEMNITY COMPANY ("Orion Umbrella") issued written policies of umbrella insurance to RCBO under Slip No. K 66034 for the period March 12, 1962 to October 25, 1963, and CU 3061 for the period October 25, 1963 to October 25, 1966 (the "Orion Indemnity Umbrella Policies"). Specifically, the Orion Indemnity Umbrella Policies are responsive to certain claims, including but not limited to the following claims:

i. Nos. 15, 42, 45, 48, 57, 65, 74, 75, 79, 98, 114, 119, 120 137, 142, 147, 150, 155, 176, 177, 185, 187, 197, 202, 204, 214, 233, 239, 252, 257, 299, 307, 308, 328, 360, 381, 383, 391; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Orion Indemnity Umbrella Policies, regardless of whether the alleged initial injury began during or before the policy periods of the Orion Indemnity Umbrella Policies.

**ANSWER:** The allegations in paragraph 28 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 28 are legal conclusions to which no response is required. To the extent a response to the allegations in

paragraph 28 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

29. On information and belief, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING SEVERALLY AND NOT JOINTLY TO SLIP NO. K 66034 ISSUED TO THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, AND NO. CU 3061 ISSUED TO THE ROMAN CATHOLIC BISHOP OF OAKLAND ("Lloyd's Umbrella") issued written policies of umbrella insurance to RCBO under Policies No. K 66034 for the period March 12, 1962 to October 25, 1963, and CU 3061 for the period October 25, 1963 to October 25, 1966 (the "Lloyd's Umbrella Policies"). Specifically, the Lloyd's Umbrella Policies are responsive to certain claims, including but not limited to the following claims:

i. Nos. 15, 42, 45, 48, 57, 65, 74, 75, 79, 98, 114, 119, 120 137, 142, 147, 150, 155, 176, 177, 185, 187, 197, 202, 204, 214, 233, 239, 252, 257, 299, 307, 308, 328, 360, 381, 383, 391; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the Lloyd's Umbrella Policies, regardless of whether the alleged initial injury began during or before the policy periods of the Lloyd's Umbrella Policies.

**ANSWER:** The allegations in paragraph 29 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 29 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 29 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

30. Defendant AMERICAN HOME ASSURANCE COMPANY ("AHAC") is, on information and belief, a New York corporation which conducted business in this District. On information and belief, RCBO alleges that AHAC issued a written excess policy of insurance to RCBO under Policy No. CE 35-60-94 for the period November 15, 1971, to October 26, 1974 (the "AHAC Policy"). Specifically, the AHAC Policy is responsive to certain claims, including but not limited to the following claims:

i. Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 16, 17, 22, 23, 25, 26, 28, 30, 31, 33, 35, 36, 37, 40, 41, 42, 43, 44, 47, 49, 54, 58, 59, 60, 66, 67, 72, 76, 77, 80, 81, 82, 85, 87, 94, 95, 96, 97, 101,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

102, 105, 106, 112, 113, 115, 117, 123, 126, 129, 131, 135, 136, 143, 145, 146, 151, 153, 158, 159, 160, 162, 163, 164, 165, 167, 173, 175, 178, 180, 181, 182, 184, 185, 186, 187, 188, 190, 192, 196, 199, 200, 201, 205, 206, 207, 209, 211, 213, 215, 217, 218, 219, 221, 222, 223, 229, 235, 236, 243, 246, 251, 259, 260, 262, 269, 270, 271, 273, 294, 296, 297, 298, 302, 303, 304, 305, 315, 318, 320, 321, 233, 324, 325, 326, 327, 329, 330, 332, 333, 334, 343, 344, 346, 347, 348, 351, 353, 356, 361, 362, 367, 368, 369, 374, 375, 377, 382, 384, 385, 392, 394, 399, 401; and

ii. All claims that allege continuous or progressive injury occurring at least in part during one or more of the policy periods of the AHAC Policy, regardless of whether the alleged initial injury began during or before the policy period(s) of the AHAC Policy.

**ANSWER:** The allegations in paragraph 30 are not directed to Answering Defendants, and thus no response is required. The allegations in subsection (ii) of paragraph 30 are legal conclusions to which no response is required. To the extent a response to the allegations in paragraph 30 is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny the same.

**FACTUAL BACKGROUND COMMON TO ALL DEFENDANTS**

31. On June 22, 2023, the Plaintiff filed the First Amended Complaint for declaratory relief and breach of contract, seeking to litigate the Plaintiff's claims against numerous of its historical insurance carriers. [Docket No. 2 with attached Exhibit and Attachment (collectively, the "First Amended Complaint")]. On December 18, 2023, the Plaintiff filed the Second Amended Complaint for declaratory relief, breach of contract, and breach of statutory duty to address issues raised in various motions to dismiss, per the Court's order. On January 12, 2024, the Plaintiff filed the Third Amended Complaint for declaratory relief, breach of contract, and breach of statutory duty to include additional insurers that it alleges are liable to provide indemnity and/or defense of the underlying complaints.

**ANSWER:** To the extent the allegations in paragraph 31 are not directed to Answering Defendants, no response is required. To the extent a response is required, Answering Defendants respond that the referenced documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants further respond that

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the allegations in paragraph 31 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that RCBO filed the First Amended Complaint on June 22, 2023, the Second Amended Complaint on December 18, 2023, and the Third Amended Complaint on January 12, 2024. Answering Defendants deny that any of RCBO's complaints in this action stated valid causes of action against any of the Answering Defendants. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 31.

32. The Plaintiff filed a Fifth Amended Complaint to, among other things, include additional factual detail as the Court ordered on July 11, 2024.

**ANSWER:** To the extent the allegations in paragraph 32 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations in paragraph 32 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that RCBO filed a Fifth Amended Complaint, but aver that it did so on October 7, 2024. Except as expressly admitted or averred herein, Answering Defendants deny the allegations in paragraph 32.

33. The Plaintiff files this Sixth Amended Complaint for two purposes. First, the Sixth Amended Complaint clarifies expressly that each of the Plaintiff's policies are triggered not only by claims alleging abuse during the applicable policy period and by claims alleging injury during the policy period, but also by claims alleging an initial injury beginning prior to the applicable policy period, if the plaintiff alleges continuous or progressive injury thereafter. Under California's "continuous injury" trigger of coverage, "'[t]here is no requirement that . . . the conditions giving rise to the damage or injury . . . themselves occur within the policy period in order for potential liability coverage to arise.' . . . '[B]odily injury and property damage which is continuous or progressively deteriorating throughout several policy periods is potentially covered by all policies in effect during those periods.'" Montrose Chem. Corp. v. Superior Court, 9 Cal. 5th 215, 227 (2020).

**ANSWER:** To the extent the allegations in paragraph 33 are not directed to Answering Defendants, no response is required. The allegations of paragraph 33 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Answering

Defendants deny each and every allegation of paragraph 33.

34. Second, the Sixth Amended Complaint includes additional causes of action for breach of the implied duty of good faith and fair dealing against Insurer Defendants. These claims are based on Insurer Defendants' failure to accept and participate in reasonable opportunities to resolve covered claims within applicable policy limits. Against Pacific Indemnity, INA, Westchester and Pacific Employers (collectively, "Chubb"), an additional claim is based on its participation in an online campaign which directly contradicts its duty of loyalty to its insured, the Plaintiff. The Sixth Amended Complaint also incorporates RCBO's causes of action against American Home Assurance Company, which previously were proceeding under a separate complaint.

**ANSWER:** Answering Defendants object to Plaintiff's use of the term "Chubb" to refer to all four Answering Defendants in this action. Answering Defendants are separate legal entities. Plaintiff's use of "Chubb" throughout its Complaint prevents Answering Defendants from determining which allegations are directed toward each of Pacific Indemnity, Century, Westchester, and Pacific Employers. To the extent the allegations in paragraph 34 are not directed to Answering Defendants, no response is required. The allegations of paragraph 34 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Answering Defendants deny that the Complaint alleges valid causes of action for breach of the implied duty of good faith and fair dealing against the Answering Defendants, deny that RCBO is entitled to any relief, deny that the Answering Defendants "fail[ed] to accept and participate in reasonable opportunities to resolve covered claims within applicable policy limits," and further deny that the Answering Defendants "participat[ed] in an online campaign which directly contradicts its duty of loyalty to its insured, the Plaintiff." Answering Defendants deny the remaining allegations in paragraph 34.

35. RCBO has been named in more than 350 complaints primarily filed in the Alameda Superior Court as well as proofs of claim filed in the Bankruptcy Court seeking recovery for alleged negligent supervision and hiring of certain clerical and ministerial personnel over a period of decades. These suits and proofs of claim (collectively referred to as the "Suits") have been filed

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

as a result of California's passing of AB 218, which extended the statute of limitations for the filing of similar civil actions.

**ANSWER:** To the extent the allegations in paragraph 35 are not directed to Answering Defendants, no response is required. To the extent a response is required, Answering Defendants admit, on information and belief, that "Doe Diocese" has been named in complaints filed in the Alameda Superior Court, which was subsequently identified as RCBO. Answering Defendants deny that the underlying Suits are limited to claims for negligent supervision and negligent hiring. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35 and therefore deny the same. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 35.

36. The underlying plaintiffs allege abuse by certain clerical or ministerial personnel many years ago, including improper physical contact and bodily injury, and further allege, or could allege, continuous or progressive injury thereafter. Each insurance policy in effect when initial physical contact with a claimant occurred, and each insurance policy in effect thereafter, owes a duty to defend and/or indemnify RCBO against the claimant's Suit.

**ANSWER:** To the extent the allegations in paragraph 36 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations in paragraph 36 contain legal conclusions, arguments, or opinions to which no response is required. To the extent a response is required, Answering Defendants admit that certain underlying plaintiffs allege abuse by certain clerical or ministerial personnel. Answering Defendants deny the remaining allegations in paragraph 36. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 36.

37. Although section 362 of the Bankruptcy Code provides for an automatic stay of the Suits and of additional lawsuits against the Plaintiff, RCBO is informed, and believes, that additional suits may be filed and/or served after the filing of this proceeding and RCBO will update the list as reflected in Exhibit A to reflect all such cases as appropriate.

**ANSWER:** To the extent the allegations in paragraph 37 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations in

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 37 state a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and therefore deny the same.

38. RCBO has maintained insurance coverage through a series of primary, excess, and umbrella insurers from the early 1960s through the present time as alleged above.

**ANSWER:** To the extent the allegations in paragraph 38 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations in paragraph 38 state a legal conclusion to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and on that basis deny the allegations.

39. RCBO has tendered through its broker (i.e., "AJG" as designated in Exhibit A) both RCBO's defense and indemnity of the Suits under all applicable insurance policies to the associated Defendants that issued those policies and were not insolvent.

**ANSWER:** To the extent the allegations in paragraph 39 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that they received notice of certain claims from RCBO and/or its broker. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39, including those concerning other insurers, and therefore deny the same. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 39.

## FIRST CAUSE OF ACTION

## (Declaratory Relief Against Pacific Indemnity – Primary)

40. RCBO realleges and incorporates herein Paragraphs 1 through 39 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 39 as if fully set forth herein.

41. To state a claim for a declaratory judgment, a party needs to plead an actual

controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 41 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations of paragraph 41.

42. An actual and justiciable controversy exists between RCBO and Pacific Indemnity with respect to whether Pacific Indemnity is obligated to provide RCBO with indemnity under the Pacific Indemnity Policies regarding the subset of the Suits for which RCBO alleges Pacific Indemnity is obligated to provide RCBO with indemnity, as set forth in Paragraph 5 (the “Pacific Indemnity Covered Claims”).

**ANSWER:** The allegations in paragraph 42 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Indemnity has agreed to participate in the defense of certain of the alleged Pacific Indemnity Covered Claims, subject to a full reservation of rights. To the extent that paragraph 42 purports to characterize the terms and conditions of the Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants further deny that “Pacific Indemnity is obligated to provide RCBO with indemnity under the Pacific Indemnity Policies regarding the subset of the Suits for which RCBO alleges Pacific Indemnity is obligated to provide RCBO with indemnity” and deny the remaining allegations of paragraph 42. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 42.

43. Pursuant to the terms of the Pacific Indemnity Policies, Pacific Indemnity is obligated to, among other things, indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Pacific Indemnity Covered Claims.

**ANSWER:** The allegations in paragraph 43 contain legal conclusions to which no response is required.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

response is required. To the extent a response is required, Answering Defendants admit that Pacific Indemnity has agreed to participate in the defense of certain of the alleged Pacific Indemnity Covered Claims, subject to a full reservation of rights. To the extent that paragraph 43 purports to characterize the terms and conditions of the Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants further deny that "Pacific Indemnity is obligated to, among other things, indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Pacific Indemnity Covered Claims" and deny the remaining allegations of paragraph 43. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 43.

44. RCBO has fully satisfied all conditions required under the Pacific Indemnity Policies, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 44 contain legal conclusions to which no response is required. To the extent that paragraph 44 purports to characterize the terms and conditions of the Pacific Indemnity Policies, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants deny that "RCBO has fully satisfied all conditions required under the Pacific Indemnity Policies" and deny that RCBO "is otherwise excused from doing so." Answering Defendants deny any remaining allegations in paragraph 44.

45. RCBO's broker and/or RCBO tendered the Pacific Indemnity Covered Claims to Pacific Indemnity on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 45 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Indemnity received notice of certain claims from RCBO and/or its broker. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 and in Exhibit A and therefore deny the same.

46. Pacific Indemnity has agreed to provide a defense to RCBO for the Pacific Indemnity Covered Claims under a reservation of rights.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 46 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Indemnity has agreed to participate in the defense of certain of the alleged Pacific Indemnity Covered Claims, subject to a full reservation of rights. Answering Defendants further respond that Pacific Indemnity's reservation of rights letters speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 46.

47. Pacific Indemnity's reservation of rights includes Pacific Indemnity's position that it may deny coverage on the following bases:

i. RCBO "has not met its burden of establishing the material terms and conditions of the [Pacific Indemnity Policies]."

ii. "Any alleged personal injury taking place outside the effective dates of coverage [is] not [] covered."

iii. For certain claims, Pacific Indemnity contends it "has not located any evidence of the existence of any policies issued to [RCBO] during the period when the plaintiffs or claimants allege they were abused."

iv. The Pacific Indemnity Policies "may have been exhausted through the settlement of claims in connection with prior litigation involving [RCBO]."

v. "To the extent emotional distress is alleged without any physical injury, there is no coverage."

vi. "To the extent [RCBO] is liable for damages not resulting from 'bodily injury,' there would be no coverage."

vii. "To the extent the evidence demonstrates that [RCBO] 'expected or intended' injury to the subject claimant, coverage will be barred."

viii. The alleged conduct may also be "excluded as uninsurable willful conduct pursuant to California Insurance Code § 533."

ix. "To the extent [RCBO] breached any notice provision contained in the 1963-1966 Pacific Indemnity Primary Policies, there is no coverage."

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

x. The Pacific Indemnity Primary Policies "may also contain additional exclusions that exclude coverage for damages arising out of sexual abuse."

**ANSWER:** Answering Defendants admit that Pacific Indemnity has issued reservation of rights letters for the alleged Pacific Indemnity Covered Claims, which include certain bases on which coverage may be denied. To the extent certain subparts of paragraph 47 purport to quote from the reservation of rights letters, those letters speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 47.

48. In addition, Pacific Indemnity reserved further rights to deny coverage as follows:

i. Pacific Indemnity "reserves rights to the extent the [Pacific Indemnity Policies are] exhausted and [it has] no further defense or indemnity obligations under the [Policies]."

ii. "The right to the extent that limits are reduced in connection with settlement of prior claims."

iii. "To the extent that [RCBO] knew of any of the abuse alleged by claimants prior to the effective date of the settlement agreement, Pacific Indemnity reserves the right to deny coverage to the extent that any of the claims were released as part of [a prior] settlement."

iv. "The right to assert the [] limit of liability" based on damages "as the result of any one occurrence."

v. The right "to determine the number of claim(s) and/or occurrence(s) that exist in this matter, if any."

vi. The right "to deny coverage under the 1963-55 Pacific Indemnity Primary Policy for any amounts that are uninsurable pursuant to applicable law."

**ANSWER:** Answering Defendants admit that Pacific Indemnity has issued reservation of rights letters for the alleged Pacific Indemnity Covered Claims, which include certain bases on which coverage may be denied. To the extent certain subparts of paragraph 48 purport to quote from the reservation of rights letters, those letters speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 48.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

49. It is RCBO's position that the above reservations of rights are without both factual and legal merit.

**ANSWER:** Answering Defendants respond that paragraph 49 does not allege facts that Answering Defendants are required to admit or deny. To the extent a response is required, Answering Defendants deny that Pacific Indemnity's reservations of rights "are without both factual and legal merit." Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 49 and deny that allegation on that basis.

50. For example, Pacific Indemnity has reserved its right to deny its indemnity obligation under the Pacific Indemnity Policies on the grounds that the Pacific Indemnity Covered Claims allege injuries that were "'expected' or 'intended' from the standpoint of the RCBO" or that do not constitute covered "'bodily injury.'" Such defenses to indemnity do not apply because the Pacific Indemnity Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Pacific Indemnity Policies define that term, within the Pacific Indemnity Policy's coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Pacific Indemnity Covered Claims.

i. Claim 74 includes negligence allegations that RCBO "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection whatsoever, and continued to make Plaintiff accessible to the DOE PERPETRATOR for the purposes of sexual assault" (¶ 65) and "failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83), and that such negligence caused the plaintiff bodily injury, including "severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 75).

ii. Claim 142 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting

Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

iii. Claim 197 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

iv. Claim 245 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 88).

v. Claim 360 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 99).

**ANSWER:** The allegations in paragraph 50 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Pacific Indemnity has issued reservation of rights letters for the alleged Pacific Indemnity Covered Claims, which include certain bases on which coverage may be denied. To the extent paragraph 50 purports to quote or characterize the reservation of rights letters or the alleged Pacific Indemnity Policies, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the underlying Suits and claims are limited to claims for negligence and bodily injury. To the extent subparts (i) through (v) purport to quote or characterize complaints or other documents from the underlying Suits or claims, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 50.

51. The remaining Pacific Indemnity Covered Claims not listed in Paragraph 50 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Pacific Indemnity Policies define that term.

**ANSWER:** The allegations in paragraph 51 contain legal conclusions to which no response is required. Answering Defendants further respond that to the extent that paragraph 51 purports to characterize the allegations from certain underlying complaints and/or the terms of the Pacific Indemnity Policies, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants deny that the underlying Suits and claims are limited to claims for negligence and physical harm or bodily injury. Answering Defendants deny the remaining allegations in paragraph 51.

52. The asserted reservations of rights set forth in Paragraphs 47 and 48 do not provide Pacific Indemnity valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Pacific Indemnity Covered Claims under the Pacific Indemnity Policies as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Pacific Indemnity Covered Claims present covered claims which are legally insurable. Further,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

RCBO has not received any notice that the limits of liability of the Pacific Indemnity Policies have been exhausted or that limits have been reduced.

**ANSWER:** The allegations in paragraph 52 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Indemnity has issued reservation of rights letters for the alleged Pacific Indemnity Covered Claims, which include certain bases on which coverage may be denied. Answering Defendants admit that Pacific Indemnity has not issued a notice that the alleged Pacific Indemnity Policies have been exhausted or that the limits have been reached. To the extent paragraph 52 purports to quote or characterize the reservation of rights letters, the terms and conditions of the Pacific Indemnity Policies, to the extent they exist, and/or the allegations from certain underlying complaints, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the underlying Suits and claims are limited to claims for negligence and bodily injury. Answering Defendants further deny that there is any obligation to “confirm indemnity” in the absence of settlements or judgments in the Pacific Indemnity Covered Claims. Except as expressly admitted herein, Answering Defendants otherwise deny the allegations in paragraph 52.

53. Pacific Indemnity has improperly denied and/or failed to provide indemnity for the Pacific Indemnity Covered Claims, as required under the Pacific Indemnity Policies. See Exhibit A. RCBO continues to seek indemnity from Pacific Indemnity under the Pacific Indemnity Policies.

**ANSWER:** The allegations in paragraph 53 contain legal conclusions to which no response is required. To the extent paragraph 53 purports to characterize the terms and conditions of the Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants deny that Pacific Indemnity had an obligation “to provide indemnity for the Pacific Indemnity Covered Claims” in the absence of settlements or judgments in the Pacific Indemnity Covered Claims. Answering Defendants deny the remaining allegations in paragraph 53.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

54. The Pacific Indemnity Policies provide coverage for, and do not exclude, the Pacific Indemnity Covered Claims, and Pacific Indemnity is obligated to defend and indemnify RCBO against any settlement or judgment resolving, the Pacific Indemnity Covered Claims.

**ANSWER:** The allegations in paragraph 54 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 54. To the extent paragraph 54 purports to characterize the terms and conditions of the Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents.

55. The Pacific Indemnity Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** Answering Defendants respond that paragraph 55 does not allege facts that Answering Defendants are required to admit or deny. To the extent a response is required, Answering Defendants deny the allegations in paragraph 55.

56. RCBO sent Pacific Indemnity a letter on May 30, 2024, demanding Pacific Indemnity indemnify RCBO for the Pacific Indemnity Covered Claims up to the policy limits under the Pacific Indemnity Policies (the "Pacific Indemnity Policy Limits Letter").

**ANSWER:** The allegations in paragraph 56 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Indemnity received a letter dated May 30, 2024 from RCBO. To the extent that paragraph 56 purports to characterize the May 30, 2024 letter and/or the terms and conditions of the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the May 30, 2024 letter constituted a "demand." Except as expressly admitted herein, Answering Defendants otherwise deny the allegations in paragraph 56.

57. Pacific Indemnity failed to respond to the Pacific Indemnity Policy Limits Letter confirming it will indemnify RCBO, and thereby has failed to provide the benefits of the Pacific Indemnity Policies to RCBO.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 57 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants aver that Pacific Indemnity timely responded to RCBO's May 30, 2024 letter and deny that Pacific Indemnity had an obligation to "confirm[] it [would] indemnify RCBO." To the extent that paragraph 57 purports to characterize Pacific Indemnity's response to the May 30, 2024 letter and/or the terms and conditions of the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly averred herein, Answering Defendants otherwise deny the allegations in paragraph 57.

58. The Official Committee of Unsecured Creditors ("UCC") sent Chubb a letter on July 3, 2024, demanding they pay a sum of $219.2 million, which is within the policy limits of the Chubb policies, including the Pacific Indemnity Policies, to resolve the Pacific Indemnity Covered Claims alleged against RCBO (the "UCC Chubb Demand Letter").

**ANSWER:** The allegations in paragraph 58 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that the UCC sent the Answering Defendants a letter dated July 3, 2024. To the extent that paragraph 58 purports to characterize the July 3, 2024 letter and/or the terms and conditions of the alleged Pacific Indemnity Policies, to the extent they exist, or any other policy of the Answering Defendants, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants further respond that Plaintiff's use of "Chubb" throughout its Complaint and within Exhibit A prevents Answering Defendants from determining which allegations are directed toward each of Pacific Indemnity, Century, Westchester, and Pacific Employers. Answering Defendants deny that the July 3, 2024 letter constituted a "demand" and deny that the sum of $219.2 million "is within the policy limits of the Chubb policies." Except as expressly admitted herein, Answering Defendants otherwise deny the allegations in paragraph 58.

59. On August 6, 2024, Pacific Indemnity responded to the UCC Chubb Demand Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

provide the benefits of the Pacific Indemnity Policy to RCBO.

**ANSWER:** The allegations in paragraph 59 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that on August 6, 2024, Pacific Indemnity responded to the letter from the UCC dated July 3, 2024. Answering Defendants deny that Pacific Indemnity had an obligation to "confirm" it would "indemnify RCBO." To the extent that paragraph 59 purports to characterize Pacific Indemnity's August 6, 2024 response to the UCC's July 3, 2024 letter and/or the terms and conditions of the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants otherwise deny the allegations in paragraph 59.

60. An actual controversy of a justiciable nature presently exists between RCBO and Pacific Indemnity concerning the proper construction of the Pacific Indemnity Policies, whether Pacific Indemnity's cited grounds for reservation of rights to deny coverage under the Pacific Indemnity Policies are valid, whether there is any coverage for the Pacific Indemnity Covered Claims under the Pacific Indemnity Policies, Pacific Indemnity's and RCBO's respective rights and obligations under the Pacific Indemnity Policies with respect to the Pacific Indemnity Covered Claims, and whether Pacific Indemnity should participate in settlement and/or indemnity regarding the Pacific Indemnity Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 60 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 60.

61. RCBO is entitled to a declaratory judgment stating Pacific Indemnity has issued the Pacific Indemnity Policies to RCBO, the Pacific Indemnity Policies cover the Pacific Indemnity Covered Claims, and RCBO is entitled to indemnity regarding the Pacific Indemnity Covered Claims under the Pacific Indemnity Policies.

**ANSWER:** The allegations in paragraph 61 contain legal conclusions to which no

response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 61.

**SECOND CAUSE OF ACTION**

**(Declaratory Relief Against Travelers – Primary)**

62. RCBO realleges and incorporates herein Paragraphs 1 through 61 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 61 as if fully set forth herein.

63. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 63 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 63 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations of paragraph 63.

64. An actual and justiciable controversy exists between RCBO and Travelers with respect to whether Travelers is obligated to provide RCBO with indemnity under the Travelers Primary Policies regarding the subset of the Suits for which RCBO alleges Travelers is obligated to provide RCBO with indemnity, as set forth in Paragraph 6 (the "Travelers Covered Claims").

**ANSWER:** The allegations in paragraph 64 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 64 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and on that basis deny those allegations.

65. Pursuant to the terms of the Travelers Primary Policies, Travelers is obligated to, among other things, indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Travelers Covered

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Claims.

**ANSWER:** The allegations in paragraph 65 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 65 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and on that basis deny those allegations.

66. RCBO has fully satisfied all conditions required under the Travelers Primary Policies, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 66 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 66 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and on that basis deny those allegations.

67. RCBO's broker and/or RCBO tendered the Travelers Covered Claims to Travelers on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 67 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and on that basis deny those allegations.

68. Travelers has agreed to provide a defense to RCBO for the Travelers Covered Claims under a reservation of rights. Travelers has denied and/or failed to provide indemnity for the Travelers Covered Claims, as required under the Travelers Primary Policies. See Exhibit A. RCBO continues to seek indemnity from Travelers under the Travelers Primary Policies.

**ANSWER:** The allegations in paragraph 68 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 68 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and on that basis deny those allegations.

69. Travelers' reservation of rights includes Travelers' position that it may deny coverage on the following bases:

i. Travelers "never issued the Alleged Primary Policies and/or that those Primary Policies are lost,"

ii. Travelers "has no duty to defend or indemnify the RCBO in connection with matter because the alleged injuries at issue involve emotional or psychological injury as opposed to physical injury to the body and, therefore, do not constitute covered 'bodily injury,'"

iii. The alleged injuries "occurred outside the effective period of the Primary Policy,"

iv. "[T]he alleged injuries were 'expected' or 'intended' from the standpoint of the RCBO,"

v. "Applicable law does not permit the recovery of insurance proceeds for losses known by the insured to be substantially certain to occur or losses that are otherwise not fortuitous,"

vi. "The Claimants allege generally that the RCBO is liable for willful and intentional acts" and California law "bar[s] coverage for the claims asserted,"

vii. California law "bar[s] indemnification for punitive damages,"

viii. "[R]egardless of the number of sexual abuse claims that are made or suits brought pertaining to alleged sexual abuse, the limit of liability of Travelers applicable to all judgments in or settlements of such matters is the 'each occurrence' limit. Travelers reserves the right to assert that the 'each occurrence' limit of a Primary Policy is impaired or exhausted as a result of prior payments made by Travelers in connection with injuries of the type alleged in the matter,"

ix. "[T]here is no coverage in connection with the matter because the RCBO did not comply with the notice conditions of a Policy,"

x. Travelers is not obligated to defend or indemnify RCBO "in the event this condition [requiring cooperation with Travelers] has been violated or is violated in the future,"

xi. Travelers has no obligation to defend or indemnify RCBO "in the event this condition [prohibiting RCBO from making a voluntary payment at the time of the accident] has been violated or is violated in the future," and

xii. Travelers may "limit any obligation it might have under a Policy and [] seek

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

contribution toward any sums expended from any other insurer whose coverage may apply to a matter."

**ANSWER:** The allegations in paragraph 69 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 69 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and on that basis deny those allegations.

70. It is RCBO's position that the above reservations of rights are without both factual and legal merit.

**ANSWER:** The allegations in paragraph 70 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 70 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and on that basis deny those allegations.

71. For example, Travelers has reserved its right to deny its indemnity obligation under the Travelers Primary Policies on the grounds that the Travelers Covered Claims allege injuries that were "'expected' or 'intended' from the standpoint of the RCBO" or are "willful" or do not constitute covered 'bodily injury.'" Such defenses to indemnity do not apply because the Travelers Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Travelers Primary Policies define that term, within the Travelers Primary Policies' coverage periods (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Travelers Covered Claims.

i. Claim 20 includes negligence allegations that RCBO "failed to take reasonable steps or implement reasonable safeguards for Plaintiffs protection" (¶ 121) and "failed to provide reasonable supervision of PERPETRATOR, failed to use reasonable care in investigating PERPETRATOR, and failed to provide adequate warning to Plaintiff and others of PERPETRATOR's dangerous propensities and unfitness. [RCBO] further failed to take reasonable

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

measures to prevent the childhood sexual assault, abuse, and harassment of minor children, including Plaintiff" (¶ 125), and that as a result of such negligence the plaintiff "suffered and will continue to suffer physical, psychological, emotional, and economic harm" (¶ 129).

ii. Claim 21 includes negligence allegations that RCBO "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 51) and "failed to provide reasonable supervision of PERPETRATOR, failed to use reasonable care in investigating PERPETRTOR, and failed to provide adequate warning to Plaintiff and others of PERPETRATOR's dangerous propensities and unfitness. [RCBO] further failed to take reasonable measures to prevent the childhood sexual assault, abuse, and harassment of minor children, including Plaintiff" (¶ 54), and that as a result of such negligence the plaintiff "suffered and will continue to suffer physical, psychological, emotional, and economic harm" (¶ 52).

iii. Claim 22 includes negligence allegations that RCBO "failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of childhood sexual abuse in the future by ABUSER, including but not limited to preventing or avoiding placement of ABUSER in a function or environment in which contact with children is an inherent aspect of the function or environment" (¶ 35) and "failed to supervise Plaintiff JOHN DOE PD, a minor, and failed to use reasonable care in protecting Plaintiff JOHN DOE PD, a minor, from ABUSER's misconduct that created a risk of childhood sexual abuse, while Plaintiff JOHN DOE PD, a minor, was involved in activities sponsored, supervised, organized or directed by [RCBO] or their agents and employees" (¶ 44), and that as a result of such negligence the plaintiff "suffered economic, physical, psychological and emotional harm" (¶ 38).

iv. Claim 29 includes negligence allegations that RCBO "[was] at all times herein negligent in the hiring, retention, control, and supervision, of PERPETRATOR, so as to allow him to repeatedly commit sexual assaults upon minors, including Plaintiff" (¶ 9) and "[was] further negligent in failing to protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 9), and that as a result of such negligence the plaintiff "suffered and will continue to suffer physical injury, psychological, emotional and economic harm" (¶ 10).

v. Claim 132 includes negligence allegations that RCBO "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 47) and "failed to provide reasonable supervision of PERPETRATOR, failed to use reasonable care in investigating PERPETRATOR, and failed to provide adequate warning to Plaintiff and others of PERPETRATOR's dangerous propensities and unfitness. [RCBO] further failed to take reasonable measures to prevent the childhood sexual assault, molestation and harassment of minors, including Plaintiff" (¶ 50), and that as a result of such negligence the plaintiff "suffered and will continue to suffer physical, psychological, emotional and economic harm" (¶ 48).

**ANSWER:** The allegations in paragraph 71 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 71 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and on that basis deny those allegations.

72. The remaining Travelers Covered Claims not listed in Paragraph 71 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Travelers Primary Policies define that term.

**ANSWER:** The allegations in paragraph 72 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and on that basis deny those allegations.

73. The asserted reservations of rights set forth in Paragraph 69 do not provide Travelers valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Travelers Covered Claims under the Travelers Primary Policies as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Travelers Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Travelers Policies have been exhausted or that limits have

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

been reduced. Finally, RCBO has fully cooperated with Travelers as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 73 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and on that basis deny those allegations.

74. RCBO sent Travelers a letter on May 30, 2024, demanding Travelers indemnify RCBO for the Travelers Covered Claims up to the policy limits under the Travelers Primary Policies (the "Travelers Primary Policy Limits Letter").

**ANSWER:** The allegations in paragraph 74 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and on that basis deny those allegations.

75. Travelers failed to respond to the Travelers Primary Policy Limits Letter confirming it will indemnify RCBO, and thereby has failed to provide the benefits of the Travelers Primary Policies to RCBO.

**ANSWER:** The allegations in paragraph 75 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 75 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and on that basis deny those allegations.

76. The UCC sent Travelers a letter on July 3, 2024, demanding Travelers pay a sum within the policy limits of the Travelers Primary Policies to resolve the Travelers Covered Claims (the "UCC Travelers Demand Letter").

**ANSWER:** The allegations in paragraph 76 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

76 and on that basis deny those allegations.

77. On August 6, 2024, Travelers responded to the UCC Travelers Demand Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the Travelers Primary Policies to RCBO.

**ANSWER:** The allegations in paragraph 77 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 77 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and on that basis deny those allegations.

78. The Travelers Primary Policies provide coverage for, and do not exclude, the Travelers Covered Claims, and Travelers is obligated to defend and indemnify RCBO against any settlement or judgment resolving, the Travelers Covered Claims.

**ANSWER:** The allegations in paragraph 78 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 78 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and on that basis deny those allegations.

79. The Travelers Primary Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 79 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and on that basis deny those allegations.

80. An actual controversy of a justiciable nature presently exists between RCBO and Travelers concerning the proper construction of the Travelers Primary Policies, whether Travelers' cited grounds for reservation of rights to deny coverage under the Travelers Primary Policies are valid, whether there is any coverage for the Travelers Covered Claims under the Travelers Primary Policies, Travelers' and RCBO's respective rights and obligations under the Travelers Primary

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Policies with respect to the Travelers Covered Claims, and whether Travelers should participate in settlement regarding the Travelers Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 80 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 80 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and on that basis deny those allegations.

81. RCBO is entitled to a declaratory judgment stating Travelers has issued the Travelers Primary Policies to RCBO, the Travelers Primary Policies cover the Travelers Covered Claims, and that RCBO is entitled to indemnity regarding the Travelers Covered Claims under the Travelers Primary Policies.

**ANSWER:** The allegations in paragraph 81 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 81 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and on that basis deny those allegations.

## THIRD CAUSE OF ACTION

**(Declaratory Relief Against INA - Primary)**

82. RCBO realleges and incorporates herein Paragraphs 1 through 81 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 81 as if fully set forth herein.

83. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 83 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 83 contain legal conclusions to which no response is required. To the extent a response

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations of paragraph 83.

84. An actual and justiciable controversy exists between RCBO and INA with respect to whether INA is obligated to provide RCBO with indemnity under the INA Primary Policies regarding the subset of the Suits for which RCBO alleges INA is obligated to provide RCBO with indemnity, as set forth in Paragraph 7 (the "INA Primary Covered Claims").

**ANSWER:** The allegations in paragraph 84 contain legal conclusions to which no response is required. To the extent that paragraph 84 purports to characterize the terms and conditions of the alleged INA Primary Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants further deny that "INA is obligated to provide RCBO with indemnity under the INA Primary Policies regarding the subset of the Suits for which RCBO alleges INA is obligated to provide RCBO with indemnity" and deny the remaining allegations of paragraph 84.

85. Pursuant to the terms of the INA Primary Policies, INA is obligated to, among other things, indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the INA Primary Covered Claims.

**ANSWER:** The allegations in paragraph 85 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants aver that INA has agreed to participate in the defense of certain of the alleged INA Primary Covered Claims, subject to a full reservation of rights. To the extent that paragraph 85 purports to characterize the terms and conditions of the alleged INA Primary Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that "INA is obligated to, among other things, indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the INA Primary Covered Claims" and deny the remaining allegations of paragraph 85. Except as expressly averred herein,

Answering Defendants deny the allegations in paragraph 85.

86. RCBO has fully satisfied all conditions required under the INA Primary Policies, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 86 contain legal conclusions to which no response is required. To the extent that paragraph 86 purports to characterize the terms and conditions of the alleged INA Primary Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants deny the allegations in paragraph 86.

87. RCBO's broker and/or RCBO tendered the INA Primary Covered Claims to INA on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 87 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that INA received notice of certain claims from RCBO and/or its broker. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 87 and in Exhibit A and therefore deny the same. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 87.

88. INA has agreed to provide a defense to RCBO for the INA Primary Covered Claims under a reservation of rights. INA has denied and/or failed to provide indemnity for the INA Primary Covered Claims, as required under the INA Primary Policies. See Exhibit A. RCBO continues to seek indemnity from INA under the INA Primary Policies.

**ANSWER:** Answering Defendants admit that INA has agreed to participate in the defense of certain of the alleged INA Primary Covered Claims, subject to a full reservation of rights. Answering Defendants further respond that INA's reservation of rights letters speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that INA had an obligation "to provide indemnity for the INA Primary Covered Claims" in the absence of settlements or judgments in the INA Primary Covered Claims. Except as expressly admitted herein, Answering Defendants deny the allegations

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

in paragraph 88.

89. INA's reservation of rights includes INA's position that it may deny coverage on the following bases:

i. RCBO "has not met its burden of establishing the material terms and conditions of the Policies."

ii. "Any alleged personal injury taking place outside the effective dates of coverage [is] not [] covered."

iii. For certain claims, INA "has not located any evidence of the existence of any policies issued to [RCBO] during the period when the plaintiffs or claimants allege they were abused."

iv. "[The INA Primary] Policies may have been exhausted through the settlement of claims in connection with prior litigation involving [RCBO]."

v. "To the extent emotional distress is alleged without any physical injury, there is no coverage."

vi. "To the extent [RCBO] is liable for damages not resulting from 'bodily injury' as defined by the INA Primary Policies, there would be no coverage."

vii. "To the extent the evidence demonstrates that [RCBO] 'expected or intended' injury to the subject claimant, coverage will be barred."

viii. The alleged conduct may also be "excluded as uninsurable willful conduct pursuant to California Insurance Code § 533."

ix. "To the extent [RCBO] breached any notice provision contained in the INA Primary Policies, there is no coverage."

x. The INA Primary Policies "may also contain additional exclusions that exclude coverage for damages arising out of sexual abuse."

**ANSWER:** Answering Defendants admit that INA has issued reservation of rights letters for the alleged INA Primary Covered Claims, which include certain bases on which coverage may be denied. To the extent certain subparts of paragraph 89 purport to quote from the reservation of rights letters, those letters speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Answering Defendants deny the allegations in paragraph 89.

90. In addition, INA reserved further rights to deny coverage as follows:

i. INA "reserves rights to the extent the Policies are exhausted and [it has] no further defense or indemnity obligations under the Policies."

ii. "The right to the extent that limits are reduced in connection with settlement of prior claims."

iii. "An accident is not present when the insured performs a deliberate act and INA reserves its rights accordingly to deny coverage."

iv. "To the extent that [RCBO] knew of any of the abuse alleged by claimants prior to the effective date of the settlement agreement, INA reserves the right to deny coverage to the extent that any of the claims were released as part of [a prior] settlement."

v. "The right to assert the [] limit of liability" based on damages "as the result of any one occurrence or accident."

vi. The right "to determine the number of claim(s) and/or occurrence(s) that exist in this matter, if any."

vii. INA "reserves its rights under the premises clause of the insuring agreement."

viii. The right "to deny coverage under the INA Primary Policies for any amounts that are uninsurable pursuant to applicable law."

**ANSWER:** Answering Defendants admit that INA has issued reservation of rights letters for the alleged INA Primary Covered Claims, which include certain bases on which coverage may be denied. To the extent certain subparts of paragraph 90 purport to quote from the reservation of rights letters, those letters speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 90.

91. It is RCBO's position that the above reservations of rights are without both factual and legal merit.

**ANSWER:** Answering Defendants respond that paragraph 91 does not allege facts that Answering Defendants are required to admit or deny. To the extent a response is required,

Answering Defendants deny that INA's reservations of rights "are without both factual and legal merit." Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 91 and deny that allegation on that basis.

92. For example, INA has reserved its right to deny its indemnity obligation under the INA Primary Policies on the grounds that the INA Primary Covered Claims allege injuries that were "expected" or "intended" from the standpoint of the RCBO or that do not constitute covered "bodily injury." Such defenses to indemnity do not apply because the INA Primary Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the INA Primary Policies define that term, within the INA Primary Policies' coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the INA Primary Covered Claims.

i. Claim 81 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 64) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 46), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 69).

ii. Claim 129 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 88).

iii. Claim 303 includes negligence allegations that RCBO "negligently failed to properly

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

iv. Claim 348 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 75).

v. Claim 361 includes negligence allegations that RCBO "negligently failed to supervise Plaintiff [], a minor, and failed to use reasonable care in protecting Plaintiff [], a minor, from ABUSER's misconduct that created a risk of childhood sexual abuse" (¶ 38) and "failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of childhood sexual abuse in the future by ABUSER" (¶ 29), and that such negligence caused the plaintiff bodily injury, including "physical, psychological and emotional harm" (¶ 32).

**ANSWER:** The allegations in paragraph 92 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that INA has issued reservation of rights letters for the alleged INA Primary Covered Claims, which include certain bases on which coverage may be denied. To the extent paragraph 92 purports to quote or characterize the reservation of rights letters or the alleged INA Primary Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the underlying Suits and claims are limited to claims for negligence and bodily injury. To the extent subparts (i) through (v) purport to quote or characterize complaints or other documents from the

underlying Suits or claims, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 92.

93. The remaining INA Primary Covered Claims not listed in Paragraph 92 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the INA Primary Policies define that term.

**ANSWER:** The allegations in paragraph 93 contain legal conclusions to which no response is required. Answering Defendants further respond that to the extent that paragraph 93 purports to characterize the allegations from certain underlying complaints and/or the terms of the INA Primary Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants deny that the underlying Suits and claims are limited to claims for negligence and physical harm or bodily injury. Answering Defendants deny the remaining allegations in paragraph 93.

94. The asserted reservations of rights set forth in Paragraphs 89 and 90 do not provide INA valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the INA Primary Covered Claims under the INA Primary Policies as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the INA Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the INA Policies have been exhausted or that limits have been reduced. Finally, RCBO has fully cooperated with INA as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 94 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that INA has issued reservation of rights letters for the alleged INA Primary Covered Claims, which include

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

certain bases on which coverage may be denied. Answering Defendants admit that INA has not issued a notice that the alleged INA Primary Policies have been exhausted or that the limits have been reached. To the extent paragraph 94 purports to quote or characterize the reservation of rights letters, the terms and conditions of the alleged INA Primary Policies, to the extent they exist, and/or the allegations from certain underlying complaints, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the underlying Suits and claims are limited to claims for negligence and bodily injury. Answering Defendants further deny that there is any obligation to "confirm indemnity" in the absence of settlements or judgments in the alleged INA Primary Covered Claims. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 94.

95. RCBO sent INA a letter on May 30, 2024, demanding INA indemnify RCBO for the INA Covered Claims up to the policy limits under the INA Primary Policies (the "INA Policy Limits Letter").

**ANSWER:** The allegations in paragraph 95 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that INA received a letter dated May 30, 2024 from RCBO. To the extent that paragraph 95 purports to characterize the May 30, 2024 letter and/or the terms and conditions of the alleged INA Primary Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the May 30, 2024 letter constituted a "demand." Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 95.

96. INA failed to respond to the INA Policy Limits Letter confirming it will indemnify RCBO, and thereby has failed to provide the benefits of the INA Primary Policies to RCBO.

**ANSWER:** The allegations in paragraph 96 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants aver that INA timely responded to RCBO's May 30, 2024 letter and deny that INA had an obligation to "confirm[] it [would] indemnify RCBO." To the extent that paragraph 96 purports to characterize

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

INA's response to the May 30, 2024 letter and/or the terms and conditions of the alleged INA Primary Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly averred or admitted herein, Answering Defendants deny the allegations in paragraph 96.

97. The UCC sent Chubb the UCC Chubb Demand Letter on July 3, 2024, demanding they pay a sum of $219.2 million, which is within the policy limits of the Chubb Policies, including the INA Primary Policy, to resolve the INA Primary Covered Claims alleged against RCBO.

**ANSWER:** Answering Defendants admit that the UCC sent the Answering Defendants a letter dated July 3, 2024. To the extent that paragraph 97 purports to characterize the July 3, 2024 letter and/or the terms and conditions of the alleged INA Primary Policies, to the extent they exist, or any other policy of the Answering Defendants, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the July 3, 2024 letter constituted a "demand." Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 97.

98. On August 6, 2024, INA responded to the UCC Chubb Demand Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the INA Primary Policies to RCBO.

**ANSWER:** The allegations in paragraph 98 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that on August 6, 2024, INA responded to the letter from the UCC dated July 3, 2024. Answering Defendants deny that INA had an obligation to "confirm" it would "indemnify RCBO." To the extent that paragraph 98 purports to characterize INA's response to the UCC's July 3, 2024 letter and/or the terms and conditions of the alleged INA Primary Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 98.

99. The INA Primary Policies provide coverage for, and do not exclude, the INA

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Primary Covered Claims, and INA is obligated to defend and indemnify RCBO against any settlement or judgment resolving the INA Primary Covered Claims.

**ANSWER:** The allegations in paragraph 99 contain legal conclusions to which no response is required. To the extent paragraph 99 purports to characterize the terms and conditions of the alleged INA Primary Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants deny the allegations in paragraph 99.

100. The INA Primary Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** Answering Defendants respond that paragraph 100 does not allege facts that Answering Defendants are required to admit or deny. To the extent a response is required, Answering Defendants deny the allegations in paragraph 100.

101. An actual controversy of a justiciable nature presently exists between RCBO and INA concerning the proper construction of the INA Primary Policies, whether INA's cited grounds for reservation of rights to deny coverage under the INA Primary Policies are valid, whether there is any coverage for the INA Primary Covered Claims under the INA Primary Policies, INA's and RCBO's respective rights and obligations under the INA Primary Policies with respect to the INA Primary Covered Claims, and whether INA should participate in settlement regarding the INA Primary Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 101 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 101.

102. RCBO is entitled to a declaratory judgment stating INA has issued the INA Primary Policies to RCBO, the INA Primary Policies cover the INA Primary Covered Claims, and that RCBO is entitled to indemnity regarding the INA Primary Covered Claims under the INA Primary Policies.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 102 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 102.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief Against CIGA – Commercial Union)**

103. RCBO realleges and incorporates herein Paragraphs 1 through 102 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 102 as if fully set forth herein.

104. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 104 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 104 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations of paragraph 104.

105. An actual and justiciable controversy exists between RCBO and CIGA with respect to whether CIGA is obligated to indemnify RCBO pursuant to its statutory obligations, in relation to the Commercial Union Policies regarding the subset of the Suits for which RCBO alleges CIGA is obligated to provide RCBO with indemnity, as set forth in Paragraph 8 (the "Commercial Union Covered Claims").

**ANSWER:** The allegations in paragraph 105 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 105 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 and on that basis deny those allegations.

106. "CIGA's authority and liability are limited to paying 'covered claims.'" Cal. Ins.

Guarantee Ass'n v. Workers' Comp. Appeals Bd., 128 Cal. App. 4th 307, 313 (2005).

**ANSWER:** The allegations in paragraph 106 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 106 contain legal conclusions to which no response is required. To the extent paragraph 106 quotes from or characterizes statutes and/or caselaw, the statutes and/or caselaw speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 and on that basis deny those allegations.

107. A covered claims means "(1) … the obligations of an insolvent insurer, including the obligation … (i) imposed by law and within the coverage of an insurance policy of the insolvent insurer; (ii) which were unpaid by the insolvent insurer; … (iv) which were incurred prior to the date coverage under the policy terminated …" Cal. Ins. Guarantee Ass'n v. Workers' Comp. Appeals Bd., 153 Cal. App. 4th 524, 532-33 (2007) (citing Cal. Ins. Code § 1063.1(c)(1)).

**ANSWER:** The allegations in paragraph 107 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 107 contain legal conclusions to which no response is required. To the extent paragraph 107 quotes from or characterizes statutes and/or caselaw, the statutes and/or caselaw speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 and on that basis deny those allegations.

108. Commercial Union has become insolvent but had acknowledged potential coverage for the Suits tendered to it by RCBO.

**ANSWER:** The allegations in paragraph 108 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 108 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 108 and on that basis deny those allegations.

109. RCBO timely presented the claims to the liquidator prior to the date coverage under the policy terminated. Therefore, the claims qualify as covered claims under the statute.

**ANSWER:** The allegations in paragraph 109 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 109 contain legal conclusions to which no response is required. To the extent paragraph 109 quotes from or characterizes statutes and/or caselaw, the statutes and/or caselaw speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 and on that basis deny those allegations.

110. There is no, or there is a substantial likelihood that there will not be any, other insurance available for the Commercial Union Covered Claims because Commercial Union is insolvent, and the Commercial Union Covered Claims are likely to exhaust other applicable insurance policies.

**ANSWER:** The allegations in paragraph 110 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 110 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and on that basis deny those allegations.

111. Specifically, there is a substantial likelihood the Commercial Union Covered Claims will exhaust the following insurance policies: United States Fire Insurance policy no. DCL 53 98 20, for the policy period of October 25, 1970 – October 26, 1971 ($5,000,000 limit); Westport policy no. U10255, for the policy period of November 16, 1971 – October 26, 1974 ($5,000,000 limit); American Home policy no. CE-60-94, for the policy period of November 16, 1971 – October 26, 1974 ($2,000,000 limit); CNA policy no. RDU 146 74 50, for the policy period of October 26, 1974 – December 1, 1975 ($1,000,000 limit); and Westport policy no. PLE 20430, for the policy period of October 26, 1974 – December 1, 1975 ($5,000,000 limit) (together,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the "Other Insurers" and the "Other Insurance Policies"). There are 22 Commercial Union Covered Claims.

**ANSWER:** The allegations in paragraph 111 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 111 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and on that basis deny those allegations.

112. Data from past clergy sexual abuse cases indicate the Commercial Union Covered Claims will far exceed the limits of the Other Insurance Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. The UCC sent each of the Other Insurers a letter on July 3, 2024, demanding they pay $56.7 million (United States Fire), $308.9 million (Westport), $11.9 million (American Home), and $162.6 million (CNA), respectively—all amounts within limits of each of the Other Insurance Policies—to resolve the Commercial Union Covered Claims alleged against RCBO. The UCC based the amounts demanded on its reasonable estimate of the value of the claims covered by the Other Insurance Policies, including the Commercial Union Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Commercial Union Covered Claims will exhaust the Other Insurance Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** The allegations in paragraph 112 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 112 contain legal conclusions to which no response is required. To the extent paragraph 112 quotes from or characterizes letters, filings in cases, verdicts, and/or caselaw, those documents

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and caselaw speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 112.

113. CIGA has expressed the position that it does not have any obligation to indemnify RCBO in relation to the Commercial Union Policies and the Commercial Union Covered Claims.

**ANSWER:** The allegations in paragraph 113 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 and on that basis deny those allegations.

114. CIGA's position is without both factual and legal merit. The Commercial Union Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Commercial Union Policies define that term, within the Commercial Union Policy's coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Commercial Union Covered Claims.

i. Claim 6 includes negligence allegations that RCBO was "at all times herein negligent in the hiring, retention, control, and supervision, of PERPETRATOR, so as to allow him to repeatedly commit sexual assaults upon minors, including Plaintiff" (¶ 13) and "fail[ed] to protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 13), and that as a result of such negligence the plaintiff "suffered and will continue to suffer physical injury" (¶ 14).

ii. Claim 99 includes negligence allegations that RCBO "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection whatsoever, and continued to make Plaintiff accessible to the DOE PERPETRATOR for the purposes of sexual assault" (¶

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

65) and "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure, where the DOE PERPETRATOR was able to commit wrongful acts against the Plaintiff. [RCBO] failed to provide reasonable supervision of the DOE PERPETRATOR. [RCBO] further failed to take reasonable measures to prevent sexual harassment, molestation and assault of minors, including the Plaintiff" (¶ 83), and that as a result of such negligence the plaintiff "suffered and will continue to suffer the physical injury of sexual assault" (¶ 99).

iii. Claim 235 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR 1's and PERPETRATOR 2's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm." (¶ 49).

iv. Claim 348 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 75).

v. Claim 361 includes negligence allegations that RCBO "negligently failed to supervise Plaintiff [], a minor, and failed to use reasonable care in protecting Plaintiff [], a minor, from ABUSER's misconduct that created a risk of childhood sexual abuse" (¶ 38) and "failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of childhood sexual abuse in the future by ABUSER" (¶ 29), and that such negligence caused the plaintiff bodily injury, including "physical, psychological and emotional harm" (¶ 32).

**ANSWER:** The allegations in paragraph 114 are not directed to Answering Defendants,

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 114 contain legal conclusions to which no response is required. To the extent paragraph 114 quotes from or characterizes filings in cases, the filings in cases speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 and on that basis deny those allegations.

115. As the successor-in-interest to Commercial Union, which accepted defense of and acknowledged its potential coverage obligations with respect to the Commercial Union Covered Claims, CIGA is obligated to defend and indemnify RCBO against the Commercial Union Covered Claims, subject only to the statutory limitations on CIGA's payment obligations.

**ANSWER:** The allegations in paragraph 115 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 115 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115 and on that basis deny those allegations.

116. An actual controversy of a justiciable nature presently exists between RCBO and CIGA concerning CIGA's obligation to indemnify RCBO for the Commercial Union Covered Claims.

**ANSWER:** The allegations in paragraph 116 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 116 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 and on that basis deny those allegations.

117. RCBO is entitled to a declaratory judgment stating the Commercial Union Covered Claims are "covered claims" triggering CIGA's statutory coverage and indemnification obligations and that RCBO is entitled to indemnity regarding the Commercial Union Covered Claims.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 117 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 117 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 and on that basis deny those allegations.

**<u>FIFTH CAUSE OF ACTION</u>**

**(Declaratory Relief Against INA – Excess)**

118. RCBO realleges and incorporates herein Paragraphs 1 through 117 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 117 as if fully set forth herein.

119. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 119 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 119 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations of paragraph 119.

120. An actual and justiciable controversy exists between RCBO and INA with respect to whether INA is obligated to provide RCBO with defense and indemnity under the INA Excess Policy regarding the subset of the Suits for which RCBO alleges INA is obligated to provide RCBO with indemnity, as set forth in Paragraph 9 (the "INA Excess Covered Claims").

**ANSWER:** The allegations in paragraph 120 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that INA has reserved its rights with regard to indemnifying the alleged INA Excess Covered Claims. To the extent that paragraph 120 purports to characterize the terms and conditions of the alleged INA Excess Policy, to the extent it exists, those documents speak for themselves, and Answering

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Defendants deny any characterization that is inconsistent with their contents. Answering Defendants further deny that "INA is obligated to provide RCBO with defense and indemnity under the INA Excess Policy regarding the subset of the Suits for which RCBO alleges INA is obligated to provide RCBO with indemnity" and deny the remaining allegations of paragraph 120. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 120.

121. Pursuant to the terms of the INA Excess Policy, INA is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the INA Excess Covered Claims.

**ANSWER:** The allegations in paragraph 121 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that INA has reserved its rights with regard to indemnifying the alleged INA Excess Covered Claims. To the extent that paragraph 121 purports to characterize the terms and conditions of the INA Excess Policy, to the extent it exists, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that "INA is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the INA Excess Covered Claims" and deny the remaining allegations of paragraph 121. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 121.

122. RCBO has fully satisfied all conditions required under the INA Excess Policy, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 122 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny that "RCBO has fully satisfied all conditions required under the INA Excess Policy" and deny that RCBO "is otherwise excused from doing so." To the extent that paragraph 122 purports to characterize the terms and conditions of the alleged INA Excess Policy, to the extent it exists, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny the remaining allegations in

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 122.

123. RCBO's broker and/or RCBO tendered the INA Excess Covered Claims to INA on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 123 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that INA received notice of certain claims from RCBO and/or its broker. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 123 and therefore deny the same. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 123.

124. INA agreed to provide defense to RCBO for certain of the INA Excess Covered Claims. However, INA denied and/or failed to confirm it will indemnify RCBO for the INA Excess Covered Claims.

**ANSWER:** The allegations in paragraph 124 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that INA has agreed to participate in the defense of certain of the alleged INA Excess Covered Claims to the extent they are the same as the alleged INA Primary Covered Claims, and agreed to do so under the alleged INA Primary Policies, subject to a full reservation of rights, but not under the alleged INA Excess Policy. Answering Defendants deny that INA had an obligation to "confirm it will indemnify RCBO for the INA Excess Covered Claims" and deny the remaining allegations of paragraph 124. To the extent that paragraph 124 purports to characterize the terms and conditions of the INA Excess Policy, to the extent it exists, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 124.

125. INA has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the INA Excess Policy that, in turn, will exhaust those policies and trigger INA's obligation to provide the benefits of the INA Excess Policy to RCBO. Rather, INA reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 125 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that INA has reserved its rights with regard to indemnifying the alleged INA Excess Covered Claims. Answering Defendants deny that INA is required to "acknowledge[] that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the INA Excess Policy." Answering Defendants further respond that with respect to the alleged INA Excess Covered Claims, INA has no coverage obligation, if any, unless and until the alleged applicable underlying insurance is exhausted. To date, there has been no indication and no notice that the limits of the alleged underlying policies have been exhausted in the payment of settlements or judgments in accordance with the terms of those alleged policies and therefore INA has no current coverage obligations for the alleged INA Excess Covered Claims. To the extent that paragraph 125 purports to characterize the terms and conditions of the alleged INA Excess Policy, to the extent it exists, the alleged primary policies underlying the alleged INA Excess Policy, or INA's reservation of rights letters, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 125.

126. INA's reservation of rights includes INA's position that it may deny coverage on the following bases:

i. RCBO "has not met its burden of establishing the material terms and conditions of the [INA Excess Policy]."

ii. "Any alleged personal injury taking place outside the effective dates of coverage [is] not [] covered."

iii. For certain claims, INA "has not located any evidence of the existence of any policies issued to [RCBO] during the period when the plaintiffs or claimants allege they were abused."

iv. "[The INA Excess Policy] may have been exhausted through the settlement of claims in connection with prior litigation involving [RCBO]."

v. "To the extent emotional distress is alleged without any physical injury, there is no coverage."

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

vi. "To the extent [RCBO] is liable for damages not resulting from 'bodily injury' as defined by the INA Primary [and/or Excess] Policies, there would be no coverage."

vii. "To the extent the evidence demonstrates that [RCBO] 'expected or intended' injury to the subject claimant, coverage will be barred."

viii. The alleged conduct may also be "excluded as uninsurable willful conduct pursuant to California Insurance Code § 533."

ix. "To the extent [RCBO] breached any notice provision contained in the INA Primary [and/or Excess] Policies, there is no coverage."

x. The INA Excess Policy "may also contain additional exclusions that exclude coverage for damages arising out of sexual abuse."

xi. The "INA Excess Policy would only provide coverage if the limits of the respective year's underlying policies are exhausted."

**ANSWER:** Answering Defendants admit that INA has issued reservation of rights letters for the alleged INA Excess Covered Claims, which include certain bases on which coverage may be denied. To the extent certain subparts of paragraph 126 purport to quote from the reservation of rights letters, those letters speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 126.

127. In addition, INA reserved further rights to deny coverage as follows:

i. INA "reserves rights to the extent the Policies are exhausted and [it has] no further defense or indemnity obligations under the Policies."

ii. "The right to the extent that limits are reduced in connection with settlement of prior claims."

iii. "An accident is not present when the insured performs a deliberate act and INA reserves its rights accordingly to deny coverage."

iv. "To the extent that [RCBO] knew of any of the abuse alleged by claimants prior to the effective date of the settlement agreement, INA reserves the right to deny coverage to the extent that any of the claims were released as part of [a prior] settlement."

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

v. “The right to assert the [] limit of liability” based on damages “as the result of any one occurrence or accident.”

vi. The right “to determine the number of claim(s) and/or occurrence(s) that exist in this matter, if any.”

vii. INA “reserves its rights under the premises clause of the insuring agreement.”

viii. The right “to deny coverage under the [INA Excess Policy] for any amounts that are uninsurable pursuant to applicable law.”

**ANSWER:** Answering Defendants admit that INA has issued reservation of rights letters for the alleged INA Excess Covered Claims, which include certain bases on which coverage may be denied. To the extent certain subparts of paragraph 127 purport to quote from the reservation of rights letters, those letters speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 127.

128. It is RCBO’s position that the above reservations of rights are without both factual and legal merit. For example, INA has reserved its right to deny its defense and indemnity obligation under the INA Excess Policy on the grounds that the INA Excess Covered Claims allege injuries where “[RCBO] ‘expected or intended’ injury to the subject claimant that were “expected or intended from the standpoint of [RCBO]” or where “[RCBO] is liable for damages not resulting from ‘bodily injury’.” Such reservations of rights as to defense and/or indemnity do not apply because the INA Excess Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO’s alleged negligence caused “bodily injury” as the INA Excess Policy defines that term, within the INA Excess Policy’s coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the INA Excess Covered Claims.

i. Claim 81 includes negligence allegations that RCBO “negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure” (¶ 64) and “failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff’s protection” (¶ 46), and that such negligence caused the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 69).

ii. Claim 129 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 88).

iii. Claim 303 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

iv. Claim 348 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 75).

v. Claim 361 includes negligence allegations that RCBO "negligently failed to supervise Plaintiff [], a minor, and failed to use reasonable care in protecting Plaintiff [], a minor, from

ABUSER's misconduct that created a risk of childhood sexual abuse" (¶ 38) and "failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of childhood sexual abuse in the future by ABUSER" (¶ 29), and that such negligence caused the plaintiff bodily injury, including "physical, psychological and emotional harm" (¶ 32).

**ANSWER:** The allegations in paragraph 128 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that INA has issued reservation of rights letters for the alleged INA Excess Covered Claims, which include certain bases on which coverage may be denied. Answering Defendants deny that INA's reservations of rights "are without both factual and legal merit." Answering Defendants further deny that the underlying Suits and claims are limited to claims for negligence and bodily injury. To the extent certain allegations in paragraph 128 purport to quote or characterize the reservation of rights letters or the terms and/or conditions of the alleged INA Excess Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent subparts (i) through (v) purport to quote or characterize complaints or other documents from the underlying Suits or claims, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 128 and deny that allegation on that basis. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 128.

129. The remaining INA Excess Covered Claims not listed in Paragraph 128 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the INA Excess Policy defines that term.

**ANSWER:** The allegations in paragraph 129 contain legal conclusions to which no response is required. Answering Defendants further respond that to the extent that paragraph 129 purports to characterize the allegations from certain underlying complaints and/or the terms of the alleged INA Excess Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

required, Answering Defendants deny that the underlying Suits and claims are limited to claims for negligence and physical harm or bodily injury. Answering Defendants deny the remaining allegations in paragraph 129.

130. As a further example, INA reserved its right to deny coverage under the INA Excess Policy to the extent the applicable underlying insurance has not been exhausted. This reservation of rights as to defense and/or indemnity does not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraphs 131-132.

**ANSWER:** The allegations in paragraph 130 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that INA has issued reservation of rights letters for the alleged INA Excess Covered Claims, which include certain bases on which coverage may be denied. Answering Defendants further respond that with regard to the alleged INA Excess Covered Claims, INA has no coverage obligation, if any, unless and until the alleged applicable underlying insurance is exhausted. To date, there has been no indication and no notice that the limits of the alleged underlying policies have been exhausted in the payment of settlements or judgments in accordance with the terms of those alleged policies and therefore INA has no current coverage obligations for the alleged INA Excess Covered Claims. To the extent that paragraph 130 purports to characterize the reservation of rights letters and/or the terms and conditions of the INA Excess Policy, to the extent it exists, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 130.

131. There is a substantial likelihood that the INA Excess Covered Claims will exhaust the primary insurance underlying the INA Excess Policy. The underlying INA primary policies, whose policy numbers are, upon information and belief, CP 25231 and CP 267867, each have limits of $100,000 per occurrence and $300,000 in the aggregate (the “10/25/66-10/25/70 INA Primary Policies”). There are at least 91 INA Excess Covered Claims that trigger the coverage periods for the 10/25/66-10/25/70 INA Primary Policies and the INA Excess Policy.

**ANSWER:** The allegations in paragraph 131 contain legal conclusions to which no

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 and on that basis deny the allegations in paragraph 131. Answering Defendants further respond that with regard to the alleged INA Excess Covered Claims, INA has no coverage obligation, if any, unless and until the applicable alleged underlying insurance is exhausted. To date, there has been no indication and no notice that the limits of the alleged underlying policies have been exhausted in the payment of settlements or judgments in accordance with the terms of those alleged policies and therefore INA has no current coverage obligations for the alleged INA Excess Covered Claims. To the extent paragraph 131 purports to characterize the terms, conditions, or limits of the alleged INA Excess Policy or the alleged INA Primary Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny RCBO's characterization of them.

132. Data from past clergy sexual abuse cases indicate the INA Excess Covered Claims will far exceed the per occurrence and aggregate limits of the 10/25/66-10/25/70 INA Primary Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. The UCC sent Chubb the UCC Chubb Demand Letter on July 3, 2024, demanding they pay a sum of $219.2 million (the "UCC Chubb Demand Amount"), which is within the policy limits of the Chubb Policies, including the INA Excess Policy, to resolve the INA Excess Covered Claims alleged against RCBO. The UCC based the UCC Chubb Demand Amount on its reasonable estimate of the value of the claims covered by the Chubb policies, including the INA Excess Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the INA Excess Covered Claims will exhaust the 10/25/66-10/25/70 INA Primary Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

$8 million to survivor).

**ANSWER:** The allegations in paragraph 132 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants object to Plaintiff's use of the term "Chubb" to refer to all four Answering Defendants in this action. Answering Defendants are separate legal entities. Plaintiff's use of "Chubb" throughout its Complaint prevents Answering Defendants from determining which allegations are directed toward each of Pacific Indemnity, Century, Westchester, and Pacific Employers. To the extent that paragraph 132 purports to characterize INA's response to the UCC's July 3, 2024 letter, filings in cases, verdicts, the terms, conditions, or limits of the alleged INA Primary Policies, and/or the terms, conditions, or limits of the alleged INA Excess Policy, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 132 and therefore deny the same. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 132.

133. The asserted reservations of rights set forth in Paragraphs 126 and 127 do not provide INA valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the INA Excess Covered Claims under the INA Excess Policy as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the INA Excess Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the INA Excess Policies have been exhausted or that limits have been reduced. Finally, RCBO has fully cooperated with INA Excess as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 133 contain legal conclusions to which no

response is required. To the extent a response is required, Answering Defendants admit that INA has issued reservation of rights letters for the alleged INA Excess Covered Claims, which include certain bases on which coverage may be denied. Answering Defendants admit that INA has not issued a notice that the alleged INA Excess Policy has been exhausted or that the alleged limits have been reached. To the extent paragraph 133 purports to quote or characterize the reservation of rights letters, the terms and conditions of the alleged INA Excess Policy, to the extent it exists, and/or the allegations from certain underlying complaints, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the underlying Suits and claims are limited to claims for negligence and bodily injury. Answering Defendants further deny that there is any obligation to "confirm indemnity" in the absence of settlements or judgments in the INA Excess Covered Claims. Answering Defendants deny the allegations in the last sentence of paragraph 133. Except as expressly admitted herein, Answering Defendants otherwise deny the allegations in paragraph 133.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

134. RCBO sent INA the INA Policy Limits Letter on May 30, 2024, demanding INA indemnify RCBO for the INA Excess Covered Claims up to the policy limits under the INA Excess Policy.

**ANSWER:** The allegations in paragraph 134 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that INA received a letter dated May 30, 2024 from RCBO. To the extent that paragraph 134 purports to characterize the May 30, 2024 letter and/or the terms and conditions of the alleged INA Excess Policy, to the extent it exists, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the May 30, 2024 letter constituted a "demand." Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 134.

135. INA failed to respond to the INA Policy Limits Letter confirming it will indemnify RCBO, and thereby has failed to provide the benefits of the INA Excess Policy to RCBO.

**ANSWER:** The allegations in paragraph 135 contain legal conclusions to which no

response is required. To the extent a response is required, Answering Defendants aver that INA timely responded to RCBO's May 30, 2024 letter and deny that INA had an obligation to "confirm[] it [would] indemnify RCBO." To the extent that paragraph 135 purports to characterize INA's response to the May 30, 2024 letter and/or the terms and conditions of the alleged INA Excess Policy, to the extent it exists, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 135.

136. On August 6, 2024, INA responded to the UCC Chubb Demand Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the INA Excess Policy to RCBO.

**ANSWER:** The allegations in paragraph 136 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that on August 6, 2024, INA responded to the letter from the UCC dated July 3, 2024. Answering Defendants deny that INA had an obligation to "confirm" it would "indemnify RCBO." To the extent that paragraph 136 purports to characterize INA's response to the UCC's July 3, 2024 letter and/or the terms and conditions of the alleged INA Excess Policy, to the extent it exists, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 136.

137. The INA Excess Policy provides coverage for, and does not exclude, the INA Excess Covered Claims, and INA is obligated to defend and indemnify RCBO against any settlement or judgment resolving, the INA Excess Covered Claims.

**ANSWER:** The allegations in paragraph 137 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 137. To the extent that paragraph 137 purports to characterize the terms and conditions of the alleged INA Excess Policy, to the extent it exists, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

138. The INA Excess Policy constitutes a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** Answering Defendants respond that paragraph 138 does not allege facts that Answering Defendants are required to admit or deny. To the extent a response is required, Answering Defendants deny the allegations in paragraph 138.

139. An actual controversy of a justiciable nature presently exists between RCBO and INA concerning the proper construction of the INA Excess Policy, whether INA's cited grounds for reservation of rights to deny indemnity under the INA Excess Policy are valid, whether there is any coverage for the INA Excess Covered Claims under the INA Excess Policy, whether INA is obligated to drop down to provide first-dollar coverage for the INA Excess Covered Claims because the underlying primary insurance is exhausted as alleged by RCBO, INA's and RCBO's respective rights and obligations under the INA Excess Policy with respect to INA Excess Covered Claims, and whether INA should participate in settlement regarding the INA Excess Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 139 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 139.

140. RCBO is entitled to a declaratory judgment stating INA has issued the INA Excess Policy to RCBO, the INA Excess Policy covers the INA Excess Covered Claims, and RCBO is entitled to both full defense and indemnity regarding the INA Excess Covered Claims under the INA Excess Policy, including, without limitation, a declaration that the primary policies underlying the INA Excess Policy are or are likely to be exhausted as alleged in Paragraphs 131-132 and that INA must drop down to provide defense and indemnity to RCBO regarding the INA Excess Covered Claims.

**ANSWER:** The allegations in paragraph 140 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 140.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**SIXTH CAUSE OF ACTION**

**(Declaratory Relief Against U.S. Fire – Excess)**

141. RCBO realleges and incorporates herein Paragraphs 1 through 140 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 140 as if fully set forth herein.

142. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 142 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 142 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 142.

143. An actual and justiciable controversy exists between RCBO and U.S. Fire with respect to whether U.S. Fire is obligated to provide RCBO with defense and indemnity under the U.S. Fire Policy regarding the subset of the Suits for which RCBO alleges U.S. Fire is obligated to provide RCBO with indemnity, as set forth in Paragraph 10 (the “U.S. Fire Covered Claims”).

**ANSWER:** The allegations in paragraph 143 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 143 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 143 and on that basis deny those allegations.

144. Pursuant to the terms of the U.S. Fire Policy, U.S. Fire is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the U.S. Fire Covered Claims.

**ANSWER:** The allegations in paragraph 144 are not directed to Answering Defendants,

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 144 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 144 and on that basis deny those allegations.

145. RCBO has fully satisfied all conditions required under the U.S. Fire Policy, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 145 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 145 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 and on that basis deny those allegations.

146. RCBO's broker and/or RCBO tendered the U.S. Fire Covered Claims to U.S. Fire on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 146 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 146 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 and on that basis deny those allegations.

147. U.S. Fire denied and/or failed to confirm it will defend or indemnify RCBO for the U.S. Fire Covered Claims.

**ANSWER:** The allegations in paragraph 147 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 147 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 and on that basis deny those allegations.

148. U.S. Fire has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the U.S. Fire Policy that, in turn, will exhaust those policies and trigger U.S. Fire's obligation to provide the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

benefits of the U.S. Fire Policy to RCBO. Rather, U.S. Fire denies the existence of the U.S. Fire Policy, and otherwise reserved its right to deny defense and coverage, stating "RCBO has not established that U.S. Fire has any obligation to pay defense costs on its behalf, and, even further, it has not provided any information to show the actual exhaustion of any alleged underlying limits."

**ANSWER:** The allegations in paragraph 148 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 148 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 and on that basis deny those allegations.

149. It is RCBO's position U.S. Fire's bases for denying defense and indemnity are without both factual and legal merit. The U.S. Fire Policy covers the U.S. Fire Covered Claims because they allege RCBO was negligent (i.e., did not expect or intend the alleged injuries) and that RCBO's alleged negligence caused "bodily injury" within the U.S. Fire Policy's coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the U.S. Fire Covered Claims.

i. Claim 23 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 71) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 55), and that such negligence caused the plaintiff bodily injury, including "physical injury, psychological, emotional and economic harm." (¶ 74).

ii. Claim 27 includes negligence allegations that RCBO "negligently failed to supervise [PRIEST] in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 74) and "failed to supervise WILCOX in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 56), and that such negligence caused the plaintiff bodily injury, including "personal physical injury as well as great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliations, and loss of enjoyment of life."

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

(¶ 79).

iii. Claim 81 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 64) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 46), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 69).

iv. Claim 235 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR 1's and PERPETRATOR 2's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm." (¶ 49).

v. Claim 175 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure, where the DOE PERPETRATOR was able to commit wrongful acts against the Plaintiff. [Defendants] failed to provide reasonable supervision of the DOE PERPETRATOR. [Defendants] further failed to take reasonable measures to prevent sexual harassment, molestation and assault of minors, including the Plaintiff" (¶ 73), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life." (¶ 78).

**ANSWER:** The allegations in paragraph 149 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 149 contain legal conclusions to which no response is required. To the extent a response

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 and on that basis deny those allegations.

150. The remaining U.S. Fire Covered Claims not listed in Paragraph 149 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the U.S. Fire Policy defines that term.

**ANSWER:** The allegations in paragraph 150 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 150 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 and on that basis deny those allegations.

151. As a further example, U.S. Fire denies its defense and indemnity obligations because it claims "[RCBO] has not provided any information to show the actual exhaustion of any alleged underlying limits." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraphs 152-153.

**ANSWER:** The allegations in paragraph 151 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 151 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 151 and on that basis deny those allegations.

152. There is a substantial likelihood that the U.S. Fire Covered Claims will exhaust the primary insurance underlying the U.S. Fire Policy. The underlying Commercial Union primary policy no. EF 9334-001 has limits of $100,000 per occurrence and $300,000 in aggregate (the "10/26/70- 10/26/71 Commercial Union Policy"). There are at least 68 U.S. Fire Covered Claims that trigger the coverage periods for the 10/26/70-10/26/71 Commercial Union Policy and the U.S. Fire Policy.

**ANSWER:** The allegations in paragraph 152 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 152 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 152 and on that basis deny those allegations.

153. Data from past clergy sexual abuse cases indicate the U.S. Fire Covered Claims will far exceed the per occurrence and aggregate limits of the 10/26/70-10/26/71 Commercial Union Policy. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. The UCC sent U.S. Fire a letter on July 3, 2024, demanding U.S. Fire pay a sum of $56.7 million (the "UCC U.S. Fire Demand Amount"), which is within the policy limits of the U.S. Fire Policy, to resolve the U.S. Fire Covered Claims alleged against RCBO. The UCC based the UCC U.S. Fire Demand Amount on its reasonable estimate of the value of the U.S. Fire Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the U.S. Fire Covered Claims will exhaust the 10/26/70- 10/26/71 Commercial Union Policy. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** The allegations in paragraph 153 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 153 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 153 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

allegations in paragraph 153.

154. Moreover, U.S. Fire must drop down and provide first-dollar coverage of the U.S. Fire Covered Claims under the U.S. Fire Policy because the underlying primary insurer Commercial Union is insolvent.

**ANSWER:** The allegations in paragraph 154 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 154 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 and on that basis deny those allegations.

155. The asserted bases for U.S. Fire's failure to defend or indemnify RCBO as set forth in Paragraph 148 are not valid or meritorious. The claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the U.S. Fire Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the U.S. Fire Policy has either been exhausted or that limits have been reduced. In addition, U.S. Fire's contention that it did not issue a policy to RCBO is contrary to documentary evidence including letters from the broker of record confirming the issuance of the specific policy of insurance identified herein. Finally, RCBO has fully cooperated with US Fire as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 155 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 155 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 and on that basis deny those allegations.

156. RCBO sent U.S. Fire a letter on May 30, 2024, demanding U.S. Fire indemnify RCBO for the U.S. Fire Covered Claims up to the policy limits under the U.S. Fire Policy (the "U.S. Fire Policy Limits Letter").

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 156 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 and on that basis deny those allegations.

157. On June 28, 2024, U.S. Fire responded to the U.S. Fire Policy Limits Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the U.S. Fire Policy to RCBO.

**ANSWER:** The allegations in paragraph 157 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 157 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 and on that basis deny those allegations.

158. The UCC sent U.S. Fire a letter on July 3, 2024, demanding Travelers pay a sum within the policy limits of the U.S. Fire Policy to resolve the U.S. Fire Covered Claims (the "UCC U.S. Fire Demand Letter"). On August 6, 2024, U.S. Fire responded to the UCC U.S. Fire Demand Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the U.S. Fire Policy to RCBO.

**ANSWER:** The allegations in paragraph 158 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 158 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 158 and on that basis deny those allegations.

159. The U.S. Fire Policy provides coverage for, and does not exclude, the U.S. Fire Covered Claims, and U.S. Fire is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the U.S. Fire Covered Claims.

**ANSWER:** The allegations in paragraph 159 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

paragraph 159 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 and on that basis deny those allegations.

160. The U.S. Fire Policy constitutes a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 160 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 160 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160 and on that basis deny those allegations.

161. An actual controversy of a justiciable nature presently exists between RCBO and U.S. Fire concerning the proper construction of the U.S. Fire Policy, the existence of a policy of insurance issued by U.S. Fire to RCBO, whether U.S. Fire's cited grounds for reservation of rights to deny defense and/or indemnity under the U.S. Fire Policy are valid, whether there is any coverage for the U.S. Fire Covered Claims under the U.S. Fire Policy, whether U.S. Fire is obligated to drop down to provide first- dollar coverage for the U.S. Fire Covered Claims because the underlying primary insurer is insolvent and/or the underlying primary insurance is exhausted, U.S. Fire's and RCBO's respective rights and obligations under the U.S. Fire Policy with respect to the U.S. Fire Covered Claims, and whether U.S. Fire should participate in settlement regarding the U.S. Fire Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 161 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 161 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 and on that basis deny those allegations.

162. RCBO is entitled to a declaratory judgment stating U.S. Fire has issued the U.S. Fire Policies to RCBO, the U.S. Fire Policy covers the U.S. Fire Covered Claims, and RCBO is

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

entitled to both defense and indemnity regarding the U.S. Fire Covered Claims under the U.S. Fire Policy, including, without limitation, a declaration of exhaustion as to the primary policies underlying the U.S. Fire Policy as alleged in Paragraphs 152-153, and the requirement that U.S. Fire drop down to provide defense and indemnity to RCBO regarding the U.S. Fire Covered Claims.

**ANSWER:** The allegations in paragraph 162 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 162 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 and on that basis deny those allegations.

## SEVENTH CAUSE OF ACTION

**(Declaratory Relief Against Westport – Excess)**

163. RCBO realleges and incorporates herein Paragraphs 1 through 162 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 162 as if fully set forth herein.

164. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 164 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 164 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 164.

165. An actual and justiciable controversy exists between RCBO and Westport with respect to whether Westport is obligated to provide RCBO with defense and indemnity under the Westport Excess Policy regarding the subset of the Suits for which RCBO alleges Westport is obligated to provide RCBO with indemnity, as set forth in Paragraph 11 (the “Westport Excess

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Covered Claims").

**ANSWER:** The allegations in paragraph 165 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 165 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 165 and on that basis deny those allegations.

166. Pursuant to the terms of the Westport Excess Policy, Westport is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Westport Excess Covered Claims.

**ANSWER:** The allegations in paragraph 166 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 166 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 166 and on that basis deny those allegations.

167. RCBO has fully satisfied all conditions required under the Westport Excess Policy, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 167 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 167 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167 and on that basis deny those allegations.

168. RCBO's broker and/or RCBO tendered the Westport Excess Covered Claims to Westport on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 168 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 and on that basis deny those allegations.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

169. Westport denied and/or failed to confirm it will defend or indemnify RCBO for the Westport Excess Covered Claims.

**ANSWER:** The allegations in paragraph 169 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 and on that basis deny those allegations.

170. Westport has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the Westport Excess Policy that, in turn, will exhaust those policies and trigger Westport's obligation to provide the benefits of the Westport Excess Policy to RCBO. Rather, Westport reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 170 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 170 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170 and on that basis deny those allegations.

171. Westport's reservation of rights includes Westport's position that it may deny coverage based on:

i. Westport's contention that "there is no indication that the limits underlying the [Westport Excess Policy] have been exhausted in accordance with the terms of the policies, Westport would have no immediate potential coverage obligations,"

ii. "Whether the claim referenced above falls within the policy period, limits, and scope of insurance afforded under the referenced [Westport Excess Policy] and/or policy(ies) to which the [Westport Excess Policy] may follow form, in whole or in part,"

iii. "Whether the applicable limits of all applicable underlying policies of insurance have in fact been exhausted in accordance with the [Westport Excess Policy's] terms,"

iv. "Whether any applicable policy exclusions limit or preclude coverage for the claim at issue, in whole or in part,"

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

v. "Whether the insured has complied with its duties under the [Westport Excess Policy], including but not limited to 'notice' and 'cooperation' obligations, and, if not, whether any such failure limits or precludes coverage for the claim at issue, in whole or in part,"

vi. "Whether any applicable policy conditions limit or preclude coverage for the claims at issue, in whole or in part,"

vii. "Whether Westport's obligations, if any, are limited or precluded due to prior impairment or exhaustion of limits, settlements, releases or other agreements, or are prohibited by law, statute and/or public policy,"

viii. Westport's purported "right to assert any additional defenses that might apply by operation of law or otherwise, including but not limited to defenses that may be asserted by the insurers who issued insurance policies with limits underlying the limits of the [Westport Excess Policy] denies coverage for any enhanced damages based on the defendants' willful and malicious conduct."

**ANSWER:** The allegations in paragraph 171 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171 and on that basis deny those allegations.

172. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, Westport has reserved its right to deny its defense and indemnity obligation under the Westport Excess Policy on the grounds that "any applicable policy exclusions limit or preclude coverage for the [the Westport Excess Covered Claims] at issue, in whole or in part." Such reservation of rights as to defense and/or indemnity does not apply because the Westport Excess Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Westport Excess Policy defines that term, within the Westport Excess Policy's coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Westport Excess Covered Claims.

i. Claim 15 includes negligence allegations that RCBO "negligently supervised and/or

retained ABUSER in positions of trust and authority as a priest" (¶ 49) and "failed to use reasonable care in protecting Plaintiff [] from Abuser's misconduct that created a risk of childhood sexual abuse, while Plaintiffs [] were involved in activities sponsored, supervised, organized or directed by [RCBO]" (¶ 53) and that such negligence caused the plaintiff bodily injury, including "suffer[ing] physical, mental and emotional health problems" (¶ 67).

ii. Claim 2 includes negligence allegations that RCBO was "at all times herein negligent in the hiring, retention, control, and supervision, of PERPETRATOR, so as to allow him to repeatedly commit sexual assaults upon minors, including Plaintiff" (¶ 13) and that RCBO was "further negligent in failing to protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 13), and that as a result of such negligence plaintiff "has suffered and will continue to suffer physical injury, psychological, emotional and economic harm" (¶ 14).

iii. Claim 25 includes negligence allegations that RCBO "failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of childhood sexual abuse in the future by ABUSER, including but not limited to preventing or avoiding placement of ABUSER in a function or environment in which contact with children is an inherent aspect of the function or environment" (¶ 35) and that RCBO "failed to supervise Plaintiff [], a minor, and failed to use reasonable care in protecting Plaintiff [], a minor, from ABUSER's misconduct that created a risk of childhood sexual abuse, while Plaintiff [], a minor, was involved in activities sponsored, supervised, organized or directed by [RCBO] or their agents and employees" (¶ 44), and that as a result of such negligence plaintiff "suffered economic, physical, psychological and emotional harm" (¶ 38).

iv. Claim 3 includes negligence allegations that RCBO "[was] at all times herein negligent in the hiring, retention, control, and supervision, of PERPETRATOR, so as to allow him to repeatedly commit sexual assaults upon minors, including Plaintiff" (¶ 13) and that RCBO "[was] further negligent in failing to protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 44), and that as a result of such negligence plaintiff "suffered and will continue to suffer physical injury, psychological, emotional

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and economic harm" (¶ 14).

v. Claim 4 includes negligence allegations that RCBO "[was] at all times herein negligent in the hiring, retention, control, and supervision, of PERPETRATOR, so as to allow him to repeatedly commit sexual assaults upon minors, including Plaintiff" (¶ 13) and that RCBO "[was] further negligent in failing to protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 13), and that as a result of such negligence plaintiff "suffered and will continue to suffer physical injury, psychological, emotional and economic harm" (¶ 14).

**ANSWER:** The allegations in paragraph 172 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 172 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172 and on that basis deny those allegations.

173. The remaining Westport Excess Covered Claims not listed in Paragraph 172 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Westport Excess Policy defines that term.

**ANSWER:** The allegations in paragraph 173 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 173 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 and on that basis deny those allegations.

174. As a further example, Westport reserved its right to deny coverage under the Westport Excess Policy on the ground that "there is no indication that the limits underlying the [Westport Excess Policy] have been exhausted in accordance with the terms of the policies, Westport would have no immediate potential coverage obligations." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraph 175-176.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 174 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 174 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174 and on that basis deny those allegations.

175. There is a substantial likelihood that the Westport Excess Covered Claims will exhaust the primary insurance underlying the Westport Excess Policy. The underlying Commercial Union primary policies nos. EF 9334-001, EF 9334-003, and EF 9334-008 have limits of $100,000 per occurrence and $300,000 in aggregate (the "10/26/71-10/26/74 Commercial Union Policies"). There are at least 165 Westport Excess Covered Claims that trigger the coverage periods for the 10/26/71-10/26/74 Commercial Union Policies and the Westport Excess Policy.

**ANSWER:** The allegations in paragraph 175 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 175 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175 and on that basis deny those allegations.

176. Data from past clergy sexual abuse cases indicate the Westport Excess Covered Claims will far exceed the per occurrence and aggregate limits of the 10/26/71-10/26/74 Commercial Union Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. The UCC sent Westport a demand letter on July 3, 2024 (the "UCC Westport Demand Letter"), demanding Westport pay a sum of $308.9 million (the "UCC Westport Demand Amount"), which is within the policy limits of the Westport Excess Policy and Westport umbrella policy no. PLE20430 (the "Westport Umbrella Policy), to resolve the Westport Excess Covered Claims and the claims falling within the Westport Umbrella Policy coverage period (the "Westport Umbrella Covered Claims") alleged against RCBO. The UCC based the UCC Westport Demand

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Amount on its reasonable estimate of the value of the Westport Excess Covered Claims and Westport Umbrella Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Westport Excess Covered Claims and Westport Umbrella Covered Claims will exhaust the 10/26/71-10/26/74 Commercial Union Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** The allegations in paragraph 176 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 176 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 176 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 176.

177. Moreover, Westport must drop down and provide first-dollar coverage of the Westport Excess Covered Claims under the Westport Excess Policy because the underlying primary insurer Commercial Union is insolvent.

**ANSWER:** The allegations in paragraph 177 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 177 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 177 and on that basis deny those allegations.

178. The asserted reservations of rights set forth in Paragraph 171 do not provide Westport valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Westport Excess Covered Claims under the Westport Excess Policy as the claims have been

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Westport Excess Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Westport Excess Policies have been exhausted or that limits have been reduced. Finally, RCBO has fully cooperated with Westport as required under the insurance, including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 178 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 178 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 178 and on that basis deny those allegations.

179. RCBO sent Westport a letter on May 30, 2024, demanding Westport indemnify RCBO for the Westport Excess Covered Claims up to the policy limits under the Westport Excess Policy (the "Westport Excess Policy Limits Letter").

**ANSWER:** The allegations in paragraph 179 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 179 and on that basis deny those allegations.

180. Westport failed to respond to the Westport Excess Policy Limits Letter confirming it will indemnify RCBO, and thereby has failed to provide the benefits of the Westport Excess Policy to RCBO.

**ANSWER:** The allegations in paragraph 180 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 180 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 180 and on that basis deny those allegations.

181. On August 6, 2024, Westport responded to the UCC Westport Demand Letter and

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the Westport Excess Policy to RCBO.

**ANSWER:** The allegations in paragraph 181 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 181 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 181 and on that basis deny those allegations.

182. The Westport Excess Policy provides coverage for, and does not exclude, the Westport Excess Covered Claims, and Westport is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Westport Excess Covered Claims.

**ANSWER:** The allegations in paragraph 182 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 182 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 and on that basis deny those allegations.

183. The Westport Excess Policy constitutes a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 183 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 183 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183 and on that basis deny those allegations.

184. An actual controversy of a justiciable nature presently exists between RCBO and Westport concerning the proper construction of the Westport Excess Policy, whether Westport's cited grounds for reservation of rights to deny defense and/or indemnity under the Westport Excess Policy are valid, whether there is any coverage for the Westport Excess Covered Claims under the Westport Excess Policy, whether Westport is obligated to drop down to provide first-

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

dollar coverage for the Westport Excess Covered Claims because the underlying primary insurer is insolvent and/or the underlying primary insurance is exhausted, Westport's and RCBO's respective rights and obligations under the Westport Excess Policy with respect to the Westport Excess Covered Claims, and whether Westport should participate in settlement regarding the Westport Excess Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 184 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 184 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 184 and on that basis deny those allegations.

185. RCBO is entitled to a declaratory judgment stating Westport has issued the Westport Policies to RCBO, the Westport Excess Policy covers the Westport Excess Covered Claims, and RCBO is entitled to both defense and indemnity regarding the Westport Excess Covered Claims under the Westport Excess Policy, including, without limitation, a declaration of exhaustion as to the primary policies underlying the Westport Excess Policy as alleged in Paragraphs 175-176, and the requirement that Westport drop down to provide defense and indemnity to RCBO regarding the Westport Excess Covered Claims.

**ANSWER:** The allegations in paragraph 185 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 185 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 185 and on that basis deny those allegations.

## EIGHTH CAUSE OF ACTION

### (Declaratory Relief Against CNA – Excess/Umbrella)

186. RCBO realleges and incorporates herein Paragraphs 1 through 185 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraphs 1 through 185 as if fully set forth herein.

187. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 187 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 187 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 187.

188. An actual and justiciable controversy exists between RCBO and CNA with respect to whether CNA is obligated to provide RCBO with defense and indemnity under the CNA Policies regarding the subset of the Suits for which RCBO alleges CNA is obligated to provide RCBO with indemnity, as set forth in Paragraph 12 (the "CNA Covered Claims").

**ANSWER:** The allegations in paragraph 188 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 188 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 and on that basis deny those allegations.

189. Pursuant to the terms of the CNA Policies, CNA is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the CNA Covered Claims.

**ANSWER:** The allegations in paragraph 189 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 189 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189 and on that basis deny those allegations.

190. RCBO has fully satisfied all conditions required under the CNA Policies, or is

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 190 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 190 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 and on that basis deny those allegations.

191. RCBO's broker and/or RCBO tendered the CNA Covered Claims to CNA on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 191 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191 and on that basis deny those allegations.

192. On May 24, 2024, CNA agreed to provide a defense to RCBO for those CNA Covered Claims "where the applicable underlying primary coverage is either insolvent or fully and properly exhausted through payment of judgments or settlements." However, CNA denied and/or failed to confirm it will indemnify RCBO for the CNA Covered Claims.

**ANSWER:** The allegations in paragraph 192 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 192 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 and on that basis deny those allegations.

193. CNA has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the CNA Policies that, in turn, will exhaust those policies and trigger CNA's obligation to provide the benefits of the CNA Policies to RCBO. Rather, CNA reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 193 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 193 contain legal conclusions to which no response is required. To the extent a response

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 and on that basis deny those allegations.

194. CNA's reservation of rights includes CNA's position that it may deny coverage on the following bases:

i. "[P]laintiffs have not sued, and do not seek damages from, the Diocese,"

ii. "[P]laintiffs are seeking damages unrelated to 'bodily injury,'

iii. "[A]n entity other than the Insured is liable for the alleged injury,"

iv. "[T]he terms of the Aetna [Casualty Ins. Co. CGL policy 05SM90296]" preclude coverage,

v. "[T]he terms of the Commercial Union policy" preclude coverage,

vi. "[A]ll applicable underlying insurance has not been exhausted,"

vii. CNA may "seek contribution from all other insurance which may be applicable" and may "assert its subrogation rights under the Policies,"

viii. CNA denies coverage for any enhanced damages based on the defendants' willful and malicious conduct,"

ix. "[T]he Diocese failed to provide timely notice of claims, occurrences, or lawsuits,"

x. CNA may "withdraw from the Diocese's defense at any time if it determines there is no potential for coverage under the Policies,"

xi. CNA may "seek reimbursement from the Diocese's other insurers for amounts paid in excess of CNA's appropriate share of defense costs,"

xii. "[T]he Diocese's liability as alleged was channeled to the BSA Trust,"

xiii. "To the extent the Diocese has released CNA from responsibility for a particular Sexual Abuse Claim, CNA would have no duty to defend or indemnify such claim."

**ANSWER:** The allegations in paragraph 194 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194 and on that basis deny those allegations.

195. In addition, CNA reserved further rights to deny coverage as follows:

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

i. "The right to deny coverage on the grounds that any tendering defendant does not qualify as an insured or additional insured under the policies;"

ii. "The right to deny coverage on the ground that the subject claim does not seek recovery for covered damages caused by an occurrence, incident, or accident;"

iii. "The right to deny coverage to the extent the claim or loss alleged is not fortuitous;"

iv. "The right to deny coverage on the basis that the injuries at issue were expected or intended from the standpoint of the insured;"

v. "The right to deny coverage if the suit does not allege "bodily injury" or "personal injury" within the meaning of the policies;"

vi. "The right to deny coverage for any alleged "bodily injury" or "personal injury" that did not take place during the relevant policy period;"

vii. "The right to deny coverage to the extent that the suit does not seek recovery for "damages" within the meaning of the policies;"

viii. "The right to deny coverage for injury arising out of the willful violation of a penal statute or ordinance committed by or with the consent of any insured;"

ix. "The right to deny coverage for persons or entities that are not insureds under any policy;"

x. "The right to deny coverage for 'willful acts of the insured;'"

xi. "The right to deny coverage to the extent that any of the alleged injuries arose out of conduct that is uninsurable as a matter of public policy;"

xii. "The right to seek rescission of the policies, if there was misrepresentation or a failure to disclose known or likely sexual misconduct of the perpetrator during the application process for said policies;"

xiii. "The right to deny coverage for exemplary damages, punitive damages, and fines;"

xiv. "The right to deny or limit coverage consistent with any provision related to any limits of liability located in the policies;"

xv. "CNA has no obligation to any person or entity seeking coverage under the policies if such person or entity fails to comply with the assistance and cooperation clause in said policies;"

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

xvi. "CNA has no obligation to any person or entity seeking coverage under the policies if such person or entity makes a voluntary payment under said policies;"

xvii. "The right to disclaim coverage to the extent that any insured makes any settlements or payments, or commits to making such payments, without prior authorization from CNA;"

xviii. "The right to deny or limit coverage based on "other insurance" provisions in the policies;"

xix. "The right to deny coverage on the basis of late notice of occurrence, late notice of suit, or laches;"

xx. "The right to supplement the grounds upon which CNA reserves rights and/or limits or disclaims coverage, including to add any grounds that become apparent should CNA become aware of additional information regarding the Alleged CNA Policies."

**ANSWER:** The allegations in paragraph 195 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 and on that basis deny those allegations.

196. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, CNA has reserved its right to deny its defense and indemnity obligation under the CNA Policies on the grounds that the CNA Covered Claims allege injuries that were "expected or intended from the standpoint of [RCBO]" or that "do[] not allege 'bodily injury' or 'personal injury' within the meaning of the [CNA Policies]." Such reservations of rights as to defense and/or indemnity do not apply because the CNA Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the CNA Policies define that term, within the CNA Policies' coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the CNA Covered Claims.

i. Claim 6 includes negligence allegations that RCBO was "at all times herein negligent in the hiring, retention, control, and supervision, of PERPETRATOR, so as to allow him to repeatedly commit sexual assaults upon minors, including Plaintiff" (¶ 13) and "fail[ed] to protect

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 13), and that as a result of such negligence the plaintiff "suffered and will continue to suffer physical injury" (¶ 14).

ii. Claim 7 includes negligence allegations that RCBO was "at all times herein negligent in the hiring, retention, control, and supervision, of PERPETRATOR, so as to allow him to repeatedly commit sexual assaults upon minors, including Plaintiff" (¶ 13) and "fail[ed] to protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 13), and that as a result of such negligence the plaintiff "suffered and will continue to suffer physical injury" (¶ 14).

iii. Claim 33 includes negligence allegations that RCBO was "at all times herein negligent in the hiring, retention, control, and supervision, of PERPETRATOR, so as to allow him to repeatedly commit sexual assaults upon minors, including Plaintiff" (¶ 9) and "fail[ed] to protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 9), and that as a result of such negligence the plaintiff "suffered and will continue to suffer physical injury" (¶ 10).

iv. Claim 99 includes negligence allegations that RCBO "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection whatsoever, and continued to make Plaintiff accessible to the DOE PERPETRATOR for the purposes of sexual assault" (¶ 65) and "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure, where the DOE PERPETRATOR was able to commit wrongful acts against the Plaintiff. [RCBO] failed to provide reasonable supervision of the DOE PERPETRATOR. [RCBO] further failed to take reasonable measures to prevent sexual harassment, molestation and assault of minors, including the Plaintiff" (¶ 83), and that as a result of such negligence the plaintiff "suffered and will continue to suffer the physical injury of sexual assault" (¶ 99).

v. Claim 251 includes negligence allegations that RCBO "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection whatsoever, and continued to make Plaintiff accessible to the DOE PERPETRATOR for the purposes of sexual assault" (¶

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

65) and "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure, where the DOE PERPETRATOR was able to commit wrongful acts against the Plaintiff. [RCBO] failed to provide reasonable supervision of the DOE PERPETRATOR. [RCBO] further failed to take reasonable measures to prevent sexual harassment, molestation and assault of minors, including the Plaintiff" (¶ 83), and that as a result of such negligence the plaintiff "suffered the physical injury of sexual assault" (¶ 75).

**ANSWER:** The allegations in paragraph 196 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 196 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196 and on that basis deny those allegations.

197. The remaining CNA Covered Claims not listed in Paragraph 196 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the CNA Policies define that term.

**ANSWER:** The allegations in paragraph 197 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 197 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 197 and on that basis deny those allegations.

198. As a further example, CNA reserved its right to deny coverage under the CNA Policies on the ground that "all applicable underlying insurance has not been exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraphs 199-200.

**ANSWER:** The allegations in paragraph 198 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 198 contain legal conclusions to which no response is required. To the extent a response

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 198 and on that basis deny those allegations.

199. There is a substantial likelihood that the CNA Covered Claims will exhaust the primary insurance underlying the CNA Policies. The underlying Commercial Union primary policy no. CF 9334- 008 has limits of $300,000 per occurrence and $300,000 aggregate, and the underlying Travelers policies nos. 05 AL 802025 CMA, 05 SM 90296 FCA, and 05 SM 99094 FCA have limits of $300,000 per occurrence and $300,000 aggregate, $500,000 CLS, and $1,000,000 CSL, respectively (the “10/26/74-12/01/80 Commercial Union and Travelers Policies”). There are at least 180 CNA Covered Claims that trigger the coverage periods for the 10/26/74-12/01/80 Commercial Union and Travelers Policies and the CNA Policies.

**ANSWER:** The allegations in paragraph 199 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 199 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 and on that basis deny those allegations.

200. Data from past clergy sexual abuse cases indicate the CNA Covered Claims will far exceed the per occurrence and aggregate limits of the 10/26/74-12/01/80 Commercial Union and Travelers Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. The UCC sent CNA a demand letter (the “UCC CNA Demand Letter”) on July 3, 2024, demanding CNA pay a sum of $162.6 million (the “UCC CNA Demand Amount”), which is within the policy limits of the CNA Policies, to resolve the CNA Covered Claims alleged against RCBO. The UCC based the UCC CNA Demand Amount on its reasonable estimate of the value of the CNA Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the CNA Covered Claims and will exhaust the 10/26/74-12/01/80 Commercial Union and Travelers Policies. Jane Doe 3, et al. v. Roe #1, et al., Superior Court of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** The allegations in paragraph 200 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 200 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 200 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 200.

201. Moreover, CNA must drop down and provide first-dollar coverage of the CNA Covered Claims under the CNA Policies because the underlying primary insurer Commercial Union is insolvent.

**ANSWER:** The allegations in paragraph 201 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 201 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201 and on that basis deny those allegations.

202. The asserted reservations of rights set forth in Paragraphs 194 and 195 do not provide CNA valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the CNA Covered Claims under the CNA Policies as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the CNA Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the CNA Policies have been exhausted or that limits have been reduced and RCBO made no misrepresentations to CNA when obtaining the CNA Policies. Finally, RCBO has

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

fully cooperated with CNA as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 202 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 202 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202 and on that basis deny those allegations.

203. RCBO sent CNA a letter on May 30, 2024, demanding CNA indemnify RCBO for the CNA Covered Claims up to the policy limits under the CNA Policies (the "CNA Policy Limits Letter").

**ANSWER:** The allegations in paragraph 203 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 203 and on that basis deny those allegations.

204. On June 28, 2024 CNA responded to the CNA Policy Limits Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the CNA Policies to RCBO.

**ANSWER:** The allegations in paragraph 204 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 204 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204 and on that basis deny those allegations.

205. On August 6, 2024, CNA responded to the UCC CNA Demand Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the CNA Policies to RCBO.

**ANSWER:** The allegations in paragraph 205 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 205 contain legal conclusions to which no response is required. To the extent a response

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205 and on that basis deny those allegations.

206. The CNA Policies provide coverage for, and do not exclude, the CNA Covered Claims, and CNA is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the CNA Covered Claims.

**ANSWER:** The allegations in paragraph 206 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 206 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 206 and on that basis deny those allegations.

207. The CNA Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 207 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 207 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 207 and on that basis deny those allegations.

208. An actual controversy of a justiciable nature presently exists between RCBO and CNA concerning the proper construction of the CNA Policies, whether CNA's cited grounds for reservation of rights to deny defense and/or indemnity under the CNA Policies are valid, whether there is any coverage for the CNA Covered Claims under the CNA Policy, whether CNA is obligated to drop down to provide first-dollar coverage for the CNA Covered Claims because the underlying primary insurer is insolvent and/or the underlying primary insurance is exhausted, CNA's and RCBO's respective rights and obligations under the CNA Policies with respect to the CNA Covered Claims, and whether CNA should participate in settlement regarding the CNA Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 208 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 208 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208 and on that basis deny those allegations.

209. RCBO is entitled to a declaratory judgment stating CNA has issued the CNA Policies to RCBO, the CNA Policies cover the CNA Covered Claims, and RCBO is entitled to both defense and indemnity regarding the CNA Covered Claims under the CNA Policies, including, without limitation, a declaration of exhaustion as to the primary policies underlying the CNA Policies as alleged in Paragraphs 199-200, and the requirement that CNA drop down to provide defense and indemnity to RCBO regarding the CNA Covered Claims.

**ANSWER:** The allegations in paragraph 209 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 209 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209 and on that basis deny those allegations.

## NINTH CAUSE OF ACTION

### (Declaratory Relief Against Westchester – Excess)

210. RCBO realleges and incorporates herein Paragraphs 1 through 209 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 209 as if fully set forth herein.

211. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 211 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 211 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

allegations of paragraph 211.

212. An actual and justiciable controversy exists between RCBO and Westchester with respect to whether Westchester is obligated to provide RCBO with defense and indemnity under the Westchester Policy regarding the subset of the Suits for which RCBO alleges Westchester is obligated to provide RCBO with indemnity, as set forth in Paragraph 13 (the "Westchester Covered Claims").

**ANSWER:** The allegations in paragraph 212 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Westchester has reserved its rights with regard to indemnifying the alleged Westchester Covered Claims. To the extent that paragraph 212 purports to characterize the terms and conditions of the alleged Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants further deny that "Westchester is obligated to provide RCBO with defense and indemnity under the Westchester Policy regarding the subset of the Suits for which RCBO alleges Westchester is obligated to provide RCBO with indemnity" and deny the remaining allegations of paragraph 212. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 212.

213. Pursuant to the terms of the Westchester Policy, Westchester is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Westchester Covered Claims.

**ANSWER:** The allegations in paragraph 213 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Westchester has reserved its rights with regard to indemnifying the alleged Westchester Covered Claims. To the extent that paragraph 213 purports to characterize the terms and conditions of the alleged Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that "Westchester is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

arising out of the Westchester Covered Claims" and deny the remaining allegations of paragraph 213. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 213.

214. RCBO has fully satisfied all conditions required under the Westchester Policy, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 214 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny that "RCBO has fully satisfied all conditions required under the Westchester Policy" and deny that RCBO "is otherwise excused from doing so." To the extent that paragraph 214 purports to characterize the terms and conditions of the Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny the remaining allegations in paragraph 214.

215. RCBO's broker and/or RCBO tendered the Westchester Covered Claims to Westchester on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 215 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Westchester received notice of certain claims from RCBO and/or its broker. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 215 and therefore deny the same. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 215.

216. Westchester refused to provide a defense to RCBO for the Westchester Covered Claims. Westchester also denied and/or failed to confirm it will indemnify RCBO for the Westchester Covered Claims.

**ANSWER:** The allegations in paragraph 216 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Westchester has not agreed to participate in the defense of the alleged Westchester Covered Claims, and deny that Westchester has any present defense obligations. Answering Defendants deny that Westchester had an obligation to "confirm it will indemnify RCBO for the Westchester

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Covered Claims" and deny the remaining allegations of paragraph 216. To the extent that paragraph 216 purports to characterize the terms and conditions of Westchester's reservation of rights or the alleged Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 216.

217. Westchester has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the Westchester Policy that, in turn, will exhaust those policies and trigger Westchester's obligation to provide the benefits of the Westchester Policy to RCBO. Rather, Westchester reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 217 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Westchester has reserved its rights with regard to indemnifying the alleged Westchester Covered Claims. Answering Defendants deny that Westchester is required to "acknowledge[] that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the Westchester Policy." Answering Defendants further respond that with regard to the alleged Westchester Covered Claims, Westchester has no coverage obligation, if any, unless and until the alleged applicable underlying insurance is exhausted. To date, there has been no indication and no notice that the limits of the alleged underlying policies have been exhausted in the payment of settlements or judgments in accordance with the terms of those alleged policies and therefore Westchester has no current coverage obligations for the alleged Westchester Covered Claims. To the extent that paragraph 217 purports to characterize Westchester's reservation of rights letters or the terms and/or conditions of the alleged Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 217.

218.Westchester's reservation of rights includes Westchester's position that it may deny coverage on the following bases:

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

i. RCBO "has not met its burden of establishing the material terms and conditions of the [Westchester] Policy."

ii. "Any alleged personal injury taking place outside the effective dates of coverage [is] not [] covered."

iii. "[The Westchester Policy] may have been exhausted through the settlement of claims in connection with prior litigation involving [RCBO]."

iv. "To the extent that any of the claims… do not arise out of 'personal injury' which occurred during the policy period," there would be no coverage for any such claims."

v. Westchester has "no indication that the applicable limits of the [underlying] Aetna [primary] Policy have been exhausted."

vi. "To the extent any of the claimants did not sustain a loss arising out of an accident, and as such it would not have been caused by an "occurrence," there would be no coverage."

vii. The alleged conduct may also be "excluded as uninsurable willful conduct pursuant to California Insurance Code § 533."

viii. The Westchester Policy "requires that [any] 'personal injury' must be neither expected nor intended."

**ANSWER:** The allegations in paragraph 218 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Westchester has issued reservation of rights letters for the alleged Westchester Covered Claims, which include certain bases on which coverage may be denied. To the extent that paragraph 218 purports to quote from or characterize Westchester's reservation of rights letters, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 218.

219. In addition, Westchester reserved further rights to deny coverage as follows:

i. Westchester "reserves rights to the extent the [Westchester] Policy is exhausted and [it has] no further defense or indemnity obligations under the [Westchester] Policy."

ii. "The right to the extent that limits are reduced in connection with settlement of prior

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

claims."

iii. "To the extent that [RCBO] knew of any of the abuse alleged by claimants prior to the effective date of the settlement agreement, [Westchester] reserves the right to deny coverage to the extent that any of the claims were released as part of [a prior] settlement."

iv. "All rights with regarding to exhaustion."

v. To the extent "Pastoral Professional Liability cover is implicated" in "the underlying Aetna Policy," Westchester "reserves its rights to decline coverage… on this basis."

**ANSWER:** The allegations in paragraph 219 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Westchester has issued reservation of rights letters for the alleged Westchester Covered Claims, which include certain bases on which coverage may be denied. To the extent that paragraph 219 purports to quote from or characterize Westchester's reservation of rights letters, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 219.

220. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, Westchester has reserved its right to deny its defense and indemnity obligation under the Westchester Policy on the grounds that the Westchester Covered Claims allege injuries where RCBO expected or intended injury to the subject claimant that were "expected or intended from the standpoint of [RCBO]" or where RCBO is liable for damages not resulting from "bodily injury." Such reservations of rights as to defense and/or indemnity do not apply because the Westchester Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Westchester Policy defines that term, within the Westchester Policy's coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Westchester Covered Claims.

i. Claim 10 includes negligence allegations that RCBO "[was] negligent in the hiring, retention, control, and supervision, of PERPETRATOR" (¶ 14) and "[was] negligent in failing to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 14), and that such negligence caused the plaintiff bodily injury, including "physical injury, psychological, emotional and economic harm." (¶ 15).

ii. Claim 33 includes negligence allegations that RCBO "[was] negligent in the hiring, retention, control, and supervision, of PERPETRATOR" (¶ 9) and "[was] negligent in failing to protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 9), and that such negligence caused the plaintiff bodily injury, including "physical injury, psychological, emotional and economic harm." (¶ 10).

iii. Claim 35 includes negligence allegations that RCBO "[w]as] negligent in the hiring, retention, control, and supervision of PERPETRATOR" (¶ 9) and "[was] negligent in failing to protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities and while PERPETRATOR was engaged in his duties and responsibilities of outreach as a Priest" (¶ 9), and that such negligence caused the plaintiff bodily injury, including "physical injury, psychological, emotional and economic harm." (¶ 10).

iv. Claim 61 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life." (¶ 75).

v. Claim 64 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life." (¶ 75).

**ANSWER:** The allegations in paragraph 220 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Westchester has issued reservation of rights letters for the alleged Westchester Covered Claims, which include certain bases on which coverage may be denied. Answering Defendants deny that Westchester's reservations of rights "are without both factual and legal merit." Answering Defendants further deny that the underlying Suits and claims are limited to claims for negligence and bodily injury. To the extent certain allegations in paragraph 220 purport to quote or characterize the reservation of rights letters or the terms and/or conditions of the alleged Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent subparts (i) through (v) purport to quote or characterize complaints or other documents from the underlying Suits or claims, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 220 and deny that allegation on that basis. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 220.

221. The remaining Westchester Covered Claims not listed in Paragraph 220 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Westchester Policy defines that term.

**ANSWER:** The allegations in paragraph 221 contain legal conclusions to which no response is required. Answering Defendants further respond that to the extent that paragraph 221 purports to characterize the allegations from certain underlying complaints and/or the terms of the Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants deny that the underlying Suits and claims are limited to claims for

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

negligence and physical harm or bodily injury. Answering Defendants deny the remaining allegations in paragraph 221.

222. As a further example, Westchester reserved its right to deny coverage under the Westchester Policy to the extent the applicable underlying insurance has not been exhausted. This reservation of rights as to defense and/or indemnity does not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraphs 223-224.

**ANSWER:** The allegations in paragraph 222 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Westchester has issued reservation of rights letters for the alleged Westchester Covered Claims, which include certain bases on which coverage may be denied. Answering Defendants further respond that with regard to the alleged Westchester Covered Claims, Westchester has no coverage obligation, if any, unless and until the alleged applicable underlying insurance is exhausted. To date, there has been no indication and no notice that the limits of the alleged underlying policies have been exhausted in the payment of settlements or judgments in accordance with the terms of those alleged policies and therefore Westchester has no current coverage obligations for the alleged Westchester Covered Claims. To the extent certain allegations in paragraph 222 purport to characterize the reservation of rights letters or the terms and/or conditions of the alleged Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 222.

223. There is a substantial likelihood that the Westchester Covered Claims will exhaust the primary insurance underlying the Westchester Policy. The underlying Aetna/Travelers primary policy no. 05 SM 107459 FCA has a limit of $1,000,000 in aggregate (the "12/01/80-12/01/81 Travelers Primary Policy"). There are at least 37 Westchester Covered Claims that trigger the coverage periods for the 12/01/80-12/01/81 Travelers Primary Policy and the Westchester Policy.

**ANSWER:** The allegations in paragraph 223 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223, and on

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

that basis deny those allegations. Answering Defendants further respond that with regard to the alleged Westchester Covered Claims, Westchester has no coverage obligation, if any, unless and until the applicable alleged underlying insurance is exhausted. To date, there has been no indication and no notice that the limits of the alleged underlying policies have been exhausted in the payment of settlements or judgments in accordance with the terms of those alleged policies and therefore Westchester has no current coverage obligations for the alleged Westchester Covered Claims. To the extent paragraph 223 purports to characterize the terms, conditions, or limits of the alleged Westchester Policy or the alleged insurance underlying it, those documents speak for themselves, and Answering Defendants deny RCBO's characterization of them.

224. Data from past clergy sexual abuse cases indicate the Westchester Covered Claims will far exceed the per occurrence and aggregate limits of the 12/01/80-12/01/81 Travelers Primary Policy. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. The UCC sent Chubb the UCC Chubb Demand Letter on July 3, 2024, demanding they pay the UCC Chubb Demand Amount, a sum of $219.2 million, which is within the policy limits of the Chubb Policies, including the Westchester Policy, to resolve the Westchester Covered Claims alleged against RCBO. The UCC based the UCC Chubb Demand Amount on its reasonable estimate of the value of the claims covered by the Chubb policies, including the Westchester Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Westchester Covered Claims will exhaust the 12/01/80- 12/01/81 Travelers Primary Policy. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** The allegations in paragraph 224 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants aver that on

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants object to Plaintiff's use of the term "Chubb" to refer to all four Answering Defendants in this action. Answering Defendants are separate legal entities. Plaintiff's use of "Chubb" throughout its Complaint prevents Answering Defendants from determining which allegations are directed toward each of Pacific Indemnity, Century, Westchester, and Pacific Employers. To the extent that paragraph 224 purports to characterize Westchester's response to the UCC's July 3, 2024 letter, filings in cases, verdicts, the terms and/or conditions of the alleged Westchester Policy, and/or the terms and conditions of the alleged 12/01/80-12/01/81 Travelers Primary Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 224 and therefore deny the same. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 224.

225. The asserted reservations of rights set forth in Paragraphs 218 and 219 do not provide Westchester valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Westchester Covered Claims under the Westchester Policy as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Westchester Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Westchester Policies have been exhausted or that limits have been reduced. Finally, RCBO has fully cooperated with Westchester as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 225 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Westchester has issued reservation of rights letters for the alleged Westchester Covered Claims, which include certain bases on which coverage may be denied. Answering Defendants admit that

Westchester has not issued a notice that the alleged Westchester Policy has been exhausted or that the limits have been reached. To the extent paragraph 225 purports to quote or characterize the reservation of rights letters, the terms and conditions of the alleged Westchester Policy, and/or the allegations from certain underlying complaints, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the underlying Suits and claims are limited to claims for negligence and bodily injury. Answering Defendants further deny that there is any obligation to "confirm indemnity" in the absence of settlements or judgments in the alleged Westchester Covered Claims. Answering Defendants deny the allegations in the last sentence of paragraph 225. Except as expressly admitted herein, Answering Defendants otherwise deny the allegations in paragraph 225.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

226. RCBO sent Westchester a letter on May 30, 2024, demanding Westchester indemnify RCBO for the Westchester Covered Claims up to the policy limits under the Westchester Policy (the "Westchester Policy Limits Letter").

**ANSWER:** The allegations in paragraph 226 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Westchester received a letter dated May 30, 2024 from RCBO. To the extent that paragraph 226 purports to characterize the May 30, 2024 letter and/or the terms and conditions of the alleged Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the May 30, 2024 letter constituted a "demand." Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 226.

227. Westchester failed to respond to the Westchester Policy Limits Letter confirming it will indemnify RCBO, and thereby has failed to provide the benefits of the Westchester Policy to RCBO.

**ANSWER:** The allegations in paragraph 227 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants aver that Westchester timely responded to RCBO's May 30, 2024 letter and deny that Westchester had an

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

obligation to "confirm[] it [would] indemnify RCBO." To the extent that paragraph 227 purports to characterize Westchester's response to the May 30, 2024 letter and/or the terms and conditions of the alleged Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly averred or admitted herein, Answering Defendants deny the allegations in paragraph 227.

228. On August 6, 2024, Westchester responded to the UCC Chubb Demand Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the Westchester Policy to RCBO.

**ANSWER:** The allegations in paragraph 228 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that on August 6, 2024, Westchester responded to the letter from the UCC dated July 3, 2024. Answering Defendants deny that Westchester had an obligation to "confirm" it would "indemnify RCBO." To the extent that paragraph 228 purports to characterize Westchester's response to the UCC's July 3, 2024 letter and/or the terms and conditions of the alleged Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 228.

229. The Westchester Policy provides coverage for, and does not exclude, the Westchester Covered Claims, and Westchester is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Westchester Covered Claims.

**ANSWER:** The allegations in paragraph 229 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 229. To the extent that paragraph 229 purports to characterize the terms and/or conditions of the Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents.

230. The Westchester Policy constitutes a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** Answering Defendants respond that paragraph 230 does not allege facts that Answering Defendants are required to admit or deny. To the extent a response is required, Answering Defendants deny the allegations in paragraph 230.

231. An actual controversy of a justiciable nature presently exists between RCBO and Westchester concerning the proper construction of the Westchester Policy, whether Westchester's cited grounds for reservation of rights to deny defense and/or indemnity under the Westchester Policy are valid, whether there is any coverage for the Westchester Covered Claims under the Westchester Policy, whether Westchester is obligated to drop down to provide first-dollar coverage for the Westchester Covered Claims because the underlying primary insurance is exhausted, Westchester's and RCBO's respective rights and obligations under the Westchester Policy with respect to Westchester Covered Claims, and whether Westchester should participate in settlement regarding the Westchester Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 231 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 231.

232. RCBO is entitled to a declaratory judgment stating Westchester has issued the Westchester Policy to RCBO, the Westchester Policy covers the Westchester Covered Claims, and RCBO is entitled to both defense and indemnity regarding the Westchester Covered Claims under the Westchester Policy, including, without limitation, a declaration of exhaustion as to the primary policies underlying the Westchester Policy as alleged in Paragraphs 223-224, and the requirement that Westchester drop down to provide defense and indemnity to RCBO regarding the Westchester Covered Claims.

**ANSWER:** The allegations in paragraph 232 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 232.

## TENTH CAUSE OF ACTION

**(Declaratory Relief Against Lloyd's Excess)**

233. RCBO realleges and incorporates herein Paragraphs 1 through 232 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 232 as if fully set forth herein.

234. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 234 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 234 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 234.

235. An actual and justiciable controversy exists between RCBO and Lloyd's Excess with respect to whether Lloyd's Excess is obligated to provide RCBO with defense and indemnity under the Lloyd's Excess Policies regarding the subset of the Suits for which RCBO alleges Lloyd's Excess is obligated to provide RCBO with indemnity, as set forth in Paragraph 14 (the "Lloyd's Excess Covered Claims").

**ANSWER:** The allegations in paragraph 235 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 235 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 235 and on that basis deny those allegations.

236. Pursuant to the terms of the Lloyd's Excess Policies, Lloyd's Excess is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Lloyd's Excess Covered Claims.

**ANSWER:** The allegations in paragraph 236 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 236 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236 and on that basis deny those allegations.

237. RCBO has fully satisfied all conditions required under the Lloyd's Excess Policies, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 237 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 237 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 237 and on that basis deny those allegations.

238. RCBO's broker and/or RCBO tendered the Lloyd's Excess Covered Claims to Lloyd's Excess on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 238 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 238 and on that basis deny those allegations.

239. Lloyd's Excess denied and/or failed to confirm it will defend and indemnify RCBO for the Lloyd's Excess Covered Claims.

**ANSWER:** The allegations in paragraph 239 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 239 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 239 and on that basis deny those allegations.

240. Lloyd's Excess has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the Lloyd's Excess Policies that, in turn, will exhaust those policies and trigger Lloyd's Excess's obligation to provide the benefits of the Lloyd's Excess Policies to RCBO. Rather, Lloyd's Excess reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 240 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 240 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 240 and on that basis deny those allegations.

241. Lloyd's Excess's reservation of rights includes Lloyd's Excess's position that it may deny coverage on the following bases:

i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962 and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies."

ii. Lloyd's is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance."

iii. Lloyd's' coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [Lloyd's] Policies."

iv. "To the extent the [Lloyd's] Second Excess Umbrella Policies are potentially implicated, they provide indemnity only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability."

v. Lloyd's "reserve[s] all rights based upon the number and timing of occurrences. It is [Lloyd's'] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged abuse takes place."

vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place." vii. "[T]he underlying insurance limits must first be exhausted before potentially implicating the [Lloyd's] Policies."

viii. Lloyd's "declines coverage to any alleged perpetrator of sexual assault, or any

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

individual seeking coverage on behalf of an alleged perpetrator."

ix. That conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries."

**ANSWER:** The allegations in paragraph 241 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 241 and on that basis deny those allegations.

242. In addition, Lloyd's Excess reserved further rights to deny coverage as follows:

i. "The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods where there is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion)."

ii. "The right to modify [its] position concerning which Policies are potentially implicated if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse."

iii. Lloyd's "reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be 'unexpected or unintended.'" Lloyd's thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an 'occurrence,' which requires unexpected and unintended injury."

iv. "The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from such would not arise from an occurrence."

v. "If Claimant is asserting a claim against another entity besides [RCBO], then [Lloyd's] reserve[s] the right to decline coverage if that entity is not one of the parishes, schools, or other entities and agencies that qualify as an 'Assured' under the [Lloyd's] Policies."

vi. "All rights based on the Exclusion for liability of any Assured for assault and battery committed by or at the direction of such Assured."

vii. The right "to decline indemnity for any payments made by [RCBO] for pastoral or counseling services."

viii. Lloyd's reserves its rights "if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses."

ix. Lloyd's reserves its rights "with respect to the Conditions pertaining to Notice" requiring "that [RCBO] provide notice of an occurrence that may implicate the respective policy 'as soon as practicable' to [Lloyd's'] agent for notice of claims provided in the Policy Declarations."

x. Lloyd's reserves its rights "to the extent [a] claim was previously tendered, was subject to prior investigations (including by any law enforcement agencies), payments, settlements, or releases under the [Lloyd's] Policies, or for which [RCBO] abandoned its claim for coverage (including reimbursement of defense expenses or indemnity payments)."

xi. All rights with respect to "an Amended Confidential Settlement Agreement and Mutual Release" executed by Lloyd's and RCBO "in or around November 2005 pertaining to certain 'Abuse Claims'" and whether certain underlying claims in this lawsuit "constitute[] an Abuse Claim for the purposes of the Release."

xii. "All rights with respect to the Conditions pertaining to Assistance and Cooperation" and states that "[a] failure by [RCBO] to cooperate with [Lloyd's] may preclude coverage."

xiii. "All rights pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [Lloyd's] Policies."

xiv. Lloyd's reserves its rights "pursuant to the [Lloyd's] Policies' Other Insurance Condition."

xv. Lloyd's reserves its rights "with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct."

**ANSWER:** The allegations in paragraph 242 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242 and on that basis deny those allegations.

243. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, Lloyd's Excess has reserved its right to deny its defense and

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

indemnity obligation under the Lloyd's Excess Policies on the grounds that the Lloyd's Excess Covered Claims allege injuries that were not "unexpected or unintended" from the standpoint of RCBO or that conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries." Such reservations of rights as to defense and/or indemnity do not apply because the Lloyd's Excess Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Lloyd's Excess Policies define that term, within the Lloyd's Excess Policies' coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Lloyd's Excess Covered Claims.

i. Claim 114 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 65) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 47), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 57).

ii. Claim 137 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

iii. Claim 147 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

"physical, psychological, emotional and economic harm" (¶ 49).

iv. Claim 155 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

v. Claim 187 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

**ANSWER:** The allegations in paragraph 243 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 243 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 243 and on that basis deny those allegations.

244. The remaining Lloyd's Excess Covered Claims not listed in Paragraph 243 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Lloyd's Excess Policies define that term.

**ANSWER:** The allegations in paragraph 244 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 244 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 244 and on that basis deny those allegations.

245. As a further example, Lloyd's Excess reserved its right to deny coverage under the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Lloyd's Excess Policies on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraphs 246-247.

**ANSWER:** The allegations in paragraph 245 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 245 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245 and on that basis deny those allegations.

246. There is a substantial likelihood that the Lloyd's Excess Covered Claims will exhaust the primary insurance underlying the Lloyd's Excess Policies. The underlying Pacific Indemnity primary policies nos. LAC 127792 and LAC 155598 have limits of $500,000 per occurrence and $500,000 in aggregate (the "3/12/62-10/25/66 Pacific Indemnity Policies"). There are at least 38 Lloyd's Excess Covered Claims that trigger the coverage periods for the 3/12/62-10/25/66 Pacific Indemnity Policies and the Lloyd's Excess Policies.

**ANSWER:** To the extent that the allegations in paragraph 246 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 246 contain legal conclusions to which no response is required. To the extent that paragraph 246 purports to characterize the terms, conditions, and limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 246, and on that basis deny those allegations.

247. Data from past clergy sexual abuse cases indicate the Lloyd's Excess Covered Claims will far exceed the per occurrence and aggregate limits of the 3/12/62-10/25/66 Pacific Indemnity Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. The UCC sent Lloyd's Excess a letter (the "UCC Lloyd's Demand Letter") on July 3, 2024, demanding Lloyd's Excess pay a sum of $42.8 million (the "UCC Lloyd's Demand Amount"), which is within the policy limits of the Lloyd's Excess Policies and the Lloyd's Umbrella Policies, to resolve the Lloyd's Excess Covered Claims and the claims falling within the Lloyd's Excess Policies coverage period alleged against RCBO. The UCC based the UCC Lloyd's Demand Amount on a reasonable estimate of the value of the Lloyd's Excess Covered Claims and the claims covered by the Lloyd's Umbrella Policies. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Lloyd's Excess Covered Claims will exhaust the 3/12/62-10/25/66 Pacific Indemnity Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 247 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 247 contain legal conclusions to which no response is required. To the extent paragraph 247 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, those documents, to the extent they exist, speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 247 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 247.

248. The asserted reservations of rights set forth in Paragraphs 241 and 242 do not provide Lloyd's Excess valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Lloyd's Excess Covered Claims under the Lloyd's Excess Policies as the claims

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Lloyd's Excess Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Lloyd's Excess Policies have been exhausted or that limits have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in "Clergy III") concerned only those claims identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to Lloyd's Excess either in the placing of the insurance or submission of the claims. Finally, RCBO has fully cooperated with Lloyd's Excess as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 248 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 248 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 248 and on that basis deny those allegations.

249. RCBO sent Lloyd's Excess a letter on May 30, 2024, demanding Lloyd's Excess indemnify RCBO for the Lloyd's Excess Covered Claims up to the policy limits under the Lloyd's Excess Policies (the "Lloyd's Excess Policy Limits Letter").

**ANSWER:** The allegations in paragraph 249 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 249 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249 and on that basis deny those allegations.

250. On July 1, 2024, Lloyd's Excess responded to the Lloyd's Excess Policy Limits Letter and declined to indemnify RCBO, and thereby has failed to provide the benefits of the Lloyd's Excess Policies to RCBO.

**ANSWER:** The allegations in paragraph 250 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 250 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250 and on that basis deny those allegations.

251. On August 6, 2024, Lloyd's Excess responded to the UCC Lloyd's Demand Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the Lloyd's Excess Policies to RCBO.

**ANSWER:** The allegations in paragraph 251 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 251 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 251 and on that basis deny those allegations.

252. The Lloyd's Excess Policies provide coverage for, and do not exclude, the Lloyd's Excess Covered Claims, and Lloyd's Excess is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Lloyd's Excess Covered Claims.

**ANSWER:** The allegations in paragraph 252 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 252 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 252 and on that basis deny those allegations.

253. The Lloyd's Excess Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 253 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 253 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 253 and on that basis deny those allegations.

254. An actual controversy of a justiciable nature presently exists between RCBO and Lloyd's Excess concerning the proper construction of the Lloyd's Excess Policies, whether Lloyd's Excess cited grounds for reservation of rights to deny defense and/or indemnity under the Lloyd's Excess Policies are valid, whether there is any coverage for the Lloyd's Excess Covered Claims under the Lloyd's Excess Policies, whether Lloyd's Excess is obligated to drop down to provide first-dollar coverage for the Lloyd's Excess Covered Claims because the underlying primary insurance is exhausted, Lloyd's Excess's and RCBO's respective rights and obligations under the Lloyd's Excess Policies with respect to the Lloyd's Excess Covered Claims, and whether Lloyd's Excess should participate in settlement regarding the Lloyd's Excess Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 254 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 254 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254 and on that basis deny those allegations.

255. RCBO is entitled to a declaratory judgment stating Lloyd's Excess has issued the Lloyd's Excess Policies to RCBO, the Lloyd's Excess Policies cover the Lloyd's Excess Covered Claims, and RCBO is entitled to both defense and indemnity regarding the Lloyd's Excess Covered Claims under the Lloyd's Excess Policies, including, without limitation, a declaration of exhaustion as to the primary policies underlying the Lloyd's Excess Policies as alleged in Paragraphs 246-247, and the requirement that Lloyd's Excess drop down to provide defense and indemnity to RCBO regarding the Lloyd's Excess Covered Claims.

**ANSWER:** The allegations in paragraph 255 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 255 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 255 and on that basis deny those allegations.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ELEVENTH CAUSE OF ACTION**

**(Declaratory Relief Against Fidelidade)**

256.RCBO realleges and incorporates herein Paragraphs 1 through 255 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 255 as if fully set forth herein.

257. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 257 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 257 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 257.

258. An actual and justiciable controversy exists between RCBO and Fidelidade with respect to whether Fidelidade is obligated to provide RCBO with defense and indemnity under the Fidelidade Excess Policy regarding the subset of the Suits for which RCBO alleges Fidelidade is obligated to provide RCBO with indemnity, as set forth in Paragraph 20 (the “Fidelidade Covered Claims”).

**ANSWER:** The allegations in paragraph 258 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 258 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 258 and on that basis deny those allegations.

259. Pursuant to the terms of the Fidelidade Excess Policy, Fidelidade is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Fidelidade Covered Claims.

**ANSWER:** The allegations in paragraph 259 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 259 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259 and on that basis deny those allegations.

260. RCBO has fully satisfied all conditions required under the Fidelidade Excess Policy, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 260 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 260 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260 and on that basis deny those allegations.

261. RCBO's broker and/or RCBO tendered the Fidelidade Covered Claims to Fidelidade on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 261 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261 and on that basis deny those allegations.

262. Fidelidade denied and/or failed to confirm it will defend and indemnify RCBO for the Fidelidade Covered Claims.

**ANSWER:** The allegations in paragraph 262 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 262 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262 and on that basis deny those allegations.

263. Fidelidade has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the Fidelidade Excess Policy that, in turn, will exhaust those policies and trigger Fidelidade's obligation to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

provide the benefits of the Fidelidade Excess Policy to RCBO. Rather, Fidelidade reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 263 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 263 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 263 and on that basis deny those allegations.

264. Fidelidade's reservation of rights includes Fidelidade's position that it may deny coverage on the following bases:

i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962 and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies."

ii. Fidelidade is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance."

iii. Fidelidade's coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [Fidelidade Excess Policy]."

iv. "To the extent the [Fidelidade Excess Policy is] potentially implicated, [it] provide[s] indemnity only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability."

v. Fidelidade "reserve[s] all rights based upon the number and timing of occurrences. It is [Fidelidade's] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged abuse takes place."

vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place."

vii. "[T]he underlying insurance limits must first be exhausted before potentially

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

implicating the [Fidelidade Excess Policy].”

viii. Fidelidade “declines coverage to any alleged perpetrator of sexual assault, or any individual seeking coverage on behalf of an alleged perpetrator.”

ix. That conduct alleged against RCBO “may not constitute Bodily Injuries or Personal Injuries.”

**ANSWER:** The allegations in paragraph 264 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 264 and on that basis deny those allegations.

265. In addition, Fidelidade reserved further rights to deny coverage as follows:

i. “The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods where there is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion).”

ii. “The right to modify [its] position concerning which Policies are potentially implicated if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse.”

iii. Fidelidade “reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be ‘unexpected or unintended.’” Fidelidade thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an ‘occurrence,’ which requires unexpected and unintended injury.”

iv. “The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from such would not arise from an occurrence.”

v. “If Claimant is asserting a claim against another entity besides [RCBO], then [Fidelidade] reserve[s] the right to decline coverage if that entity is not one of the parishes, schools, or other entities and agencies that qualify as an ‘Assured’ under the [Fidelidade Excess Policy].”

vi. “All rights based on the Exclusion for liability of any Assured for assault and battery

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

committed by or at the direction of such Assured."

vii. The right "to decline indemnity for any payments made by [RCBO] for pastoral or counseling services."

viii. Fidelidade reserves its rights "if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses."

ix. Fidelidade reserves its rights "with respect to the Conditions pertaining to Notice" requiring "that [RCBO] provide notice of an occurrence that may implicate the respective policy 'as soon as practicable' to [Fidelidade's] agent for notice of claims provided in the Policy Declarations."

x. Fidelidade s reserves its rights "to the extent [a] claim was previously tendered, was subject to prior investigations (including by any law enforcement agencies), payments, settlements, or releases under the [Fidelidade Excess Policy], or for which [RCBO] abandoned its claim for coverage (including reimbursement of defense expenses or indemnity payments)."

xi. All rights with respect to "an Amended Confidential Settlement Agreement and Mutual Release" executed by Fidelidade and RCBO "in or around November 2005 pertaining to certain 'Abuse Claims'" and whether certain underlying claims in this lawsuit "constitute[] an Abuse Claim for the purposes of the Release."

xii. "All rights with respect to the Conditions pertaining to Assistance and Cooperation" and states that "[a] failure by [RCBO] to cooperate with [Fidelidade] may preclude coverage."

xiii. "All rights pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [Fidelidade Excess Policy]."

xiv. Fidelidade reserves its rights "pursuant to the [Fidelidade Excess Policy's] Other Insurance Condition."

xv. Fidelidade reserves its rights "with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct."

**ANSWER:** The allegations in paragraph 265 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

265 and on that basis deny those allegations.

266. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, Fidelidade has reserved its right to deny its defense and indemnity obligation under the Fidelidade Excess Policy on the grounds that the Fidelidade Covered Claims allege injuries that were not "unexpected or unintended" from the standpoint of RCBO or that conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries." Such reservations of rights as to defense and/or indemnity do not apply because the Fidelidade Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Fidelidade Excess Policy defines that term, within the Fidelidade Excess Policy's coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Fidelidade Covered Claims.

i. Claim 114 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 65) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 47), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 57).

ii. Claim 137 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

iii. Claim 202 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm." (¶ 68).

iv. Claim 204 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 66) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 49), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm." (¶ 69).

v. Claim 214 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm." (¶ 68).

**ANSWER:** The allegations in paragraph 266 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 266 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 266 and on that basis deny those allegations.

267. The remaining Fidelidade Covered Claims not listed in Paragraph 266 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Fidelidade Excess Policy defines that term.

**ANSWER:** The allegations in paragraph 267 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 267 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 267 and on that basis deny those allegations.

268. As a further example, Fidelidade reserved its right to deny coverage under the Fidelidade Excess Policy on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraphs 269-270.

**ANSWER:** The allegations in paragraph 268 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 268 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 268 and on that basis deny those allegations.

269. There is a substantial likelihood that the Fidelidade Covered Claims will exhaust the primary insurance underlying the Fidelidade Excess Policy. The underlying Pacific Indemnity primary policy no. LAC 155598 has limits of $500,000 per occurrence and $500,000 in aggregate (the "10/25/63-10/25/66 Pacific Indemnity Policy"). There are at least 34 Fidelidade Covered Claims that trigger the coverage periods for the 10/25/63-10/25/66 Pacific Indemnity Policy and the Fidelidade Excess Policy.

**ANSWER:** To the extent the allegations in paragraph 269 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 269 contain legal conclusions to which no response is required. To the extent that paragraph 269 purports to characterize the terms, conditions, or limits of alleged policies, including the alleged 10/25/63-10/25/66 Pacific Indemnity Policy, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 269, and on that basis deny those allegations.

270. Data from past clergy sexual abuse cases indicate the Fidelidade Covered Claims will far exceed the per occurrence and aggregate limits of the 10/25/63-10/25/66 Pacific Indemnity Policy. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. On July 3, 2024, The UCC sent a letter to counsel for the Lloyd's Excess and Lloyd's Umbrella Defendants. Upon information and belief, Fidelidade received the UCC Lloyd's Demand Letter as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because Fidelidade was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants. The UCC Lloyd's Demand Letter demanded the UCC Lloyd's Demand Amount, a sum of $42.8 million, which is within the policy limits of the Fidelidade Excess Policy, to resolve the Fidelidade Covered Claims and the claims falling within the Fidelidade coverage period alleged against RCBO. The UCC based the UCC Lloyd's Demand Amount on a reasonable estimate of the value of the Fidelidade Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Lloyd's Covered Claims will exhaust the 10/25/63-10/25/66 Pacific Indemnity Policy. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 270 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 270 contain legal conclusions to which no response is required. To the extent paragraph 270 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 270 and on that basis deny those allegations. Except as

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

expressly averred herein, Answering Defendants deny the allegations in paragraph 270.

271. The asserted reservations of rights set forth in Paragraphs 264 and 265 do not provide Fidelidade valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Fidelidade Covered Claims under the Fidelidade Excess Policy as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Fidelidade Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Fidelidade Excess Policy has either been exhausted or that limits have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in "Clergy III") concerned only those claims identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to Fidelidade either in the placing of the insurance or submission of the claims. Finally, RCBO has fully cooperated with Fidelidade as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 271 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 271 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 271 and on that basis deny those allegations.

272. RCBO sent the Lloyd's Excess and Lloyd's Umbrella Defendants letters on May 30, 2024, demanding indemnification to RCBO for the Fidelidade Covered Claims up to the policy limits under the Fidelidade Excess Policy (jointly, the "Lloyd's Policy Limits Letters"). Upon information and belief, Fidelidade received the Lloyd's Policy Limits Letters as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because Fidelidade was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants.

**ANSWER:** The allegations in paragraph 272 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 272 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 272 and on that basis deny those allegations.

273. On July 1, 2024, Lloyd's responded to the Lloyd's Policy Limits Letters and declined to indemnify RCBO, and Fidelidade thereby has failed to provide the benefits of the Fidelidade Excess Policy to RCBO.

**ANSWER:** The allegations in paragraph 273 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 273 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 273 and on that basis deny those allegations.

274. On August 6, 2024, Lloyd's responded to the UCC Lloyd's Demand Letter and denied and/or failed to confirm it will indemnify RCBO. Fidelidade thereby has failed to provide the benefits of the Fidelidade Excess Policy to RCBO.

**ANSWER:** The allegations in paragraph 274 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 274 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 274 and on that basis deny those allegations.

275. The Fidelidade Excess Policy provides coverage for, and does not exclude, the Fidelidade Covered Claims, and Fidelidade is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Fidelidade Covered Claims.

**ANSWER:** The allegations in paragraph 275 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 275 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 275 and on that basis deny those allegations.

276. The Fidelidade Excess Policy constitutes a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 276 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 276 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 276 and on that basis deny those allegations.

277. An actual controversy of a justiciable nature presently exists between RCBO and Fidelidade concerning the proper construction of the Fidelidade Excess Policy, whether Fidelidade's cited grounds for reservation of rights to deny defense and/or indemnity under the Fidelidade Excess Policy are valid, whether there is any coverage for the Fidelidade Covered Claims under the Fidelidade Excess Policy, whether Fidelidade is obligated to drop down to provide first-dollar coverage for the Fidelidade Covered Claims because the underlying primary insurance is exhausted, Fidelidade's and RCBO's respective rights and obligations under the Fidelidade Excess Policy with respect to the Fidelidade Covered Claims, and whether Fidelidade should participate in settlement regarding the Fidelidade Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 277 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 277 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 277 and on that basis deny those allegations.

278. RCBO is entitled to a declaratory judgment stating Fidelidade has issued the Fidelidade Excess Policy to RCBO, the Fidelidade Excess Policy covers the Fidelidade Covered Claims, and RCBO is entitled to both defense and indemnity regarding the Fidelidade Covered Claims under the Fidelidade Excess Policy, including, without limitation, a declaration of exhaustion as to the primary policies underlying the Fidelidade Excess Policy as alleged in

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Paragraphs 269-270, and the requirement that Fidelidade drop down to provide defense and indemnity to RCBO regarding the Fidelidade Covered Claims.

**ANSWER:** The allegations in paragraph 278 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 278 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 278 and on that basis deny those allegations.

**TWELFTH CAUSE OF ACTION**

**(Declaratory Relief Against Excess Insurance Co. – Excess)**

279. RCBO realleges and incorporates herein Paragraphs 1 through 278 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 278 as if fully set forth herein.

280. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 280 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 280 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 280.

281. An actual and justiciable controversy exists between RCBO and Excess Insurance Co. with respect to whether Excess Insurance Co. is obligated to provide RCBO with defense and indemnity under the Excess Insurance Co. Policies regarding the subset of the Suits for which RCBO alleges Excess Insurance Co. is obligated to provide RCBO with indemnity, as set forth in Paragraph 15 (the “Excess Insurance Co. Covered Claims”).

**ANSWER:** The allegations in paragraph 281 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 281 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 281 and on that basis deny those allegations.

282. Pursuant to the terms of the Excess Insurance Co. Policies, Excess Insurance Co. is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Excess Insurance Co. Covered Claims.

**ANSWER:** The allegations in paragraph 282 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 282 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282 and on that basis deny those allegations.

283. RCBO has fully satisfied all conditions required under the Excess Insurance Co. Policies, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 283 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 283 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 283 and on that basis deny those allegations.

284. RCBO's broker and/or RCBO tendered the Excess Insurance Co. Covered Claims to Excess Insurance Co. on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 284 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 284 and on that basis deny those allegations.

285. Excess Insurance Co. denied and/or failed to confirm it will defend and indemnify RCBO for the Excess Insurance Co. Covered Claims.

**ANSWER:** The allegations in paragraph 285 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 285 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 285 and on that basis deny those allegations.

286. Excess Insurance Co. has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the Excess Insurance Co. Policies that, in turn, will exhaust those policies and trigger Excess Insurance Co.'s obligation to provide the benefits of the Excess Insurance Co. Policies to RCBO. Rather, Excess Insurance Co. reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 286 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 286 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 286 and on that basis deny those allegations.

287. Excess Insurance Co.'s reservation of rights includes Excess Insurance Co.'s position that it may deny coverage on the following bases: i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962 and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies." ii. Excess Insurance Co. is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance." iii. Excess Insurance Co.'s coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [Excess Insurance Co. Policies]." iv. "To the extent the [Excess Insurance Co. Policies is] potentially implicated, [it] provide[s] indemnity only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability." v. Excess Insurance Co. "reserve[s] all rights based upon the number and timing of occurrences. It is [Excess Insurance Co.'s] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

abuse takes place." vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place." vii. "[T]he underlying insurance limits must first be exhausted before potentially implicating the [Excess Insurance Co. Policies]." viii. Excess Insurance Co. "declines coverage to any alleged perpetrator of sexual assault, or any individual seeking coverage on behalf of an alleged perpetrator." ix. That conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries."

**ANSWER:** The allegations in paragraph 287 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 287 and on that basis deny those allegations.

288. In addition, Excess Insurance Co. reserved further rights to deny coverage as follows:

i. "The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods where there is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion)."

ii. "The right to modify [its] position concerning which Policies are potentially implicated if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse."

iii. Excess Insurance Co. "reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be 'unexpected or unintended.'" Excess Insurance Co. thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an 'occurrence,' which requires unexpected and unintended injury."

iv. "The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from such would not arise from an occurrence."

v. "If Claimant is asserting a claim against another entity besides [RCBO], then [Excess Insurance Co.] reserve[s] the right to decline coverage if that entity is not one of the parishes,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

schools, or other entities and agencies that qualify as an 'Assured' under the [Excess Insurance Co. Policies]."

vi. "All rights based on the Exclusion for liability of any Assured for assault and battery committed by or at the direction of such Assured."

vii. The right "to decline indemnity for any payments made by [RCBO] for pastoral or counseling services."

viii. Excess Insurance Co. reserves its rights "if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses."

ix. Excess Insurance Co. reserves its rights "with respect to the Conditions pertaining to Notice" requiring "that [RCBO] provide notice of an occurrence that may implicate the respective policy 'as soon as practicable' to [Excess Insurance Co.'s] agent for notice of claims provided in the Policy Declarations."

x. Excess Insurance Co. s reserves its rights "to the extent [a] claim was previously tendered, was subject to prior investigations (including by any law enforcement agencies), payments, settlements, or releases under the [Excess Insurance Co. Policies], or for which [RCBO] abandoned its claim for coverage (including reimbursement of defense expenses or indemnity payments)."

xi. All rights with respect to "an Amended Confidential Settlement Agreement and Mutual Release" executed by Excess Insurance Co. and RCBO "in or around November 2005 pertaining to certain 'Abuse Claims'" and whether certain underlying claims in this lawsuit "constitute[] an Abuse Claim for the purposes of the Release."

xii. "All rights with respect to the Conditions pertaining to Assistance and Cooperation" and states that "[a] failure by [RCBO] to cooperate with [Excess Insurance Co.] may preclude coverage."

xiii. "All rights pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [Excess Insurance Co. Policies]."

xiv. Excess Insurance Co. reserves its rights "pursuant to the [Excess Insurance Co. Policies'] Other Insurance Condition."

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

xv. Excess Insurance Co. reserves its rights "with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct."

**ANSWER:** The allegations in paragraph 288 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 288 and on that basis deny those allegations.

289. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, Excess Insurance Co. has reserved its right to deny its defense and indemnity obligation under the Excess Insurance Co. Policies on the grounds that the Excess Insurance Co. Covered Claims allege injuries that were not "unexpected or unintended" from the standpoint of RCBO or that conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries." Such reservations of rights as to defense and/or indemnity do not apply because the Excess Insurance Co. Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Excess Insurance Co. Policies defines that term, within the Excess Insurance Co. Policies' coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Excess Insurance Co. Covered Claims.

i. Claim 114 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 65) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 47), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 57).

ii. Claim 137 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

iii. Claim 147 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 49).

iv. Claim 155 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

v. Claim 187 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

**ANSWER:** The allegations in paragraph 289 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 289 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 289 and on that basis deny those allegations.

290. The remaining Excess Insurance Co. Covered Claims not listed in Paragraph 289 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Excess Insurance Co. Policies defines that term.

**ANSWER:** The allegations in paragraph 290 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 290 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 290 and on that basis deny those allegations.

291. As a further example, Excess Insurance Co. reserved its right to deny coverage under the Excess Insurance Co. Policies on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraphs 292-293.

**ANSWER:** The allegations in paragraph 291 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 291 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 291 and on that basis deny those allegations.

292. There is a substantial likelihood that the Excess Insurance Co. Covered Claims will exhaust the primary insurance underlying the Excess Insurance Co. Policies. The underlying Pacific Indemnity primary policy nos. LAC 127792 and LAC 155598 have limits of $500,000 per occurrence and $500,000 in aggregate (the "3/12/62-10/25/66 Pacific Indemnity Policies"). There are at least 38 Excess Insurance Co. Covered Claims that trigger the coverage periods for the 3/12/62-10/25/66 Pacific Indemnity Policies and the Excess Insurance Co. Policies.

**ANSWER:** To the extent the allegations in paragraph 292 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 292 contain legal conclusions to which no response is required. To the extent that paragraph 292 purports to characterize the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak

for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 292, and on that basis deny those allegations.

293. Data from past clergy sexual abuse cases indicate the Excess Insurance Co. Covered Claims will far exceed the per occurrence and aggregate limits of the 3/12/62-10/25/66 Pacific Indemnity Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. On July 3, 2024, The UCC sent a letter to counsel for the Lloyd's Excess and Lloyd's Umbrella Defendants. Upon information and belief, Excess Insurance Co. received the UCC Lloyd's Demand Letter as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because Excess Insurance Co. was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants. The UCC Lloyd's Demand Letter demanded the UCC Lloyd's Demand Amount, a sum of $42.8 million, which is within the policy limits of the Excess Insurance Co. Policies, to resolve the Excess Insurance Co. Covered Claims and the claims falling within the Excess Insurance Co. coverage period alleged against RCBO. The UCC based the UCC Lloyd's Demand Amount on a reasonable estimate of the value of the Excess Insurance Co. Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Lloyd's Covered Claims will exhaust the 3/12/62-10/25/66 Pacific Indemnity Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 293 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 293 contain legal conclusions to which no response is required. To the extent paragraph

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

293 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 293 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 293.

294. The asserted reservations of rights set forth in Paragraphs 287 and 288 do not provide Excess Insurance Co. valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Excess Insurance Co. Covered Claims under the Excess Insurance Co. Policies as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Excess Insurance Co. Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Excess Insurance Co. Policies have been exhausted or that limits have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in "Clergy III") concerned only those claims identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to Excess Insurance Co. either in the placing of the insurance or submission of the claims. Finally, RCBO has fully cooperated with Excess Insurance Co. as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 294 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 294 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 294 and on that basis deny those allegations.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

295. RCBO sent the Lloyd's Excess and Lloyd's Umbrella Defendants the Lloyd's Policy Limits Letters on May 30, 2024, demanding indemnification to RCBO for the Excess Insurance Co. Covered Claims up to the policy limits under the Excess Insurance Co. Policies. Upon information and belief, Excess Insurance Co. received the Lloyd's Policy Limits Letters as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because Excess Insurance Co. was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants.

**ANSWER:** The allegations in paragraph 295 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 295 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 295 and on that basis deny those allegations.

296. On July 1, 2024, Lloyd's responded to the Lloyd's Policy Limits Letters and declined to indemnify RCBO, and thereby Excess Insurance Co. has failed to provide the benefits of the Excess Insurance Co. Policies to RCBO.

**ANSWER:** The allegations in paragraph 296 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 296 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 296 and on that basis deny those allegations.

297. On August 6, 2024, Lloyd's responded to the UCC Lloyd's Demand Letter and denied and/or failed to confirm it will indemnify RCBO. Excess Insurance Co. thereby has failed to provide the benefits of the Excess Insurance Co. Policies to RCBO. The Excess Insurance Co. Policies provide coverage for, and do not exclude, the Excess Insurance Co. Covered Claims, and Excess Insurance Co. is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Excess Insurance Co. Covered Claims.

**ANSWER:** The allegations in paragraph 297 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 297 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 297 and on that basis deny those allegations.

298. The Excess Insurance Co. Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 298 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 298 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 298 and on that basis deny those allegations.

299. An actual controversy of a justiciable nature presently exists between RCBO and Excess Insurance Co. concerning the proper construction of the Excess Insurance Co. Policies, whether Excess Insurance Co.'s cited grounds for reservation of rights to deny defense and/or indemnity under the Excess Insurance Co. Policies are valid, whether there is any coverage for the Excess Insurance Co. Covered Claims under the Excess Insurance Co. Policies, whether Excess Insurance Co. is obligated to drop down to provide first-dollar coverage for the Excess Insurance Co. Covered Claims because the underlying primary insurance is exhausted, Excess Insurance Co.'s and RCBO's respective rights and obligations under the Excess Insurance Co. Policies with respect to the Excess Insurance Co. Covered Claims, and whether Excess Insurance Co. should participate in settlement regarding the Excess Insurance Co. Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 299 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 299 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 299 and on that basis deny those allegations.

300. RCBO is entitled to a declaratory judgment stating Excess Insurance Co. has issued

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the Excess Insurance Co. Policies to RCBO, the Excess Insurance Co. Policies cover the Excess Insurance Co. Covered Claims, and RCBO is entitled to both defense and indemnity regarding the Excess Insurance Co. Covered Claims under the Excess Insurance Co. Policies, including, without limitation, a declaration of exhaustion as to the primary policies underlying the Excess Insurance Co. Policies as alleged in Paragraphs 292-293, and the requirement that Excess Insurance Co. drop down to provide defense and indemnity to RCBO regarding the Excess Insurance Co. Covered Claims.

**ANSWER:** The allegations in paragraph 300 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 300 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 300 and on that basis deny those allegations.

**THIRTEENTH CAUSE OF ACTION**

**(Declaratory Relief Against River Thames)**

301. RCBO realleges and incorporates herein Paragraphs 1 through 300 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 300 as if fully set forth herein.

302. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 302 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 302 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 302.

303. An actual and justiciable controversy exists between RCBO and River Thames with respect to whether River Thames is obligated to provide RCBO with defense and indemnity under

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the River Thames Policy regarding the subset of the Suits for which RCBO alleges River Thames is obligated to provide RCBO with indemnity, as set forth in Paragraph 19 (the "River Thames Covered Claims").

**ANSWER:** The allegations in paragraph 303 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 303 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 303 and on that basis deny those allegations.

304. Pursuant to the terms of the River Thames Policy, River Thames is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the River Thames Covered Claims.

**ANSWER:** The allegations in paragraph 304 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 304 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 304 and on that basis deny those allegations.

305. RCBO has fully satisfied all conditions required under the River Thames Policy, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 305 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 305 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 305 and on that basis deny those allegations.

306. RCBO's broker and/or RCBO tendered the River Thames Covered Claims to River Thames on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 306 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 306 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 306 and on that basis deny those allegations.

307. River Thames denied and/or failed to confirm it will defend and indemnify RCBO for the River Thames Covered Claims.

**ANSWER:** The allegations in paragraph 307 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 307 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 307 and on that basis deny those allegations.

308. River Thames has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the River Thames Policy that, in turn, will exhaust those policies and trigger River Thames's obligation to provide the benefits of the River Thames Policy to RCBO. Rather, River Thames reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 308 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 308 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 308 and on that basis deny those allegations.

309. River Thames's reservation of rights includes River Thames's position that it may deny coverage on the following bases:

i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962 and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies."

ii. River Thames is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance."

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

iii. River Thames's coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [River Thames Policy]."

iv. "To the extent the [River Thames Policy is] potentially implicated, [it] provide[s] indemnity only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability."

v. River Thames "reserve[s] all rights based upon the number and timing of occurrences. It is [River Thames's] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged abuse takes place."

vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place."

vii. "[T]he underlying insurance limits must first be exhausted before potentially implicating the [River Thames Policy]."

viii. River Thames "declines coverage to any alleged perpetrator of sexual assault, or any individual seeking coverage on behalf of an alleged perpetrator."

ix. That conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries."

**ANSWER:** The allegations in paragraph 309 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 309 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 309 and on that basis deny those allegations.

310. In addition, River Thames reserved further rights to deny coverage as follows:

i. "The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods where there is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion)."

ii. "The right to modify [its] position concerning which Policies are potentially implicated

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse."

iii. River Thames "reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be 'unexpected or unintended.'" River Thames thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an 'occurrence,' which requires unexpected and unintended injury."

iv. "The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from such would not arise from an occurrence."

v. "If Claimant is asserting a claim against another entity besides [RCBO], then [River Thames] reserve[s] the right to decline coverage if that entity is not one of the parishes, schools, or other entities and agencies that qualify as an 'Assured' under the [River Thames Policy]."

vi. "All rights based on the Exclusion for liability of any Assured for assault and battery committed by or at the direction of such Assured."

vii. The right "to decline indemnity for any payments made by [RCBO] for pastoral or counseling services."

viii. River Thames reserves its rights "if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses."

ix. River Thames reserves its rights "with respect to the Conditions pertaining to Notice" requiring "that [RCBO] provide notice of an occurrence that may implicate the respective policy 'as soon as practicable' to [River Thames's] agent for notice of claims provided in the Policy Declarations."

x. River Thames s reserves its rights "to the extent [a] claim was previously tendered, was subject to prior investigations (including by any law enforcement agencies), payments, settlements, or releases under the [River Thames Policy], or for which [RCBO] abandoned its claim for coverage (including reimbursement of defense expenses or indemnity payments)."

xi. All rights with respect to "an Amended Confidential Settlement Agreement and Mutual Release" executed by River Thames and RCBO "in or around November 2005 pertaining to

certain 'Abuse Claims'" and whether certain underlying claims in this lawsuit "constitute[] an Abuse Claim for the purposes of the Release."

xii. "All rights with respect to the Conditions pertaining to Assistance and Cooperation" and states that "[a] failure by [RCBO] to cooperate with [River Thames] may preclude coverage."

xiii. "All rights pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [River Thames Policy]."

xiv. River Thames reserves its rights "pursuant to the [River Thames Policy's] Other Insurance Condition."

xv. River Thames reserves its rights "with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct."

**ANSWER:** The allegations in paragraph 310 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 310 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 310 and on that basis deny those allegations.

311. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, River Thames has reserved its right to deny its defense and indemnity obligation under the River Thames Policy on the grounds that the River Thames Covered Claims allege injuries that were not "unexpected or unintended" from the standpoint of RCBO or that conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries." Such reservations of rights as to defense and/or indemnity do not apply because the River Thames Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the River Thames Policy defines that term, within the River Thames Policy's coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the River Thames Covered Claims.

i. Claim 15 includes negligence allegations that RCBO "negligently supervised and/or retained ABUSER in positions of trust and authority as a priest" (¶ 49) and "failed to use





CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

reasonable care in protecting Plaintiff [] from Abuser's misconduct that created a risk of childhood sexual abuse, while Plaintiffs [] were involved in activities sponsored, supervised, organized or directed by [RCBO]" (¶ 53) and that such negligence caused the plaintiff bodily injury, including "suffer[ing] physical, mental and emotional health problems" (¶ 67).

ii. Claim 155 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

iii. Claim 187 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

iv. Claim 204 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 66) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 49), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm." (¶ 69).

v. Claim 383 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure, where the DOE PERPETRATOR was able to commit wrongful acts against the Plaintiff" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection whatsoever, and continued to make Plaintiff accessible to the DOE PERPETRATOR for the purposes of sexual assault" (¶ 65), and that such

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 88).

**ANSWER:** The allegations in paragraph 311 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 311 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 311 and on that basis deny those allegations.

312. The remaining River Thames Covered Claims not listed in Paragraph 311 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the River Thames Policy defines that term.

**ANSWER:** The allegations in paragraph 312 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 312 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 312 and on that basis deny those allegations.

313. As a further example, River Thames reserved its right to deny coverage under the River Thames Policy on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraphs 314-315.

**ANSWER:** The allegations in paragraph 313 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 313 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 313 and on that basis deny those allegations.

314. There is a substantial likelihood that the River Thames Covered Claims will

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

exhaust the primary insurance underlying the River Thames Policy. The underlying Pacific Indemnity primary policy no. LAC 127792 has limits of $500,000 per occurrence and $500,000 in aggregate (the "3/12/62- 10/25/63 Pacific Indemnity Policy"). There are at least 17 River Thames Covered Claims that trigger the coverage periods for the 3/12/62-10/25/63 Pacific Indemnity Policy and the River Thames Policy.

**ANSWER:** To the extent the allegations in paragraph 314 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 314 contain legal conclusions to which no response is required. To the extent that paragraph 314 purports to characterize the terms, conditions, or limits of alleged policies, including the alleged 3/12/62-10/25/63 Pacific Indemnity Policy, to the extent it exists, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 314, and on that basis deny those allegations.

315. Data from past clergy sexual abuse cases indicate the River Thames Covered Claims will far exceed the per occurrence and aggregate limits of the 3/12/62-10/25/63 Pacific Indemnity Policy. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. On July 3, 2024, The UCC sent a letter to counsel for the Lloyd's Excess and Lloyd's Umbrella Defendants. Upon information and belief, River Thames received the UCC Lloyd's Demand Letter as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because River Thames is represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants. The UCC Lloyd's Demand Letter demanded the UCC Lloyd's Demand Amount, a sum of $42.8 million, which is within the policy limits of the River Thames Policy, to resolve the River Thames Covered Claims and the claims falling within the River Thames coverage period alleged against RCBO. The UCC based the UCC Lloyd's Demand

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Amount on a reasonable estimate of the value of the River Thames Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Lloyd's Covered Claims will exhaust the 3/12/62-10/25/63 Pacific Indemnity Policy. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 315 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 315 contain legal conclusions to which no response is required. To the extent paragraph 315 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 315 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 315.

316. The asserted reservations of rights set forth in Paragraphs 309 and 310 do not provide River Thames valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the River Thames Covered Claims under the River Thames Policy as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the River Thames Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the River Thames Policy has either been exhausted or that limits have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in "Clergy III") concerned only those claims

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to River Thames either in the placing of the insurance or submission of the claims. Finally, RCBO has fully cooperated with River Thames as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 316 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 316 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 316 and on that basis deny those allegations.

317. RCBO sent the Lloyd's Excess and Lloyd's Umbrella Defendants the Lloyd's Policy Limits Letters on May 30, 2024, demanding indemnification to RCBO for the River Thames Covered Claims up to the policy limits under the River Thames Policy. Upon information and belief, River Thames received the Lloyd's Policy Limits Letters as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because River Thames is represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants.

**ANSWER:** The allegations in paragraph 317 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 317 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 317 and on that basis deny those allegations.

318. On July 1, 2024, Lloyd's responded to the Lloyd's Policy Limits Letters and declined to indemnify RCBO, and thereby River Thames has failed to provide the benefits of the River Thames Policy to RCBO.

**ANSWER:** The allegations in paragraph 318 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 318 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 318 and on that basis deny those allegations.

319. On August 6, 2024, Lloyd's responded to the UCC Lloyd's Demand Letter and denied and/or failed to confirm it will indemnify RCBO. Excess Insurance Co. thereby has failed to provide the benefits of the Excess Insurance Co. Policies to RCBO. The River Thames Policy provides coverage for, and does not exclude, the River Thames Covered Claims, and River Thames is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the River Thames Covered Claims.

**ANSWER:** The allegations in paragraph 319 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 319 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 319 and on that basis deny those allegations.

320. The River Thames Policy constitutes a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 320 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 320 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 320 and on that basis deny those allegations.

321. An actual controversy of a justiciable nature presently exists between RCBO and River Thames concerning the proper construction of the River Thames Policy, whether River Thames's cited grounds for reservation of rights to deny defense and/or indemnity under the River Thames Policy are valid, whether there is any coverage for the River Thames Covered Claims under the River Thames Policy, whether River Thames is obligated to drop down to provide first-dollar coverage for the River Thames Covered Claims because the underlying primary insurance is exhausted, River Thames's and RCBO's respective rights and obligations under the River Thames Policy with respect to the River Thames Covered Claims, and whether River Thames should participate in settlement regarding the River Thames Covered Claims. The controversy is of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 321 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 321 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 321 and on that basis deny those allegations.

322. RCBO is entitled to a declaratory judgment stating River Thames has issued the River Thames Policy to RCBO, the River Thames Policy covers the River Thames Covered Claims, and RCBO is entitled to both defense and indemnity regarding the River Thames Covered Claims under the River Thames Policy, including, without limitation, a declaration of exhaustion as to the primary policies underlying the River Thames Policy as alleged in Paragraphs 314-315, and the requirement that River Thames drop down to provide defense and indemnity to RCBO regarding the River Thames Covered Claims.

**ANSWER:** The allegations in paragraph 322 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 322 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 322 and on that basis deny those allegations.

**FOURTEENTH CAUSE OF ACTION**

**(Declaratory Relief Against World Auxiliary)**

323.RCBO realleges and incorporates herein Paragraphs 1 through 322 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 322 as if fully set forth herein.

324. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 324 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

paragraph 324 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 324.

325. An actual and justiciable controversy exists between RCBO and World Auxiliary with respect to whether World Auxiliary is obligated to provide RCBO with defense and indemnity under the World Auxiliary Policy regarding the subset of the Suits for which RCBO alleges World Auxiliary is obligated to provide RCBO with indemnity, as set forth in Paragraph 17 (the "World Auxiliary Covered Claims").

**ANSWER:** The allegations in paragraph 325 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 325 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 325 and on that basis deny those allegations.

326. Pursuant to the terms of the World Auxiliary Policy, World Auxiliary is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the World Auxiliary Covered Claims.

**ANSWER:** The allegations in paragraph 326 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 326 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 326 and on that basis deny those allegations.

327. RCBO has fully satisfied all conditions required under the World Auxiliary Policy, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 327 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 327 contain legal conclusions to which no response is required. To the extent a response

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 327 and on that basis deny those allegations.

328. RCBO's broker and/or RCBO tendered the World Auxiliary Covered Claims to World Auxiliary on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 328 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 328 and on that basis deny those allegations.

329. World Auxiliary denied and/or failed to confirm it will defend and indemnify RCBO for the World Auxiliary Covered Claims.

**ANSWER:** The allegations in paragraph 329 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 329 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 329 and on that basis deny those allegations.

330. World Auxiliary has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the World Auxiliary Policy that, in turn, will exhaust those policies and trigger World Auxiliary's obligation to provide the benefits of the World Auxiliary Policy to RCBO. Rather, World Auxiliary reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 330 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 330 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 330 and on that basis deny those allegations.

331. World Auxiliary's reservation of rights includes World Auxiliary's position that it may deny coverage on the following bases:

i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies."

ii. World Auxiliary is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance."

iii. World Auxiliary's coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [World Auxiliary Policy]."

iv. "To the extent the [World Auxiliary Policy is] potentially implicated, [it] provide[s] indemnity only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability."

v. World Auxiliary "reserve[s] all rights based upon the number and timing of occurrences. It is [World Auxiliary's] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged abuse takes place."

vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place."

vii. "[T]he underlying insurance limits must first be exhausted before potentially implicating the [World Auxiliary Policy]."

viii. World Auxiliary "declines coverage to any alleged perpetrator of sexual assault, or any individual seeking coverage on behalf of an alleged perpetrator."

ix. That conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries."

**ANSWER:** The allegations in paragraph 331 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 331 and on that basis deny those allegations.

332. In addition, World Auxiliary reserved further rights to deny coverage as follows:

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

i. "The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods where there is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion)."

ii. "The right to modify [its] position concerning which Policies are potentially implicated if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse."

iii. World Auxiliary "reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be 'unexpected or unintended.' World Auxiliary thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an 'occurrence,' which requires unexpected and unintended injury."

iv. "The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from such would not arise from an occurrence."

v. "If Claimant is asserting a claim against another entity besides [RCBO], then [World Auxiliary] reserve[s] the right to decline coverage if that entity is not one of the parishes, schools, or other entities and agencies that qualify as an 'Assured' under the [World Auxiliary Policy]."

vi. "All rights based on the Exclusion for liability of any Assured for assault and battery committed by or at the direction of such Assured."

vii. The right "to decline indemnity for any payments made by [RCBO] for pastoral or counseling services."

viii. World Auxiliary reserves its rights "if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses."

ix. World Auxiliary reserves its rights "with respect to the Conditions pertaining to Notice" requiring "that [RCBO] provide notice of an occurrence that may implicate the respective policy 'as soon as practicable' to [World Auxiliary's] agent for notice of claims provided in the Policy Declarations."

x. World Auxiliary s reserves its rights "to the extent [a] claim was previously tendered, was subject to prior investigations (including by any law enforcement agencies), payments,

settlements, or releases under the [World Auxiliary Policy], or for which [RCBO] abandoned its claim for coverage (including reimbursement of defense expenses or indemnity payments).”

xi. All rights with respect to “an Amended Confidential Settlement Agreement and Mutual Release” executed by World Auxiliary and RCBO “in or around November 2005 pertaining to certain ‘Abuse Claims’” and whether certain underlying claims in this lawsuit “constitute[] an Abuse Claim for the purposes of the Release.”

xii. “All rights with respect to the Conditions pertaining to Assistance and Cooperation” and states that “[a] failure by [RCBO] to cooperate with [World Auxiliary] may preclude coverage.”

xiii. “All rights pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [World Auxiliary Policy].”

xiv. World Auxiliary reserves its rights “pursuant to the [World Auxiliary Policy’s] Other Insurance Condition.”

xv. World Auxiliary reserves its rights “with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct.”

**ANSWER:** The allegations in paragraph 332 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 332 and on that basis deny those allegations.

333. It is RCBO’s position that the above reservations of rights are without both factual and legal merit. For example, World Auxiliary has reserved its right to deny its defense and indemnity obligation under the World Auxiliary Policy on the grounds that the World Auxiliary Covered Claims allege injuries that were not “unexpected or unintended” from the standpoint of RCBO or that conduct alleged against RCBO “may not constitute Bodily Injuries or Personal Injuries.” Such reservations of rights as to defense and/or indemnity do not apply because the World Auxiliary Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO’s alleged negligence caused “bodily injury” as the World Auxiliary Policy defines that term, within the World Auxiliary Policy’s coverage period (see

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the World Auxiliary Covered Claims.

i. Claim 15 includes negligence allegations that RCBO "negligently supervised and/or retained ABUSER in positions of trust and authority as a priest" (¶ 49) and "failed to use reasonable care in protecting Plaintiff [] from Abuser's misconduct that created a risk of childhood sexual abuse, while Plaintiffs [] were involved in activities sponsored, supervised, organized or directed by [RCBO]" (¶ 53) and that such negligence caused the plaintiff bodily injury, including "suffer[ing] physical, mental and emotional health problems" (¶ 67).

ii. Claim 155 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

iii. Claim 187 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

iv. Claim 204 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 66) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 49), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm." (¶ 69).

v. Claim 383 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and mentor, and/or other authority figure, where the DOE PERPETRATOR was able to commit wrongful acts against the Plaintiff" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection whatsoever, and continued to make Plaintiff accessible to the DOE PERPETRATOR for the purposes of sexual assault" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 88).

**ANSWER:** The allegations in paragraph 333 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 333 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 333 and on that basis deny those allegations.

334. The remaining World Auxiliary Covered Claims not listed in Paragraph 333 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the World Auxiliary Policy defines that term.

**ANSWER:** The allegations in paragraph 334 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 334 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 334 and on that basis deny those allegations.

335. As a further example, World Auxiliary reserved its right to deny coverage under the World Auxiliary Policy on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraphs 336-337.

**ANSWER:** The allegations in paragraph 335 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 335 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 335 and on that basis deny those allegations.

336. There is a substantial likelihood that the World Auxiliary Covered Claims will exhaust the primary insurance underlying the World Auxiliary Policy. The underlying Pacific Indemnity primary policy no. LAC 127792 has limits of $500,000 per occurrence and $500,000 in aggregate (the "3/12/62- 10/25/63 Pacific Indemnity Policy"). There are at least 17 World Auxiliary Covered Claims that trigger the coverage periods for the 3/12/62-10/25/63 Pacific Indemnity Policy and the World Auxiliary Policy.

**ANSWER:** To the extent the allegations in paragraph 336 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 336 contain legal conclusions to which no response is required. To the extent that paragraph 336 purports to characterize the terms, conditions, or limits of alleged policies, including the alleged 3/12/62-10/25/63 Pacific Indemnity Policy, to the extent it exists, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 336, and on that basis deny those allegations.

337. Data from past clergy sexual abuse cases indicate the World Auxiliary Covered Claims will far exceed the per occurrence and aggregate limits of the 3/12/62-10/25/63 Pacific Indemnity Policy. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. On July 3, 2024, The UCC sent a letter to counsel for the Lloyd's Excess and Lloyd's Umbrella Defendants. Upon information and belief, World Auxiliary received the UCC Lloyd's Demand Letter as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because World Auxiliary is represented by the same counsel as the Lloyd's

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Excess and Lloyd's Umbrella Defendants. The UCC Lloyd's Demand Letter demanded the UCC Lloyd's Demand Amount, a sum of $42.8 million, which is within the policy limits of the World Auxiliary Policy, to resolve the World Auxiliary Covered Claims and the claims falling within the World Auxiliary coverage period alleged against RCBO. The UCC based the UCC Lloyd's Demand Amount on a reasonable estimate of the value of the World Auxiliary Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Lloyd's Covered Claims will exhaust the 3/12/62-10/25/63 Pacific Indemnity Policy. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 337 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 337 contain legal conclusions to which no response is required. To the extent paragraph 337 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 337 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 337.

338. The asserted reservations of rights set forth in Paragraphs 331 and 332 do not provide World Auxiliary valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the World Auxiliary Covered Claims under the World Auxiliary Policy as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the World Auxiliary Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the World Auxiliary Policy have been exhausted or that limits have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in "Clergy III") concerned only those claims identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to World Auxiliary either in the placing of the insurance or submission of the claims. Finally, RCBO has fully cooperated with World Auxiliary as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 338 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 338 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 338 and on that basis deny those allegations.

339. RCBO sent the Lloyd's Excess and Lloyd's Umbrella Defendants the Lloyd's Policy Limits Letters on May 30, 2024, demanding indemnification to RCBO for the World Auxiliary Covered Claims up to the policy limits under the World Auxiliary Policy. Upon information and belief, World Auxiliary received the Lloyd's Policy Limits Letters as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because World Auxiliary is represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants.

**ANSWER:** The allegations in paragraph 339 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 339 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 339 and on that basis deny those allegations.

340. On July 1, 2024, Lloyd's responded to the Lloyd's Policy Limits Letters and declined to indemnify RCBO, and thereby World Auxiliary has failed to provide the benefits of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the World Auxiliary Policy to RCBO.

**ANSWER:** The allegations in paragraph 340 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 340 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 340 and on that basis deny those allegations.

341. On August 6, 2024, Lloyd's responded to the UCC Lloyd's Demand Letter and denied and/or failed to confirm it will indemnify RCBO. World Auxiliary thereby has failed to provide the benefits of the World Auxiliary Policy to RCBO. The World Auxiliary Policy provides coverage for, and does not exclude, the World Auxiliary Covered Claims, and World Auxiliary is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the World Auxiliary Covered Claims.

**ANSWER:** The allegations in paragraph 341 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 341 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 341 and on that basis deny those allegations.

342. The World Auxiliary Policy constitutes a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 342 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 342 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 342 and on that basis deny those allegations.

343. An actual controversy of a justiciable nature presently exists between RCBO and World Auxiliary concerning the proper construction of the World Auxiliary Policy, whether World Auxiliary's cited grounds for reservation of rights to deny defense and/or indemnity under the World Auxiliary Policy are valid, whether there is any coverage for the World Auxiliary

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Covered Claims under the World Auxiliary Policy, whether World Auxiliary is obligated to drop down to provide first-dollar coverage for the World Auxiliary Covered Claims because the underlying primary insurance is exhausted, World Auxiliary's and RCBO's respective rights and obligations under the World Auxiliary Policy with respect to the World Auxiliary Covered Claims, and whether World Auxiliary should participate in settlement regarding the World Auxiliary Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 343 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 343 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 343 and on that basis deny those allegations.

344. RCBO is entitled to a declaratory judgment stating World Auxiliary has issued the World Auxiliary Policy to RCBO, the World Auxiliary Policy covers the World Auxiliary Covered Claims, and RCBO is entitled to both defense and indemnity regarding the World Auxiliary Covered Claims under the World Auxiliary Policy, including, without limitation, a declaration of exhaustion as to the primary policies underlying the World Auxiliary Policy as alleged in Paragraphs 336-337, and the requirement that World Auxiliary drop down to provide defense and indemnity to RCBO regarding the World Auxiliary Covered Claims.

**ANSWER:** The allegations in paragraph 344 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 344 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 344 and on that basis deny those allegations.

**FIFTEENTH CAUSE OF ACTION**

**(Declaratory Relief Against Dominion)**

345. RCBO realleges and incorporates herein Paragraphs 1 through 344 of this Complaint as if said Paragraphs were set forth in full.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 344 as if fully set forth herein.

346. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 346 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 346 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 346.

347. An actual and justiciable controversy exists between RCBO and Dominion with respect to whether Dominion is obligated to provide RCBO with defense and indemnity under the Dominion Policies regarding the subset of the Suits for which RCBO alleges Dominion is obligated to provide RCBO with indemnity, as set forth in Paragraph 16 (the “Dominion Covered Claims”).

**ANSWER:** The allegations in paragraph 347 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 347 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 347 and on that basis deny those allegations.

348. Pursuant to the terms of the Dominion Policies, Dominion is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Dominion Covered Claims.

**ANSWER:** The allegations in paragraph 348 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 348 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 348 and on that basis deny those allegations.

349. RCBO has fully satisfied all conditions required under the Dominion Policies, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 349 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 349 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 349 and on that basis deny those allegations.

350. RCBO's broker and/or RCBO tendered the Dominion Covered Claims to Dominion on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 350 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 350 and on that basis deny those allegations.

351. Dominion denied and/or failed to confirm it will defend and indemnify RCBO for the Dominion Covered Claims.

**ANSWER:** The allegations in paragraph 351 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 351 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 351 and on that basis deny those allegations.

352. Dominion has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the Dominion Policies that, in turn, will exhaust those policies and trigger Dominion's obligation to provide the benefits of the Dominion Policies to RCBO. Rather, Dominion reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 352 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 352 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 352 and on that basis deny those allegations.

353. Dominion's reservation of rights includes Dominion's position that it may deny coverage on the following bases:

i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962 and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies."

ii. Dominion is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance."

iii. Dominion's coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [Dominion Policies]."

iv. "To the extent the [Dominion Policies is] potentially implicated, [it] provide[s] indemnity only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability."

v. Dominion "reserve[s] all rights based upon the number and timing of occurrences. It is [Dominion's] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged abuse takes place."

vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place."

vii. "[T]he underlying insurance limits must first be exhausted before potentially implicating the [Dominion Policies]."

viii. Dominion "declines coverage to any alleged perpetrator of sexual assault, or any individual seeking coverage on behalf of an alleged perpetrator."

ix. That conduct alleged against RCBO "may not constitute Bodily Injuries or Personal

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Injuries."

**ANSWER:** The allegations in paragraph 353 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 353 and on that basis deny those allegations.

354. In addition, Dominion reserved further rights to deny coverage as follows:

i. "The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods where there is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion)."

ii. "The right to modify [its] position concerning which Policies are potentially implicated if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse."

iii. Dominion "reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be 'unexpected or unintended.'" Dominion thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an 'occurrence,' which requires unexpected and unintended injury."

iv. "The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from such would not arise from an occurrence."

v. "If Claimant is asserting a claim against another entity besides [RCBO], then [Dominion] reserve[s] the right to decline coverage if that entity is not one of the parishes, schools, or other entities and agencies that qualify as an 'Assured' under the [Dominion Policies]."

vi. "All rights based on the Exclusion for liability of any Assured for assault and battery committed by or at the direction of such Assured."

vii. The right "to decline indemnity for any payments made by [RCBO] for pastoral or counseling services."

viii. Dominion reserves its rights "if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses."

ix. Dominion reserves its rights "with respect to the Conditions pertaining to Notice" requiring "that [RCBO] provide notice of an occurrence that may implicate the respective policy 'as soon as practicable' to [Dominion's] agent for notice of claims provided in the Policy Declarations."

x. Dominion s reserves its rights "to the extent [a] claim was previously tendered, was subject to prior investigations (including by any law enforcement agencies), payments, settlements, or releases under the [Dominion Policies], or for which [RCBO] abandoned its claim for coverage (including reimbursement of defense expenses or indemnity payments)." xi. All rights with respect to "an Amended Confidential Settlement Agreement and Mutual Release" executed by Dominion and RCBO "in or around November 2005 pertaining to certain 'Abuse Claims'" and whether certain underlying claims in this lawsuit "constitute[] an Abuse Claim for the purposes of the Release." xii. "All rights with respect to the Conditions pertaining to Assistance and Cooperation" and states that "[a] failure by [RCBO] to cooperate with [Dominion] may preclude coverage." xiii. "All rights pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [Dominion Policies]." xiv. Dominion reserves its rights "pursuant to the [Dominion Policies'] Other Insurance Condition." xv. Dominion reserves its rights "with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct."

**ANSWER:** The allegations in paragraph 354 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 354 and on that basis deny those allegations.

355. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, Dominion has reserved its right to deny its defense and indemnity obligation under the Dominion Policies on the grounds that the Dominion Covered Claims allege injuries that were not "unexpected or unintended" from the standpoint of RCBO or that conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries." Such reservations of rights as to defense and/or indemnity do not apply because the Dominion Covered Claims

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Dominion Policies defines that term, within the Dominion Policies' coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Dominion Covered Claims.

i. Claim 114 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 65) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 47), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 57).

ii. Claim 137 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

iii. Claim 147 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 49).

iv. Claim 155 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

v. Claim 187 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

**ANSWER:** The allegations in paragraph 355 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 355 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 355 and on that basis deny those allegations.

356. The remaining Dominion Covered Claims not listed in Paragraph 355 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Dominion Policies defines that term.

**ANSWER:** The allegations in paragraph 356 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 356 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 356 and on that basis deny those allegations.

357. As a further example, Dominion reserved its right to deny coverage under the Dominion Policies on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraph 358-359.

**ANSWER:** The allegations in paragraph 357 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 357 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 357 and on that basis deny those allegations.

358. There is a substantial likelihood that the Dominion Covered Claims will exhaust the primary insurance underlying the Dominion Policies. The underlying Pacific Indemnity primary policy nos. LAC 127792 and LAC 155598 have limits of $500,000 per occurrence and $500,000 in aggregate (the "3/12/62-10/25/66 Pacific Indemnity Policies"). There are at least 38 Dominion Covered Claims that trigger the coverage periods for the 3/12/62-10/25/66 Pacific Indemnity Policies and the Dominion Policies.

**ANSWER:** To the extent the allegations in paragraph 358 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 358 contain legal conclusions to which no response is required. To the extent that paragraph 358 purports to characterize the terms, conditions, and limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants aver that Policy No. LAC127792 was issued to the Roman Catholic Archbishop of San Francisco, not to RCBO. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 358, and on that basis deny those allegations.

359. Data from past clergy sexual abuse cases indicate the Dominion Covered Claims will far exceed the per occurrence and aggregate limits of the 3/12/62-10/25/66 Pacific Indemnity Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. On July 3, 2024, The UCC sent a letter to counsel for the Lloyd's Excess and Lloyd's Umbrella Defendants. Upon information and belief, Dominion received the UCC Lloyd's Demand Letter as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because Dominion

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants. The UCC Lloyd's Demand Letter demanded the UCC Lloyd's Demand Amount, a sum of $42.8 million, which is within the policy limits of the Dominion Policies, to resolve the Dominion Covered Claims and the claims falling within the Dominion coverage period alleged against RCBO. The UCC based the UCC Lloyd's Demand Amount on a reasonable estimate of the value of the Dominion Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Lloyd's Covered Claims will exhaust the 3/12/62-10/25/66 Pacific Indemnity Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 359 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 359 contain legal conclusions to which no response is required. To the extent paragraph 359 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 359 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 359.

360. The asserted reservations of rights set forth in Paragraphs 353 and 354 do not provide Dominion valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Dominion Covered Claims under the Dominion Policies as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Dominion Covered

Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Dominion Policies have been exhausted or that limits have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in "Clergy III") concerned only those claims identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to Dominion either in the placing of the insurance or submission of the claims. Finally, RCBO has fully cooperated with Dominion as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 360 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 360 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 360 and on that basis deny those allegations.

361. RCBO sent the Lloyd's Excess and Lloyd's Umbrella Defendants the Lloyd's Policy Limits Letters on May 30, 2024, demanding indemnification to RCBO for the Dominion Covered Claims up to the policy limits under the Dominion Policies. Upon information and belief, Dominion received the Lloyd's Policy Limits Letters as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because Dominion is represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants.

**ANSWER:** The allegations in paragraph 361 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 361 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 361 and on that basis deny those allegations.

362. On July 1, 2024, Lloyd's responded to the Lloyd's Policy Limits Letters and declined to indemnify RCBO, and thereby Dominion has failed to provide the benefits of the Dominion Policies to RCBO.

**ANSWER:** The allegations in paragraph 362 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 362 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 362 and on that basis deny those allegations.

363. On August 6, 2024, Lloyd's responded to the UCC Lloyd's Demand Letter and denied and/or failed to confirm it will indemnify RCBO. Dominion thereby has failed to provide the benefits of the Dominion Policies to RCBO. The Dominion Policies provide coverage for, and do not exclude, the Dominion Covered Claims, and Dominion is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Dominion Covered Claims.

**ANSWER:** The allegations in paragraph 363 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 363 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 363 and on that basis deny those allegations.

364.The Dominion Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 364 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 364 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 364 and on that basis deny those allegations.

365. An actual controversy of a justiciable nature presently exists between RCBO and Dominion concerning the proper construction of the Dominion Policies, whether Dominion's cited grounds for reservation of rights to deny defense and/or indemnity under the Dominion Policies are valid, whether there is any coverage for the Dominion Covered Claims under the Dominion Policies, whether Dominion is obligated to drop down to provide first-dollar coverage for the Dominion Covered Claims because the underlying primary insurance is exhausted, Dominion's

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and RCBO's respective rights and obligations under the Dominion Policies with respect to the Dominion Covered Claims, and whether Dominion should participate in settlement regarding the Dominion Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 365 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 365 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 365 and on that basis deny those allegations.

366. RCBO is entitled to a declaratory judgment stating Dominion has issued the Dominion Policies to RCBO, the Dominion Policies cover the Dominion Covered Claims, and RCBO is entitled to both defense and indemnity regarding the Dominion Covered Claims under the Dominion Policies, including, without limitation, a declaration of exhaustion as to the primary policies underlying the Dominion Policies as alleged in Paragraphs 358-359, and the requirement that Dominion drop down to provide defense and indemnity to RCBO regarding the Dominion Covered Claims.

**ANSWER:** The allegations in paragraph 366 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 366 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 366 and on that basis deny those allegations.

## SIXTEENTH CAUSE OF ACTION

### (Declaratory Relief Against English & American – Excess)

367.RCBO realleges and incorporates herein Paragraphs 1 through 366 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 366 as if fully set forth herein.

368. To state a claim for a declaratory judgment, a party needs to plead an actual

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 368 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 368 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 368.

369. An actual and justiciable controversy exists between RCBO and English & American with respect to whether English & American is obligated to provide RCBO with defense and indemnity under the English & American Policy regarding the subset of the Suits for which RCBO alleges English & American is obligated to provide RCBO with indemnity, as set forth in Paragraph 18 (the "English & American Covered Claims").

**ANSWER:** The allegations in paragraph 369 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 369 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 369 and on that basis deny those allegations.

370. Pursuant to the terms of the English & American Policy, English & American is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the English & American Covered Claims.

**ANSWER:** The allegations in paragraph 370 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 370 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 370 and on that basis deny those allegations.

371. RCBO has fully satisfied all conditions required under the English & American Policy, or is otherwise excused from doing so.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 371 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 371 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 371 and on that basis deny those allegations.

372. RCBO's broker and/or RCBO tendered the English & American Covered Claims to English & American on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 372 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 372 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 372 and on that basis deny those allegations.

373. English & American denied and/or failed to confirm it will defend and indemnify RCBO for the English & American Covered Claims.

**ANSWER:** The allegations in paragraph 373 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 373 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 373 and on that basis deny those allegations.

374. English & American has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the English & American Policy that, in turn, will exhaust those policies and trigger English & American's obligation to provide the benefits of the English & American Policy to RCBO. Rather, English & American reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 374 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 374 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 374 and on that basis deny those allegations.

375. English & American's reservation of rights includes English & American's position that it may deny coverage on the following bases:

i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962 and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies."

ii. English & American is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance."

iii. English & American's coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [English & American Policy]."

iv. "To the extent the [English & American Policy is] potentially implicated, [it] provide[s] indemnity only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability."

v. English & American "reserve[s] all rights based upon the number and timing of occurrences. It is [English & American's] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged abuse takes place."

vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place."

vii. "[T]he underlying insurance limits must first be exhausted before potentially implicating the [English & American Policy]."

viii. English & American "declines coverage to any alleged perpetrator of sexual assault, or any individual seeking coverage on behalf of an alleged perpetrator."

ix. That conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries."

**ANSWER:** The allegations in paragraph 375 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 375 and on that basis deny those allegations.

376. In addition, English & American reserved further rights to deny coverage as follows:

i. "The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods where there is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion)."

ii. "The right to modify [its] position concerning which Policies are potentially implicated if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse."

iii. English & American "reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be 'unexpected or unintended.'" English & American thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an 'occurrence,' which requires unexpected and unintended injury."

iv. "The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from such would not arise from an occurrence."

v. "If Claimant is asserting a claim against another entity besides [RCBO], then [English & American] reserve[s] the right to decline coverage if that entity is not one of the parishes, schools, or other entities and agencies that qualify as an 'Assured' under the [English & American Policy]."

vi. "All rights based on the Exclusion for liability of any Assured for assault and battery committed by or at the direction of such Assured." vii. The right "to decline indemnity for any payments made by [RCBO] for pastoral or counseling services."

viii. English & American reserves its rights "if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses."

ix. English & American reserves its rights "with respect to the Conditions pertaining to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Notice" requiring "that [RCBO] provide notice of an occurrence that may implicate the respective policy 'as soon as practicable' to [English & American's] agent for notice of claims provided in the Policy Declarations."

x. English & American s reserves its rights "to the extent [a] claim was previously tendered, was subject to prior investigations (including by any law enforcement agencies), payments, settlements, or releases under the [English & American Policy], or for which [RCBO] abandoned its claim for coverage (including reimbursement of defense expenses or indemnity payments)."

xi. All rights with respect to "an Amended Confidential Settlement Agreement and Mutual Release" executed by English & American and RCBO "in or around November 2005 pertaining to certain 'Abuse Claims'" and whether certain underlying claims in this lawsuit "constitute[] an Abuse Claim for the purposes of the Release."

xii. "All rights with respect to the Conditions pertaining to Assistance and Cooperation" and states that "[a] failure by [RCBO] to cooperate with [English & American] may preclude coverage."

xiii. "All rights pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [English & American Policy]."

xiv. English & American reserves its rights "pursuant to the [English & American Policy's] Other Insurance Condition."

xv. English & American reserves its rights "with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct."

**ANSWER:** The allegations in paragraph 376 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 376 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 376 and on that basis deny those allegations.

377. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, English & American has reserved its right to deny its defense and

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

indemnity obligation under the English & American Policy on the grounds that the English & American Covered Claims allege injuries that were not "unexpected or unintended" from the standpoint of RCBO or that conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries." Such reservations of rights as to defense and/or indemnity do not apply because the English & American Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the English & American Policy defines that term, within the English & American Policy's coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the English & American Covered Claims.

i. Claim 15 includes negligence allegations that RCBO "negligently supervised and/or retained ABUSER in positions of trust and authority as a priest" (¶ 49) and "failed to use reasonable care in protecting Plaintiff [] from Abuser's misconduct that created a risk of childhood sexual abuse, while Plaintiffs [] were involved in activities sponsored, supervised, organized or directed by [RCBO]" (¶ 53) and that such negligence caused the plaintiff bodily injury, including "suffer[ing] physical, mental and emotional health problems" (¶ 67).

ii. Claim 155 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45).

iii. Claim 187 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

iv. Claim 204 includes negligence allegations that RCBO "negligently failed to properly

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 66) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 49), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm." (¶ 69).

v. Claim 383 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure, where the DOE PERPETRATOR was able to commit wrongful acts against the Plaintiff" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection whatsoever, and continued to make Plaintiff accessible to the DOE PERPETRATOR for the purposes of sexual assault" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 88).

**ANSWER:** The allegations in paragraph 377 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 377 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 377 and on that basis deny those allegations.

378. The remaining English & American Covered Claims not listed in Paragraph 377 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the English & American Policy defines that term.

**ANSWER:** The allegations in paragraph 378 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 378 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 378 and on that basis deny those allegations.

379. As a further example, English & American reserved its right to deny coverage under the English & American Policy on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraphs 380-381.

**ANSWER:** The allegations in paragraph 379 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 379 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 379 and on that basis deny those allegations.

380. There is a substantial likelihood that the English & American Covered Claims will exhaust the primary insurance underlying the English & American Policy. The underlying Pacific Indemnity primary policy no. LAC 127792 has limits of $500,000 per occurrence and $500,000 in aggregate (the "3/12/62-10/25/63 Pacific Indemnity Policy"). There are at least 17 English & American Covered Claims that trigger the coverage periods for the 3/12/62-10/25/63 Pacific Indemnity Policy and the English & American Policy.

**ANSWER:** To the extent the allegations in paragraph 380 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 380 contain legal conclusions to which no response is required. To the extent that paragraph 380 purports to characterize the terms, conditions, or limits of alleged policies, including the alleged 3/12/62-10/25/63 Pacific Indemnity Policy, to the extent it exists, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 380, and on that basis deny those allegations.

381. Data from past clergy sexual abuse cases indicate the English & American Covered Claims will far exceed the per occurrence and aggregate limits of the 3/12/62-10/25/63 Pacific Indemnity Policy. Within the last twenty years RCBO settled 52 clergy sexual abuse claims

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. On July 3, 2024, The UCC sent a letter to counsel for the Lloyd's Excess and Lloyd's Umbrella Defendants. Upon information and belief, English & American received the UCC Lloyd's Demand Letter as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because English & American was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants. The UCC Lloyd's Demand Letter demanded the UCC Lloyd's Demand Amount, a sum of $42.8 million, which is within the policy limits of the English & American Policy, to resolve the English & American Covered Claims and the claims falling within the English & American coverage period alleged against RCBO. The UCC based the UCC Lloyd's Demand Amount on a reasonable estimate of the value of the English & American Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Lloyd's Covered Claims will exhaust the 3/12/62- 10/25/63 Pacific Indemnity Policy. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 381 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 381 contain legal conclusions to which no response is required. To the extent paragraph 381 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

allegations in paragraph 381 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 381.

382. The asserted reservations of rights set forth in Paragraphs 375 and 376 do not provide English & American valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the English & American Covered Claims under the English & American Policy as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the English & American Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the English & American Policy have been exhausted or that limits have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in "Clergy III") concerned only those claims identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to English & American either in the placing of the insurance or submission of the claims. Finally, RCBO has fully cooperated with English & American as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 382 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 382 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 382 and on that basis deny those allegations.

383. RCBO sent the Lloyd's Excess and Lloyd's Umbrella Defendants the Lloyd's Policy Limits Letters on May 30, 2024, demanding indemnification to RCBO for the English & American Covered Claims up to the policy limits under the English & American Policy. Upon information and belief, English & American received the Lloyd's Policy Limits Letters as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because English & American was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 383 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 383 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 383 and on that basis deny those allegations.

384. On July 1, 2024, Lloyd's responded to the Lloyd's Policy Limits Letters and declined to indemnify RCBO, and thereby English & American has failed to provide the benefits of the English & American Policy to RCBO.

**ANSWER:** The allegations in paragraph 384 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 384 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 384 and on that basis deny those allegations.

385. On August 6, 2024, Lloyd's responded to the UCC Lloyd's Demand Letter and denied and/or failed to confirm it will indemnify RCBO. English & American thereby has failed to provide the benefits of the English & American Policy to RCBO. The English & American Policy provides coverage for, and does not exclude, the English & American Covered Claims, and English & American is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the English & American Covered Claims.

**ANSWER:** The allegations in paragraph 385 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 385 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 385 and on that basis deny those allegations.

386. The English & American Policy constitutes a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 386 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 386 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 386 and on that basis deny those allegations.

387. An actual controversy of a justiciable nature presently exists between RCBO and English & American concerning the proper construction of the English & American Policy, whether English & American's cited grounds for reservation of rights to deny defense and/or indemnity under the English & American Policy are valid, whether there is any coverage for the English & American Covered Claims under the English & American Policy, whether English & American is obligated to drop down to provide first-dollar coverage for the English & American Covered Claims because the underlying primary insurance is exhausted, English & American's and RCBO's respective rights and obligations under the English & American Policy with respect to the English & American Covered Claims, and whether English & American should participate in settlement regarding the English & American Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 387 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 387 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 387 and on that basis deny those allegations.

388. RCBO is entitled to a declaratory judgment stating English & American has issued the English & American Policy to RCBO, the English & American Policy covers the English & American Covered Claims, and RCBO is entitled to both defense and indemnity regarding the English & American Covered Claims under the English & American Policy, including, without limitation, a declaration of exhaustion as to the primary policies underlying the English & American Policy as alleged in Paragraphs 380-381, and the requirement that English & American drop down to provide defense and indemnity to RCBO regarding the English & American Covered Claims.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 388 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 388 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 388 and on that basis deny those allegations.

**SEVENTEENTH CAUSE OF ACTION**

**(Declaratory Relief Against Westport – Umbrella)**

389.RCBO realleges and incorporates herein Paragraphs 1 through 388 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 388 as if fully set forth herein.

390. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 390 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 390 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 390.

391. An actual and justiciable controversy exists between RCBO and Westport with respect to whether Westport is obligated to provide RCBO with defense and indemnity under the Westport Umbrella Policy regarding the subset of the Suits for which RCBO alleges Westport is obligated to provide RCBO with indemnity, as set forth in Paragraph 21 (the "Westport Umbrella Covered Claims").

**ANSWER:** The allegations in paragraph 391 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 391 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 391 and on that basis deny those allegations.

392. Pursuant to the terms of the Westport Umbrella Policy, Westport is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Westport Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 392 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 392 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 392 and on that basis deny those allegations.

393. RCBO has fully satisfied all conditions required under the Westport Umbrella Policy, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 393 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 393 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 393 and on that basis deny those allegations.

394. RCBO's broker and/or RCBO tendered the Westport Umbrella Covered Claims to Westport on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 394 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 394 and on that basis deny those allegations.

395. Westport denied and/or failed to confirm it will defend or indemnify RCBO for the Westport Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 395 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 395 contain legal conclusions to which no response is required. To the extent a response

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 395 and on that basis deny those allegations.

396. Westport has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary and excess policies underlying the Westport Umbrella Policy that, in turn, will exhaust those policies and trigger Westport's obligation to provide the benefits of the Westport Umbrella Policy to RCBO. Rather, Westport reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 396 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 396 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 396 and on that basis deny those allegations.

397. Westport's reservation of rights includes Westport's position that it may deny coverage based on:

i. Westport's contention that "there is no indication that the limits underlying the [Westport Umbrella Policy] have been exhausted in accordance with the terms of the policies, Westport would have no immediate potential coverage obligations,"

ii. "Whether the claim referenced above falls within the policy period, limits, and scope of insurance afforded under the referenced [Westport Umbrella Policy] and/or policy(ies) to which the [Westport Umbrella Policy] may follow form, in whole or in part,"

iii. "Whether the applicable limits of all applicable underlying policies of insurance have in fact been exhausted in accordance with the [Westport Umbrella Policy's] terms,"

iv. "Whether any applicable policy exclusions limit or preclude coverage for the claim at issue, in whole or in part,"

v. "Whether the insured has complied with its duties under the [Westport Umbrella Policy], including but not limited to 'notice' and 'cooperation' obligations, and, if not, whether any such failure limits or precludes coverage for the claim at issue, in whole or in part,"

vi. "Whether any applicable policy conditions limit or preclude coverage for the claims at

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

issue, in whole or in part,"

vii. "Whether Westport's obligations, if any, are limited or precluded due to prior impairment or exhaustion of limits, settlements, releases or other agreements, or are prohibited by law, statute and/or public policy,"

viii. Westport's purported "right to assert any additional defenses that might apply by operation of law or otherwise, including but not limited to defenses that may be asserted by the insurers who issued insurance policies with limits underlying the limits of the [Westport Umbrella Policy] denies coverage for any enhanced damages based on the defendants' willful and malicious conduct."

**ANSWER:** The allegations in paragraph 397 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 397 and on that basis deny those allegations.

398. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, Westport has reserved its right to deny its defense and indemnity obligation under the Westport Umbrella Policy on the grounds that "any applicable policy exclusions limit or preclude coverage for the [the Westport Umbrella Covered Claims] at issue, in whole or in part." Such reservation of rights as to defense and/or indemnity does not apply because the Westport Umbrella Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Westport Umbrella Policy defines that term, within the Westport Umbrella Policy's coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Westport Umbrella Covered Claims.

i. Claim 13 includes negligence allegations that RCBO "failed to take reasonable steps and failed to implement reasonable safeguards to avoid acts of childhood sexual abuse in the future by [] and [], including but not limited to preventing or avoiding placement of [] and [] in a function or environment in which contact with children is an inherent aspect of that function or environment" (¶ 38) and "negligently failed to supervise Plaintiff [], a minor, and failed to use reasonable care in

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

protecting Plaintiff [], a minor, from [] and []'s misconduct that created a risk of childhood sexual abuse, while Plaintiff [], a minor, was involved in activities sponsored, supervised, organized, or directed by [RCBO] or their agents and employees" (¶ 47) and that as a result of such negligence the plaintiff "suffered economic, physical, psychological and emotional harm" (¶ 41).

ii. Claim 140 includes negligence allegations that RCBO was "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 46) and that RCBO "failed to provide reasonable supervision of PERPETRATOR, failed to use reasonable care in investigating PERPETRATOR, and failed to provide adequate warning to Plaintiff and others of PERPETRATOR's dangerous propensities and unfitness. Defendants further failed to take reasonable measures to prevent the childhood sexual assault, molestation and harassment of minors, including Plaintiff" (¶ 49), and that as a result of such negligence plaintiff "suffered and will continue to suffer physical, psychological, emotional and economic harm" (¶ 47).

iii. Claim 323 includes negligence allegations that RCBO "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection whatsoever, and continued to make Plaintiff accessible to the DOE PERPETRATOR for the purposes of sexual assault" (¶ 65) and that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure, where the DOE PERPETRATOR was able to commit wrongful acts against the Plaintiff. [RCBO] failed to provide reasonable supervision of the DOE PERPETRATOR. [RCBO]further failed to take reasonable measures to prevent sexual harassment, molestation and assault of minors, including the Plaintiff" (¶ 44), and that as a result of such negligence plaintiff "suffered the physical injury of sexual assault" (¶ 75).

iv. Claim 310 includes negligence allegations that RCBO "failed to provide reasonable supervision of the Perpetrator, failed to use reasonable care in investigating the Perpetrator, and failed to provide adequate warning to Plaintiff and Plaintiff's family of the Perpetrator's dangerous propensities and unfitness. Defendants further failed to take reasonable measures to prevent future sexual abuse" (¶ 23) and that RCBO "breached [its] duty to take reasonable protective measures to protect Plaintiff and other minor parishioners and/or students from the risk

of childhood sexual abuse by the Perpetrator, or others, by failing to warn, train, or educate Plaintiff, Plaintiff's parents or guardians, and Defendants' employees, volunteers, representatives and/or agents about how to avoid, rebuff, minimize or respond to such a risk; by failing to warn, train, or educate Plaintiff, Plaintiff's parents or guardians, and Defendants' employees, volunteers, representatives and/or agents about how to report inappropriate or suspicious behaviors to law enforcement or others of Defendants' agents; by failing to train or educate Defendants' employees, volunteers, representatives and/or agents about their mandatory reporting obligations pursuant to California Penal Code § 11164, et seq.; and by failing to promulgate or enforce those rules necessary to protect Plaintiff and other minor students or minor parishioners from the foreseeable risk of child sexual assault within Defendants' programs or on their premises" (¶ 31), and that as a result of such negligence plaintiff "suffered, and continues to suffer physical injury" (¶ 24).

v. Claim 388 includes negligence allegations that RCBO "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection whatsoever, and continued to make Plaintiff accessible to the DOE PERPETRATOR for the purposes of sexual assault" (¶ 65) and that RCBO "failed to provide reasonable supervision of the DOE PERPETRATOR, failed to use reasonable care in investigating the DOE PERPETRATOR and failed to provide adequate warning to Plaintiff of the DOE PERPETRATOR's dangerous propensities and unfitness. [RCBO] further failed to take reasonable measures to prevent sexual assault, harassment, and molestation of children, including Plaintiff" (¶ 78), and that as a result of such negligence plaintiff "suffered the physical injury of sexual assault" (¶ 75).

**ANSWER:** The allegations in paragraph 398 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 398 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 398 and on that basis deny those allegations.

399. The remaining Westport Umbrella Covered Claims not listed in Paragraph 398 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the Westport Umbrella Policy defines that term.

**ANSWER:** The allegations in paragraph 399 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 399 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 399 and on that basis deny those allegations.

400. As a further example, Westport reserved its right to deny coverage under the Westport Umbrella Policy on the ground that "there is no indication that the limits underlying the [Westport Umbrella Policy] have been exhausted in accordance with the terms of the policies, Westport would have no immediate potential coverage obligations." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary and excess insurance policies are or will be exhausted as alleged in Paragraphs 401-402.

**ANSWER:** The allegations in paragraph 400 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 400 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 400 and on that basis deny those allegations.

401. There is a substantial likelihood that the Westport Umbrella Covered Claims will exhaust the primary insurance underlying the Westport Umbrella Policy. The underlying Commercial Union primary policy no. CF 9334-008 has limits of $300,000 per occurrence and $300,000 in aggregate (the "10/26/74-12/01/75 Commercial Union Policy"). The underlying Travelers primary policy no. 05 AL 802025 CMA has limits of $300,000 per occurrence and $300,000 in aggregate during the policy year 12/01/75-12/01/76 and $500,000 CSL during the policy year 12/01/76-12/01/77 (the "12/01/75-12/01/77 Travelers Policy"). The underlying CNA excess policy no. RDU 146 74 50 has a limit of $1,000,000 in the aggregate (the "10/26/74-12/01/77 CNA Policy"). There are at least 15 Westport Umbrella Covered Claims that trigger the coverage periods for the 10/26/74-12/01/75 Commercial Union Policy, the 12/01/75-12/01/77 Travelers Policy, the 10/26/74-12/01/77 CNA Policy, and the Westport Umbrella Policy.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 401 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 401 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 401 and on that basis deny those allegations.

402. Data from past clergy sexual abuse cases indicate the Westport Umbrella Covered Claims will far exceed the per occurrence and aggregate limits of the 10/26/74-12/01/75 Commercial Union Policy, the 12/01/75-12/01/77 Travelers Policy and the 10/26/74-12/01/77 CNA Policy. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million— more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. The UCC sent the UCC Westport Demand Letter on July 3, 2024, demanding Westport pay the UCC Westport Demand Amount, a sum of $308.9 million, which is within the policy limits of the Westport Excess Policy and Westport Umbrella Policy, to resolve the Westport Excess Covered Claims and the Westport Umbrella Covered Claims alleged against RCBO. The UCC based the UCC Westport Demand Amount on its reasonable estimate of the value of the Westport Excess Covered Claims and Westport Umbrella Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Westport Excess Covered Claims and Westport Umbrella Covered Claims will exhaust the 10/26/74-12/01/75 Commercial Union Policy, the 12/01/75-12/01/77 Travelers Policy and the 10/26/74-12/01/77 CNA Policy. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** The allegations in paragraph 402 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 402 contain legal conclusions to which no response is required. To the extent a response

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 402 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 402.

403. Moreover, Westport must drop down and provide first-dollar coverage of the Westport Umbrella Covered Claims under the Westport Umbrella Policy because the underlying primary insurer Commercial Union is insolvent.

**ANSWER:** The allegations in paragraph 403 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 403 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 403 and on that basis deny those allegations.

404. The asserted reservations of rights set forth in Paragraph 397 do not provide Westport valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Westport Umbrella Covered Claims under the Westport Umbrella Policy as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Westport Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Westport Policies have been exhausted or that limits have been reduced. Finally, RCBO has fully cooperated with Westport as required under the insurance, including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 404 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 404 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 404 and on that basis deny those allegations.

405. RCBO sent Westport a letter on May 30, 2024, demanding Westport indemnify RCBO for the Westport Umbrella Covered Claims up to the policy limits under the Westport Umbrella Policy ("the Westport Umbrella Policy Limits Letter").

**ANSWER:** The allegations in paragraph 405 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 405 and on that basis deny those allegations.

406. Westport failed to respond to the Westport Umbrella Policy Limits Letters confirming it will indemnify RCBO, and thereby has failed to provide the benefits of the Westport Umbrella Policy to RCBO.

**ANSWER:** The allegations in paragraph 406 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 406 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 406 and on that basis deny those allegations.

407. On August 6, 2024, Westport responded to the UCC Westport Demand Letter declining to indemnify RCBO, and thereby has failed to provide the benefits of the Westport Umbrella Policy to RCBO.

**ANSWER:** The allegations in paragraph 407 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 407 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 407 and on that basis deny those allegations.

408. The Westport Umbrella Policy provides coverage for, and does not exclude, the Westport Umbrella Covered Claims, and Westport is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Westport Umbrella Covered Claims.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 408 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 408 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 408 and on that basis deny those allegations.

409. The Westport Umbrella Policy constitutes a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 409 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 409 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 409 and on that basis deny those allegations.

410. An actual controversy of a justiciable nature presently exists between RCBO and Westport concerning the proper construction of the Westport Umbrella Policy, whether Westport's cited grounds for reservation of rights to deny defense and/or indemnity under the Westport Umbrella Policy are valid, whether there is any coverage for the Westport Umbrella Covered Claims under the Westport Umbrella Policy, whether Westport is obligated to drop down to provide first-dollar coverage for the Westport Umbrella Covered Claims because the underlying primary insurer is insolvent and/or the underlying primary insurance is exhausted, Westport's and RCBO's respective rights and obligations under the Westport Umbrella Policy with respect to the Westport Umbrella Covered Claims, and whether Westport should participate in settlement regarding the Westport Umbrella Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 410 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 410 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 410 and on that basis deny those allegations.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

411. RCBO is entitled to a declaratory judgment stating Westport has issued the Westport Policies to RCBO, the Westport Umbrella Policy covers the Westport Umbrella Covered Claims, and RCBO is entitled to both defense and indemnity regarding the Westport Umbrella Covered Claims under the Westport Umbrella Policy, including, without limitation, a declaration of exhaustion as to the primary and excess policies underlying the Westport Umbrella Policy as alleged in Paragraph 401-402, and the requirement that Westport drop down to provide defense and indemnity to RCBO regarding the Westport Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 411 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 411 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 411 and on that basis deny those allegations.

**EIGHTEENTH CAUSE OF ACTION**

**(Declaratory Relief Against Travelers – Umbrella)**

412. RCBO realleges and incorporates herein Paragraphs 1 through 411 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 411 as if fully set forth herein.

413. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 413 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 413 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 413.

414. An actual and justiciable controversy exists between RCBO and Travelers with respect to whether Travelers is obligated to provide RCBO with defense and indemnity under the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Travelers Umbrella Policies regarding the subset of the Suits for which RCBO alleges Travelers is obligated to provide RCBO with indemnity, as set forth in Paragraph 22 (the "Travelers Umbrella Covered Claims").

**ANSWER:** The allegations in paragraph 414 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 414 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 414 and on that basis deny those allegations.

415. Pursuant to the terms of the Travelers Umbrella Policies, Travelers is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Travelers Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 415 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 415 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 415 and on that basis deny those allegations.

416. RCBO has fully satisfied all conditions required under the Travelers Umbrella Policies, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 416 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 416 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416 and on that basis deny those allegations.

417. RCBO's broker and/or RCBO tendered the Travelers Umbrella Covered Claims to Travelers on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 417 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 417 and on that basis deny those allegations.

418. Travelers denied and/or failed to confirm it will defend or indemnify RCBO for the Travelers Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 418 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 418 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 418 and on that basis deny those allegations.

419. Travelers has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary and excess policies underlying the Travelers Umbrella Policies that, in turn, will exhaust those policies and trigger Travelers' obligation to provide the benefits of the Travelers Umbrella Policies to RCBO. Rather, Travelers reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 419 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 419 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 419 and on that basis deny those allegations.

420. Travelers' reservation of rights with respect to the Travelers Umbrella Policies includes Travelers' position that it may deny coverage on the basis that:

i. "Travelers reserves the right to assert that it has no, and can have no, duty to defend the RCBO under the Travelers Excess Policies and has no, and can have no, obligation to reimburse the RCBO with respect to defense and/or investigation costs incurred by the RCBO,"

ii. "Travelers reserves the right to assert that it has no obligation to indemnify the RCBO pursuant to the Travelers Excess Policies for amounts that do not qualify as 'EXCESS NET LOSS,' as defined by the [Travelers Umbrella Policies],"

iii. "Travelers reserves the right to assert that the [Travelers Umbrella Policies] do not

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

attach unless and until the RCBO becomes liable for damages with respect to a single accident or occurrence that results in an allocation of loss in excess of the total of the limits of the underlying policies,"

iv. "Travelers reserves the right to assert that it has no obligation to indemnify the RCBO with respect to a matter until the amount of the RCBO's obligation to pay has been finally determined either by judgment against the RCBO after actual trial or by written agreement of the RCBO, the claimant and Travelers,"

v. "Travelers reserves the right with respect to a matter to assert that the RCBO released Travelers pursuant to [a certain s]ettlement [a]greement from any liability in connection with that matter and the claims asserted by that [c]laimant,"

vi. Travelers may "rely on any policy provision that may be subsequently found to limit or preclude coverage,"

vii. Travelers may "initiate a declaratory relief action in order that it may have its coverage obligations, if any, to the RCBO in connection with a matter judicially determined."

**ANSWER:** The allegations in paragraph 420 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 420 and on that basis deny those allegations.

421. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, Travelers has reserved its right to deny its defense and indemnity obligation under the Travelers Umbrella Policies on the grounds that it may "rely on any policy provision that may be subsequently found to limit or preclude coverage." Such reservation of rights as to defense and/or indemnity does not apply because the Travelers Umbrella Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Travelers Umbrella Policies define that term, within the Travelers Umbrella Policies' coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Travelers Umbrella Covered Claims.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

i. Claim 10 includes negligence allegations that RCBO "[was] negligent in the hiring, retention, control, and supervision, of PERPETRATOR" (¶ 14) and "[was] negligent in failing to protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 14), and that such negligence caused the plaintiff bodily injury, including "physical injury, psychological, emotional and economic harm." (¶ 15).

ii. Claim 21 includes negligence allegations that RCBO "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 51) and "failed to provide reasonable supervision of PERPETRATOR, failed to use reasonable care in investigating PERPETRTOR, and failed to provide adequate warning to Plaintiff and others of PERPETRATOR's dangerous propensities and unfitness. [RCBO] further failed to take reasonable measures to prevent the childhood sexual assault, abuse, and harassment of minor children, including Plaintiff" (¶ 54), and that as a result of such negligence the plaintiff "suffered and will continue to suffer physical, psychological, emotional, and economic harm" (¶ 52).

iii. Claim 29 includes negligence allegations that RCBO "[was] at all times herein negligent in the hiring, retention, control, and supervision, of PERPETRATOR, so as to allow him to repeatedly commit sexual assaults upon minors, including Plaintiff" (¶ 9) and "[was] further negligent in failing to protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 9), and that as a result of such negligence the plaintiff "suffered and will continue to suffer physical injury, psychological, emotional and economic harm" (¶ 10).

iv. Claim 33 includes negligence allegations that RCBO was "at all times herein negligent in the hiring, retention, control, and supervision, of PERPETRATOR, so as to allow him to repeatedly commit sexual assaults upon minors, including Plaintiff" (¶ 9) and "fail[ed] to protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities" (¶ 9), and that as a result of such negligence the plaintiff "suffered and will continue to suffer physical injury" (¶ 10).

v. Claim 35 includes negligence allegations that RCBO "[w]as] negligent in the hiring, retention, control, and supervision of PERPETRATOR" (¶ 9) and "[was] negligent in failing to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

protect and supervise Plaintiff from sexual assaults by its Priest while Plaintiff was on its property and engaged in its activities and while PERPETRATOR was engaged in his duties and responsibilities of outreach as a Priest" (¶ 9), and that such negligence caused the plaintiff bodily injury, including "physical injury, psychological, emotional and economic harm." (¶ 10).

**ANSWER:** The allegations in paragraph 421 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 421 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 421 and on that basis deny those allegations.

422. The remaining Travelers Umbrella Covered Claims not listed in Paragraph 421 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Travelers Umbrella Policies define that term.

**ANSWER:** The allegations in paragraph 422 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 422 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 422 and on that basis deny those allegations.

423. As a further example, Travelers reserved its right to deny coverage under the Travelers Umbrella Policies on the ground that "do not attach unless and until the RCBO becomes liable for damages with respect to a single accident or occurrence that results in an allocation of loss in excess of the total of the limits of the underlying policies" and "to assert that it has no obligation to indemnify the RCBO with respect to a matter until the amount of the RCBO's obligation to pay has been finally determined either by judgment against the RCBO after actual trial or by written agreement of the RCBO, the claimant and Travelers." These reservations of rights as to defense and/or indemnity do not apply because the underlying primary and excess insurance policies are or will be exhausted as alleged in Paragraphs 424-425.

**ANSWER:** The allegations in paragraph 423 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 423 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 423 and on that basis deny those allegations.

424. There is a substantial likelihood that the Travelers Umbrella Covered Claims will exhaust the primary insurance underlying the Travelers Umbrella Policies. The underlying Travelers Primary policies nos. 05 AL 802025 CMA, 05 SM 90296 FCA, 05 SM 99094, and 05 SM 107459 FCA have limits of $1,000,000 CSL (the "12/01/77-12/01/81 Travelers Primary Policies"). The underlying CNA excess policy no. UMB 006 46 71 53 has limits of $5,000,000 in aggregate (the "12/1/77-12/1/80 CNA Policy"). The underlying Westchester excess policy no. JU 8312510 has limits of $5,000,000 in aggregate (the "12/1/80-12/1/81 Westchester Policy"). There are at least 100 Travelers Umbrella Covered Claims that trigger the coverage periods for the 12/01/77-12/01/81 Travelers Primary Policies, the 12/1/77-12/1/80 CNA Policy, the 12/1/80-12/1/81 Westchester Policy and the Travelers Umbrella Policies.

**ANSWER:** To the extent the allegations in paragraph 424 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 424 contain legal conclusions to which no response is required. To the extent that paragraph 424 purports to characterize the terms, conditions, or limits of alleged policies, including the alleged Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 424, and on that basis deny those allegations.

425. Data from past clergy sexual abuse cases indicate the Travelers Umbrella Covered Claims will far exceed the per occurrence and aggregate limits of the 12/01/77-12/01/81 Travelers Primary Policies, the 12/1/77-12/1/80 CNA Policy and the 12/1/80-12/1/81 Westchester Policy. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

in that case of $16 million, on the sole cause of action for negligent supervision. The UCC sent Travelers the UCC Travelers Demand Letter on July 3, 2024, demanding Travelers pay a sum of $149.9 million (the "UCC Travelers Demand Amount"), which is within the policy limits of the Travelers Primary Policies and the Travelers Umbrella Policies, to resolve the Travelers Excess Covered Claims and the Travelers Umbrella Covered Claims alleged against RCBO. The UCC based the UCC Travelers Demand Amount on its reasonable estimate of the value of the Travelers Excess Covered Claims and Travelers Umbrella Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Travelers Umbrella Covered Claims will exhaust the 12/01/77-12/01/81 Travelers Primary Policies, the 12/1/77-12/1/80 CNA Policy and the 12/1/80-12/1/81 Westchester Policy. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 425 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 425 contain legal conclusions to which no response is required. To the extent paragraph 425 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Westchester Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 425 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 425.

426. The asserted reservations of rights set forth in Paragraph 420 do not provide Travelers valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Travelers Umbrella Covered Claims under the Travelers Umbrella Policies as the claims have

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Travelers Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Travelers Policies have been exhausted or that limits have been reduced. Finally, RCBO has fully cooperated with Travelers as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 426 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 426 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 426 and on that basis deny those allegations.

427. RCBO sent Travelers a letter on May 30, 2024, demanding Travelers indemnify RCBO for the Travelers Umbrella Covered Claims up to the policy limits under the Travelers Umbrella Policies (the "Travelers Umbrella Policy Limits Letter").

**ANSWER:** The allegations in paragraph 427 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 427 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 427 and on that basis deny those allegations.

428. Travelers failed to respond to the Travelers Umbrella Policy Limits Letter confirming it will indemnify RCBO, and thereby has failed to provide the benefits of the Travelers Umbrella Policies to RCBO.

**ANSWER:** The allegations in paragraph 428 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 428 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 428 and on that basis deny those allegations.

429. On August 6, 2024, Travelers responded to the UCC Travelers Demand Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the Travelers Umbrella Policies to RCBO.

**ANSWER:** The allegations in paragraph 429 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 429 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 429 and on that basis deny those allegations.

430. The Travelers Umbrella Policies provide coverage for, and do not exclude, the Travelers Umbrella Covered Claims, and Travelers is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Travelers Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 430 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 430 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 430 and on that basis deny those allegations.

431. The Travelers Umbrella Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 431 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 431 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 431 and on that basis deny those allegations.

432. An actual controversy of a justiciable nature presently exists between RCBO and Travelers concerning the proper construction of the Travelers Umbrella Policies, whether Travelers' cited grounds for reservation of rights to deny defense and/or indemnity under the Travelers Umbrella Policies are valid, whether there is any coverage for the Travelers Umbrella

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Covered Claims under the Travelers Umbrella Policies, whether Travelers is obligated to drop down to provide first-dollar coverage for the Travelers Umbrella Covered Claims because the underlying primary insurer is insolvent and/or the underlying primary insurance is exhausted, Travelers' and RCBO's respective rights and obligations under the Travelers Umbrella Policies with respect to the Travelers Umbrella Covered Claims, and whether Travelers should participate in settlement regarding the Travelers Umbrella Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 432 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 432 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 432 and on that basis deny those allegations.

433. RCBO is entitled to a declaratory judgment stating Travelers has issued the Travelers Policies to RCBO, the Travelers Umbrella Policies cover the Travelers Umbrella Covered Claims, and RCBO is entitled to both defense and indemnity regarding the Travelers Umbrella Covered Claims under the Travelers Umbrella Policies, including, without limitation, a declaration of exhaustion as to the primary and excess policies underlying the Travelers Umbrella Policies as alleged in Paragraphs 422-423, and the requirement that Travelers drop down to provide defense and indemnity to RCBO regarding the Travelers Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 433 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 433 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 433 and on that basis deny those allegations.

## NINETEENTH CAUSE OF ACTION

### (Declaratory Relief Against Pacific Employers – Umbrella)

434. RCBO realleges and incorporates herein Paragraphs 1 through 433 of this Complaint as if said Paragraphs were set forth in full.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 433 as if fully set forth herein.

435. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 435 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 435 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations of paragraph 435.

436. An actual and justiciable controversy exists between RCBO and Pacific Employers with respect to whether Pacific Employers is obligated to provide RCBO indemnity under the Pacific Employers Policy regarding the subset of the Suits for which RCBO alleges Pacific Employers is obligated to provide RCBO with indemnity, as set forth in Paragraph 23 (the "Pacific Employers Covered Claims").

**ANSWER:** The allegations in paragraph 436 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Employers has reserved its rights with regard to defending and indemnifying the alleged Pacific Employers Covered Claims. To the extent that paragraph 436 purports to characterize the terms and conditions of the alleged Pacific Employers Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants further deny that "Pacific Employers is obligated to provide RCBO indemnity under the Pacific Employers Policy regarding the subset of the Suits for which RCBO alleges Pacific Employers is obligated to provide RCBO with indemnity" and deny the remaining allegations of paragraph 436. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 436.

437. Pursuant to the terms of the Pacific Employers Policy, Pacific Employers is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums

that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Pacific Employers Covered Claims.

**ANSWER:** The allegations in paragraph 437 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Employers has reserved its rights with regard to indemnifying the alleged Pacific Employers Covered Claims. To the extent that paragraph 437 purports to characterize the terms and conditions of the alleged Pacific Employers Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that “Pacific Employers is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Pacific Employers Covered Claims” and deny the remaining allegations of paragraph 437. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 437.

438. RCBO has fully satisfied all conditions required under the Pacific Employers Policy, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 438 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny that “RCBO has fully satisfied all conditions required under the Pacific Employers Policy,” and deny that RCBO “is otherwise excused from doing so.” To the extent that paragraph 438 purports to characterize the terms and conditions of the Pacific Employers Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny the remaining allegations in paragraph 438.

439. RCBO’s broker and/or RCBO tendered the Pacific Employers Covered Claims to Pacific Employers on RCBO’s behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 439 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Employers received notice of certain claims from RCBO and/or its broker. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

remaining allegations of paragraph 439 and therefore deny the same. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 439.

440. Pacific Employers agreed to provide defense to RCBO for certain of the Pacific Employers Covered Claims. However, Pacific Employers denied and/or failed to confirm it will indemnify RCBO for the Pacific Employers Covered Claims.

**ANSWER:** The allegations in paragraph 440 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Employers has agreed to participate in the defense of certain alleged claims, under a full reservation of rights, but deny that Pacific Employers has any present obligation to defend RCBO. Answering Defendants deny that Pacific Employers had an obligation "to confirm it will indemnify RCBO for the Pacific Employers Covered Claims." To the extent that paragraph 440 purports to characterize the alleged Pacific Employers Policy or the reservation of rights letters, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants otherwise deny the allegations in paragraph 440.

441. Pacific Employers has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary and excess policies underlying the Pacific Employers Policy that, in turn, will exhaust those policies and trigger Pacific Employers' obligation to provide the benefits of the Pacific Employers Policy to RCBO. Rather, Pacific Employers reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 441 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Employers has reserved its rights with regard to defending and indemnifying the alleged Pacific Employers Covered Claims. Answering Defendants deny that Pacific Employers is required to "acknowledge[] that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary and excess policies underlying the Pacific Employers Policy." Answering Defendants further respond that with respect to the alleged Pacific Employers Covered Claims, Pacific Employers has no coverage obligation, if any, unless and until the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

applicable alleged underlying insurance is exhausted. To date, there has been no indication and no notice that the limits of the alleged underlying policies have been exhausted in the payment of settlements or judgments in accordance with the terms of those alleged policies and therefore Pacific Employers has no current coverage obligations for the alleged Pacific Employers Covered Claims. To the extent that paragraph 441 purports to characterize the terms and conditions of the alleged Pacific Employers Policy, the alleged primary policies underlying the alleged Pacific Employers Policy, or Pacific Employers' reservation of rights letters, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 441.

442. Pacific Employers' reservation of rights includes Pacific Employers' position that it may deny coverage on the following bases:

i. RCBO "has not met its burden of establishing the material terms and conditions of the [Pacific Employers Policy]."

ii. "Any alleged personal injury taking place outside the effective dates of coverage [is] not [] covered."

iii. "[The Pacific Employers Policy] may have been exhausted through the settlement of claims in connection with prior litigation involving [RCBO]."

iv. RCBO "has not met its burden in establishing that the limits of all underlying insurance, including any self-insured periods, have been properly and completely exhausted."

**ANSWER:** Answering Defendants admit that Pacific Employers has issued reservation of rights letters for the alleged Pacific Employers Covered Claims, which include certain bases on which coverage may be denied. To the extent certain subparts of paragraph 442 purport to quote from the reservation of rights letters, those letters speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 442.

443. In addition, Pacific Employers reserved further rights to deny coverage as follows:

i. The right "to decline coverage on the basis that the [Employers] Policy is lost or

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

otherwise missing."

ii. Employers "reserves its rights to the extent the [Employers] Policy is exhausted and [it has] no further defense or indemnity obligations under [Employers] Policy."

iii. "The right to the extent that limits are reduced in connection with settlement of prior claims."

iv. "To the extent that [RCBO] knew of any of the abuse alleged by claimants prior to the effective date of the settlement agreement, [Pacific Employers] reserves the right to deny coverage to the extent that any of the claims were released as part of [a prior] settlement."

**ANSWER:** Answering Defendants admit that Pacific Employers has issued reservation of rights letters for the alleged Pacific Employers Covered Claims, which include certain bases on which coverage may be denied. To the extent certain subparts of paragraph 443 purport to quote from the reservation of rights letters, those letters speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 443.

444. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, Pacific Employers has reserved its right to "assert any applicable coverage defense in the future." Such reservation of rights as to defense and/or indemnity does not apply because the Pacific Employers Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Pacific Employers Policy defines that term, within the Pacific Employers Policy's coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Pacific Employers Covered Claims.

i. Claim 51 includes negligence allegations that RCBO "negligently failed to supervise DOE 5 in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 72) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 54), and that such negligence caused the plaintiff bodily injury, including "personal physical injury as well as great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

esteem, disgrace, humiliations, and loss of enjoyment of life." (¶ 77).

ii. Claim 118 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATORS in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 65) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 47), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual assault, and severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self- esteem, disgrace, humiliation, and loss of enjoyment of life." (¶ 81).

iii. Claim 127 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life." (¶ 88).

iv. Claim 130 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life." (¶ 88).

v. Claim 171 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 83) and "failed to take any reasonable steps or

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

implement any reasonable safeguards for Plaintiff's protection" (¶ 65), and that such negligence caused the plaintiff bodily injury, including "suffer the physical injury of childhood sexual assault, severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life." (¶ 88).

**ANSWER:** The allegations in paragraph 444 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Employers has issued reservation of rights letters for the alleged Pacific Employers Covered Claims, which include certain bases on which coverage may be denied. Answering Defendants deny that Pacific Employers' reservations of rights "are without both factual and legal merit." Answering Defendants further deny that the underlying Suits and claims are limited to claims for negligence and bodily injury. To the extent certain allegations in paragraph 444 purport to quote or characterize the reservation of rights letters or the alleged Pacific Employers Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent subparts (i) through (v) purport to quote or characterize complaints or other documents from the underlying Suits or claims, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegation in paragraph 444 and deny that allegation on that basis. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 444.

445. The remaining Pacific Employers Covered Claims not listed in Paragraph 444 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Pacific Employers Policy defines that term.

**ANSWER:** The allegations in paragraph 445 contain legal conclusions to which no response is required. Answering Defendants further respond that to the extent that paragraph 445 purports to characterize the allegations from certain underlying complaints and/or the terms of the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Pacific Employers Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants deny that the underlying Suits and claims are limited to claims for negligence and physical harm or bodily injury. Answering Defendants deny the remaining allegations in paragraph 445.

446. Further, Pacific Employers denied coverage under the Pacific Employers Policy on the basis that the underlying insurance has not been exhausted. This reservation of rights as to defense and/or indemnity does not apply because the underlying primary and excess insurance policies are or will be exhausted as alleged in Paragraphs 445-446.

**ANSWER:** The allegations in paragraph 446 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Employers has issued reservation of rights letters for the alleged Pacific Employers Covered Claims, which include certain bases on which coverage may be denied. Answering Defendants further respond that with regard to the alleged Pacific Employers Covered Claims, Pacific Employers has no coverage obligation, if any, unless and until the applicable alleged underlying insurance is exhausted. To date, there has been no indication and no notice that the limits of the alleged underlying policies have been exhausted in the payment of settlements or judgments in accordance with the terms of those alleged policies and therefore Pacific Employers has no current coverage obligations for the alleged Pacific Employers Covered Claims. To the extent that paragraph 446 purports to characterize the reservation of rights letters and/or the terms and conditions of the alleged Pacific Employers Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent that paragraph 446 cross-references or incorporates by reference paragraphs 444 and/or 445, Answering Defendants incorporate and adopt their responses to those paragraphs. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 446.

447. There is a substantial likelihood that the Pacific Employers Covered Claims will exhaust the primary insurance underlying the Pacific Employers Policy. The underlying Centennial primary policy no. 287-00-46-36 has a limit of $1,000,000 in aggregate (the "12/01/84-

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

12/01/85 Centennial Primary Policy”). The underlying Centennial excess policy no. 287-00-46-36 has a limit of $15,000,000 in aggregate (the “12/01/84-12/01/85 Centennial Excess Policy”). Centennial Insurance Company, which issued the 12/01/84-12/01/85 Centennial Primary Policy and the 12/01/84-12/01/85 Centennial Excess Policy, is in liquidation. The underlying Travelers umbrella policy no. 005 FF 1390 BCA has a limit of $10,000,000 in aggregate (the “12/01/84-12/01/85 Travelers Umbrella Policy”). There are at least 18 Pacific Employers Covered Claims that trigger the coverage periods for the 12/01/84-12/01/85 Centennial Primary Policy, the 12/01/84-12/01/85 Centennial Excess Policy, the 12/01/84-12/01/85 Travelers Umbrella Policy, and the Pacific Employers Policy.

**ANSWER:** The allegations in paragraph 447 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 447 and on that basis deny those allegations. Answering Defendants further respond that with regard to the alleged Pacific Employers Covered Claims, Pacific Employers has no coverage obligation, if any, unless and until the applicable alleged underlying insurance is exhausted. To date, there has been no indication and no notice that the limits of the alleged underlying policies have been exhausted in the payment of settlements or judgments in accordance with the terms of those alleged policies and therefore Pacific Employers has no current coverage obligations for the alleged Pacific Employers Covered Claims. To the extent paragraph 447 purports to characterize the terms, conditions, or limits of the alleged Pacific Employers Policy or the alleged insurance underlying it, those documents speak for themselves, and Answering Defendants deny RCBO’s characterization of them.

448. Data from past clergy sexual abuse cases indicate the Pacific Employers Covered Claims will far exceed the aggregate limits of the 12/01/84-12/01/85 Centennial Primary Policy, the 12/01/84- 12/01/85 Centennial Excess Policy, and the 12/01/84-12/01/85 Travelers Umbrella Policy. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million— more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

in that case of $16 million, on the sole cause of action for negligent supervision. The UCC sent Chubb the UCC Chubb Demand Letter on July 3, 2024, demanding they pay the UCC Chubb Demand Amount, a sum of $219.2 million, which is within the policy limits of the Chubb Policies, including the Pacific Employers Policy, to resolve the Pacific Employers Covered Claims alleged against RCBO. The UCC based the UCC Chubb Demand Amount on its reasonable estimate of the value of the claims covered by the Chubb policies, including the Pacific Employers Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Pacific Employers Covered Claims will exhaust the underlying primary and excess policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** The allegations in paragraph 448 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Employers received a letter dated July 3, 2024 from the UCC, but deny that the letter constituted a “demand.” Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. To the extent that paragraph 448 purports to characterize the UCC’s July 3, 2024 letter, filings in cases, verdicts, and/or the terms, conditions, or limits of the alleged Pacific Employers Policy, the alleged 12/01/84-12/01/85 Centennial Primary Policy, the alleged 12/01/84-12/01/85 Centennial Excess Policy, or the alleged 12/01/84-12/01/85 Travelers Umbrella Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 448 and therefore deny those allegations. Except as expressly admitted or averred herein, Answering Defendants deny the allegations in paragraph 448.

449. Moreover, Pacific Employers must drop down and provide first-dollar coverage of the Pacific Employers Covered Claims under the Pacific Employers Policy because the underlying

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

primary and excess insurer, Centennial, is insolvent.

**ANSWER:** The allegations in paragraph 449 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny that Pacific Employers must drop down and provide first-dollar coverage of the Pacific Employers Covered Claims. To the extent that paragraph 449 purports to characterize the terms and conditions of the Pacific Employers Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that "the underlying primary and excess insurer, Centennial, is insolvent," and therefore deny that allegation. Answering Defendants deny any remaining allegations in paragraph 449.

450. The asserted reservations of rights set forth in Paragraphs 442 and 443 do not provide Pacific Employers valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Pacific Employers Covered Claims under the Pacific Employers Policy as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Pacific Employers Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Pacific Employers Policies have been exhausted or that limits have been reduced. Finally, RCBO has fully cooperated with Pacific Employers as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 450 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Employers has issued reservation of rights letters for the alleged Pacific Employers Covered Claims, which include certain bases on which coverage may be denied. Answering Defendants admit that Pacific Employers has not issued a notice that the Pacific Employers Policy has been exhausted or that the limits have been reached. To the extent paragraph 450 purports to quote or characterize the reservation of rights letters, the terms and/or conditions of the alleged Pacific Employers Policy, and/or the allegations from certain underlying complaints, those

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the underlying Suits and claims are limited to claims for negligence and bodily injury. Answering Defendants further deny that there is any obligation to "confirm indemnity" in the absence of settlements or judgments in the alleged Pacific Employers Covered Claims. Answering Defendants deny the allegations in the last sentence of paragraph 450. Except as expressly admitted herein, Answering Defendants otherwise deny the allegations in paragraph 450.

451. RCBO sent Pacific Employers a letter on May 30, 2024, demanding Pacific Employers indemnify RCBO for the Pacific Employers Covered Claims up to the policy limits under the Pacific Employers Policy (the "Pacific Employers Policy Limits Letter").

**ANSWER:** The allegations in paragraph 451 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that Pacific Employers received a letter dated May 30, 2024 from RCBO. To the extent that paragraph 451 purports to characterize the May 30, 2024 letter and/or the terms and conditions of the alleged Pacific Employers Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants deny that the May 30, 2024 letter constituted a "demand." Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 451.

452. Pacific Employers failed to respond to the Pacific Employers Policy Limits Letter confirming it will indemnify RCBO, and thereby has failed to provide the benefits of the Pacific Employers Policy to RCBO.

**ANSWER:** The allegations in paragraph 452 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants aver that Pacific Employers timely responded to RCBO's May 30, 2024 letter and deny that Pacific Employers had an obligation to "confirm[] it [would] indemnify RCBO." To the extent that paragraph 452 purports to characterize Pacific Employers' response to the May 30, 2024 letter and/or the terms and conditions of the alleged Pacific Employers Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Except as expressly averred or admitted herein, Answering Defendants deny the allegations in paragraph 452.

453. On August 6, 2024, Pacific Employers responded to the UCC Chubb Demand Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the Pacific Employers Policy to RCBO.

**ANSWER:** The allegations in paragraph 453 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that on August 6, 2024, Pacific Employers responded to the UCC's letter dated July 3, 2024. Answering Defendants deny that Pacific Employers had an obligation to "confirm[] it [would] indemnify RCBO." Answering Defendants further deny that the July 3, 2024 letter constituted a "demand." To the extent that paragraph 453 purports to characterize Pacific Employers' response to the July 3, 2024 letter and/or the terms and conditions of the alleged Pacific Employers Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 453.

454. The Pacific Employers Policy provides coverage for, and does not exclude, the Pacific Employers Covered Claims, and Pacific Employers is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Pacific Employers Covered Claims.

**ANSWER:** The allegations in paragraph 454 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 454. To the extent that paragraph 454 purports to characterize the terms and conditions of the Pacific Employers Policy, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents.

455. The Pacific Employers Policy constitutes a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** Answering Defendants respond that paragraph 455 does not allege facts that Answering Defendants are required to admit or deny. To the extent a response is required,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Answering Defendants deny the allegations in paragraph 455.

456. An actual controversy of a justiciable nature presently exists between RCBO and Pacific Employers concerning the proper construction of the Pacific Employers Policy, whether Pacific Employers' cited grounds for reservation of rights to deny defense and/or indemnity under the Pacific Employers Policy are valid, whether there is any coverage for the Pacific Employers Covered Claims under the Pacific Employers Policy, whether Pacific Employers is obligated to drop down to provide first-dollar coverage for the Pacific Employers Covered Claims because the underlying primary insurance is exhausted, Pacific Employers' and RCBO's respective rights and obligations under the Pacific Employers Policy with respect to Pacific Employers Covered Claims, and whether Pacific Employers should participate in settlement regarding the Pacific Employers Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 456 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 456.

457. RCBO is entitled to a declaratory judgment stating Pacific Employers has issued the Pacific Employers Policy to RCBO, the Pacific Employers Policy covers the Pacific Employers Covered Claims, and RCBO is entitled to both full defense and indemnity regarding the Pacific Employers Covered Claims under the Pacific Employers Policy, including, without limitation, a declaration of exhaustion as to the primary and excess policies underlying the Pacific Employers Policy as alleged in Paragraphs 447-448, and the requirement that Pacific Employers drop down to provide defense and indemnity to RCBO regarding the Pacific Employers Covered Claims.

**ANSWER:** The allegations in paragraph 457 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 457.

**TWENTIETH CAUSE OF ACTION**

**(Declaratory Relief Against Lloyd's – Umbrella)**

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

458. RCBO realleges and incorporates herein Paragraphs 1 through 457 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 457 as if fully set forth herein.

459. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 459 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 459 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 459.

460. An actual and justiciable controversy exists between RCBO and Lloyd's Umbrella with respect to whether Lloyd's Umbrella is obligated to provide RCBO with defense and indemnity under the Lloyd's Umbrella Policies regarding the subset of the Suits for which RCBO alleges Lloyd's Umbrella is obligated to provide RCBO with indemnity, as set forth in Paragraph 29 (the "Lloyd's Umbrella Covered Claims").

**ANSWER:** The allegations in paragraph 460 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 460 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 460 and on that basis deny those allegations.

461. Pursuant to the terms of the Lloyd's Umbrella Policies, Lloyd's Umbrella is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Lloyd's Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 461 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

paragraph 461 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 461 and on that basis deny those allegations.

462. RCBO has fully satisfied all conditions required under the Lloyd's Umbrella Policies, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 462 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 462 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 462 and on that basis deny those allegations.

463. RCBO's broker and/or RCBO tendered the Lloyd's Umbrella Covered Claims to Lloyd's Umbrella on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 463 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 463 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 463 and on that basis deny those allegations.

464. Lloyd's Umbrella denied and/or failed to confirm it will defend and indemnify RCBO for the Lloyd's Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 464 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 464 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 464 and on that basis deny those allegations.

465. Lloyd's Umbrella has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary and excess policies underlying the Lloyd's Umbrella Policies that, in turn, will exhaust those policies and trigger Lloyd's Umbrella's obligation to provide the benefits of the Lloyd's Umbrella Policies to RCBO.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Rather, Lloyd's Umbrella reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 465 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 465 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 465 and on that basis deny those allegations.

466. Lloyd's Umbrella's reservation of rights includes Lloyd's Umbrella's position that it may deny coverage on the following bases:

i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962 and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies." ii. Lloyd's is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance." iii. Lloyd's' coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [Lloyd's] Policies." iv. "To the extent the [Lloyd's] Second Excess Umbrella Policies are potentially implicated, they provide indemnity only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability." v. Lloyd's "reserve[s] all rights based upon the number and timing of occurrences. It is [Lloyd's'] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged abuse takes place." vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place." vii. "[T]he underlying insurance limits must first be exhausted before potentially implicating the [Lloyd's] Policies." viii. Lloyd's "declines coverage to any alleged perpetrator of sexual assault, or any individual seeking coverage on behalf of an alleged perpetrator." ix. That conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries."

**ANSWER:** The allegations in paragraph 466 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 466 and on that basis deny those allegations.

467. In addition, Lloyd's Umbrella reserved further rights to deny coverage as follows: i. "The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods where there is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion)." ii. "The right to modify [its] position concerning which Policies are potentially implicated if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse." iii. Lloyd's "reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be 'unexpected or unintended.'" Lloyd's thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an 'occurrence,' which requires unexpected and unintended injury." iv. "The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from such would not arise from an occurrence." v. "If Claimant is asserting a claim against another entity besides [RCBO], then [Lloyd's] reserve[s] the right to decline coverage if that entity is not one of the parishes, schools, or other entities and agencies that qualify as an 'Assured' under the [Lloyd's] Policies." vi. "All rights based on the Exclusion for liability of any Assured for assault and battery committed by or at the direction of such Assured." vii. The right "to decline indemnity for any payments made by [RCBO] for pastoral or counseling services." viii. Lloyd's reserves its rights "if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses." ix. Lloyd's reserves its rights "with respect to the Conditions pertaining to Notice" requiring "that [RCBO] provide notice of an occurrence that may implicate the respective policy 'as soon as practicable' to [Lloyd's'] agent for notice of claims provided in the Policy Declarations." x. Lloyd's reserves its rights "to the extent [a] claim was previously tendered, was subject to prior investigations (including by any law enforcement agencies), payments, settlements, or releases under the [Lloyd's] Policies, or for which [RCBO] abandoned its claim for coverage (including

reimbursement of defense expenses or indemnity payments).” xi. All rights with respect to “an Amended Confidential Settlement Agreement and Mutual Release” executed by Lloyd’s and RCBO “in or around November 2005 pertaining to certain ‘Abuse Claims’” and whether certain underlying claims in this lawsuit “constitute[] an Abuse Claim for the purposes of the Release.” xii. “All rights with respect to the Conditions pertaining to Assistance and Cooperation” and states that “[a] failure by [RCBO] to cooperate with [Lloyd’s] may preclude coverage.” xiii. “All rights pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [Lloyd’s] Policies.” xiv. Lloyd’s reserves its rights “pursuant to the [Lloyd’s] Policies’ Other Insurance Condition.” xv. Lloyd’s reserves its rights “with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct.”

**ANSWER:** The allegations in paragraph 467 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 467 and on that basis deny those allegations.

468. It is RCBO’s position that the above reservations of rights are without both factual and legal merit. For example, Lloyd’s Umbrella has reserved its right to deny its defense and indemnity obligation under the Lloyd’s Umbrella Policies on the grounds that the Lloyd’s Umbrella Covered Claims allege injuries that were not “unexpected or unintended” from the standpoint of RCBO or that conduct alleged against RCBO “may not constitute Bodily Injuries or Personal Injuries.” Such reservations of rights as to defense and/or indemnity do not apply because the Lloyd’s Umbrella Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO’s alleged negligence caused “bodily injury” as the Lloyd’s Umbrella Policies define that term, within the Lloyd’s Umbrella Policies’ coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Lloyd’s Umbrella Covered Claims. i. Claim 114 includes negligence allegations that RCBO “negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure” (¶ 65) and “failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff’s protection” (¶

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

47), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 57). ii. Claim 137 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45). iii. Claim 147 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 49). iv. Claim 155 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45). v. Claim 187 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

**ANSWER:** The allegations in paragraph 468 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 468 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 468 and on that basis deny those allegations.

469. The remaining Lloyd's Umbrella Covered Claims not listed in Paragraph 468 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Lloyd's Umbrella Policies define that term.

**ANSWER:** The allegations in paragraph 469 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 469 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 469 and on that basis deny those allegations.

470. As a further example, Lloyd's Umbrella reserved its right to deny coverage under the Lloyd's Umbrella Policies on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary and excess insurance policies are or will be exhausted as alleged in Paragraphs 471-472.

**ANSWER:** The allegations in paragraph 470 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 470 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 470 and on that basis deny those allegations.

471. There is a substantial likelihood that the Lloyd's Umbrella Covered Claims will exhaust the primary insurance underlying the Lloyd's Umbrella Policies. The underlying Pacific Indemnity primary policies nos. LAC 127792 and LAC 155598 have limits of $500,000 per occurrence and $500,000 in aggregate (the "3/12/62-10/25/66 Pacific Indemnity Policies"). The Lloyd's Excess policy no. CU 1001 has a limit of $997,000 in aggregate and the Lloyd's Excess

policy no. K 78138 has a limit of $1,000,000 in aggregate (the "3/12/62-10/25/66 Lloyd's Excess Policies"). There are at least 38 Lloyd's Umbrella Covered Claims that trigger the coverage periods for the 3/12/62-10/25/66 Pacific Indemnity Policies, 3/12/62-10/25/66 Lloyd's Excess Policies and the Lloyd's Umbrella Policies.

**ANSWER:** To the extent the allegations in paragraph 471 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 471 contain legal conclusions to which no response is required. To the extent that paragraph 471 purports to characterize the terms, conditions, and limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 471, and on that basis deny those allegations.

472. Data from past clergy sexual abuse cases indicate the Lloyd's Umbrella Covered Claims will far exceed the per occurrence and aggregate limits of the 3/12/62-10/25/66 Pacific Indemnity Policies and the 3/12/62-10/25/66 Lloyd's Excess Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. The UCC sent Lloyd's Umbrella the UCC Lloyd's Demand Letter on July 3, 2024, demanding Lloyd's Umbrella pay the UCC Lloyd's Demand Amount, a sum of $42.8 million, which is within the policy limits of the Lloyd's Excess Policies and the Lloyd's Umbrella Policies, to resolve the Lloyd's Umbrella Covered Claims and the claims falling within the Lloyd's Umbrella Policies coverage period alleged against RCBO. The UCC based the UCC Lloyd's Demand Amount on a reasonable estimate of the value of the Lloyd's Umbrella Covered Claims and the claims covered by the Lloyd's Excess Policies. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Lloyd's Umbrella Covered Claims will exhaust the 3/12/62-10/25/66 Pacific

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Indemnity Policies and the 3/12/62-10/25/66 Lloyd's Excess Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 472 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 472 contain legal conclusions to which no response is required. To the extent paragraph 472 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms of the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 472 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 472.

473. The asserted reservations of rights set forth in Paragraphs 466 and 467 do not provide Lloyd's Umbrella valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Lloyd's Umbrella Covered Claims under the Lloyd's Umbrella Policies as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Lloyd's Umbrella Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Lloyd's Umbrella Policies have been exhausted or that limits have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in "Clergy III") concerned only those claims identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to Lloyd's Umbrella either in the placing of the insurance or submission of the claims. Finally, RCBO has fully cooperated with Lloyd's Umbrella

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 473 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 473 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 473 and on that basis deny those allegations.

474. RCBO sent Lloyd's Umbrella a letter on May 30, 2024, demanding Lloyd's Umbrella indemnify RCBO for the Lloyd's Umbrella Covered Claims up to the policy limits under the Lloyd's Umbrella Policies (the "Lloyd's Umbrella Policy Limits Letter").

**ANSWER:** The allegations in paragraph 474 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 474 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 474 and on that basis deny those allegations.

475. On July 1, 2024, Lloyd's Umbrella responded to the Lloyd's Umbrella Policy Limits Letter and declined to indemnify RCBO, and thereby has failed to provide the benefits of the Lloyd's Umbrella Policies to RCBO.

**ANSWER:** The allegations in paragraph 475 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 475 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 475 and on that basis deny those allegations.

476. On August 6, 2024, Lloyd's Umbrella responded to the UCC Lloyd's Demand Letter and denied and/or failed to confirm it will indemnify RCBO, and thereby has failed to provide the benefits of the Lloyd's Umbrella Policies to RCBO.

**ANSWER:** The allegations in paragraph 476 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 476 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 476 and on that basis deny those allegations.

477. The Lloyd's Umbrella Policies provide coverage for, and do not exclude, the Lloyd's Umbrella Covered Claims, and Lloyd's Umbrella is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Lloyd's Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 477 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 477 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 477 and on that basis deny those allegations.

478. The Lloyd's Umbrella Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 478 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 478 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 478 and on that basis deny those allegations.

479. An actual controversy of a justiciable nature presently exists between RCBO and Lloyd's Umbrella concerning the proper construction of the Lloyd's Umbrella Policies, whether Lloyd's Umbrella cited grounds for reservation of rights to deny defense and/or indemnity under the Lloyd's Umbrella Policies are valid, whether there is any coverage for the Lloyd's Umbrella Covered Claims under the Lloyd's Umbrella Policies, whether Lloyd's Umbrella is obligated to drop down to provide first-dollar coverage for the Lloyd's Umbrella Covered Claims because the underlying primary insurance is exhausted, Lloyd's Umbrella's and RCBO's respective rights and obligations under the Lloyd's Umbrella Policies with respect to the Lloyd's Umbrella Covered Claims, and whether Lloyd's Umbrella should participate in settlement regarding the Lloyd's

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Umbrella Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 479 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 479 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 479 and on that basis deny those allegations.

480. RCBO is entitled to a declaratory judgment stating Lloyd's Umbrella has issued the Lloyd's Umbrella Policies to RCBO, the Lloyd's Umbrella Policies cover the Lloyd's Umbrella Covered Claims, and RCBO is entitled to both defense and indemnity regarding the Lloyd's Umbrella Covered Claims under the Lloyd's Umbrella Policies, including, without limitation, a declaration of exhaustion as to the primary and excess policies underlying the Lloyd's Umbrella Policies as alleged in Paragraphs 471-472, and the requirement that Lloyd's Umbrella drop down to provide defense and indemnity to RCBO regarding the Lloyd's Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 480 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 480 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 480 and on that basis deny those allegations.

**TWENTY-FIRST CAUSE OF ACTION**

**(Declaratory Relief Against Anglo French – Umbrella)**

481. RCBO realleges and incorporates herein Paragraphs 1 through 480 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 480 as if fully set forth herein.

482. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 482 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 482 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 482.

483. An actual and justiciable controversy exists between RCBO and Anglo French Umbrella with respect to whether Anglo French Umbrella is obligated to provide RCBO with defense and indemnity under the Anglo French Umbrella Policies regarding the subset of the Suits for which RCBO alleges Anglo French Umbrella is obligated to provide RCBO with indemnity, as set forth in Paragraph 24 (the "Anglo French Umbrella Covered Claims").

**ANSWER:** The allegations in paragraph 483 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 483 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 483 and on that basis deny those allegations.

484. Pursuant to the terms of the Anglo French Umbrella Policies, Anglo French Umbrella is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Anglo French Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 484 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 484 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 484 and on that basis deny those allegations.

485. RCBO has fully satisfied all conditions required under the Anglo French Umbrella Policies, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 485 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 485 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 485 and on that basis deny those allegations.

486. RCBO's broker and/or RCBO tendered the Anglo French Umbrella Covered Claims to Anglo French Umbrella on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 486 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 486 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 486 and on that basis deny those allegations.

487. Anglo French Umbrella denied and/or failed to confirm it will defend and indemnify RCBO for the Anglo French Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 487 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 487 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 487 and on that basis deny those allegations.

488. Anglo French Umbrella has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary and excess policies underlying the Anglo French Umbrella Policies that, in turn, will exhaust those policies and trigger Anglo French Umbrella's obligation to provide the benefits of the Anglo French Umbrella Policies to RCBO. Rather, Anglo French Umbrella reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 488 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 488 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 488 and on that basis deny those allegations.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

489. Anglo French Umbrella's reservation of rights includes Anglo French Umbrella's position that it may deny coverage on the following bases: i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962 and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies." ii. Anglo French is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance." iii. Anglo French's coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [Anglo French] Policies." iv. "To the extent the [Anglo French Umbrella] Policies are potentially implicated, they provide indemnity only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability." v. Anglo French "reserve[s] all rights based upon the number and timing of occurrences. It is [Anglo French's] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged abuse takes place." vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place." vii. "[T]he underlying insurance limits must first be exhausted before potentially implicating the [Anglo French] Policies." viii. Anglo French "declines coverage to any alleged perpetrator of sexual assault, or any individual seeking coverage on behalf of an alleged perpetrator." ix. That conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries."

**ANSWER:** The allegations in paragraph 489 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 489 and on that basis deny those allegations.

490. In addition, Anglo French Umbrella reserved further rights to deny coverage as follows: i. "The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

where there is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion).” ii. “The right to modify [its] position concerning which Policies are potentially implicated if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse.” iii. Anglo French “reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be ‘unexpected or unintended.’” Anglo French thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an ‘occurrence,’ which requires unexpected and unintended injury.” iv. “The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from such would not arise from an occurrence.” v. “If Claimant is asserting a claim against another entity besides [RCBO], then [Anglo French] reserve[s] the right to decline coverage if that entity is not one of the parishes, schools, or other entities and agencies that qualify as an ‘Assured’ under the [Anglo French Umbrella] Policies.” vi. “All rights based on the Exclusion for liability of any Assured for assault and battery committed by or at the direction of such Assured.” vii. The right “to decline indemnity for any payments made by [RCBO] for pastoral or counseling services.” viii. Anglo French reserves its rights “if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses.” ix. Anglo French reserves its rights “with respect to the Conditions pertaining to Notice” requiring “that [RCBO] provide notice of an occurrence that may implicate the respective policy ‘as soon as practicable’ to [Anglo French’s] agent for notice of claims provided in the Policy Declarations.” x. Anglo French reserves its rights “to the extent [a] claim was previously tendered, was subject to prior investigations (including by any law enforcement agencies), payments, settlements, or releases under the [Anglo French] Policies, or for which [RCBO] abandoned its claim for coverage (including reimbursement of defense expenses or indemnity payments).” xi. All rights with respect to “an Amended Confidential Settlement Agreement and Mutual Release” executed by Anglo French and RCBO “in or around November 2005 pertaining to certain ‘Abuse Claims’” and whether certain underlying claims in this lawsuit “constitute[] an Abuse Claim for the purposes of the Release.” xii. “All rights with respect to the Conditions pertaining to Assistance and Cooperation” and states that “[a] failure by

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

[RCBO] to cooperate with [Anglo French] may preclude coverage." xiii. "All rights pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [Anglo French Umbrella] Policies." xiv. Anglo French reserves its rights "pursuant to the [Anglo French] Policies' Other Insurance Condition." xv. Anglo French reserves its rights "with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct."

**ANSWER:** The allegations in paragraph 490 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 490 and on that basis deny those allegations.

491. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, Anglo French Umbrella has reserved its right to deny its defense and indemnity obligation under the Anglo French Umbrella Policies on the grounds that the Anglo French Umbrella Covered Claims allege injuries that were not "unexpected or unintended" from the standpoint of RCBO or that conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries." Such reservations of rights as to defense and/or indemnity do not apply because the Anglo French Umbrella Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Anglo French Umbrella Policies define that term, within the Anglo French Umbrella Policies' coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Anglo French Umbrella Covered Claims. i. Claim 114 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 65) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 47), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 57). ii. Claim 137 includes

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45). iii. Claim 147 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 49). iv. Claim 155 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45). v. Claim 187 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

**ANSWER:** The allegations in paragraph 491 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 491 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 491 and on that basis deny those allegations.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

492. The remaining Anglo French Umbrella Covered Claims not listed in Paragraph 491 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Anglo French Umbrella Policies define that term.

**ANSWER:** The allegations in paragraph 492 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 492 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 492 and on that basis deny those allegations.

493. As a further example, Anglo French Umbrella reserved its right to deny coverage under the Anglo French Umbrella Policies on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary and excess insurance policies are or will be exhausted as alleged in Paragraphs 494- 495.

**ANSWER:** The allegations in paragraph 493 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 493 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 493 and on that basis deny those allegations.

494. There is a substantial likelihood that the Anglo French Umbrella Covered Claims will exhaust the primary insurance underlying the Anglo French Umbrella Policies. The underlying Pacific Indemnity primary policies nos. LAC 127792 and LAC 155598 have limits of $500,000 per occurrence and $500,000 in aggregate (the "3/12/62-10/25/66 Pacific Indemnity Policies"). The Lloyd's Excess policy no. CU 1001 has a limit of $997,000 in aggregate and the Lloyd's Excess policy no. K 78138 has a limit of $1,000,000 in aggregate (the "3/12/62-10/25/66 Lloyd's Excess Policies"). There are at least 38 Anglo French Umbrella Covered Claims that trigger the coverage periods for the 3/12/62-10/25/66 Pacific Indemnity Policies, the 3/12/62-10/25/66 Lloyd's Excess Policies and the Anglo French Umbrella Policies.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** To the extent the allegations in paragraph 494 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 494 contain legal conclusions to which no response is required. To the extent that paragraph 494 purports to characterize the terms, conditions, or limits of the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 494, and on that basis deny those allegations.

495. Data from past clergy sexual abuse cases indicate the Anglo French Umbrella Covered Claims will far exceed the per occurrence and aggregate limits of the 3/12/62-10/25/66 Pacific Indemnity Policies and the 3/12/62-10/25/66 Lloyd's Excess Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. On July 3, 2024, The UCC sent a letter to counsel for the Lloyd's Excess and Lloyd's Umbrella Defendants. Upon information and belief, Anglo French Umbrella received the UCC Lloyd's Demand Letter as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because Anglo French Umbrella was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants. The UCC Lloyd's Demand Letter demanded the UCC Lloyd's Demand Amount, a sum of $42.8 million, which is within the policy limits of the of the Lloyd's Excess Policies and the Anglo French Umbrella Policies, to resolve the Anglo French Umbrella Covered Claims and the claims falling within the Anglo French Umbrella coverage period alleged against RCBO. The UCC based this UCC Lloyd's Demand Amount on a reasonable estimate of the value of the Anglo French Umbrella Covered Claims and the claims covered by the Lloyd's Excess Policies. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Anglo French Umbrella Covered Claims will exhaust the 3/12/62-10/25/66 Pacific Indemnity Policies and the 3/12/62-10/25/66 Lloyd's Excess Policies.

See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 495 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 495 contain legal conclusions to which no response is required. To the extent paragraph 495 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 495 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 495.

496. The asserted reservations of rights set forth in Paragraphs 489 and 490 do not provide Anglo French Umbrella valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Anglo French Umbrella Covered Claims under the Anglo French Umbrella Policies as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed “bodily injury” as defined in the insurance and thus the Anglo French Umbrella Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Anglo French Umbrella Policies have been exhausted or that limits have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in “Clergy III”) concerned only those claims identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to Anglo French Umbrella either in the placing of the insurance or submission of the claims. Finally, RCBO has

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

fully cooperated with Anglo French Umbrella as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 496 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 496 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 496 and on that basis deny those allegations.

497. RCBO sent the Lloyd's Excess and Lloyd's Umbrella Defendants the Lloyd's Policy Limits Letters on May 30, 2024, demanding indemnification to RCBO for the Anglo French Umbrella Covered Claims up to the policy limits under the Anglo French Umbrella Policies. Upon information and belief, Anglo French Umbrella received the Lloyd's Policy Limits Letters as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because Anglo French Umbrella was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants.

**ANSWER:** The allegations in paragraph 497 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 497 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 497 and on that basis deny those allegations.

498. On July 1, 2024, Lloyd's responded to the Lloyd's Policy Limits Letters and declined to indemnify RCBO, and Anglo French Umbrella thereby has failed to provide the benefits of the Anglo French Umbrella Policy to RCBO.

**ANSWER:** The allegations in paragraph 498 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 498 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 498 and on that basis deny those allegations.

499. On August 6, 2024, Lloyd's responded to the UCC Lloyd's Demand Letter and

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

denied and/or failed to confirm it will indemnify RCBO. Anglo French thereby has failed to provide the benefits of the Anglo French Umbrella Policies to RCBO.

**ANSWER:** The allegations in paragraph 499 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 499 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 499 and on that basis deny those allegations.

500. The Anglo French Umbrella Policies provide coverage for, and do not exclude, the Anglo French Umbrella Covered Claims, and Anglo French Umbrella is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Anglo French Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 500 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 500 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 500 and on that basis deny those allegations.

501. The Anglo French Umbrella Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 501 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 501 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 501 and on that basis deny those allegations.

502. An actual controversy of a justiciable nature presently exists between RCBO and Anglo French Umbrella concerning the proper construction of the Anglo French Umbrella Policies, whether Anglo French Umbrella cited grounds for reservation of rights to deny defense and/or indemnity under the Anglo French Umbrella Policies are valid, whether there is any coverage for the Anglo French Umbrella Covered Claims under the Anglo French Umbrella

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Policies, whether Anglo French Umbrella is obligated to drop down to provide first-dollar coverage for the Anglo French Umbrella Covered Claims because the underlying primary insurance is exhausted, Anglo French Umbrella's and RCBO's respective rights and obligations under the Anglo French Umbrella Policies with respect to the Anglo French Umbrella Covered Claims, and whether Anglo French Umbrella should participate in settlement regarding the Anglo French Umbrella Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 502 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 502 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 502 and on that basis deny those allegations.

503. RCBO is entitled to a declaratory judgment stating Anglo French Umbrella has issued the Anglo French Umbrella Policies to RCBO, the Anglo French Umbrella Policies cover the Anglo French Umbrella Covered Claims, and RCBO is entitled to both defense and indemnity regarding the Anglo French Umbrella Covered Claims under the Anglo French Umbrella Policies, including, without limitation, a declaration of exhaustion as to the primary and excess policies underlying the Anglo French Umbrella Policies as alleged in Paragraphs 494-495, and the requirement that Anglo French Umbrella drop down to provide defense and indemnity to RCBO regarding the Anglo French Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 503 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 503 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 503 and on that basis deny those allegations.

**TWENTY-SECOND CAUSE OF ACTION**

**(Declaratory Relief Against Excess Insurance Co. – Umbrella)**

504. RCBO realleges and incorporates herein Paragraphs 1 through 503 of this

Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 503 as if fully set forth herein.

505. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 505 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 505 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 505.

506. An actual and justiciable controversy exists between RCBO and Excess Insurance Co. Umbrella with respect to whether Excess Insurance Co. Umbrella is obligated to provide RCBO with defense and indemnity under the Excess Insurance Co. Umbrella Policies regarding the subset of the Suits for which RCBO alleges Excess Insurance Co. Umbrella is obligated to provide RCBO with indemnity, as set forth in Paragraph 25 (the “Excess Insurance Co. Umbrella Covered Claims”).

**ANSWER:** The allegations in paragraph 506 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 506 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 506 and on that basis deny those allegations.

507. Pursuant to the terms of the Excess Insurance Co. Umbrella Policies, Excess Insurance Co. Umbrella is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Excess Insurance Co. Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 507 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 507 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 507 and on that basis deny those allegations.

508. RCBO has fully satisfied all conditions required under the Excess Insurance Co. Umbrella Policies, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 508 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 508 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 508 and on that basis deny those allegations.

509. RCBO's broker and/or RCBO tendered the Excess Insurance Co. Umbrella Covered Claims to Excess Insurance Co. Umbrella on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 509 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 509 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 509 and on that basis deny those allegations.

510. Excess Insurance Co. Umbrella denied and/or failed to confirm it will defend and indemnify RCBO for the Excess Insurance Co. Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 510 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 510 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 510 and on that basis deny those allegations.

511. Excess Insurance Co. Umbrella has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary and excess policies underlying the Excess Insurance Co. Umbrella Policies that, in turn, will exhaust those policies and trigger Excess Insurance Co. Umbrella's obligation to provide the benefits of the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Excess Insurance Co. Umbrella Policies to RCBO. Rather, Excess Insurance Co. Umbrella reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 511 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 511 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 511 and on that basis deny those allegations.

512. Excess Insurance Co. Umbrella's reservation of rights includes Excess Insurance Co. Umbrella's position that it may deny coverage on the following bases: i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962 and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies." ii. Excess Insurance Co. is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance." iii. Excess Insurance Co.'s coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [Excess Insurance Co.] Policies." iv. "To the extent the [Excess Insurance Co. Umbrella] Policies are potentially implicated, they provide indemnity only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability." v. Excess Insurance Co. "reserve[s] all rights based upon the number and timing of occurrences. It is [Excess Insurance Co.'s] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged abuse takes place." vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place." vii. "[T]he underlying insurance limits must first be exhausted before potentially implicating the [Excess Insurance Co.] Policies." viii. Excess Insurance Co. "declines coverage to any alleged perpetrator of sexual assault, or any individual seeking coverage on behalf of an alleged perpetrator." ix. That conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries."

**ANSWER:** The allegations in paragraph 512 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 512 and on that basis deny those allegations.

513. In addition, Excess Insurance Co. Umbrella reserved further rights to deny coverage as follows: i. “The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods where there is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion).” ii. “The right to modify [its] position concerning which Policies are potentially implicated if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse.” iii. Excess Insurance Co. “reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be ‘unexpected or unintended.’” Excess Insurance Co. thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an ‘occurrence,’ which requires unexpected and unintended injury.” iv. “The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from such would not arise from an occurrence.” v. “If Claimant is asserting a claim against another entity besides [RCBO], then [Excess Insurance Co.] reserve[s] the right to decline coverage if that entity is not one of the parishes, schools, or other entities and agencies that qualify as an ‘Assured’ under the [Excess Insurance Co. Umbrella] Policies.” vi. “All rights based on the Exclusion for liability of any Assured for assault and battery committed by or at the direction of such Assured.” vii. The right “to decline indemnity for any payments made by [RCBO] for pastoral or counseling services.” viii. Excess Insurance Co. its rights “if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses.” ix. Excess Insurance Co. reserves its rights “with respect to the Conditions pertaining to Notice” requiring “that [RCBO] provide notice of an occurrence that may implicate the respective policy ‘as soon as practicable’ to [Excess Insurance Co.’s] agent for notice of claims provided in the Policy Declarations.” x. Excess Insurance Co. reserves its rights “to the extent [a] claim was previously tendered, was subject to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

prior investigations (including by any law enforcement agencies), payments, settlements, or releases under the [Excess Insurance Co.] Policies, or for which [RCBO] abandoned its claim for coverage (including reimbursement of defense expenses or indemnity payments).” xi. All rights with respect to “an Amended Confidential Settlement Agreement and Mutual Release” executed by Excess Insurance Co. and RCBO “in or around November 2005 pertaining to certain ‘Abuse Claims’” and whether certain underlying claims in this lawsuit “constitute[] an Abuse Claim for the purposes of the Release.” xii. “All rights with respect to the Conditions pertaining to Assistance and Cooperation” and states that “[a] failure by [RCBO] to cooperate with [Excess Insurance Co.] may preclude coverage.” xiii. “All rights pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [Excess Insurance Co. Umbrella] Policies.” xiv. Excess Insurance Co. reserves its rights “pursuant to the [Excess Insurance Co.] Policies’ Other Insurance Condition.” xv. Excess Insurance Co. reserves its rights “with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct.”

**ANSWER:** The allegations in paragraph 513 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 513 and on that basis deny those allegations.

514. It is RCBO’s position that the above reservations of rights are without both factual and legal merit. For example, Excess Insurance Co. Umbrella has reserved its right to deny its defense and indemnity obligation under the Excess Insurance Co. Umbrella Policies on the grounds that the Excess Insurance Co. Umbrella Covered Claims allege injuries that were not “unexpected or unintended” from the standpoint of RCBO or that conduct alleged against RCBO “may not constitute Bodily Injuries or Personal Injuries.” Such reservations of rights as to defense and/or indemnity do not apply because the Excess Insurance Co. Umbrella Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO’s alleged negligence caused “bodily injury” as the Excess Insurance Co. Umbrella Policies define that term, within the Excess Insurance Co. Umbrella Policies’ coverage period (see Exhibit A). RCBO sets

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

forth below examples of negligence and bodily injury allegations from the Excess Insurance Co. Umbrella Covered Claims. i. Claim 114 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 65) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 47), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 57). ii. Claim 137 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45). iii. Claim 147 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 49). iv. Claim 155 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45). v. Claim 187 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

**ANSWER:** The allegations in paragraph 514 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 514 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 514 and on that basis deny those allegations.

515. The remaining Excess Insurance Co. Umbrella Covered Claims not listed in Paragraph 514 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Excess Insurance Co. Umbrella Policies define that term.

**ANSWER:** The allegations in paragraph 515 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 515 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 515 and on that basis deny those allegations.

516. As a further example, Excess Insurance Co. Umbrella reserved its right to deny coverage under the Excess Insurance Co. Umbrella Policies on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary and excess insurance policies are or will be exhausted as alleged in Paragraphs 517- 518.

**ANSWER:** The allegations in paragraph 516 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 516 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 516 and on that basis deny those allegations.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

517. There is a substantial likelihood that the Excess Insurance Co. Umbrella Covered Claims will exhaust the primary insurance underlying the Excess Insurance Co. Umbrella Policies. The underlying Pacific Indemnity primary policies nos. LAC 127792 and LAC 155598 have limits of $500,000 per occurrence and $500,000 in aggregate (the "3/12/62-10/25/66 Pacific Indemnity Policies"). The Lloyd's Excess policy no. CU 1001 has a limit of $997,000 in aggregate and the Lloyd's Excess policy no. K 78138 has a limit of $1,000,000 in aggregate (the "3/12/62-10/25/66 Lloyd's Excess Policies"). There are at least 38 Excess Insurance Co. Umbrella Covered Claims that trigger the coverage periods for the 3/12/62-10/25/66 Pacific Indemnity Policies, the 3/12/62-10/25/66 Lloyd's Excess Policies and the Excess Insurance Co. Umbrella Policies.

**ANSWER:** To the extent the allegations in paragraph 517 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 517 contain legal conclusions to which no response is required. To the extent that paragraph 517 purports to characterize the terms, conditions, or limits of the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 517, and on that basis deny those allegations.

518. Data from past clergy sexual abuse cases indicate the Excess Insurance Co. Umbrella Covered Claims will far exceed the per occurrence and aggregate limits of the 3/12/62-10/25/66 Pacific Indemnity Policies and the 3/12/62-10/25/66 Lloyd's Excess Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. On July 3, 2024, The UCC sent a letter to counsel for the Lloyd's Excess and Lloyd's Umbrella Defendants. Upon information and belief, Excess Insurance Co. Umbrella received the UCC Lloyd's Demand Letter as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because Excess Insurance Co. Umbrella was at the time represented by the same counsel as the Lloyd's Excess

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and Lloyd's Umbrella Defendants. The UCC Lloyd's Demand Letter demanded the UCC Lloyd's Demand Amount, a sum of $42.8 million, which is within the policy limits of the of the Lloyd's Excess Policies and the Excess Insurance Co. Umbrella Policies, to resolve the Excess Insurance Co. Umbrella Covered Claims and the claims falling within the Excess Insurance Co. Umbrella coverage period alleged against RCBO. The UCC based this UCC Lloyd's Demand Amount on a reasonable estimate of the value of the Excess Insurance Co. Umbrella Covered Claims and the claims covered by the Lloyd's Excess Policies. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Excess Insurance Co. Umbrella Covered Claims will exhaust the 3/12/62-10/25/66 Pacific Indemnity Policies and the 3/12/62-10/25/66 Lloyd's Excess Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 518 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 518 contain legal conclusions to which no response is required. To the extent paragraph 518 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 518 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 518.

519. The asserted reservations of rights set forth in Paragraphs 512 and 513 do not provide Excess Insurance Co. Umbrella valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Excess Insurance Co. Umbrella Covered Claims under the Excess

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Insurance Co. Umbrella Policies as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed “bodily injury” as defined in the insurance and thus the Excess Insurance Co. Umbrella Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Excess Insurance Co. Umbrella Policies have been exhausted or that limits have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in “Clergy III”) concerned only those claims identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to Excess Insurance Co. Umbrella either in the placing of the insurance or submission of the claims. Finally, RCBO has fully cooperated with Excess Insurance Co. Umbrella as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 519 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 519 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 519 and on that basis deny those allegations.

520. RCBO sent the Lloyd’s Excess and Lloyd’s Umbrella Defendants the Lloyd’s Policy Limits Letters on May 30, 2024, demanding indemnification to RCBO for the Excess Insurance Co. Umbrella Covered Claims up to the policy limits under the Excess Insurance Co. Umbrella Policies. Upon information and belief, Excess Insurance Co. Umbrella received the Lloyd’s Policy Limits Letters as a subscriber to the same slips as the Lloyd’s Excess and/or Lloyd’s Umbrella Defendants, and/or because Excess Insurance Co. Umbrella was at the time represented by the same counsel as the Lloyd’s Excess and Lloyd’s Umbrella Defendants.

**ANSWER:** The allegations in paragraph 520 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 520 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 520 and on that basis deny those allegations.

521. On July 1, 2024, Lloyd's responded to the Lloyd's Policy Limits Letters and declined to indemnify RCBO, and Excess Insurance Co. Umbrella thereby has failed to provide the benefits of the Excess Insurance Co. Umbrella Policy to RCBO.

**ANSWER:** The allegations in paragraph 521 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 521 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 521 and on that basis deny those allegations.

522. On August 6, 2024, Lloyd's responded to the UCC Lloyd's Demand Letter and denied and/or failed to confirm it will indemnify RCBO. Excess Insurance Co. thereby has failed to provide the benefits of the Excess Insurance Co. Umbrella Policies to RCBO.

**ANSWER:** The allegations in paragraph 522 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 522 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 522 and on that basis deny those allegations.

523. The Excess Insurance Co. Umbrella Policies provide coverage for, and do not exclude, the Excess Insurance Co. Umbrella Covered Claims, and Excess Insurance Co. Umbrella is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Excess Insurance Co. Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 523 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 523 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 523 and on that basis deny those allegations.

524. The Excess Insurance Co. Umbrella Policies constitute a significant asset of RCBO

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 524 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 524 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 524 and on that basis deny those allegations.

525. An actual controversy of a justiciable nature presently exists between RCBO and Excess Insurance Co. Umbrella concerning the proper construction of the Excess Insurance Co. Umbrella Policies, whether Excess Insurance Co. Umbrella cited grounds for reservation of rights to deny defense and/or indemnity under the Excess Insurance Co. Umbrella Policies are valid, whether there is any coverage for the Excess Insurance Co. Umbrella Covered Claims under the Excess Insurance Co. Umbrella Policies, whether Excess Insurance Co. Umbrella is obligated to drop down to provide first- dollar coverage for the Excess Insurance Co. Umbrella Covered Claims because the underlying primary insurance is exhausted, Excess Insurance Co. Umbrella's and RCBO's respective rights and obligations under the Excess Insurance Co. Umbrella Policies with respect to the Excess Insurance Co. Umbrella Covered Claims, and whether Excess Insurance Co. Umbrella should participate in settlement regarding the Excess Insurance Co. Umbrella Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 525 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 525 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 525 and on that basis deny those allegations.

526. RCBO is entitled to a declaratory judgment stating Excess Insurance Co. Umbrella has issued the Excess Insurance Co. Umbrella Policies to RCBO, the Excess Insurance Co. Umbrella Policies cover the Excess Insurance Co. Umbrella Covered Claims, and RCBO is entitled to both defense and indemnity regarding the Excess Insurance Co. Umbrella Covered

Claims under the Excess Insurance Co. Umbrella Policies, including, without limitation, a declaration of exhaustion as to the primary and excess policies underlying the Excess Insurance Co. Umbrella Policies as alleged in Paragraphs 516-517, and the requirement that Excess Insurance Co. Umbrella drop down to provide defense and indemnity to RCBO regarding the Excess Insurance Co. Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 526 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 526 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 526 and on that basis deny those allegations.

**TWENTY-THIRD CAUSE OF ACTION**

**(Declaratory Relief Against English & American – Umbrella)**

527. RCBO realleges and incorporates herein Paragraphs 1 through 526 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 526 as if fully set forth herein.

528. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 528 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 528 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 528.

529. An actual and justiciable controversy exists between RCBO and English & American Umbrella with respect to whether English & American Umbrella is obligated to provide RCBO with defense and indemnity under the English & American Umbrella Policies regarding the subset of the Suits for which RCBO alleges English & American Umbrella is obligated to provide

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

RCBO with indemnity, as set forth in Paragraph 26 (the "English & American Umbrella Covered Claims").

**ANSWER:** The allegations in paragraph 529 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 529 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 529 and on that basis deny those allegations.

530. Pursuant to the terms of the English & American Umbrella Policies, English & American Umbrella is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the English & American Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 530 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 530 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 530 and on that basis deny those allegations.

531. RCBO has fully satisfied all conditions required under the English & American Umbrella Policies, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 531 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 531 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 531 and on that basis deny those allegations.

532. RCBO's broker and/or RCBO tendered the English & American Umbrella Covered Claims to English & American Umbrella on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 532 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

532 and on that basis deny those allegations.

533. English & American Umbrella denied and/or failed to confirm it will defend and indemnify RCBO for the English & American Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 533 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 533 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 533 and on that basis deny those allegations.

534. English & American Umbrella has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary and excess policies underlying the English & American Umbrella Policies that, in turn, will exhaust those policies and trigger English & American Umbrella's obligation to provide the benefits of the English & American Umbrella Policies to RCBO. Rather, English & American Umbrella reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 534 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 534 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 534 and on that basis deny those allegations.

535. English & American Umbrella's reservation of rights includes English & American Umbrella's position that it may deny coverage on the following bases: i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962 and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies." ii. English & American is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance." iii. English & American's coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [English & American] Policies." iv. "To the extent the [English & American Umbrella] Policies are potentially implicated, they provide indemnity

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability." v. English & American "reserve[s] all rights based upon the number and timing of occurrences. It is [English & American's] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged abuse takes place." vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place." vii. "[T]he underlying insurance limits must first be exhausted before potentially implicating the [English & American] Policies." viii. English & American "declines coverage to any alleged perpetrator of sexual assault, or any individual seeking coverage on behalf of an alleged perpetrator." ix. That conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries."

**ANSWER:** The allegations in paragraph 535 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 535 and on that basis deny those allegations.

536. In addition, English & American Umbrella reserved further rights to deny coverage as follows: i. "The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods where there is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion)." ii. "The right to modify [its] position concerning which Policies are potentially implicated if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse." iii. English & American "reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be 'unexpected or unintended.'" English & American thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an 'occurrence,' which requires unexpected and unintended injury." iv. "The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

such would not arise from an occurrence.” v. “If Claimant is asserting a claim against another entity besides [RCBO], then [English & American] reserve[s] the right to decline coverage if that entity is not one of the parishes, schools, or other entities and agencies that qualify as an ‘Assured’ under the [English & American Umbrella] Policies.” vi. “All rights based on the Exclusion for liability of any Assured for assault and battery committed by or at the direction of such Assured.” vii. The right “to decline indemnity for any payments made by [RCBO] for pastoral or counseling services.” viii. English & American its rights “if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses.” ix. English & American reserves its rights “with respect to the Conditions pertaining to Notice” requiring “that [RCBO] provide notice of an occurrence that may implicate the respective policy ‘as soon as practicable’ to [English & American’s] agent for notice of claims provided in the Policy Declarations.” x. English & American reserves its rights “to the extent [a] claim was previously tendered, was subject to prior investigations (including by any law enforcement agencies), payments, settlements, or releases under the [English & American] Policies, or for which [RCBO] abandoned its claim for coverage (including reimbursement of defense expenses or indemnity payments).” xi. All rights with respect to “an Amended Confidential Settlement Agreement and Mutual Release” executed by English & American and RCBO “in or around November 2005 pertaining to certain ‘Abuse Claims’” and whether certain underlying claims in this lawsuit “constitute[] an Abuse Claim for the purposes of the Release.” xii. “All rights with respect to the Conditions pertaining to Assistance and Cooperation” and states that “[a] failure by [RCBO] to cooperate with [English & American] may preclude coverage.” xiii. “All rights pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [English & American Umbrella] Policies.” xiv. English & American reserves its rights “pursuant to the [English & American] Policies’ Other Insurance Condition.” xv. English & American reserves its rights “with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct.”

**ANSWER:** The allegations in paragraph 536 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

536 and on that basis deny those allegations.

537. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, English & American Umbrella has reserved its right to deny its defense and indemnity obligation under the English & American Umbrella Policies on the grounds that the English & American Umbrella Covered Claims allege injuries that were not "unexpected or unintended" from the standpoint of RCBO or that conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries." Such reservations of rights as to defense and/or indemnity do not apply because the English & American Umbrella Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the English & American Umbrella Policies define that term, within the English & American Umbrella Policies' coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the English & American Umbrella Covered Claims. i. Claim 114 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 65) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 47), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 57). ii. Claim 137 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45). iii. Claim 147 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 49). iv. Claim 155 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45). v. Claim 187 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

**ANSWER:** The allegations in paragraph 537 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 537 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 537 and on that basis deny those allegations.

538. The remaining English & American Umbrella Covered Claims not listed in Paragraph 537 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the English & American Umbrella Policies define that term.

**ANSWER:** The allegations in paragraph 538 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 538 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 538 and on that basis deny those allegations.

539. As a further example, English & American Umbrella reserved its right to deny coverage under the English & American Umbrella Policies on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary and excess insurance policies are or will be exhausted as alleged in Paragraphs 540- 541.

**ANSWER:** The allegations in paragraph 539 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 539 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 539 and on that basis deny those allegations.

540. There is a substantial likelihood that the English & American Umbrella Covered Claims will exhaust the primary insurance underlying the English & American Umbrella Policies. The underlying Pacific Indemnity primary policies nos. LAC 127792 and LAC 155598 have limits of $500,000 per occurrence and $500,000 in aggregate (the "3/12/62-10/25/66 Pacific Indemnity Policies"). The Lloyd's Excess policy no. CU 1001 has a limit of $997,000 in aggregate and the Lloyd's Excess policy no. K 78138 has a limit of $1,000,000 in aggregate (the "3/12/62-10/25/66 Lloyd's Excess Policies"). There are at least 38 English & American Umbrella Covered Claims that trigger the coverage periods for the 3/12/62-10/25/66 Pacific Indemnity Policies, the 3/12/62-10/25/66 Lloyd's Excess Policies and the English & American Umbrella Policies.

**ANSWER:** To the extent the allegations in paragraph 540 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 540 contain legal conclusions to which no response is required. To the extent that paragraph 540 purports to quote from or characterize letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the allegations in paragraph 540, and on that basis deny those allegations.

541. Data from past clergy sexual abuse cases indicate the English & American Umbrella Covered Claims will far exceed the per occurrence and aggregate limits of the 3/12/62-10/25/66 Pacific Indemnity Policies and the 3/12/62-10/25/66 Lloyd's Excess Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. On July 3, 2024, The UCC sent a letter to counsel for the Lloyd's Excess and Lloyd's Umbrella Defendants. Upon information and belief, English & American Umbrella received the UCC Lloyd's Demand Letter as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because English & American Umbrella was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants. The UCC Lloyd's Demand Letter demanded the UCC Lloyd's Demand Amount, a sum of $42.8 million, which is within the policy limits of the of the Lloyd's Excess Policies and the English & American Umbrella Policies, to resolve the English & American Umbrella Covered Claims and the claims falling within the English & American Umbrella coverage period alleged against RCBO. The UCC based the UCC Lloyd's Demand Amount on a reasonable estimate of the value of the English & American Umbrella Covered Claims and the claims covered by the Lloyd's Excess Policies. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the English & American Umbrella Covered Claims will exhaust the 3/12/62-10/25/66 Pacific Indemnity Policies and the 3/12/62-10/25/66 Lloyd's Excess Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 541 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 541 contain legal conclusions to which no response is required. To the extent paragraph

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

541 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 541 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 541.

542. The asserted reservations of rights set forth in Paragraphs 535 and 536 do not provide English & American Umbrella valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the English & American Umbrella Covered Claims under the English & American Umbrella Policies as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed “bodily injury” as defined in the insurance and thus the English & American Umbrella Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the English & American Umbrella Policies have been exhausted or that limits have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in “Clergy III”) concerned only those claims identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to English & American Umbrella either in the placing of the insurance or submission of the claims. Finally, RCBO has fully cooperated with English & American Umbrella as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 542 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 542 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 542 and on that basis deny those allegations.

543. RCBO sent the Lloyd's Excess and Lloyd's Umbrella Defendants the Lloyd's Policy Limits Letters on May 30, 2024, demanding indemnification to RCBO for the English & American Umbrella Covered Claims up to the policy limits under the English & American Umbrella Policies. Upon information and belief, English & American Umbrella received the Lloyd's Policy Limits Letters as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because English & American Umbrella was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants.

**ANSWER:** The allegations in paragraph 543 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 543 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 543 and on that basis deny those allegations.

544. On July 1, 2024, Lloyd's responded to the Lloyd's Policy Limits Letters and declined to indemnify RCBO, and English & American Umbrella thereby has failed to provide the benefits of the English & American Umbrella Policy to RCBO.

**ANSWER:** The allegations in paragraph 544 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 544 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 544 and on that basis deny those allegations.

545. On August 6, 2024, Lloyd's responded to the UCC Lloyd's Demand Letter and denied and/or failed to confirm it will indemnify RCBO. English & American thereby has failed to provide the benefits of the English & American Umbrella Policies to RCBO.

**ANSWER:** The allegations in paragraph 545 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 545 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 545 and on that basis deny those allegations.

546. The English & American Umbrella Policies provide coverage for, and do not exclude, the English & American Umbrella Covered Claims, and English & American Umbrella is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the English & American Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 546 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 546 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 546 and on that basis deny those allegations.

547. The English & American Umbrella Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 547 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 547 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 547 and on that basis deny those allegations.

548. An actual controversy of a justiciable nature presently exists between RCBO and English & American Umbrella concerning the proper construction of the English & American Umbrella Policies, whether English & American Umbrella cited grounds for reservation of rights to deny defense and/or indemnity under the English & American Umbrella Policies are valid, whether there is any coverage for the English & American Umbrella Covered Claims under the English & American Umbrella Policies, whether English & American Umbrella is obligated to drop down to provide first-dollar coverage for the English & American Umbrella Covered Claims because the underlying primary insurance is exhausted, English & American Umbrella's and RCBO's respective rights and obligations under the English & American Umbrella Policies with respect to the English & American Umbrella Covered Claims, and whether English & American

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Umbrella should participate in settlement regarding the English & American Umbrella Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 548 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 548 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 548 and on that basis deny those allegations.

549. RCBO is entitled to a declaratory judgment stating English & American Umbrella has issued the English & American Umbrella Policies to RCBO, the English & American Umbrella Policies cover the English & American Umbrella Covered Claims, and RCBO is entitled to both defense and indemnity regarding the English & American Umbrella Covered Claims under the English & American Umbrella Policies, including, without limitation, a declaration of exhaustion as to the primary and excess policies underlying the English & American Umbrella Policies as alleged in Paragraphs 540-541, and the requirement that English & American Umbrella drop down to provide defense and indemnity to RCBO regarding the English & American Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 549 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 549 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 549 and on that basis deny those allegations.

## TWENTY-FOURTH CAUSE OF ACTION

## (Declaratory Relief Against Orion – Umbrella)

550. RCBO realleges and incorporates herein Paragraphs 1 through 549 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 549 as if fully set forth herein.

551. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

**ANSWER:** The allegations in paragraph 551 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 551 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 551.

552. An actual and justiciable controversy exists between RCBO and Orion Umbrella with respect to whether Orion Umbrella is obligated to provide RCBO with defense and indemnity under the Orion Umbrella Policies regarding the subset of the Suits for which RCBO alleges Orion Umbrella is obligated to provide RCBO with indemnity, as set forth in Paragraph 28 (the "Orion Umbrella Covered Claims").

**ANSWER:** The allegations in paragraph 552 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 552 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 552 and on that basis deny those allegations.

553. Pursuant to the terms of the Orion Umbrella Policies, Orion Umbrella is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the Orion Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 553 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 553 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 553 and on that basis deny those allegations.

554. RCBO has fully satisfied all conditions required under the Orion Umbrella Policies,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 554 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 554 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 554 and on that basis deny those allegations.

555. RCBO's broker and/or RCBO tendered the Orion Umbrella Covered Claims to Orion Umbrella on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 555 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 555 and on that basis deny those allegations.

556. Orion Umbrella denied and/or failed to confirm it will defend and indemnify RCBO for the Orion Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 556 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 556 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 556 and on that basis deny those allegations.

557. Orion Umbrella has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary and excess policies underlying the Orion Umbrella Policies that, in turn, will exhaust those policies and trigger Orion Umbrella's obligation to provide the benefits of the Orion Umbrella Policies to RCBO. Rather, Orion Umbrella reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 557 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 557 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 557 and on that basis deny those allegations.

558. Orion Umbrella's reservation of rights includes Orion Umbrella's position that it may deny coverage on the following bases: i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962 and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies." ii. Orion is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance." iii. Orion's coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [Orion] Policies." iv. "To the extent the [Orion Umbrella] Policies are potentially implicated, they provide indemnity only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability." v. Orion "reserve[s] all rights based upon the number and timing of occurrences. It is [Orion's] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged abuse takes place." vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place." vii. "[T]he underlying insurance limits must first be exhausted before potentially implicating the [Orion] Policies." viii. Orion "declines coverage to any alleged perpetrator of sexual assault, or any individual seeking coverage on behalf of an alleged perpetrator." ix. That conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries."

**ANSWER:** The allegations in paragraph 558 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 558 and on that basis deny those allegations.

559. In addition, Orion Umbrella reserved further rights to deny coverage as follows: i. "The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods where there

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion).” ii. “The right to modify [its] position concerning which Policies are potentially implicated if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse.” iii. Orion “reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be ‘unexpected or unintended.’” Orion thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an ‘occurrence,’ which requires unexpected and unintended injury.” iv. “The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from such would not arise from an occurrence.” v. “If Claimant is asserting a claim against another entity besides [RCBO], then [Orion] reserve[s] the right to decline coverage if that entity is not one of the parishes, schools, or other entities and agencies that qualify as an ‘Assured’ under the [Orion Umbrella] Policies.” vi. “All rights based on the Exclusion for liability of any Assured for assault and battery committed by or at the direction of such Assured.” vii. The right “to decline indemnity for any payments made by [RCBO] for pastoral or counseling services.” viii. Orion its rights “if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses.” ix. Orion reserves its rights “with respect to the Conditions pertaining to Notice” requiring “that [RCBO] provide notice of an occurrence that may implicate the respective policy ‘as soon as practicable’ to [Orion’s] agent for notice of claims provided in the Policy Declarations.” x. Orion reserves its rights “to the extent [a] claim was previously tendered, was subject to prior investigations (including by any law enforcement agencies), payments, settlements, or releases under the [Orion] Policies, or for which [RCBO] abandoned its claim for coverage (including reimbursement of defense expenses or indemnity payments).” xi. All rights with respect to “an Amended Confidential Settlement Agreement and Mutual Release” executed by Orion and RCBO “in or around November 2005 pertaining to certain ‘Abuse Claims’” and whether certain underlying claims in this lawsuit “constitute[] an Abuse Claim for the purposes of the Release.” xii. “All rights with respect to the Conditions pertaining to Assistance and Cooperation” and states that “[a] failure by [RCBO] to cooperate with [Orion] may preclude coverage.” xiii. “All rights

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [Orion Umbrella] Policies." xiv. Orion reserves its rights "pursuant to the [Orion] Policies' Other Insurance Condition." xv. Orion reserves its rights "with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct."

**ANSWER:** The allegations in paragraph 559 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 559 and on that basis deny those allegations.

560. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, Orion Umbrella has reserved its right to deny its defense and indemnity obligation under the Orion Umbrella Policies on the grounds that the Orion Umbrella Covered Claims allege injuries that were not "unexpected or unintended" from the standpoint of RCBO or that conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries." Such reservations of rights as to defense and/or indemnity do not apply because the Orion Umbrella Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the Orion Umbrella Policies define that term, within the Orion Umbrella Policies' coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the Orion Umbrella Covered Claims. i. Claim 114 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 65) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 47), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual assault and has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 57). ii. Claim 137 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45). iii. Claim 147 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 49). iv. Claim 155 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45). v. Claim 187 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

**ANSWER:** The allegations in paragraph 560 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 560 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 560 and on that basis deny those allegations.

561. The remaining Orion Umbrella Covered Claims not listed in Paragraph 560 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the Orion Umbrella Policies define that term.

**ANSWER:** The allegations in paragraph 561 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 561 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 561 and on that basis deny those allegations.

562. As a further example, Orion Umbrella reserved its right to deny coverage under the Orion Umbrella Policies on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary and excess insurance policies are or will be exhausted as alleged in Paragraphs 563-564.

**ANSWER:** The allegations in paragraph 562 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 562 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 562 and on that basis deny those allegations.

563. There is a substantial likelihood that the Orion Umbrella Covered Claims will exhaust the primary insurance underlying the Orion Umbrella Policies. The underlying Pacific Indemnity primary policies nos. LAC 127792 and LAC 155598 have limits of $500,000 per occurrence and $500,000 in aggregate (the "3/12/62-10/25/66 Pacific Indemnity Policies"). The Lloyd's Excess policy no. CU 1001 has a limit of $997,000 in aggregate and the Lloyd's Excess policy no. K 78138 has a limit of $1,000,000 in aggregate (the "3/12/62-10/25/66 Lloyd's Excess Policies"). There are at least 38 Orion Umbrella Covered Claims that trigger the coverage periods for the 3/12/62-10/25/66 Pacific Indemnity Policies, the 3/12/62-10/25/66 Lloyd's Excess Policies and the Orion Umbrella Policies.

**ANSWER:** To the extent the allegations in paragraph 563 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 563 contain legal conclusions to which no response is required. To the extent that

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 563 purports to characterize the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 563, and on that basis deny those allegations.

564. Data from past clergy sexual abuse cases indicate the Orion Umbrella Covered Claims will far exceed the per occurrence and aggregate limits of the 3/12/62-10/25/66 Pacific Indemnity Policies and the 3/12/62-10/25/66 Lloyd's Excess Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. On July 3, 2024, The UCC sent a letter to counsel for the Lloyd's Excess and Lloyd's Umbrella Defendants. Upon information and belief, Orion Umbrella received the UCC Lloyd's Demand Letter as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because Orion Umbrella was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants. The UCC Lloyd's Demand Letter demanded the UCC Lloyd's Demand Amount, a sum of $42.8 million which is within the policy limits of the of the Lloyd's Excess Policies and the Orion Umbrella Policies, to resolve the Orion Umbrella Covered Claims and the claims falling within the Orion Umbrella coverage period alleged against RCBO. The UCC based the UCC Lloyd's Demand Amount on a reasonable estimate of the value of the Orion Umbrella Covered Claims and the claims covered by the Lloyd's Excess Policies. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the Orion Umbrella Covered Claims will exhaust the 3/12/62-10/25/66 Pacific Indemnity Policies and the 3/12/62-10/25/66 Lloyd's Excess Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

to survivor).

**ANSWER:** To the extent the allegations in paragraph 564 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 564 contain legal conclusions to which no response is required. To the extent paragraph 564 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 564 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 564.

565. The asserted reservations of rights set forth in Paragraphs 558 and 559 do not provide Orion Umbrella valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the Orion Umbrella Covered Claims under the Orion Umbrella Policies as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the Orion Umbrella Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the Orion Umbrella Policies have been exhausted or that limits have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in "Clergy III") concerned only those claims identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to Orion Umbrella either in the placing of the insurance or submission of the claims. Finally, RCBO has fully cooperated with Orion Umbrella as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 565 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 565 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 565 and on that basis deny those allegations.

566. RCBO sent the Lloyd's Excess and Lloyd's Umbrella Defendants the Lloyd's Policy Limits Letters on May 30, 2024, demanding indemnification to RCBO for the Orion Umbrella Covered Claims up to the policy limits under the Orion Umbrella Policies. Upon information and belief, Orion Umbrella received the Lloyd's Policy Limits Letters as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because Orion Umbrella was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants.

**ANSWER:** The allegations in paragraph 566 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 566 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 566 and on that basis deny those allegations.

567. On July 1, 2024, Lloyd's responded to the Lloyd's Policy Limits Letters and declined to indemnify RCBO, and Orion Umbrella thereby has failed to provide the benefits of the Orion Umbrella Policy to RCBO.

**ANSWER:** The allegations in paragraph 567 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 567 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 567 and on that basis deny those allegations.

568. On August 6, 2024, Lloyd's responded to the UCC Lloyd's Demand Letter and denied and/or failed to confirm it will indemnify RCBO. Orion Umbrella thereby has failed to provide the benefits of the Orion Umbrella Policies to RCBO.

**ANSWER:** The allegations in paragraph 568 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 568 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 568 and on that basis deny those allegations.

569. The Orion Umbrella Policies provide coverage for, and do not exclude, the Orion Umbrella Covered Claims, and Orion Umbrella is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the Orion Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 569 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 569 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 569 and on that basis deny those allegations.

570. The Orion Umbrella Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 570 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 570 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 570 and on that basis deny those allegations.

571. An actual controversy of a justiciable nature presently exists between RCBO and Orion Umbrella concerning the proper construction of the Orion Umbrella Policies, whether Orion Umbrella cited grounds for reservation of rights to deny defense and/or indemnity under the Orion Umbrella Policies are valid, whether there is any coverage for the Orion Umbrella Covered Claims under the Orion Umbrella Policies, whether Orion Umbrella is obligated to drop down to provide first-dollar coverage for the Orion Umbrella Covered Claims because the underlying primary insurance is exhausted, Orion Umbrella's and RCBO's respective rights and obligations under the Orion Umbrella Policies with respect to the Orion Umbrella Covered Claims, and whether Orion

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Umbrella should participate in settlement regarding the Orion Umbrella Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 571 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 571 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 571 and on that basis deny those allegations.

572. RCBO is entitled to a declaratory judgment stating Orion Umbrella has issued the Orion Umbrella Policies to RCBO, the Orion Umbrella Policies cover the Orion Umbrella Covered Claims, and RCBO is entitled to both defense and indemnity regarding the Orion Umbrella Covered Claims under the Orion Umbrella Policies, including, without limitation, a declaration of exhaustion as to the primary and excess policies underlying the Orion Umbrella Policies as alleged in Paragraphs 563-564, and the requirement that Orion Umbrella drop down to provide defense and indemnity to RCBO regarding the Orion Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 572 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 572 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 572 and on that basis deny those allegations.

**TWENTY-FIFTH CAUSE OF ACTION**

**(Declaratory Relief Against London & Overseas – Umbrella)**

573. RCBO realleges and incorporates herein Paragraphs 1 through 572 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 572 as if fully set forth herein.

574. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 574 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 574 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 574.

575. An actual and justiciable controversy exists between RCBO and London & Overseas Umbrella with respect to whether London & Overseas Umbrella is obligated to provide RCBO with defense and indemnity under the London & Overseas Umbrella Policies regarding the subset of the Suits for which RCBO alleges London & Overseas Umbrella is obligated to provide RCBO with indemnity, as set forth in Paragraph 27 (the "London & Overseas Umbrella Covered Claims").

**ANSWER:** The allegations in paragraph 575 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 575 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 575 and on that basis deny those allegations.

576. Pursuant to the terms of the London & Overseas Umbrella Policies, London & Overseas Umbrella is obligated to, among other things, defend and indemnify RCBO for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the London & Overseas Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 576 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 576 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 576 and on that basis deny those allegations.

577. RCBO has fully satisfied all conditions required under the London & Overseas Umbrella Policies, or is otherwise excused from doing so.

**ANSWER:** The allegations in paragraph 577 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 577 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 577 and on that basis deny those allegations.

578. RCBO's broker and/or RCBO tendered the London & Overseas Umbrella Covered Claims to London & Overseas Umbrella on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 578 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 578 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 578 and on that basis deny those allegations.

579. London & Overseas Umbrella denied and/or failed to confirm it will defend and indemnify RCBO for the London & Overseas Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 579 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 579 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 579 and on that basis deny those allegations.

580. London & Overseas Umbrella has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary and excess policies underlying the London & Overseas Umbrella Policies that, in turn, will exhaust those policies and trigger London & Overseas Umbrella's obligation to provide the benefits of the London & Overseas Umbrella Policies to RCBO. Rather, London & Overseas Umbrella reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 580 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 580 contain legal conclusions to which no response is required. To the extent a response

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 580 and on that basis deny those allegations.

581. London & Overseas Umbrella's reservation of rights includes London & Overseas Umbrella's position that it may deny coverage on the following bases: i. "[T]he [Proofs of Claim] allege abuse incidents that occurred prior to March 12, 1962 and/or after October 25, 1966, which pre- or post-date the period of coverage of the Excess Umbrella Policies." ii. London & Overseas is "obligated to indemnify only for covered loss and expense in excess of the limits of the underlying insurance(s) in respect of each occurrence covered by said underlying insurance." iii. London & Overseas's coverage obligations "are several only (not joint) up to the specific subscribed percentage of risk specified in the [London & Overseas] Policies." iv. "To the extent the [London & Overseas Umbrella] Policies are potentially implicated, they provide indemnity only after the Underlying Umbrella Insurers (and the underlying insurance) have paid or have been held liable to pay the full amount of their respective ultimate net loss liability." v. London & Overseas "reserve[s] all rights based upon the number and timing of occurrences. It is [London & Overseas's] position that any covered ultimate net loss from sexual abuse claims that take place over more than one policy period must be allocated pro-rata across all periods in which the alleged abuse takes place." vi. "[A]ny per occurrence deductibles, self-insured retentions, and underlying insurance limits must be satisfied for each Claimant's claim of abuse against each perpetrator and in each policy period where sexual abuse took place." vii. "[T]he underlying insurance limits must first be exhausted before potentially implicating the [London & Overseas] Policies." viii. London & Overseas "declines coverage to any alleged perpetrator of sexual assault, or any individual seeking coverage on behalf of an alleged perpetrator." ix. That conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries."

**ANSWER:** The allegations in paragraph 581 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 581 and on that basis deny those allegations.

582. In addition, London & Overseas Umbrella reserved further rights to deny coverage

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

as follows: i. "The right to allocate any covered loss and expense against all implicated periods, including periods that pre-date or post-date their periods of coverage, and also including periods where there is no coverage or coverage is excluded (e.g. a sexual misconduct exclusion)." ii. "The right to modify [its] position concerning which Policies are potentially implicated if and when Claimant provides more specifics regarding the dates of the alleged sexual abuse." iii. London & Overseas "reserve[s its] rights in the event [RCBO] was aware of sexual misbehavior of the alleged perpetrator prior to or during the alleged abuse of Claimant since such misconduct would not be 'unexpected or unintended.'" London & Overseas thus reserves the right to decline coverage for any [Ultimate Net Loss] based upon the definition of an 'occurrence,' which requires unexpected and unintended injury." iv. "The right to decline coverage for allegations of fraud, cover-up, misrepresentation, intentional misconduct, or other volitional acts, as any damages from such would not arise from an occurrence." v. "If Claimant is asserting a claim against another entity besides [RCBO], then [London & Overseas] reserve[s] the right to decline coverage if that entity is not one of the parishes, schools, or other entities and agencies that qualify as an 'Assured' under the [London & Overseas Umbrella] Policies." vi. "All rights based on the Exclusion for liability of any Assured for assault and battery committed by or at the direction of such Assured." vii. The right "to decline indemnity for any payments made by [RCBO] for pastoral or counseling services." viii. London & Overseas reserves its rights "if [RCBO] should settle [a] claim without due consideration for the merits of all available liability defenses." ix. London & Overseas reserves its rights "with respect to the Conditions pertaining to Notice" requiring "that [RCBO] provide notice of an occurrence that may implicate the respective policy 'as soon as practicable' to [London & Overseas's] agent for notice of claims provided in the Policy Declarations." x. London & Overseas reserves its rights "to the extent [a] claim was previously tendered, was subject to prior investigations (including by any law enforcement agencies), payments, settlements, or releases under the [London & Overseas] Policies, or for which [RCBO] abandoned its claim for coverage (including reimbursement of defense expenses or indemnity payments)." xi. All rights with respect to "an Amended Confidential Settlement Agreement and Mutual Release" executed by London & Overseas and RCBO "in or around November 2005 pertaining to certain 'Abuse

Claims'" and whether certain underlying claims in this lawsuit "constitute[] an Abuse Claim for the purposes of the Release." xii. "All rights with respect to the Conditions pertaining to Assistance and Cooperation" and states that "[a] failure by [RCBO] to cooperate with [London & Overseas] may preclude coverage." xiii. "All rights pursuant to the Loss Payable and Maintenance of Underlying Insurance Conditions in the [London & Overseas Umbrella] Policies." xiv. London & Overseas reserves its rights "pursuant to the [London & Overseas] Policies' Other Insurance Condition." xv. London & Overseas reserves its rights "with respect to any award of damages, punitive or treble, against the Diocese which is based on intentional conduct."

**ANSWER:** The allegations in paragraph 582 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 582 and on that basis deny those allegations.

583. It is RCBO's position that the above reservations of rights are without both factual and legal merit. For example, London & Overseas Umbrella has reserved its right to deny its defense and indemnity obligation under the London & Overseas Umbrella Policies on the grounds that the London & Overseas Umbrella Covered Claims allege injuries that were not "unexpected or unintended" from the standpoint of RCBO or that conduct alleged against RCBO "may not constitute Bodily Injuries or Personal Injuries." Such reservations of rights as to defense and/or indemnity do not apply because the London & Overseas Umbrella Covered Claims allege RCBO was negligent (i.e., did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the London & Overseas Umbrella Policies define that term, within the London & Overseas Umbrella Policies' coverage period (see Exhibit A). RCBO sets forth below examples of negligence and bodily injury allegations from the London & Overseas Umbrella Covered Claims. i. Claim 114 includes negligence allegations that RCBO "negligently failed to supervise the DOE PERPETRATOR in his positions of trust and authority as an employee, agent, counselor and mentor, and/or other authority figure" (¶ 65) and "failed to take any reasonable steps or implement any reasonable safeguards for Plaintiff's protection" (¶ 47), and that such negligence caused the plaintiff bodily injury, including "the physical injury of sexual

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

assault and has suffered and will continue to suffer severe mental and emotional distress including, but not limited to, great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life" (¶ 57). ii. Claim 137 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45). iii. Claim 147 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 49). iv. Claim 155 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 61) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 44), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 45). v. Claim 187 includes negligence allegations that RCBO "negligently failed to properly and/or adequately supervise Plaintiff, a minor, and failed to use reasonable care in protecting Plaintiff, a minor, from PERPETRATOR's misconduct that created a risk of childhood sexual assault" (¶ 65) and "failed to take reasonable steps or implement reasonable safeguards for Plaintiff's protection" (¶ 48), and that such negligence caused the plaintiff bodily injury, including "physical, psychological, emotional and economic harm" (¶ 68).

**ANSWER:** The allegations in paragraph 583 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 583 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 583 and on that basis deny those allegations.

584. The remaining London & Overseas Umbrella Covered Claims not listed in Paragraph 583 likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the London & Overseas Umbrella Policies define that term.

**ANSWER:** The allegations in paragraph 584 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 584 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 584 and on that basis deny those allegations.

585. As a further example, London & Overseas Umbrella reserved its right to deny coverage under the London & Overseas Umbrella Policies on the ground that "underlying insurance limits must first be exhausted." This reservation of rights as to defense and/or indemnity does not apply because the underlying primary and excess insurance policies are or will be exhausted as alleged in Paragraphs 586- 587.

**ANSWER:** The allegations in paragraph 585 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 585 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 585 and on that basis deny those allegations.

586. There is a substantial likelihood that the London & Overseas Umbrella Covered Claims will exhaust the primary insurance underlying the London & Overseas Umbrella Policies. The underlying Pacific Indemnity primary policies nos. LAC 127792 and LAC 155598 have limits of $500,000 per occurrence and $500,000 in aggregate (the "3/12/62-10/25/66 Pacific Indemnity Policies"). The Lloyd's Excess policy no. CU 1001 has a limit of $997,000 in aggregate and the Lloyd's Excess policy no. K 78138 has a limit of $1,000,000 in aggregate (the "3/12/62-10/25/66

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Lloyd's Excess Policies"). There are at least 38 London & Overseas Umbrella Covered Claims that trigger the coverage periods for the 3/12/62-10/25/66 Pacific Indemnity Policies, the 3/12/62-10/25/66 Lloyd's Excess Policies and the London & Overseas Umbrella Policies.

**ANSWER:** To the extent the allegations in paragraph 586 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 586 contain legal conclusions to which no response is required. To the extent that paragraph 586 purports to characterize the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 586, and on that basis deny those allegations.

587. Data from past clergy sexual abuse cases indicate the London & Overseas Umbrella Covered Claims will far exceed the per occurrence and aggregate limits of the 3/12/62-10/25/66 Pacific Indemnity Policies and the 3/12/62-10/25/66 Lloyd's Excess Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. On July 3, 2024, The UCC sent a letter to counsel for the Lloyd's Excess and Lloyd's Umbrella Defendants. Upon information and belief, London & Overseas Umbrella received the UCC Lloyd's Demand Letter as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because London & Overseas Umbrella was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants. The UCC Lloyd's Demand Letter demanded the UCC Lloyd's Demand Amount, a sum of $42.8 million, which is within the policy limits of the of the Lloyd's Excess Policies and the London & Overseas Umbrella Policies, to resolve the London & Overseas Umbrella Covered Claims and the claims falling within the London & Overseas Umbrella coverage period alleged against RCBO. The UCC based the UCC Lloyd's Demand Amount on a

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

reasonable estimate of the value of the London & Overseas Umbrella Covered Claims and the claims covered by the Lloyd's Excess Policies. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the London & Overseas Umbrella Covered Claims will exhaust the 3/12/62-10/25/66 Pacific Indemnity Policies and the 3/12/62-10/25/66 Lloyd's Excess Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** To the extent the allegations in paragraph 587 are not directed to Answering Defendants, no response is required. Answering Defendants further respond that the allegations of paragraph 587 contain legal conclusions to which no response is required. To the extent paragraph 587 quotes from or characterizes letters, filings in cases, verdicts, and/or the terms, conditions, or limits of alleged policies, including the alleged Pacific Indemnity Policies, to the extent they exist, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 587 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 587.

588. The asserted reservations of rights set forth in Paragraphs 581 and 582 do not provide London & Overseas Umbrella valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the London & Overseas Umbrella Covered Claims under the London & Overseas Umbrella Policies as the claims have been tendered (and notice provided) and concern allegations of negligence (not willful misconduct) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the London & Overseas Umbrella Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the limits of liability of the London & Overseas Umbrella Policies have been exhausted or that limits

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

have been reduced. In addition, RCBO contends that prior settlements regarding abuse cases (including those in "Clergy III") concerned only those claims identified in that matter not the claims in this matter. Further, RCBO contends that there is no fraud nor misrepresentation made by RCBO to London & Overseas Umbrella either in the placing of the insurance or submission of the claims. Finally, RCBO has fully cooperated with London & Overseas Umbrella as required under the insurance including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 588 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 588 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 588 and on that basis deny those allegations.

589. RCBO sent the Lloyd's Excess and Lloyd's Umbrella Defendants the Lloyd's Policy Limits Letters on May 30, 2024, demanding indemnification to RCBO for the London & Overseas Umbrella Covered Claims up to the policy limits under the London & Overseas Umbrella Policies. Upon information and belief, London & Overseas Umbrella received the Lloyd's Policy Limits Letters as a subscriber to the same slips as the Lloyd's Excess and/or Lloyd's Umbrella Defendants, and/or because London & Overseas Umbrella was at the time represented by the same counsel as the Lloyd's Excess and Lloyd's Umbrella Defendants.

**ANSWER:** The allegations in paragraph 589 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 589 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 589 and on that basis deny those allegations.

590. On July 1, 2024, Lloyd's responded to the Lloyd's Policy Limits Letters and declined to indemnify RCBO, and London & Overseas Umbrella thereby has failed to provide the benefits of the London & Overseas Umbrella Policy to RCBO.

**ANSWER:** The allegations in paragraph 590 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 590 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 590 and on that basis deny those allegations.

591. On August 6, 2024, Lloyd's responded to the UCC Lloyd's Demand Letter and denied and/or failed to confirm it will indemnify RCBO. London & Overseas thereby has failed to provide the benefits of the London & Overseas Umbrella Policies to RCBO.

**ANSWER:** The allegations in paragraph 591 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 591 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 591 and on that basis deny those allegations.

592. The London & Overseas Umbrella Policies provide coverage for, and do not exclude, the London & Overseas Umbrella Covered Claims, and London & Overseas Umbrella is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving, the London & Overseas Umbrella Covered Claims.

**ANSWER:** The allegations in paragraph 592 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 592 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 592 and on that basis deny those allegations.

593. The London & Overseas Umbrella Policies constitute a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 593 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 593 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 593 and on that basis deny those allegations.

594. An actual controversy of a justiciable nature presently exists between RCBO and London & Overseas Umbrella concerning the proper construction of the London & Overseas Umbrella Policies, whether London & Overseas Umbrella cited grounds for reservation of rights to deny defense and/or indemnity under the London & Overseas Umbrella Policies are valid, whether there is any coverage for the London & Overseas Umbrella Covered Claims under the London & Overseas Umbrella Policies, whether London & Overseas Umbrella is obligated to drop down to provide first-dollar coverage for the London & Overseas Umbrella Covered Claims because the underlying primary insurance is exhausted, London & Overseas Umbrella's and RCBO's respective rights and obligations under the London & Overseas Umbrella Policies with respect to the London & Overseas Umbrella Covered Claims, and whether London & Overseas Umbrella should participate in settlement regarding the London & Overseas Umbrella Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 594 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 594 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 594 and on that basis deny those allegations.

595. RCBO is entitled to a declaratory judgment stating London & Overseas Umbrella has issued the London & Overseas Umbrella Policies to RCBO, the London & Overseas Umbrella Policies cover the London & Overseas Umbrella Covered Claims, and RCBO is entitled to both defense and indemnity regarding the London & Overseas Umbrella Covered Claims under the London & Overseas Umbrella Policies, including, without limitation, a declaration of exhaustion as to the primary and excess policies underlying the London & Overseas Umbrella Policies as alleged in Paragraphs 586-587, and the requirement that London & Overseas Umbrella drop down to provide defense and indemnity to RCBO regarding the London & Overseas Umbrella Covered Claims.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**ANSWER:** The allegations in paragraph 595 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 595 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 595 and on that basis deny those allegations.

**TWENTY-SIXTH CAUSE OF ACTION**

**(Breach of Statutory Duty Against CIGA)**

596. RCBO realleges and incorporates herein Paragraphs 1 through 595 of this complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 595 as if fully set forth herein.

597. "CIGA's authority and liability are limited to paying 'covered claims.'" Cal. Ins. Guarantee Ass'n v. Workers' Comp. Appeals Bd., 128 Cal. App. 4th 307, 313 (2005).

**ANSWER:** The allegations in paragraph 597 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 597 contain legal conclusions to which no response is required. To the extent paragraph 597 quotes from or characterizes statutes and/or caselaw, the statutes and/or caselaw speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 597 and on that basis deny those allegations.

598. A covered claims means "(1) … the obligations of an insolvent insurer, including the obligation … (i) imposed by law and within the coverage of an insurance policy of the insolvent insurer; (ii) which were unpaid by the insolvent insurer; … (iv) which were incurred prior to the date coverage under the policy terminated …" Cal. Ins. Guarantee Ass'n v. Workers' Comp. Appeals Bd., 153 Cal. App. 4th 524, 532-33 (2007) (citing Cal. Ins. Code, § 1063.1(c)(1)).

**ANSWER:** The allegations in paragraph 598 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

paragraph 598 contain legal conclusions to which no response is required. To the extent paragraph 598 quotes from or characterizes statutes and/or caselaw, the statutes and/or caselaw speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 598 and on that basis deny those allegations.

599. Commercial Union/Armour Insurance Company has become insolvent but had acknowledged potential coverage for the Suits tendered to it by RCBO.

**ANSWER:** The allegations in paragraph 599 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 599 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 599 and on that basis deny those allegations.

600. RCBO timely presented the claims to the liquidator prior to the date coverage under the policy terminated. Therefore, the claims qualify as covered claims under the statute.

**ANSWER:** The allegations in paragraph 600 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 600 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 600 and on that basis deny those allegations.

601. There is no, or there is a substantial likelihood that there will not be any, other insurance available for the Commercial Union Covered Claims because Commercial Union is insolvent, and the Commercial Union Covered Claims are likely to exhaust other applicable insurance policies.

**ANSWER:** The allegations in paragraph 601 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 601 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the truth of the allegations in paragraph 601 and on that basis deny those allegations.

602. Specifically, there is a substantial likelihood the Commercial Union Covered Claims will exhaust the following insurance policies: United States Fire Insurance policy no. DCL 53 98 20, for the policy period of October 25, 1970 – October 26, 1971 ($5,000,000 limit); Westport policy no. U10255, for the policy period of November 16, 1971 – October 26, 1974 ($5,000,000 limit); American Home policy no. CE-60-94, for the policy period of November 16, 1971 – October 26, 1974 ($2,000,000 limit); CNA policy no. RDU 146 74 50, for the policy period of October 26, 1974 – December 1, 1975 ($1,000,000 limit); and Westport policy no. PLE 20430, for the policy period of October 26, 1974 – December 1, 1975 ($5,000,000 limit) (together, the "Other Insurers" and the "Other Insurance Policies"). There are at least 22 Commercial Union Covered Claims.

**ANSWER:** The allegations in paragraph 602 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 602 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 602 and on that basis deny those allegations.

603. Data from past clergy sexual abuse cases indicate the Commercial Union Covered Claims will far exceed the limits of the Other Insurance Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. The UCC sent each of the Other Insurers a demand letter on July 3, 2024, demanding they pay $56.7 million (United States Fire), $308.9 million (Westport), $11.9 million (American Home), and $162.6 million (CNA), respectively—all amounts within limits of each of the Other Insurance Policies—to resolve the Commercial Union Covered Claims alleged against RCBO. The UCC based the amounts demanded on its reasonable estimate of the value of the claims covered by the Other Insurance Policies, including the Commercial Union Covered Claims. The $16 million jury verdict in one underlying RCBO case,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and jury verdicts in related cases further confirm the Commercial Union Covered Claims will exhaust the Other Insurance Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** The allegations in paragraph 603 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 603 contain legal conclusions to which no response is required. To the extent paragraph 603 quotes from or characterizes letters, filings in cases, verdicts, and/or alleged policies, those documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 603 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 603.

604. CIGA assigned an adjuster to review the claims. CIGA confirmed that RCBO appropriately filed the claims, and CIGA understood that the claims were abuse-related claims.

**ANSWER:** The allegations in paragraph 604 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 604 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 604 and on that basis deny those allegations.

605. CIGA has refused to confirm coverage for the Commercial Union Covered Claims in breach of its statutory duties under Article 14.2 of the California Insurance Code.

**ANSWER:** The allegations in paragraph 605 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 605 contain legal conclusions to which no response is required. To the extent a response

is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 605 and on that basis deny those allegations.

606. As a result of CIGA's breaches, RCBO has been damaged according to proof at trial.

**ANSWER:** The allegations in paragraph 606 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 606 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 606 and on that basis deny those allegations.

**TWENTY-SEVENTH CAUSE OF ACTION**

**(Declaratory Relief Against American Home Assurance Co.)**

607. RCBO realleges and incorporates herein Paragraphs 1 through 606 of this Complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 606 as if fully set forth herein.

608. To state a claim for a declaratory judgment, a party needs to plead an actual controversy. 28 U.S.C. § 2201; Cal. Code. Civ. Proc. § 1060.

**ANSWER:** The allegations in paragraph 608 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 608 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a party asserting a claim for declaratory relief must plead an actual controversy. Except as expressly admitted herein, Answering Defendants deny the allegations in paragraph 608.

609. An actual and justiciable controversy exists between RCBO and AHAC with respect to whether AHAC is obligated to provide RCBO indemnity under the AHAC Policy regarding the subset of the Suits for which RCBO alleges AHAC is obligated to provide RCBO with indemnity, as set forth in Paragraph 30 (the "AHAC Covered Claims").

**ANSWER:** The allegations in paragraph 609 are not directed to Answering Defendants,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

and thus no response is required. Answering Defendants further respond that the allegations of paragraph 609 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 609 and on that basis deny those allegations.

610. Pursuant to the terms of the AHAC Policy, AHAC is obligated to, among other things, defend and indemnify Plaintiff for, or pay on its behalf, all sums that RCBO becomes obligated to pay, through judgment, settlement, or otherwise, arising out of the AHAC Covered Claims.

**ANSWER:** The allegations in paragraph 610 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 610 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 610 and on that basis deny those allegations.

611. Plaintiff RCBO has fully performed under the AHAC Policy.

**ANSWER:** The allegations in paragraph 611 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 611 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 611 and on that basis deny those allegations.

612. RCBO's broker and/or RCBO tendered the AHAC Covered Claims to AHAC on RCBO's behalf as set forth in Exhibit A.

**ANSWER:** The allegations in paragraph 612 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 612 and on that basis deny those allegations.

613. AHAC by way of its policy agreed to provide a defense to Plaintiff RCBO for those AHAC Covered Claims "where the applicable underlying primary coverage is either insolvent or fully and properly exhausted through payment of judgments or settlements." However, AHAC

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

denied and/or failed to confirm it will indemnify RCBO for the AHAC Covered Claims.

**ANSWER:** The allegations in paragraph 613 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 613 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 613 and on that basis deny those allegations.

614. AHAC has not acknowledged that its insured, RCBO, faces covered claims in excess of the limits of insurance available from the primary policies underlying the AHAC Policy that, in turn, will exhaust those policies and trigger AHAC's obligation to provide the benefits of the AHAC Policy to RCBO. Rather, AHAC reserved its right to deny coverage on a number of bases.

**ANSWER:** The allegations in paragraph 614 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 614 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 614 and on that basis deny those allegations.

615. AHAC's reservation of rights includes its position that it may deny coverage on the following bases:

i. The American Home Policy is an excess umbrella liability policy which potentially applies only upon exhaustion of underlying insurance. We have not received any information indicating that the underlying insurance has been exhausted. The American Home Policy is not, therefore, currently impacted by the Claim. American Home reserves all rights with respect to the proper exhaustion of the underlying insurance.

ii. To the extent the Claim does not involve liability for personal injury, coverage under the American Home Policy will not apply. American Home disclaims coverage herein on this basis.

iii. To the extent Claimant seeks to impose liability for damage that occurred outside of the effective dates of the American Home Policy, the American Home Policy does not apply. American Home disclaims coverage on this basis.

iv. To the extent Claimant alleges, or is able to prove, that the defendants knew, had reason to know, or were otherwise on notice of the conduct alleged and failed to take reasonable steps or implement reasonable safeguards. American Home reserves its right to disclaim coverage for the Claim, in whole or in part, on this additional basis. American Home also reserves all rights with respect to the number of occurrences.

v. If, prior to the issuance of the American Home Policy, RCBO knew, or had reason to know, that there was a probability it would suffer or had already suffered a loss, the known loss, loss-in-progress and/or fortuity doctrines may preclude coverage.

vi. Under California Insurance Code §533 an insurer "is not liable for a loss caused by the willful act of the insured..." American Home reserves the right to deny coverage, in whole or in part, on this additional basis.

**ANSWER:** The allegations in paragraph 615 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 615 and on that basis deny those allegations.

616. In addition, AHAC reserved further rights to deny coverage as follows: i. American Home expressly reserves all of its rights under the American Home Policy, including the right to assert additional defenses to any claims for coverage. This includes the right to amend and/or supplement their coverage positions in the future as may be appropriate.

**ANSWER:** The allegations in paragraph 616 are not directed to Answering Defendants, and thus no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 616 and on that basis deny those allegations.

617. It is Plaintiff's position that the above reservations of rights are without both factual and legal merit. For example, AHAC has reserved its right to deny its defense and indemnity obligation under the AHAC Policy on the grounds that the AHAC Covered Claims allege injuries that were "expected or intended from the standpoint of RCBO" or that "do[] not allege 'bodily injury' or 'personal injury' within the meaning of the AHAC Policy." Such reservations of rights

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

as to defense and/or indemnity do not apply because the AHAC Covered Claims allege Plaintiff was negligent (i.e. did not expect or intend the alleged injuries), and that RCBO's alleged negligence caused "bodily injury" as the AHAC Policy defines that term, within the AHAC Policy's coverage period (see Exhibit A). Plaintiff sets forth below examples of negligence and bodily injury allegations from the AHAC Covered Claims in paragraph 618 and 619.

**ANSWER:** The allegations in paragraph 617 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 617 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 617 and on that basis deny those allegations.

618. For example, AHAC acknowledges that for Proof of Claim 107, "The Complaint alleges causes of action sounding in: (1) Negligent Supervision and/or Retention of an Employee; and (2) Negligent Supervision of Plaintiff, a minor" and that "Plaintiff claims that he has suffered and will continue to suffer physical, psychological and emotional injuries, as well as economic loss."

**ANSWER:** The allegations in paragraph 618 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 618 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 618 and on that basis deny those allegations.

619. Similarly, AHAC acknowledges in receipt of Proof of Claim 99 that "The Complaint alleges causes of action sounding in: (1) Negligent Supervision and/or Retention of an Employee; and (2) Negligent Supervision of Plaintiff, a minor" and that "Plaintiff claims that he has suffered and will continue to suffer physical, psychological and emotional injuries, as well as economic loss."

**ANSWER:** The allegations in paragraph 619 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 619 contain legal conclusions to which no response is required. To the extent a response

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 619 and on that basis deny those allegations.

620. Virtually all of the AHAC Covered Claims likewise include similar or near-identical allegations that RCBO was negligent and, as a result of RCBO's negligence, the plaintiff in question allegedly suffered physical harm and bodily injury as the AHAC Policy defines that term.

**ANSWER:** The allegations in paragraph 620 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 620 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 620 and on that basis deny those allegations.

621. As a further example, AHAC reserved its right to deny coverage under the AHAC Policy on the ground that "[a]s a threshold matter, the American Home Policy is an excess umbrella liability policy which potentially applies only upon exhaustion of underlying insurance. We have not received any information indicating that the underlying insurance has been exhausted. The American Home Policy is not, therefore, currently impacted by the Lawsuit. American Home reserves all rights with respect to the proper exhaustion of the underlying insurance." This reservation of rights as to defense and/or indemnity will not apply because the underlying primary insurance policies are or will be exhausted as alleged in Paragraphs 622 and 623.

**ANSWER:** The allegations in paragraph 621 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 621 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 621 and on that basis deny those allegations.

622. There is a substantial likelihood that the AHAC Covered Claims will exhaust the primary insurance underlying the AHAC Policy. The underlying Commercial Union primary policies nos. EF 9334-001, EF 9334-003, and EF 9334-008 have limits of $100,000 per

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

occurrence and $300,000 in aggregate (the "10/26/71-10/26/74 Commercial Union Policies"). The AHAC Covered Claims fall within the coverage periods for the 10/26/71-10/26/74 Commercial Union Policies and the AHAC Policy.

**ANSWER:** The allegations in paragraph 622 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 622 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 622 and on that basis deny those allegations.

623. Data from past clergy sexual abuse cases indicate the AHAC Covered Claims will far exceed the per occurrence and aggregate limits of the 10/26/71-10/26/74 Commercial Union Policies. Within the last twenty years RCBO settled 52 clergy sexual abuse claims against it for approximately $56 million—more than $1 million average settlement per claim. On April 22, 2026, the jury in only one of the underlying RCBO cases returned a verdict in favor of the plaintiff in that case of $16 million, on the sole cause of action for negligent supervision. The Official Committee of Unsecured Creditors ("UCC") sent AHAC a letter on July 3, 2024, demanding AHAC pay a sum of $11.9 million (the "UCC AHAC Demand Amount"), which is within the policy limits of the AHAC Policy, to resolve the AHAC Covered Claims (the "UCC Demand Letter"). The UCC based the AHAC Demand Amount on its reasonable estimate of the value of the AHAC Covered Claims. The $16 million jury verdict in one underlying RCBO case, and jury verdicts in related cases further confirm the AHAC Covered Claims will exhaust the 10/26/71-10/26/74 Commercial Union Policies. See Jane Doe 3, et al. v. Roe #1, et al., Superior Court of Los Angeles County, California, Case No. 22PSCV00686 (jury awarded $35 million to survivor); Janet Roe v. David Park, et al., Superior Court of Los Angeles County, California, Case No. BC615789 (jury awarded $8 million to survivor).

**ANSWER:** The allegations in paragraph 623 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 623 contain legal conclusions to which no response is required. To the extent paragraph 623 quotes from or characterizes letters, filings in cases, verdicts, and/or alleged policies those

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

documents speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response is required, Answering Defendants aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 623 and on that basis deny those allegations. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 623.

624. The asserted reservations of rights set forth in Paragraphs 615 and 616 do not provide AHAC valid or meritorious bases on which to deny and/or refuse to confirm indemnity for the AHAC Covered Claims under the AHAC Policy as the claims have been tendered (and notice provided) and concern allegations of negligence (not intentional torts) by RCBO resulting in claimed "bodily injury" as defined in the insurance and thus the AHAC Covered Claims present covered claims which are legally insurable. Further, RCBO has not received any notice that the AHAC Policy has either been exhausted or that limits have been reduced. Finally, RCBO has fully cooperated with AHAC as required under the policy, including providing notice of the claims, providing the status of the matters and providing requested materials.

**ANSWER:** The allegations in paragraph 624 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 624 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 624 and on that basis deny those allegations.

625. Plaintiff sent AHAC a letter on June 4, 2024, demanding AHAC indemnify RCBO for the AHAC Covered Claims up to the policy limits under the AHAC Policy (the "Policy Limits Letter"). AHAC denied and/or failed to confirm it will indemnify RCBO in response to the Policy Limits Letter, and thereby has failed to provide the benefits of the AHAC Policy to Plaintiff.

**ANSWER:** The allegations in paragraph 625 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 625 contain legal conclusions to which no response is required. To the extent a response

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 625 and on that basis deny those allegations.

626. AHAC has likewise denied and/or failed to confirm it will indemnify RCBO in response to the UCC Demand Letter, and thereby has failed to provide the benefits of the AHAC Excess Policy to RCBO.

**ANSWER:** The allegations in paragraph 626 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 626 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 626 and on that basis deny those allegations.

627. The AHAC Policy provides coverage for, and does not exclude, the AHAC Covered Claims, and AHAC is obligated to pay in full the expenditures RCBO made to defend itself against, and to indemnify RCBO for any settlement or judgment resolving the AHAC Covered Claims.

**ANSWER:** The allegations in paragraph 627 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 627 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 627 and on that basis deny those allegations.

628. The AHAC Policy constitutes a significant asset of RCBO as well as a recovery source for the alleged abuse survivors in the Bankruptcy Case.

**ANSWER:** The allegations in paragraph 628 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 628 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 628 and on that basis deny those allegations.

629. An actual controversy of a justiciable nature presently exists between RCBO and AHAC concerning the proper construction of the AHAC Policy, whether AHAC's cited grounds

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

for reservation of rights to deny defense and/or indemnity under the AHAC Policy are valid, whether there is any coverage for the AHAC Covered Claims under the AHAC Policy, AHAC's and RCBO's respective rights and obligations under the AHAC Policy with respect to the AHAC Covered Claims, and whether AHAC should participate in settlement regarding the AHAC Covered Claims. The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

**ANSWER:** The allegations in paragraph 629 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 629 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 629 and on that basis deny those allegations.

630. RCBO is entitled to a declaratory judgment stating AHAC has issued the AHAC Policies to RCBO, the AHAC Policy covers the AHAC Covered Claims, and RCBO is entitled to both defense and indemnity regarding the AHAC Covered Claims under the AHAC Policy, including, without limitation, a declaration of exhaustion as to the primary policies underlying the AHAC Policy as alleged in Paragraphs 622 and 623.

**ANSWER:** The allegations in paragraph 630 are not directed to Answering Defendants, and thus no response is required. Answering Defendants further respond that the allegations of paragraph 630 contain legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 630 and on that basis deny those allegations.

## TWENTY-EIGHTH CAUSE OF ACTION

## (Breach of the Implied Covenant of Good Faith and Fair Dealing Against Insurer Defendants)

Pursuant to the Court's September 17, 2026 Order, the Twenty-Eighth Cause of Action was dismissed without prejudice as to all Insurer Defendants except as to insurers involved with the matter of *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685. No response is required to the allegations of the Twenty-Eighth Cause of Action except to that extent. To the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

extent a response is required, Answering Defendants respond as follows.

631. RCBO realleges and incorporates herein Paragraphs 1 through 630 of this complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 630 as if fully set forth herein.

632. Implied in every insurance policy identified in this Sixth Amended Complaint is a covenant that requires the insurer to act in good faith and deal fairly with RCBO; not to withhold benefits due under its policy or policies of insurance unreasonably or without proper cause; to do nothing to interfere with RCBO's right to receive the benefits of the Policy; to place RCBO's interests before its own interests; to exercise diligence, good faith and fidelity in safeguarding RCBO's interests; and to deal ethically with RCBO and fairly and adequately inform RCBO with respect to the nature and scope of its insurance coverage (hereinafter referred to as "the covenant of good faith and fair dealing").

**ANSWER:** To the extent the allegations in paragraph 632 are not directed to the Answering Defendants, no response is required. Answering Defendants further respond that the allegations in paragraph 632 are legal conclusions to which no response is required, and that the terms of the alleged policies issued by Answering Defendants, to the extent they exist, speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. To the extent a response to the allegations in paragraph 632 is required, Answering Defendants deny the allegations in paragraph 632.

633. As alleged herein, RCBO sent each Insurer Defendant a letter demanding they pay the policy limits of their respective policies to indemnify RCBO for the claims covered under their policies. Insurer Defendants failed to respond to these letters confirming that they would indemnify RCBO, thereby failing to provide RCBO the benefits of their policies.

**ANSWER:** To the extent the allegations in paragraph 633 are not directed to the Answering Defendants, no response is required. To the extent a response is required, Answering Defendants admit that RCBO sent a letter to each of the Answering Defendants requesting that they pay the policy limits of their respective alleged policies to indemnify RCBO, but deny that

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

the letters constituted “demands.” To the extent paragraph 633 characterizes RCBO’s May 30, 2024 letters, those letters speak for themselves, and Answering Defendants deny any characterization that is inconsistent with their contents. Answering Defendants aver that each of them timely responded to RCBO’s May 30, 2024 letters. Answering Defendants further deny that they had any obligation to “confirm[] that they would indemnify RCBO” in the absence of settlements or judgments in claims covered by the Answering Defendants. Answering Defendants further deny that they “fail[ed] to provide RCBO the benefits of their policies” and deny all remaining allegations of paragraph 633. To the extent not expressly admitted or averred herein, Answering Defendants deny the allegations in paragraph 633.

634. Also included in insurers’ obligation to act fairly and in good faith towards RCBO is a duty to accept reasonable settlement offers within each insurers’ policy limits. As alleged herein, the UCC sent each Insurer Defendant a letter demanding they pay a specified amount which was within the limits of their policies. The demand for each insurer was based on the UCC’s reasonable estimate of the values of the claims covered by each insurer’s policies, as well as data from past clergy sexual abuse cases.

**ANSWER:** To the extent the allegations in paragraph 634 are not directed to the Answering Defendants, no response is required. Answering Defendants further respond that the allegations in the first sentence of paragraph 634 are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in the first sentence of paragraph 634. Answering Defendants admit that the UCC sent a letter to each of the Answering Defendants, dated July 3, 2024, requesting that they pay a specified amount, but deny that the letter constituted a “demand.” Answering Defendants further deny that the amount the UCC requested that the Answering Defendants pay was “within the limits of their policies.” To the extent paragraph 634 characterizes the UCC’s July 3, 2024 letter, that letter speaks for itself, and Answering Defendants deny any characterization that is inconsistent with its contents. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 634, and on that basis deny those allegations. To the extent not expressly admitted herein, Answering Defendants deny the allegations in paragraph

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

634.

635. Despite receiving notice of these demands which were reasonable and within policy limits, Insurer Defendants failed to respond to the UCC demands, failed to participate fully and meaningfully in the resolution process, and refused to contribute toward a settlement that would successfully result in a resolution of the claims against their insured.

**ANSWER:** To the extent the allegations in paragraph 635 are not directed to the Answering Defendants, no response is required. Answering Defendants further respond that the allegations in paragraph 635 are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 635. Answering Defendants further aver that they timely responded to the UCC's July 3, 2024 letter. Except as expressly averred herein, Answering Defendants deny the allegations in paragraph 635.

636. On April 10, 2026, RCBO and Defendants attended a mandatory settlement conference in connection with the underlying cases. Despite the fact that the Superior Court had ordered Defendants to participate in the settlement conference and "negotiate in good faith," and despite having more than sufficient policy limits available to settle the claims at issue, Insurer Defendants refused to make any settlement offer in response to a demand of $100 million made by 61 of the underlying plaintiffs to resolve all of their claims against RCBO. The same day, the Superior Court issued an Order to Show Cause – Why the Court Should Not Find Bad Faith Conduct Due to a Failure to Negotiate in Good Faith at a Mandatory Settlement Conference. The Superior Court subsequently continued the Order to Show Cause to May 27, 2026. At a further mandatory settlement conference held on April 21, 2026, Westport, CNA, and Travelers offered $10.3 million to settle the 61 claims, which was not enough to reach a resolution, and well below the available policy limits. The next day, on April 22, 2026, the jury in one of the 61 cases returned a verdict in favor of the plaintiff in that case in the amount of $16 million. As a direct result of Insurer Defendants' conduct, RCBO is faced with this verdict, plus the other 60 claims (and hundreds more) still unresolved.

**ANSWER:** To the extent the allegations in paragraph 636 are not directed to the Answering Defendants, no response is required. Answering Defendants further respond that the

allegations in paragraph 636 are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that a mandatory settlement conference was held on or about April 10, 2026. Answering Defendants further admit that the Superior Court issued an Order to Show Cause – Why the Court Should Not Find Bad Faith Conduct Due to a Failure to Negotiate in Good Faith at a Mandatory Settlement Conference, that the Superior Court subsequently continued the Order to Show Cause to May 27, 2026, and that the Superior Court ultimately withdrew the Order to Show Cause and made no findings as to Answering Defendants. Answering Defendants further aver that on April 22, 2026, the jury in *John Doe OK 1022 v. RCBO*, Alameda County Case No. HG19048685, returned a verdict in favor of the plaintiff in that case in the amount of $16 million. Except as expressly admitted or averred herein, Answering Defendants deny the allegations in paragraph 636.

637. Insurer Defendants' actions are without any reasonable justification, are inconsistent with RCBO's reasonable expectations, are contrary to industry custom and practice and legal requirements, and withheld benefits owing under their policies of insurance unreasonably or without proper cause, thereby constituting a breach of the implied covenant of good faith and fair dealing.

**ANSWER:** To the extent the allegations in paragraph 637 are not directed to the Answering Defendants, no response is required. Answering Defendants further respond that the allegations in paragraph 637 are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 637.

638. In light of information, facts, and relevant law to the contrary, Insurer Defendants' conduct is and has been undertaken with a conscious disregard of RCBO's rights as a beneficiary of the policies. The conduct described in Paragraph 636 forms part of the basis for RCBO's claim for bad faith against all Insurer Defendants except Certain Underwriters at Lloyd's, London, Subscribing Severally and Not Jointly to Slip Nos. CU 1001, K66034, K78138 and CU 3061, which only issued policies prior to the first date of alleged abuse by the 61 underlying plaintiffs at issue.

**ANSWER:** To the extent the allegations in paragraph 638 are not directed to the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

Answering Defendants, no response is required. Answering Defendants further respond that the allegations in paragraph 638 are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 638.

639. RCBO is informed and believes and thereon alleges that Insurer Defendants' acts were performed, authorized, and/or ratified by their officers, directors, and managing agents.

**ANSWER:** To the extent the allegations in paragraph 639 are not directed to the Answering Defendants, no response is required. Answering Defendants further respond that the allegations in paragraph 639 are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 639.

640. As a direct and proximate result of Insurer Defendants' breaches of the implied covenant of good faith and fair dealing, RCBO has been forced to continue participating in negotiations with claimants and engaging in bankruptcy proceedings, incurring additional needless costs. RCBO has suffered and continues to suffer substantial damages, in an amount to be determined at trial. RCBO also has incurred and continues to incur significant, recoverable attorneys' fees and costs to obtain the benefits to which it is entitled and which Insurer Defendants wrongfully have denied under their policies. Pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), RCBO also is entitled to recover all such attorneys' fees and costs, plus interest.

**ANSWER:** To the extent the allegations in paragraph 640 are not directed to the Answering Defendants, no response is required. Answering Defendants further respond that the allegations in paragraph 640 are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 640.

**TWENTY-NINTH CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing Against Chubb)**

641. RCBO realleges and incorporates herein Paragraphs 1 through 640 of this complaint as if said Paragraphs were set forth in full.

**ANSWER:** Answering Defendants adopt and incorporate herein all of their responses to paragraphs 1 through 640 as if fully set forth herein.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

642. As set forth above, Defendant Chubb had, at all material times, a duty to act fairly and in good faith towards RCBO, its insured. Included in Chubb's obligation to act fairly and in good faith towards RCBO is a duty to act with undivided loyalty to the insured.

**ANSWER:** Answering Defendants object to Plaintiff's use of the term "Chubb" to refer to all four Answering Defendants in this action. Answering Defendants are separate legal entities. Plaintiff's use of "Chubb" throughout its Complaint prevents Answering Defendants from determining which allegations are directed toward each of Pacific Indemnity, Century, Westchester, and Pacific Employers. The allegations of paragraph 642 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 642.

643. Unbeknownst to RCBO, Chubb has for years been operating an online campaign against a similarly situated insured, the Archdiocese of New York, and encouraging and amplifying claims of the very type underlying this matter – claims that Chubb is obligated to defend RCBO against. Since at least 2023, Chubb has fraudulently posed as a victim rights organization called the "Church Accountability Project" and operated a website under that guise. Through that website, Chubb used inflammatory rhetoric and imagery designed to portray the Archdiocese of New York, the Catholic Church generally, and, by extension, RCBO and all similar organizations, in an extremely negative and prejudicial light. On the website, Chubb blames the Archdiocese of New York and the Catholic League for intentionally delaying payments to victims by attempting to shift blame to insurers. However, by secretly acting to inflame claims and direct anger towards Catholic organizations, Chubb has sabotaged the very organizations to which it is legally obligated to provide undivided loyalty. Under the policies that Chubb issued to RCBO, Chubb is obligated to act with undivided loyalty to its insured, and its actions via the "Church Accountability Project" website contradict this duty.

**ANSWER:** Answering Defendants object to Plaintiff's use of the term "Chubb" to refer to all four Answering Defendants in this action. Answering Defendants are separate legal entities. Plaintiff's use of "Chubb" throughout its Complaint prevents Answering Defendants from determining which allegations are directed toward each of Pacific Indemnity, Century,

Westchester, and Pacific Employers. The allegations of paragraph 643 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 643.

644. On previous iterations of the fraudulent website, Chubb even provided resources for claimants to report abuse by bishops and clergy more broadly. By encouraging such claims, Chubb has increased RCBO's exposure to liability for precisely the claims that Chubb is obligated to defend RCBO against. This presents a clear conflict of interest for Chubb and a breach of the implied covenant of good faith and fair dealing.

**ANSWER:** Answering Defendants object to Plaintiff's use of the term "Chubb" to refer to all four Answering Defendants in this action. Answering Defendants are separate legal entities. Plaintiff's use of "Chubb" throughout its Complaint prevents Answering Defendants from determining which allegations are directed toward each of Pacific Indemnity, Century, Westchester, and Pacific Employers. The allegations of paragraph 644 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 644.

645. At the same time, in this matter, Chubb refused to accept the reasonable settlement offer proposed by the UCC, an offer within its policy limits, and failed to participate in good faith in the resolution of covered claims, further exacerbating RCBO's exposure and needlessly delaying a resolution.

**ANSWER:** Answering Defendants object to Plaintiff's use of the term "Chubb" to refer to all four Answering Defendants in this action. Answering Defendants are separate legal entities. Plaintiff's use of "Chubb" throughout its Complaint prevents Answering Defendants from determining which allegations are directed toward each of Pacific Indemnity, Century, Westchester, and Pacific Employers. The allegations of paragraph 645 contain legal conclusions and characterizations to which no response is required. To the extent paragraph 645 characterizes the UCC's July 3, 2024 letter, that letter speaks for itself, and Answering Defendants deny any characterization that is inconsistent with its contents. To the extent a response is required, Answering Defendants deny that the UCC's July 3, 2024 letter constituted a "settlement offer" and

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

deny the remaining allegations in paragraph 645.

646. Chubb never disclosed to RCBO that it was engaging in or authorizing this campaign, despite knowing that such conduct would materially prejudice RCBO's legal position and increase claim severity, settlement demands, and reputational harm.

**ANSWER:** Answering Defendants object to Plaintiff's use of the term "Chubb" to refer to all four Answering Defendants in this action. Answering Defendants are separate legal entities. Plaintiff's use of "Chubb" throughout its Complaint prevents Answering Defendants from determining which allegations are directed toward each of Pacific Indemnity, Century, Westchester, and Pacific Employers. The allegations of paragraph 646 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 646.

647. As a direct and proximate result of Chubb's bad faith conduct, RCBO has suffered and continues to suffer substantial damages, the amount of which will be proven at trial, including increased settlement demands and litigation exposure, reputational and institutional harm, impairment of RCBO's bankruptcy efforts, and other damages. RCBO has also incurred significant, recoverable attorneys' fees and costs to obtain the benefits to which it is entitled. RCBO is informed and believes that Chubb's conduct was performed, authorized, and/or ratified by its officers, directors, and managing agents, and/or with the advance knowledge or conscious disregard of its officers, directors, and managing agents.

**ANSWER:** Answering Defendants object to Plaintiff's use of the term "Chubb" to refer to all four Answering Defendants in this action. Answering Defendants are separate legal entities. Plaintiff's use of "Chubb" throughout its Complaint prevents Answering Defendants from determining which allegations are directed toward each of Pacific Indemnity, Century, Westchester, and Pacific Employers. The allegations of paragraph 647 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 647.

648. Chubb's actions were, and continue to be, willful, wanton and/or malicious, and demonstrate a conscious disregard for and/or reckless indifference to the rights of RCBO.

Therefore, RCBO is entitled to recover punitive damages from Chubb in an amount sufficient to punish Chubb and deter similar conduct in the future.

**ANSWER:** Answering Defendants object to Plaintiff's use of the term "Chubb" to refer to all four Answering Defendants in this action. Answering Defendants are separate legal entities. Plaintiff's use of "Chubb" throughout its Complaint prevents Answering Defendants from determining which allegations are directed toward each of Pacific Indemnity, Century, Westchester, and Pacific Employers. The allegations of paragraph 648 contain legal conclusions and characterizations to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in paragraph 648.

## PRAYER FOR RELIEF

Plaintiff's Prayer for Relief states legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny that Plaintiff is entitled to any of the relief requested in the Prayer for Relief section of the Complaint or to any relief of any nature.

## JURY DEMAND

In response to Plaintiff's jury demand, Answering Defendants demand a trial by jury on all claims, defenses, counterclaims, and issues so triable, as set forth below.

## AFFIRMATIVE DEFENSES

Answering Defendants incorporate the allegations and admissions of their Answer above and plead the following separate affirmative defenses. By setting forth these affirmative defenses, Answering Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiff. Moreover, nothing stated herein is intended, or should be construed, as an acknowledgment that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations. The below defenses apply to the alleged Pacific Indemnity Policies, INA Primary Policies, INA Excess Policy, Westchester Policy, Pacific Employers Policy, and any other policy that RCBO alleges or may in the future allege as to the Answering Defendants. For purposes of these defenses, all of the aforementioned policies are referred to as "Pacific Policies." Answering Defendants reserve the right to amend, supplement, and/or modify their affirmative defenses as this matter proceeds.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint, and each of its separate causes of action, fails to state a claim upon which relief can be granted against Answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Statutes of Limitations and Policy Conditions)**

The causes of action attempted to be stated against Answering Defendants are barred, in whole or in part, by all applicable statutes of limitations and contractual limitations periods, including any limitations periods set forth in the Pacific Policies.

**THIRD AFFIRMATIVE DEFENSE**

**(Laches)**

The causes of action attempted to be stated against Answering Defendants are barred, in whole or in part, under the doctrine of laches. RCBO has relinquished and abandoned any rights it otherwise might have had under the Pacific Policies to the extent it has concealed from Pacific Insurers knowledge or information it knew or should have known regarding the propensities and wrongful conduct of the alleged wrongdoers who are the subject of one or more claims (including the "Suits") asserted against RCBO.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

Plaintiff's claims may be barred, in whole or in part, to the extent that Plaintiff has waived, or is estopped from asserting, any rights it might have had under the Pacific Policies.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Provide Timely Notice of Occurrence(s) and Claims)**

Plaintiff's claims may be barred, in whole or in part, to the extent that RCBO failed to comply with the terms of the Pacific Policies, including the requirements to provide timely notice of underlying occurrence(s) and of claims (including the "Suits") asserted against RCBO.

//

//

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Conditions Precedent)**

Plaintiff's claims may be barred, in whole or in part, to the extent that RCBO has failed to satisfy all conditions precedent to its rights, if any, to benefits under any applicable insurance policy issued by or assumed by the respective Answering Defendants, including but not limited to conditions relating to notice, cooperation, and consent to settle.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

To the extent that RCBO has failed to mitigate, minimize, or avoid any damages it allegedly sustained, any recovery against Answering Defendants must be reduced or barred accordingly.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Due Care)**

Answering Defendants have at all times exercised due care concerning any actions, conduct, or other matters alleged in the Complaint, or any purported claim asserted therein.

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith and Reasonable Conduct)**

Answering Defendants and their representatives acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, RCBO is barred from any recovery.

**TENTH AFFIRMATIVE DEFENSE**

**(Reasonable Claims Handling)**

Answering Defendants' coverage interpretations and claims handling were and are reasonable as a matter of law and were not and are not inherently unreasonable as a matter of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

RCBO has not suffered any damages as a result of any actions taken by Answering Defendants, and RCBO is thus barred from asserting the Complaint, or any purported claim,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

against Answering Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Attorneys' Fees)**

Answering Defendants allege that the Complaint and each cause of action therein fail to state sufficient facts to constitute a valid claim for attorneys' fees.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

Answering Defendants allege that the Complaint fails to state facts sufficient to warrant an award of punitive or exemplary damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages - Constitutional Limitations)**

The Complaint, to the extent it seeks punitive or exemplary damages against Answering Defendants, violates Answering Defendants' rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Coverage as Replacement for Insolvent Insurer)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent that coverage is sought under the policies of Answering Defendants in place of an insolvent underlying insurer, except to the extent expressly provided by the terms of the applicable policy.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Expected or Intended)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent that the liabilities incurred, or that may be incurred by RCBO, were expected or intended by RCBO.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No "Occurrence" or "Accident")**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part,

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

to the extent one or more claims (including the "Suits") asserted against RCBO relate to, or arise out of, conduct that does not constitute an "occurrence" or "accident" as defined by the Pacific Policies.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Coverage for Occurrences Taking Place Outside Policy Period)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent any one or more alleged occurrences that are the subject of one or more claims (including the "Suits") asserted against RCBO relate to, or arise out of, conduct that took place outside the policy period of the Pacific Policies.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Uninsurability of Wilful Acts)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent such claims seek damages arising from the wilful acts of any insured.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Cooperation Clause)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent RCBO failed to comply with provisions in the Pacific Policies that require RCBO's assistance and cooperation once a claim (or "Suit") has been made or an occurrence has taken place.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Consent to Settle)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent that such claims were settled without the prior written consent of the applicable Answering Defendant as required by the terms of the applicable insurance policy.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Voluntary Payments)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent RCBO failed to comply with provisions in the Pacific Policies that provide that the

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

insured shall not, except at its own cost, voluntarily make any payment, assume any obligation, or incur any expense without the prior written consent of Answering Defendants.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Policy Exhaustion and Limits of Liability)**

Answering Defendants' liability, if any, under the applicable policies is limited to the limits of liability set forth in the respective policies, including but not limited to the stated per-person, per-occurrence, and aggregate limits, less any amounts already paid or payable under such policies.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Prior Settlements and Releases)**

To the extent that any underlying claims have been resolved, compromised, or released by prior settlements, judgments, or agreements between RCBO (or its predecessors, agents, or the bankruptcy estate) and any claimants, co-defendants, co-insurers, or other parties, including any prior settlement agreements and releases between RCBO and Answering Defendants or their predecessors, RCBO's claims are barred by release and accord and satisfaction, and Answering Defendants' coverage obligations, if any, are reduced or eliminated accordingly, including by way of setoff.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault and Apportionment)**

To the extent RCBO's liability for the underlying claims includes noneconomic damages, such liability should be reduced in proportion to the percentage of fault attributable to parties other than RCBO, including but not limited to the individual perpetrators of the alleged abuse, other entities with supervisory responsibility over the alleged perpetrators, and any other persons or entities whose conduct contributed to the injuries alleged in the underlying claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Misrepresentation/Failure to Disclose)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent that RCBO failed to disclose and/or misrepresented material facts in connection with

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

purchasing the Pacific Policies.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Ripeness)**

All or some of RCBO's claims are not ripe for adjudication.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Incomplete or Missing Policies)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent RCBO is unable to meet its burden of establishing the existence and material terms and conditions of the Pacific Policies, including but not limited to the terms, conditions, and limits of all policies that underlie the Pacific Policies.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Other Insurance)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent "other insurance" provisions in the Pacific Policies apply.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Non-Covered and/or Excluded Claims)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent claims (including the "Suits") for which coverage is sought are outside the scope of the insuring clauses set forth in the Pacific Policies or otherwise excluded by the terms of the Pacific Policies.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Impairment of Contribution and Other Rights)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent RCBO has prejudiced or impaired the Answering Defendants' contribution or other rights with respect to claims (including the "Suits") for which coverage is sought.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

RCBO's claims against Answering Defendants may be barred, in whole or in part, and

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

RCBO may not be entitled to insurance coverage, in whole or in part, by the doctrine of unclean hands.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No Duty to Defend)**

Answering Defendants have no duty to defend RCBO against claims (including the "Suits") asserted against RCBO for which coverage is sought that do not trigger coverage under the Pacific Policies that set forth such a duty.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Fines, Sanctions, Penalties, Punitive and Exemplary Damages)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent the terms of the Pacific Policies and/or applicable law bar coverage for amounts incurred defending against claims (including the "Suits") that seek, or indemnifying amounts incurred or awarded against RCBO in the nature of, fines, sanctions, penalties, and/or punitive or exemplary damages.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Known Loss)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent losses for which RCBO seeks coverage were known or losses in progress at the time RCBO applied for and was issued the Pacific Policies.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Exhaustion)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent the limits of the Pacific Policies have been exhausted by the payment of prior settlements or judgments.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Exhaustion)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent the limits of alleged policies that underlie the alleged Pacific Policies have not been

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

fully exhausted or satisfied by the payment of settlements or judgments for the Suits.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Coverage Barred under Underlying Policy(ies))**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent coverage is excluded under the terms of applicable insurance policies underlying the Pacific Policies.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Insured Status)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent RCBO is unable to meet its burden to establish that it, or any other party seeking coverage under the Pacific Policies, qualifies as an insured or additional insured thereunder, including because Policy No. LAC127792 was not issued to RCBO.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Collusion)**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent RCBO has colluded with claimants or their representatives to fabricate or exaggerate coverage claims against the Answering Defendants.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(No "Bodily Injury" or "Personal Injury")**

RCBO is not entitled to insurance coverage for the underlying claims, in whole or in part, to the extent the claims (including the "Suits") for which RCBO seeks coverage do not allege or seek damages because of "bodily injury" or "personal injury" within the meaning of the Pacific Policies.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Genuine Dispute)**

A genuine dispute exists between Answering Defendants and RCBO over whether any coverage applied, and thus Answering Defendants are not liable for breach of the implied covenant of good faith and fair dealing.

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Consent)**

RCBO's claims against Answering Defendants are barred, in whole or in part, because RCBO has consented to the acts, conduct, or omissions that RCBO alleges caused or contributed to its alleged losses, damages, and/or injuries.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Standing)**

RCBO's claims against Answering Defendants are barred, in whole or in part, because RCBO lacks standing to pursue its claim against Answering Defendants.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Actual and Justiciable Controversy)**

RCBO's claims against Answering Defendants are barred, in whole or in part, because there is no actual and justiciable controversy existing between Answering Defendants and RCBO.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Justification)**

RCBO's claims against Answering Defendants are barred, in whole or in part, because Answering Defendants were justified in their actions.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Attorney Fees)**

RCBO has alleged no facts sufficient to state a claim for recovery of its attorneys' fees.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Coverage for Willful Conduct)**

RCBO's claims against Answering Defendants are barred, in whole or in part, for the defense of any suit and the indemnity of any damages, arising from, caused by, or related to RCBO's intentional or willful acts and omissions pursuant to California Insurance Code section 533.

//

//

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**FORTY-NINTH AFFIRMATIVE DEFENSE**

**(Incorporation of Defenses by Other Insurers)**

Answering Defendants incorporate and adopt the defenses asserted by other insurer defendants named in the Sixth Amended Complaint, to the extent such defenses are not inconsistent with those asserted herein.

**FIFTIETH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

Answering Defendants do not waive and expressly reserve the right to amend their Answer to assert such additional defenses (including affirmative defenses) and/or applicable policy terms, exclusions, conditions, and limitations as may become apparent during the continuing course of discovery in this matter. Additionally, Answering Defendants reserve the right to amend their Answer to assert additional defenses (including affirmative defenses) to the extent any applicable law changes or develops, thereby requiring such amendment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Pacific Indemnity, Century (as successor to INA), Pacific Employers, and Westchester pray for relief as follows:

1. That the Complaint be dismissed with prejudice and in its entirety as to Answering Defendants;
2. That RCBO take nothing by reason of its Complaint and that judgment be entered against RCBO and in favor of Answering Defendants;
3. That this Court adjudge, determine, and declare that Answering Defendants are not obligated to provide coverage to Plaintiff under the Pacific Policies, and deny the declaratory relief requested by Plaintiff;
4. That judgment be declared in favor of Answering Defendants;
5. That Answering Defendants be awarded their costs and attorneys' fees incurred in defending this action to the extent permitted by law; and
6. That Answering Defendants be granted such other and further relief as the Court may deem just, proper, and equitable.

Dated: November 5, 2026

**CLYDE & CO US LLP**

By: /s/ *Jason J. Chorley*
Alexander E. Potente
Jason J. Chorley

*Attorneys for Defendants Pacific Indemnity Company, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, Pacific Employers Insurance Company, and Westchester Fire Insurance Company*

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

CLYDE & CO US LLP
150 California Street 15th Floor
San Francisco, CA 94111
Telephone: 415 365 9800

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil L.R. 3-6(a), Answering Defendants demand a trial by jury on all claims, defenses, counterclaims, and issues so triable.

Dated: November 5, 2026

CLYDE & CO US LLP

By: /s/ *Jason J. Chorley*
Alexander E. Potente
Jason J. Chorley

**CLYDE & CO US LLP**
ALEXANDER E. POTENTE
JASON J. CHORLEY
150 California Street, 15th Floor
San Francisco, CA 94111
Telephone: (415) 365-9800
Email: alex.potente@clydeco.us
jason.chorley@clydeco.us

*Attorneys for Defendants Pacific Indemnity Company, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, Pacific Employers Insurance Company, and Westchester Fire Insurance Company*